

February 23, 2022

Hon. Lewis A. Kaplan
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    Case No. 22-cv-01445, Rodney v City of New York, et al.

Dear Judge Kaplan:

    My firm represents the Plaintiff in the case named above. I write to request the Court formally remove this case from the so-called § 1983 Plan, as the case does not meet the criteria for participation. *See also*, Dkt. No. 1/5 ¶ 17. But because the case involves false arrest and excessive force, the clerk automatically designated it as a Plan case.

    To give the elevator version, this case involves a dramatic NYPD overreaction to a grandmother saying she was filming police at the station because they were refusing to give her a police report her insurance required to replace her lost glucometer. The assault was captured on video and can be seen [here](). Officers assaulted Ms. Rodney because of a perceived violation of the no-recording policy posted at every police station in New York City, and they broke her arm.

    This is not just an individual plaintiff case, however. Plaintiff seeks to have that no-recording policy permanently enjoined — both (1) because it violates the United States Constitution and (2) because it violates New York City law (*see* New York Civil Rights Law § 79-P) and therefore NYPD exceeded their authority in enacting it. The Plan applies to "certain" § 1983 cases against the NYPD — but specifically exempts "complaints requesting systemic equitable reform." *See* L.R. 83.10 at 1. At the risk of stating the obvious, enjoining in whole a policy that applies at every station in the City is systemic relief. It also makes sense that the Plan exempts cases seeking that kind of relief: there is very little chance that such relief would be on the table in early mediation.[1]

    Thus, we respectfully ask that the Court formally remove this case from the Plan. It is not a case where the Plan provides any benefit or efficiency, and will ultimately only slow the case down.

    We thank the Court for its time and consideration.

                                                     Respectfully submitted,

                                                    /s/

---

[1] If the City disagrees and represents that systemic equitable relief is on the table for early settlement, Plaintiff is more than willing to attend mediation.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



                                                  J. Remy Green
                                                        *Honorific/Pronouns: Mx., they/their/them*
                                                  **COHEN&GREEN P.L.L.C.**
                                                  *Attorneys for Plaintiff*
                                                  1639 Centre St., Suite 216
                                                  Ridgewood, New York 11385

cc:
City of New York by official service email.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com