

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>Phone: (212) 356-2375<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |

April 11, 2022

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re: <u>Patricia Rodney v. City of New York, et al.</u>, 22-cv-1445 (LAK)

Your Honor:

   I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York. I write respectfully to request a thirty day extension of time for the City of New York to respond to the complaint from April 13, 2022 to May 13, 2022. This is the first such request, to which plaintiff consents.

   By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging false arrest, excessive force, and denial of the right to a fair trial, *inter alia,* against the City of New York, Officer Clemente, Officer Hernandez, and various John Doe officers. There are several reasons for seeking an enlargement of time in this matter. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations set forth in the complaint. Furthermore, it is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Plaintiff has recently agreed to provide a 160.50 release,[1] but defendant has not yet received one.

---

[1] Plaintiff requested in her motion dated February 23, 2022, to remove this case from Local Civil Rule 83.10 (formerly the Section 1983 Plan). While plaintiff's counsel noted to the undersigned that their agreement to provide the 160.50 release is without conceding the applicability of Local Civil Rule 83.10, defendants position is that Local Civil Rule 83.10 still applies in this case, as this case involves claims of excessive for and false arrest by the NYPD in violation of Section 1983. Defendants further note that as plaintiff purports to seek systemic equitable relief, pursuant to Local Civil Rule 83.10 paragraphs 1 and 2 still apply.

- 2 -

      Additionally, according to the civil docket sheet, the individually named defendants, Officer Clemente and Officer Hernandez have been served with process in this case.  This office, however, has not discussed with them the manner of service and we make no representation herein as to the adequacy of service upon them.  Assuming that Officer Clemente and Officer Hernandez wer properly served, this enlargement may also allow this office time to conduct an inquiry to determine whether it will represent them in this action.  <u>See</u> General Municipal Law § 50(k); <u>Mercurio v. City of New York, et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985); <u>Williams v. City of New York, et al.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).  Finally, as this office has not discussed representation with Officer Clemente and Officer Hernandez, this request for an extension of time is not made on their behalf.  However, given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend their time to respond as well.

      Thank you for your consideration herein.

                                Respectfully submitted,

                                /s/
                              John Schemitsch
                              *Senior Counsel*

cc:    **<u>VIA ECF</u>**
       Gideon Oliver, Esq.
       Remy Green, Esq.
       *Attorneys for Plaintiff*