

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOHN SCHEMITSCH**
*Senior Counsel*
Phone: (212) 356-2375
Fax: (212) 356-3509
jschemit@law.nyc.gov

May 11, 2022

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Court Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Patricia Rodney v. City of New York, et al., 22-cv-1445 (LAK)

Your Honor:

I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York.  I write respectfully to request a thirty day extension of time for the City of New York to respond to the complaint from May 13, 2022 to June 13, 2022.  This is the second such request, to which plaintiff takes no position.

By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging false arrest, excessive force, and denial of the right to a fair trial, *inter alia,* against the City of New York, Officer Clemente, Officer Hernandez, and various John Doe officers.  The primary reason for seeking an additional enlargement is because undersigned was recently out of work sick for two weeks and has just returned to the office.  This has delayed progress on this case.  Further, plaintiff did not provide a 160.50 release permitting access to her records until April 19, 2022.  Therefore, this office is awaiting additional documents from the NYPD pertaining to this case.  This extension of time should allow this office to receive these records and investigate the allegations set forth in the complaint in order to fulfill our obligations under Rule 11 of the Federal Rules of Civil Procedure.

Additionally, according to the civil docket sheet, the individually named defendants, Officer Clemente and Officer Hernandez have been served with process in this case.  This office, however, has not discussed with them the manner of service and we make no representation herein as to the adequacy of service upon them.  Assuming that Officer Clemente and Officer Hernandez were properly served, this enlargement may also allow this office time to conduct an inquiry to determine whether it will represent them in this action.  See General

- 2 -

Municipal Law § 50(k); <u>Mercurio v. City of New York, et al.</u>, 758 F.2d 862, 864-65 (2d Cir. 1985); <u>Williams v. City of New York, et al.</u>, 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).  Finally, as this office has not discussed representation with Officer Clemente and Officer Hernandez, this request for an extension of time is not made on their behalf.  However, given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend their time to respond as well.

   Thank you for your consideration herein.

               Respectfully submitted,

                /s/
               John Schemitsch
               *Senior Counsel*

cc: **<u>VIA ECF</u>**
   Gideon Oliver, Esq.
   Remy Green, Esq.
   *Attorneys for Plaintiff*