

July 8, 2022

Hon. Lewis A. Kaplan
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

**Re: Case No. 22-cv-01445, Rodney v City of New York, et al.**

Dear Judge Kaplan:

My firm represents the Plaintiff in the case named above. I write, under the Court's Individual Practices and ECF Rule 13.1 to request a conference — and in the interest of avoiding unnecessary motion practice. It appears, based on Defendants' arguments in their motion to dismiss, the conflict latent in officer/city joint representation has emerged and ceased to be latent. *See, e.g., Dunton v. County of Suffolk*, 729 F.2d 903, 908-09 (2d Cir. 1984); *see also Jones v. City of Albany*, 18-cv-18 (NDNY), ECF No. 33, *citing Dunton*, 729 F2d at 909 (*Jones* eventually allowed joint representation, but only after a closed door conference). However, making a full motion on this seems wasteful: this is the kind of conflict that can be waived, as long is it is waived knowingly — and Law Department will likely resolve this issue by confirming it has conflict waivers from the individual Defendants. That said, my attempts to confirm that fact with Defendants' counsel have been unsuccessful, as have my efforts to resolve this otherwise with counsel.

This conflict matters because a judgment in favor of Plaintiff, like the one in *Dunton*, can be vacated if an officer later claims they were not aware of or did not waive the conflict. Thus, Plaintiff requests a brief status conference to discuss and resolve the conflict here. She also asks for that conference because there is significant — if not necessarily binding — authority that conflict issues can infect a motion to dismiss if not resolved first. *See, e.g. Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 654 (6th Cir. 2013) ("[a] district court must rule on a motion for disqualification of counsel prior to ruling on a dispositive motion."); *Fierro v Gallucci*, 2007 US Dist LEXIS 89296, at *22 (EDNY Dec. 4, 2007) (similar).

The conflict, such as it is, is this: Defendants argue that Plaintiff has failed to state a *Monell* claim. One of the *Monell* claims in this case is that the "ban on recording in police stations is the municipal defendants as it is the official policy and practice of the City of New York" — and that policy is unconstitutional as a matter of First Amendment law.[1] And Defendants' sole arguments

[1] Technically, Defendants' motion to dismiss fails to address this claim. Instead, they incorrectly claim that Plaintiff, as against the City, makes "sole[ly] ... an alleged lack of supervision" claim. Dkt. No. 23 at 18. But Plaintiff has an official-policy claim in Count IV — as well as *respondeat superior* claims, and direct claims against the City under N.Y. Civ. R. L. § 79-p.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



about *Monell* proceed on the theory that what is alleged "does not suffice to allege that a municipal custom or policy caused the plaintiff's injury." Dkt. No. 23 at 18.[2] However, the individual Defendants appear to rely on the existence of the no recording policy for their qualified immunity argument. This makes sense. And, for that matter, if the City concedes that there was a no recording policy, and the individual officers were trained on it, Plaintiff even agrees the individual officers likely have qualified immunity for her arrest itself (though not their use of excessive force).

This places the interests of the City and the individual officers in conflict: the City tries to "avoid liability by [arguing] that the employee[s were] not acting within the scope of [their official duties, because [their] unofficial actions [were] not be pursuant to municipal policy" (*see, e.g.,* Dkt. No. 23 at 16-18) — while the "employee[s], by contrast, [try to] partially or completely avoid liability by [arguing] that [they were] acting within the scope of [their] official duties." *Dunton,* 729 F.2d at 907; *see, e.g.,* Dkt. No. 23 at 8 ("Plaintiff's refusal to comply with this clear and direct order to leave the premises, interfered with officers performing their official functions").

As noted above, I am raising this by letter requesting a conference because I believe that this is an issue that is easily resolved: the City can either produce a knowingly executed waiver — or it can concede that there ***was*** official training and policy about the "no recording" policy. Either way, the conflict is resolved. But if they do not, then the individual officers are being thrown under the bus because the City of New York does not want to admit it has a particular policy. That is, of course, the City's prerogative. But exercising that prerogative means there is an "imminent threat of a serious conflict," so "disqualification [is] been appropriate here even before any proceedings beg[in]." *Dunton*, 729 F.2d at 907.

To spell out the ask, Plaintiff is requesting a conference — and perhaps an order to show cause, like the one in *Jones* above (attached as Exhibit 1) — to address the conflict issue. Plaintiff is also asking, given that conflict issues ought to be resolved before a dispositive motion,[3] that the Court stay briefing on the motion to dismiss pending that conference. We thank the Court for its time and consideration.

Respectfully submitted,

/s/

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All counsel of record by electronic filing.

---

[2] But obviously there ***is*** a "no recording" policy — and that forms the basis for Defendants' argument that there was probable cause.

[3] And particularly one where there are conflicted arguments.