

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOHN SCHEMITSCH**
*Senior Counsel*
Phone: (212) 356-2375
Fax: (212) 356-3509
jschemit@law.nyc.gov

July 14, 2022

**VIA ECF**
Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: <u>Patricia Rodney v. City of New York, et al.</u>, 22-cv-1445 (LAK) (OTW)

Your Honor:

   I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Sgt. Henriquez, and Officer Clement in the above-referenced lawsuit. Defendants write in response to plaintiff's letter to the Court, dated July 8, 2022, regarding a conflict she believes exists between the City and the named defendants. Simply put, no such conflict exists and plaintiff's request should be denied.

   By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging false arrest, excessive force, and denial of the right to a fair trial, *inter alia,* against the City of New York, Officer Clemente, Officer Hernandez, and various John Doe officers. Defendants moved to dismiss most of the claims pursuant to Fed. R. Civ. P. 12(b)(6) on June 27, 2022. (ECF Nos. 21-23).

   On July 8, 2022, plaintiff filed a motion with the Court, claiming that there was a conflict between the defendants represented by this Office. Plaintiff claims that she was arrested in violation of her First Amendment rights for filming in a police precinct. Defendants argue (and plaintiff agrees) that the individual officers, Sgt. Henriquez and Officer Clement, are entitled to qualified immunity for making an arrest relying on the NYPD policy that prohibits filming in a precinct. Despite the fact that the City did not make any such statement in their motion papers, plaintiff inaccurately claims that the City denies that any such policy exists. Based on her inaccurate assertion, plaintiff then claims that the denial of this policy creates a conflict between the defendants represented by this Office. Plaintiff is simply wrong. There is no conflict here and no waiver is needed.

There is a policy, attached hereto, which is also publicly available. (See NYPD Patrol Guide No. 203-29, attached hereto as Exhibit A[1]). Defendants do not, nor could they deny the existence of this policy. Plaintiff, in her letter motion, claims that "the City tries to 'avoid liability by [arguing that the employee[s were] not acting within the scope of [their] official duties, because [their] unofficial actions [were] not be pursuant to municipal policy.'" (See ECF No. 24,[2] quoting Dunton v. County of Suffolk, 729 F.2d 903, 907 (1984)). This is pure fabrication. The facts of Dunton and the issue before the court are entirely distinguishable, and its holding has no application here. Defendants respectfully refer the Court to their motion papers, seeking to dismiss plaintiff's municipal liability claim for failure to train on grounds that it is poorly pled under Monell, and seeking to dismiss any remaining claims against the City on separate grounds.

Accordingly, there is no representation conflict present, and plaintiff's requests for a conference and a conflict waiver should be denied. Thank you for your consideration herein.

Respectfully submitted,

/s/
John Schemitsch
*Senior Counsel*

cc:     **VIA ECF**
Gideon Oliver, Esq.
Remy Green, Esq.
*Attorneys for Plaintiff*

---

[1] Defendants attach the relevant patrol guide section, which was in effect at the date of the alleged incident. There is an updated version also publicly available under NYPD Administrative Guide No. 304-21, however the relevant section remains the same.

[2] Plaintiff, in her letter motion, is not quoting from defendants' motion papers, but rather from Dunton.