

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOHN SCHEMITSCH**
*Senior Counsel*
Phone: (212) 356-2375
Fax: (212) 356-3509
jschemit@law.nyc.gov

July 25, 2022

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Patricia Rodney v. City of New York, et al., 22-cv-1445 (LAK)

Your Honor:

I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Sgt. Henriquez, and Officer Clement.  Defendants write to respectfully move the Court to compel plaintiff to provide medical releases pursuant to Local Rule 83.10(1)(b).

By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging false arrest, excessive force, and denial of the right to a fair trial, *inter alia,* against the City of New York, Officer Clemente, Officer Hernandez, and various John Doe officers. Plaintiff initially moved the Court to remove the case from Local Rule 83.10 (formerly known as the § 1983 Plan), alleging the case did not meet the criteria for participation. (See ECF No. 6). On April 12, 2022, the Court denied plaintiff's motion. (See ECF No. 15).

Defendants wrote to plaintiff on June 9, 2022, requesting that plaintiff provide medical releases for all medical and psychological treatment records, as well as for any pre-existing conditions, pursuant to Local Rule 83.10.  Plaintiff provided no response.  Defendants followed up on June 28, 2022, requesting the releases by no later than July 1, 2022.  Plaintiff again provided no response.

Local Rule 83.10(1)(b) provides that:

If plaintiff seeks compensation for any physical or mental injury caused by the conduct alleged in the complaint other than "garden variety" emotional distress, plaintiff must serve on the City the medical release annexed as Exhibit B ("Medical Release") for all medical and psychological treatment records for

those injuries at the same time that plaintiff serves the § 160.50 Release. Where plaintiff has a pre-existing physical or mental condition that reasonably appears to be related to the injury for which compensation is sought, plaintiff must at that same time serve Medical Releases on the City for all records of treatment for such pre-existing condition(s). Failure to so serve the above-described Medical Release(s) will constitute a waiver of plaintiff's claims for compensation for that physical or mental injury.

Here, plaintiff has failed to provide the City with the requested releases at the time they provided the 1605.0 Release on April 19, 2022. To date, despite multiple requests, plaintiff has refused to do so. As such, pursuant to Local Rule 83.10, defendants request the Court issue an order compelling plaintiff to provide such releases, or in the alternative, find that plaintiff has waived claims for compensation for the alleged physical or mental injuries.

Thank you for your consideration herein.

Respectfully submitted,

/s/
John Schemitsch
*Senior Counsel*

cc:     **VIA ECF**
        Gideon Oliver, Esq.
        Remy Green, Esq.
        *Attorneys for Plaintiff*