

September 25, 2022

Hon. Lewis A. Kaplan
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    Case No. 22-cv-01445, Rodney v City of New York, et al.

Dear Judge Kaplan:

    My firm, with co-counsel, represents Plaintiff in the case named above. Plaintiff's opposition to Defendants' partial motion to dismiss is due by October 5, 2022. I write to request leave to file a memorandum in opposition that is up to 10 pages longer than the Court's ordinary 35-page limit. Defendants take no position on this request.[1]

    Plaintiff's First Amended Complaint presents six causes of action, with complicated interacting issues of State, City, and Federal law, and an array of *Monell* claims. Defendants have moved to dismiss virtually all of those claims. If the Court grants the application, Plaintiff will be better able to present the legal and factual issues in a helpful manner — and will have space to use illustrative screengrabs from video if and where it is appropriate. That come into place because Defendants make a number of assertions about what allegations in the complaint can supposedly be disregarded because of video — while Plaintiff thinks the video shows the exact opposite (to say nothing of presenting ambiguities that must be resolved in her favor).

    Additionally, while Defendants have based most of their motion to dismiss on a threshold argument that there was probable cause to arrest, the First Amended Complaint alleges that first step is preempted by State and City law — and Defendants failed to address the effect of City and State law on the policies at issue. While ordinarily, such a waiver might *decrease* the number of pages, because of the dramatic effect it has on the merits of Defendants' motion, even while arguing waiver, Plaintiff believes it is necessary to spell out exactly how the merits of preemption work here. And spelling that out — along with spelling out Defendants' sides of those arguments (even if just in an abundance of caution, given the waiver) — is likely to take substantial space.

    For those reasons, Plaintiff respectfully requests leave to file a memorandum that is up to 45 pages in length in opposition to Defendants' partial motion to dismiss. As always, I thank the Court for its time and consideration.

---

[1] Defendants have not asked for any extra pages at this juncture, but as I communicated to Defendants, Plaintiff has no objection to Defendants requesting a similar enlargement on reply.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216· Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com