

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>Phone: (212) 356-2375<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |

October 4, 2022

**VIA ECF**
Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:     Patricia Rodney v. City of New York, et al., 22-cv-1445 (LAK)

Your Honor:

I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Sgt. Henriquez, and Officer Clement. I write in opposition to the request by LatinoJustice PRLDEF and the Office of the Public Advocate to file an amicus brief in opposition to defendants' Motion to Dismiss the Amended Complaint.

While District Courts have broad discretion to permit amicus curiae briefs, they are not routinely granted. See Inversora v. Republic, 15-cv-2739, 2022 U.S. Dist. LEXIS 148422 (S.D.N.Y. Aug. 18, 2022) (citations omitted). "An amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the amicus has an interest in some other case that may be affected by the decision in the present case (though not enough affected to entitle the amicus to intervene and become a party in the present case), or when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide. Otherwise, leave to file an amicus curiae brief should be denied." Auto. Club of N.Y., Inc. v. Port Auth., 11-cv-6746, 2011 U.S. Dist. LEXIS 135391, 2011 WL 5865296 (S.D.N.Y. Nov. 22, 2011) (citations omitted). "The Court also considers whether proposed amici are seeking to assist the Court in clarifying issues "as an objective, neutral, dispassionate 'friend of the court.'" N.Y. SMSA Ltd. P'ship v. Town of Bedford, 21-cv-3742, 2022 U.S. Dist. LEXIS 42993 (S.D.N.Y. Mar. 10, 2022) (citations omitted) (denying an amicus brief as the briefing would not clarify issues or aid in the Court's determination of the action); see e.g., Ass'n of Propriety Colls. v. Duncan, 14-cv-8838, 2015 U.S. Dist. LEXIS 51362 (LAK) (S.D.N.Y. Apr. 8, 2015) (denying leave to file an amicus brief where plaintiff is represented by "able and aggressive counsel who already have made, and doubtless will make again, substantially the arguments advanced in the proposed amicus brief").

- 2 -

Here, plaintiff is ably represented by counsel, who, have already received leave of the Court to file an opposition to defendants' motion up to 45 pages in length.  Moreover, LatinoJustice and the Office of the Public Advocate do not point to any interest in the case that may be affected by the outcome or any unique information or perspective that can help the Court.  In fact, they point to no reason why such a brief is necessary.  As such, the Court should deny the request to file an amicus brief

        Thank you for your consideration herein.

                                          Respectfully submitted,

                                          /s/
                                        John Schemitsch
                                        *Senior Counsel*

cc:    **VIA ECF**
        *All Counsel of Record*