CHAPTER 100

JS

LAWS OF 20 20

SENATE BILL 3253A          ASSEMBLY BILL _____

# STATE OF NEW YORK

3253--A

2019-2020 Regular Sessions

## IN SENATE

February 5, 2019

Introduced by Sens. PARKER, SEPULVEDA -- read twice and ordered printed, and when printed to be committed to the Committee on Codes -- recommitted to the Committee on Codes in accordance with Senate Rule 6, sec. 8 -- committee discharged, bill amended, ordered reprinted as amended and recommitted to said committee

AN ACT to amend the civil rights law, in relation to recording certain law enforcement activities

A1360A/ Perry

DATE RECEIVED BY GOVERNOR:

JUN 1 4 2020

ACTION MUST BE TAKEN BY:

JUN 1 4 2020

DATE GOVERNOR'S ACTION TAKEN:

JUN 2 5 2020

000001

SENATE VOTE  **59** Y  **3** N          HOME RULE MESSAGE  ___Y ___N

DATE  **6/8/20**

ASSEMBLY VOTE  **128** Y  **16** N

DATE  **6/8/20**

000002

<u>06/08/20</u> S3253-A Assembly Vote Yes: 128 No : 16

<u>06/08/20</u> S3253-A Senate Vote Aye: 59 Nay: 3

Go to Top of Page

**Floor Votes:**

06/08/20 S3253-A Assembly Vote Yes: 128 No : 16

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Yes | Abbate | Yes | Abinanti | Yes | Arroyo | Yes | Ashby |
| Yes | Aubry | No | Barclay | Yes | Barnwell | Yes | Barrett |
| Yes | Barron | Yes | Benedetto | Yes | Bichotte | Yes | Blake |
| Yes | Blankenbush | No | Brabenec | Yes | Braunstein | Yes | Bronson |
| Yes | Buchwald | Yes | Burke | Yes | Buttenschon | Yes | Byrne |
| Yes | Byrnes | Yes | Cahill | Yes | Carroll | Yes | Colton |
| Yes | Cook | Yes | Crespo | Yes | Crouch | Yes | Cruz |
| Yes | Cusick | Yes | Cymbrowitz | Yes | Darling | Yes | Davila |
| Yes | De La Rosa | Yes | DenDekker | No | DeStefano | Yes | Dickens |
| Yes | Dilan | Yes | Dinowitz | No | DiPietro | Yes | D'Urso |
| Yes | Eichenstein | Yes | Englebright | Yes | Epstein | Yes | Fahy |
| Yes | Fall | Yes | Fernandez | ER | Finch | No | Fitzpatrick |
| No | Friend | Yes | Frontus | Yes | Galef | ER | Gantt |
| No | Garbarino | Yes | Giglio | Yes | Glick | Yes | Goodell |
| Yes | Gottfried | Yes | Griffin | Yes | Gunther A | Yes | Hawley |
| Yes | Hevesi | Yes | Hunter | Yes | Hyndman | Yes | Jacobson |
| Yes | Jaffee | Yes | Jean-Pierre | Yes | Johns | Yes | Jones |
| Yes | Joyner | Yes | Kim | Yes | Kolb | No | Lalor |
| Yes | Lavine | Yes | Lawrence | Yes | Lentol | Yes | Lifton |
| No | LiPetri | Yes | Lupardo | Yes | Magnarelli | Yes | Malliotakis |
| No | Manktelow | Yes | McDonald | Yes | McDonough | Yes | McMahon |
| No | Mikulin | Yes | Miller B | Yes | Miller MG | Yes | Miller ML |
| No | Montesano | Yes | Morinello | Yes | Mosley | Yes | Niou |
| Yes | Nolan | Yes | Norris | Yes | O'Donnell | Yes | Ortiz |
| Yes | Otis | Yes | Palmesano | No | Palumbo | Yes | Paulin |
| Yes | Peoples-Stokes | Yes | Perry | Yes | Pheffer Amato | Yes | Pichardo |
| Yes | Pretlow | Yes | Quart | No | Ra | Yes | Ramos |
| Yes | Reilly | Yes | Reyes | Yes | Richardson | Yes | Rivera |
| Yes | Rodriguez | Yes | Rosenthal D | Yes | Rosenthal L | Yes | Rozic |
| Yes | Ryan | Yes | Salka | Yes | Santabarbara | Yes | Sayegh |
| ER | Schimminger | No | Schmitt | Yes | Seawright | Yes | Simon |
| Yes | Simotas | No | Smith | Yes | Smullen | Yes | Solages |
| Yes | Stec | Yes | Steck | Yes | Stern | Yes | Stirpe |
| Yes | Tague | Yes | Taylor | Yes | Thiele | Yes | Vanel |
| Yes | Walczyk | Yes | Walker | Yes | Wallace | Yes | Walsh |
| Yes | Weinstein | Yes | Weprin | Yes | Williams | Yes | Woerner |

000003

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Yes** | Wright | **Yes** | Zebrowski K. | **Yes** | Mr. Speaker | | |

Go to Top of Page

## Floor Votes:

06/08/20 S3253-A  Senate Vote  Aye: 59 Nay: 3

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Aye** | Addabbo | **Nay** | Akshar | **Aye** | Amedore | **Aye** | Bailey |
| **Aye** | Benjamin | **Aye** | Biaggi | **Aye** | Borrello | **Aye** | Boyle |
| **Aye** | Breslin | **Aye** | Brooks | **Aye** | Carlucci | **Aye** | Comrie |
| **Aye** | Felder | **Aye** | Flanagan | **Aye** | Funke | **Aye** | Gallivan |
| **Aye** | Gaughran | **Aye** | Gianaris | **Aye** | Gounardes | **Aye** | Griffo |
| **Aye** | Harckham | **Nay** | Helming | **Aye** | Hoylman | **Aye** | Jackson |
| **Aye** | Jacobs | **Aye** | Jordan | **Aye** | Kaminsky | **Aye** | Kaplan |
| **Aye** | Kavanagh | **Aye** | Kennedy | **Aye** | Krueger | **Aye** | Lanza |
| **Aye** | LaValle | **Aye** | Little | **Aye** | Liu | **Aye** | Martinez |
| **Aye** | May | **Aye** | Mayer | **Aye** | Metzger | **Aye** | Montgomery |
| **Aye** | Myrie | **Aye** | O'Mara | **Aye** | Ortt | **Aye** | Parker |
| **Aye** | Persaud | **Aye** | Ramos | **Aye** | Ranzenhofer | **Aye** | Ritchie |
| **Aye** | Rivera | **Aye** | Robach | **Aye** | Salazar | **Aye** | Sanders |
| **Aye** | Savino | **Aye** | Sepulveda | **Aye** | Serino | **Aye** | Serrano |
| **Nay** | Seward | **Aye** | Skoufis | **Aye** | Stavisky | **Aye** | Stewart-Cousins |
| **Aye** | Tedisco | **Aye** | Thomas | | | | |

000004

## NEW YORK STATE SENATE
## INTRODUCER'S MEMORANDUM IN SUPPORT
### submitted in accordance with Senate Rule VI. Sec 1

BILL NUMBER: S3253A

SPONSOR: PARKER

TITLE OF BILL:

An act to amend the civil rights law, in relation to recording certain law enforcement activities

PURPOSE:

The purpose of this legislation is to unambiguously affirm, by statutory enactment, the right of New Yorkers to record, with expressed exceptions, the actions of persons acting under the color of law.

SUMMARY OF SPECIFIC PROVISIONS:

Section one of the bill provides that the act shall be known as the "New Yorker's right to monitor act."

Section two of the bill adds § 79-p to the civil rights law entitled "Recording certain activities." This section includes: definitions; delineates the right to record law enforcement related activities; creates a right of action for persons who suffer an unlawful abridgement of their right to record and an affirmative defense for persons charged with a violation of this right; and preservation of rights.

Section three of the bill includes a severability clause. Section four of the bill provides the effective date.

JUSTIFICATION:

Several Federal Circuit Courts, the First, Seventh, Ninth, and Eleventh Circuits, have issued clear and consistent opinions finding that the First Amendment of the United States Constitution openly confers and protects the right of ordinary civilians to record police activity. The right of people to document the public activities of law enforcement helps to ensure that the police and others engaged in law enforcement activities are accountable to the public.

PRIOR LEGISLATIVE HISTORY:

2018: S.2876/A.2448 - Codes / Third Reading Calendar
2017: S.2876/A.2448 - Codes/ Referred to Rules
2016: S.8074/A.10387-A - Referred to Rules

FISCAL IMPLICATIONS:

None.

EFFECTIVE DATE:
Thirty days after becoming a law.

000006

DIVISION OF THE BUDGET BILL MEMORANDUM

Session Year 2020

**SENATE:**
No. S3253-A

**ASSEMBLY:**
No. A1360-A

**Primary Sponsor: PARKER**

**Sponsor: Perry**

**Law: Civil Rights**

**Sections: 79-p**

Division of the Budget recommendation on the above bill:

APPROVE: __          NO OBJECTION: X

1. Subject and Purpose:

   This bill would amend the civil rights law to affirm that a person not under arrest or in the custody of a law enforcement official has the right to record police activity and to maintain custody and control of that recording and of any property or instruments used by that person to record police activities. In addition, the legislation also clarifies that a person in custody or under arrest does not, by that status alone, forfeit such right to record.

   The bill also allows establishes the right of action for persons who suffer an unlawful interference of recording by law enforcement has the right to file a civil claim.

2. Budget Implications:

   This bill would have no impact on State finances.

3. Recommendation:

   This bill would provide statutory authorization for people to document the public activities of law enforcement officials, as long as their actions do not physically interfere with law enforcement activity. In addition, the bill provides a civil legal remedy for persons who experience unlawful interfering of recording by law enforcement. The bill would have no impact on State finances. Accordingly, the Division of the Budget has no objection.

Validation: Document ID: 1591984877098-37416-35491
Robert Mujica, Director of the Budget
By Barbato, Robert
Date: 06/12/2020 02:01PM

000007

**Denise Gagnon**

| | |
|---|---|
| **From:** | Kristin Maccera <Kristin.Maccera@exec.ny.gov> |
| **Sent:** | Friday, August 21, 2020 2:07 PM |
| **To:** | Legislative Secretary |
| **Subject:** | Correspondence [Harding, Tim] #781651 |

\*\*\* Please Do Not Reply to this e-mail Message.\*\*\*
\*\*\* Any questions regarding this correspondence should be directed to the staff person listed below as the 'Please Respond To' contact. \*\*\*

Blank Tim Harding



Addressed to: Governor

Email Subject: (S.3253-A/A.1360) - the 'New Yorker's Right to Monitor Act'

Issue 1 82022 Legislation

Correspondence Number: 781651
Date Of Correspondence: 08/06/2020
Date Received: 08/06/2020
Date Entered: 08/06/2020
Referred To: Legislative Secretary
Date Referred:

Routing History:

08/21/2020 02:07 PM (Routed By --> Kristin Maccera) (Routed Via Outside Agency Email to --> Legislative Secretary) For Your Information

Incoming Correspondence:

As a New York citizen, I assume that your recent legislation also gives me, as a Probation Officer, the right to record probationers to monitor their behavior. Or is this another knee-jerk reaction to political correctness? There is absolutely no legitimate reason for a probationer to record me. Peace officers also have rights, and We would like to know how you plan on protecting us from having our photos posted on social media, etc. I would appreciate a response..

1

000008

# STATE OF NEW YORK
_____

3253--A

2019-2020 Regular Sessions

# IN SENATE

February 5, 2019
_____

Introduced by Sens. PARKER, SEPULVEDA -- read twice and ordered printed, and when printed to be committed to the Committee on Codes -- recommitted to the Committee on Codes in accordance with Senate Rule 6, sec. 8 -- committee discharged, bill amended, ordered reprinted as amended and recommitted to said committee

AN ACT to amend the civil rights law, in relation to recording certain law enforcement activities

The People of the State of New York, represented in Senate and Assembly, do enact as follows:

1  Section 1. This act shall be known and may be cited as the "New
2  Yorker's right to monitor act".
3   § 2. The civil rights law is amended by adding a new section 79-p to
4  read as follows:
5   § 79-p. Recording certain activities. 1. Definitions. For purposes of
6  this section, the following terms shall have the following meanings:
7   (a) "Officer" means any peace officer, police officer, security officer,
8  cer, security guard or similar official who is engaged in a law enforcement
9  ment activity;
10  (b) "Law enforcement activity" means any activity by an officer acting
11  under the color of law; and
12  (c) "Record" means to capture or attempt to capture any moving or
13  still image, sound, or impression through the use of any recording
14  device, camera, or any other device capable of capturing audio, moving
15  or still images, or by way of written notes or observations.
16  2. Right to record law enforcement related activities. A person not
17  under arrest or in the custody of a law enforcement official has the
18  right to record law enforcement activity and to maintain custody and
19  control of that recording and of any property or instruments used by
20  that person to record law enforcement activities, provided, however,
21  that a person in custody or under arrest does not, by that status alone,
22  forfeit the right to have any such recordings, property and equipment

EXPLANATION--Matter in <u>italics</u> (underscored) is new; matter in brackets
            [ ] is old law to be omitted.
                                                           LBD06662-03-0


PRINTED ON RECYCLED PAPER

 1  maintained and returned to him or her. Nothing in this subdivision shall
 2  be  construed  to  permit  a person to engage in actions that physically
 3  interfere with law enforcement activity or otherwise constitute a  crime
 4  defined  in  the  penal  law involving obstructing governmental adminis-
 5  tration.
 6    3. Private right of action. (a) A claim of unlawful interference  with
 7  recording  a  law enforcement activity is established under this section
 8  when a person demonstrates that he or  she  exercised  or  attempted  to
 9  exercise  the  right  established  in subdivision two of this section to
10  record a law enforcement activity and an officer acted to interfere with
11  that person's recording of a law enforcement activity, including but not
12  limited to, by:
13    (i) intentionally preventing or attempting to prevent that person from
14  recording law enforcement activity;
15    (ii) threatening that person for recording a law enforcement activity;
16    (iii) commanding that  the  person  cease  recording  law  enforcement
17  activity  when  the  person  was  nevertheless  authorized  under law to
18  record;
19    (iv) stopping, seizing, searching, ticketing or arresting that  person
20  because that person recorded a law enforcement activity; or
21    (v)  unlawfully seizing property or instruments used by that person to
22  record a law enforcement activity, unlawfully destroying, or  seizing  a
23  recorded  image  or  recorded  images  of a law enforcement activity, or
24  copying such a recording of a law enforcement activity  without  consent
25  of the person who recorded it or approval from an appropriate court.
26    (b) It shall be an affirmative defense to a civil action under subpar-
27  agraphs (i), (iii) and (iv) of paragraph (a) of this subdivision that at
28  the  time of such conduct by an officer, such officer had probable cause
29  to arrest the person recording such a law  enforcement  activity  for  a
30  crime defined in the penal law involving obstructing governmental admin-
31  istration.
32    (c)  A  person  subject  to  unlawful  interference with recording law
33  enforcement activities as described in paragraph (a) of this subdivision
34  may bring an action for any violation of this section in  any  court  of
35  competent  jurisdiction  for  damages,  including  punitive damages, for
36  declaratory and injunctive relief, and such other remedies as the  court
37  may deem appropriate.
38    (d)  In any action or proceeding brought pursuant to this section, the
39  court may allow a prevailing plaintiff reasonable  attorney's  fees  and
40  expert fees as a part of the costs which may be recovered.
41    (e) Any action or proceeding brought pursuant to this section shall be
42  commenced  no  later  than  three  years  after  the  date  on which the
43  violation of this section is committed.
44    4. Preservation of rights. This section shall be in  addition  to  all
45  rights,  procedures,  and  remedies  available  under  the United States
46  Constitution, 42 USC 1983, the constitution of the state of New York and
47  all other federal law, state law, law of the city of  New  York  or  the
48  administrative  code  of  the city of New York, and all other civil reme-
49  dies, including monetary damages, created by statute,  ordinance,  regu-
50  lation or common law.
51    § 3. Severability clause. If any clause, sentence, paragraph, subdivi-
52  sion,  section  or  part  of  this act shall be adjudged by any court of
53  competent jurisdiction to be invalid, such judgment  shall  not  affect,
54  impair, or invalidate the reminder thereof, but shall be confined in its
55  operation  to  the  clause,  sentence, paragraph, subdivision, section or
56  part thereof directly involved in the controversy in which  such  judge-


PRINTED ON RECYCLED PAPER

ment shall have been rendered. It is hereby declared to be the intent of the legislature that this act would have been enacted even if such invalid provisions had not been included herein.

§ 4. This act shall take effect on the thirtieth day after it shall have become a law.

PRINTED ON RECYCLED PAPER

**S3253-A**  PARKER  Same as A 1360-A  Perry
ON FILE: 03/10/20 Civil Rights Law
TITLE....Relates to recording certain law enforcement activities
02/05/19  REFERRED TO CODES
01/08/20  REFERRED TO CODES
03/10/20  AMEND AND RECOMMIT TO CODES
03/10/20  PRINT NUMBER 3253A
06/08/20  REPORTED AND COMMITTED TO RULES
06/08/20  ORDERED TO THIRD READING CAL.678
06/08/20  <u>PASSED SENATE</u>
06/08/20  DELIVERED TO ASSEMBLY
06/08/20  referred to codes
06/08/20  substituted for a1360a
06/08/20  ordered to third reading cal.70
06/08/20  <u>passed assembly</u>
06/08/20  returned to senate
06/14/20  DELIVERED TO GOVERNOR
06/14/20  SIGNED **CHAP.100**

06/08/20  S3253-A  Assembly Vote  Yes: 128  No : 16

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Yes | Abbate | Yes | Abinanti | Yes | Arroyo | Yes | Ashby |
| Yes | Aubry | No | Barclay | Yes | Barnwell | Yes | Barrett |
| Yes | Barron | Yes | Benedetto | Yes | Bichotte | Yes | Blake |
| Yes | Blankenbush | No | Brabenec | Yes | Braunstein | Yes | Bronson |
| Yes | Buchwald | Yes | Burke | Yes | Buttenschon | Yes | Byrne |
| Yes | Byrnes | Yes | Cahill | Yes | Carroll | Yes | Colton |
| Yes | Cook | Yes | Crespo | Yes | Crouch | Yes | Cruz |
| Yes | Cusick | Yes | Cymbrowitz | Yes | Darling | Yes | Davila |
| Yes | De La Rosa | Yes | DenDekker | No | DeStefano | Yes | Dickens |
| Yes | Dilan | Yes | Dinowitz | No | DiPietro | Yes | D'Urso |
| Yes | Eichenstein | Yes | Englebright | Yes | Epstein | Yes | Fahy |
| Yes | Fall | Yes | Fernandez | ER | Finch | No | Fitzpatrick |
| No | Friend | Yes | Frontus | Yes | Galef | ER | Gantt |
| No | Garbarino | Yes | Giglio | Yes | Glick | Yes | Goodell |
| Yes | Gottfried | Yes | Griffin | Yes | Gunther A | Yes | Hawley |
| Yes | Hevesi | Yes | Hunter | Yes | Hyndman | Yes | Jacobson |
| Yes | Jaffee | Yes | Jean-Pierre | Yes | Johns | Yes | Jones |
| Yes | Joyner | Yes | Kim | Yes | Kolb | No | Lalor |
| Yes | Lavine | Yes | Lawrence | Yes | Lentol | Yes | Lifton |
| No | LiPetri | Yes | Lupardo | Yes | Magnarelli | Yes | Malliotakis |
| No | Manktelow | Yes | McDonald | Yes | McDonough | Yes | McMahon |
| No | Mikulin | Yes | Miller B | Yes | Miller MG | Yes | Miller ML |
| No | Montesano | Yes | Morinello | Yes | Mosley | Yes | Niou |
| Yes | Nolan | Yes | Norris | Yes | O'Donnell | Yes | Ortiz |
| Yes | Otis | Yes | Palmesano | No | Palumbo | Yes | Paulin |
| Yes | Peoples-Stokes | Yes | Perry | Yes | Pheffer Amato | Yes | Pichardo |
| Yes | Pretlow | Yes | Quart | No | Ra | Yes | Ramos |
| Yes | Reilly | Yes | Reyes | Yes | Richardson | Yes | Rivera |
| Yes | Rodriguez | Yes | Rosenthal D | Yes | Rosenthal L | Yes | Rozic |
| Yes | Ryan | Yes | Salka | Yes | Santabarbara | Yes | Sayegh |
| ER | Schimminger | No | Schmitt | Yes | Seawright | Yes | Simon |
| Yes | Simotas | No | Smith | Yes | Smullen | Yes | Solages |
| Yes | Stec | Yes | Steck | Yes | Stern | Yes | Stirpe |
| Yes | Tague | Yes | Taylor | Yes | Thiele | Yes | Vanel |
| Yes | Walczyk | Yes | Walker | Yes | Wallace | Yes | Walsh |
| Yes | Weinstein | Yes | Weprin | Yes | Williams | Yes | Woerner |
| Yes | Wright | Yes | Zebrowski K | Yes | Mr. Speaker | | |

**NYLS Note: 36 pages of debate.**

06/08/20  S3253-A   Senate Vote   Aye: 59  Nay: 3

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Aye** | Addabbo | **Nay** | Akshar | **Aye** | Amedore | **Aye** | Bailey |
| **Aye** | Benjamin | **Aye** | Biaggi | **Aye** | Borrello | **Aye** | Boyle |
| **Aye** | Breslin | **Aye** | Brooks | **Aye** | Carlucci | **Aye** | Comrie |
| **Aye** | Felder | **Aye** | Flanagan | **Aye** | Funke | **Aye** | Gallivan |
| **Aye** | Gaughran | **Aye** | Gianaris | **Aye** | Gounardes | **Aye** | Griffo |
| **Aye** | Harckham | **Nay** | Helming | **Aye** | Hoylman | **Aye** | Jackson |
| **Aye** | Jacobs | **Aye** | Jordan | **Aye** | Kaminsky | **Aye** | Kaplan |
| **Aye** | Kavanagh | **Aye** | Kennedy | **Aye** | Krueger | **Aye** | Lanza |
| **Aye** | LaValle | **Aye** | Little | **Aye** | Liu | **Aye** | Martinez |
| **Aye** | May | **Aye** | Mayer | **Aye** | Metzger | **Aye** | Montgomery |
| **Aye** | Myrie | **Aye** | O'Mara | **Aye** | Ortt | **Aye** | Parker |
| **Aye** | Persaud | **Aye** | Ramos | **Aye** | Ranzenhofer | **Aye** | Ritchie |
| **Aye** | Rivera | **Aye** | Robach | **Aye** | Salazar | **Aye** | Sanders |
| **Aye** | Savino | **Aye** | Sepulveda | **Aye** | Serino | **Aye** | Serrano |
| **Nay** | Seward | **Aye** | Skoufis | **Aye** | Stavisky | **Aye** | Stewart-Cousins |
| **Aye** | Tedisco | **Aye** | Thomas | | | | |

NYLS Note: No debate.

# NEW YORK STATE SENATE
# INTRODUCER'S MEMORANDUM IN SUPPORT
## submitted in accordance with Senate Rule VI. Sec 1

BILL NUMBER: S3253A

SPONSOR: PARKER

TITLE OF BILL:

An act to amend the civil rights law, in relation to recording certain law enforcement activities

PURPOSE:

The purpose of this legislation is to unambiguously affirm, by statutory enactment, the right of New Yorkers to record, with expressed exceptions, the actions of persons acting under the color of law.

SUMMARY OF SPECIFIC PROVISIONS:

Section one of the bill provides that the act shall be known as the "New Yorker's right to monitor act."

Section two of the bill adds § 79-p to the civil rights law entitled "Recording certain activities." This section includes: definitions; delineates the right to record law enforcement related activities; creates a right of action for persons who suffer an unlawful abridgement of their right to record and an affirmative defense for persons charged with a violation of this right; and preservation of rights.

Section three of the bill includes a severability clause. Section four of the bill provides the effective date.

JUSTIFICATION:

Several Federal Circuit Courts, the First, Seventh, Ninth, and Eleventh Circuits, have issued clear and consistent opinions finding that the First Amendment of the United States Constitution openly confers and protects the right of ordinary civilians to record police activity. The right of people to document the public activities of law enforcement helps to ensure that the police and others engaged in law enforcement activities are accountable to the public.

PRIOR LEGISLATIVE HISTORY:

2018: S.2876/A.2448 - Codes / Third Reading Calendar
2017: S.2876/A.2448 - Codes/ Referred to Rules
2016: S.8074/A.10387-A - Referred to Rules

**FISCAL IMPLICATIONS**:

None.

**EFFECTIVE DATE**:

Thirty days after becoming a law.