IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICIA RODNEY<br><br>                      *Plaintiff*<br>          v.<br><br>THE CITY OF NEW YORK, ET AL.,<br><br>                      *Defendants* | Case No.: 22-cv-1445 (LAK) |

**MOTION FOR LEAVE TO FILE AN AMICUS BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMSISS**

On October 4, 2022, LatinoJustice PRLDEF ("LatinoJustice") and the Office of the Public Advocate for the City of New York ("OPA") (together, "Amici") wrote a letter to ask the Court to set a deadline to file a motion for leave to file an amicus brief in opposition to Defendant's motion to dismiss. (Doc. 45.) While the Court subsequently issued an order granting leave, Amici had not, in their letter, provided the Court with their reasons for seeking to file the brief. (Doc. 49.) Out of an abundance of caution, Amici now submit this motion for leave to file the attached brief and present their reasons for doing so.

     District Courts have wide discretion to permit the filing of amicus briefs. *See United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015). Leave to file amicus briefs is granted when the brief will be "of aid to the court and offer insights not available from the parties." *U.S. v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994). And while courts "should consider the partiality of a would-be amicus, there is no rule that amici must be totally disinterested." *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11-cv-6746, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011) (cleaned up) (permitting elected officials to file an amicus brief in a dispute over tolls).

LatinoJustice and OPA analyze the interaction between the NYPD's policy of barring recording in precincts (the "No Precinct Rule") and the Right to Record Act ("RTRA"). To this question, they offer insights not available to the public and arguments not raised by the parties. LatinoJustice, one of the co-counsel in *Ligon v. City of New York*, 12-cv-2274, has significant knowledge of the history of recording police by civilians and the NYPD's response. This year, for example, LatinoJustice found that of the 181 officers whom CCRB found lied in an interview between 2010 and 2020, ninety-seven were caught because their statement had been contradicted by a video or audio recording.[1] Jumaane Williams, the Public Advocate for the City of New York, was the lead sponsor of the Right to Record Act and has submitted a declaration setting forth his understanding of the bill when it was passed.

A statement by the lead sponsor of a bill regarding the legislative intent of that bill is unquestionably helpful to the court, even when (as here) the legislation's text is clear. *See Kimmel v. State*, 29 N.Y.3d 386. And LatinoJustice's experience likewise adds facts and insights, that are not presented by the parties, including an analysis of the NYPD's "No Recording Policy" under the Citywide Administrative Procedure Act ("CAPA"), N.Y. City Charter §§ 1041–46.

For the reasons stated above, and in an abundance of caution given the Court's October 6, 2022 order, LatinoJustice and OPA respectfully move for leave to file the attached brief.

Dated: November 1, 2022

/s/ Andrew Case
Andrew Case
*Senior Counsel*
LatinoJustice PRLDEF
New York, NY 10115

/s/ Elizabeth Guzman
Elizabeth Guzman
*General Counsel*
Wesley Paisley
Office of the Public Advocate
For the City of New York
One Centre Street #15N
New York, NY 10007

---

[1] LatinoJustice PRLDEF, "Shielded From Accountability: How NYPD Officers Get Away With Lying To The CCRB," Apr. 2022.