

January 6, 2023

Hon. Ona T. Wang, United States Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

      Re:    Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Wang:

      As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. This letter motion seeks leave to make a modest supplement to the record on the pending motion to dismiss (Dkt. No. 39 and the related entries).

      In their motion to dismiss, contrary to the allegations in the First Amended Complaint (*see, for example,* Dkt. No. 29 ¶ 53), Defendants asserted that video evidence allowed the Court to conclude that "Plaintiff beg[an] exclaiming loudly prior to being touched by officers." Dkt. No. 40 at 3 (this, and other citations, are as paginated). Plaintiff pointed out that was not true or reflected in the video evidence in opposition (*see, e.g.,* Dkt. No. 47 ¶ 9; Dkt. No. 48 at 5). Defendants maintained their position in reply — claiming "the single video appended to Amended Complaint shows she begins yelling out loudly prior to any physical interaction." Dkt. No. 64 at 3.

      Since then, Plaintiff served a set of Requests for Admission, citing the same materials in Dkt. No. 47 ¶ 9 (and indeed, using the same circling used in the declaration). In response, perhaps given that a denial has meaningful consequences when a "party failing to admit [lacks] a reasonable ground to believe that it might prevail" on the denial (Fed. R. Civ. P. 37(c)(2)) — Defendants admitted that "[a]t least one Defendant touched Plaintiff before she started screaming." *See* Ex. 1 (Defendants' responses to Plaintiff's requests for admission) at 9-10. Since the effect of an admission under Rule 36 is that the fact admitted is "conclusively established" for all purposes in the action (Fed. R. Civ. P. 36(b), Defendants' admission conclusively removes this from the "numerous factual allegations" Defendants seem to dispute in their motion (Dkt. No. 64 at 3), and it is established that Defendants touched Plaintiff before she began "exclaiming loudly."

      As always, we thank the Court for its time and consideration.

                                                                             Respectfully submitted,

                                                                             /s/
                                                      _____

                                                      J. Remy Green
                                                        *Honorific/Pronouns: Mx., they/their/them*



**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Enclosure.

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com