UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- x

PATRICIA RODNEY,

                                                    Plaintiff,

                    -against-

CITY OF NEW YORK, ET AL.,

                                                    Defendants.

------------------------------------------------------------------------- x

**DEFENDANTS' RESPONSES
AND OBJECTION TO
PLAINTIFF'S REQUESTS
FOR ADMISSION AND
SUPPLEMENTAL
INTERROGATORY AND
DOCUMENT REQUEST**

22-cv-1445 (LAK) (OTW)

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, and the Local Civil Rules for the Southern District of New York, defendants, by their attorney Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, respond and object to Plaintiff's  Requests for Admission, upon information and belief, as follows:

## GENERAL STATEMENT

1.      Defendants object to these Demands to the extent that they purport to impose obligations on the City other than those imposed or authorized by the CPLR.  Further, defendants specifically objects to these Demands to the extent they request information not "material and necessary" to the defense or prosecution of an action as set forth in CPLR § 3101(a).

2.      Defendants object to these Demands to the extent that they are palpably improper, vague, overbroad, and unduly burdensome to the extent each demand "fails to specify the documents to be disclosed with reasonable particularity." See Conway v. Bayley Seton Hosp., 104 A.D.2d 1018, 1019 (2d Dep't 1984) (holding that discovery and inspection of records which were not limited in terms were overly broad inasmuch as they "could be read to include a myriad of irrelevant items"); Andrews v. Trustco Bank, 289 A.D.2d 910, 913 (3d Dep't 2001)

(holding that requests for "all . . . materials" and "all memorandum, correspondence, and work papers" are "overbroad, seek irrelevant information and impose an undue burden"); Finn v. Town of Southampton, 266 A.d.2d 429 (2d Dep't 1999); Harrison v. Bayley Seton Hosp., 247 A.D.2d 513 (2d Dep't 1998); Blum v. Allied Hardware, Inc., 237 A.D.2d 492 (2d Dep't 1997); Andrews v. Trustco Bank, 289 A.D.2d 910, 913 (3d Dep't 2001); Related Companies v. Bishops Services, Inc., 171 A.D.2d 421 (1st Dep't 1991); American Reliance Insurance Co., 174 A.D.2d 591 (2d Dep't 1991).

3.      In providing these objections and responses, defendants do not in any way waive but preserve: (i) all objections as to vagueness, ambiguity and undue burden; (ii) all objections as to materiality, relevance and admissibility of any document or information produced in response to these Demands, or the subject matter thereof; and (iii) all rights to object on any ground to the use of any of said documents or information, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action.

4.      These general objections are incorporated into each of the specific responses to these Demands and shall be deemed continuing as to each Demand and are not waived, nor in any way limited by, specific responses.

5.      Defendants object to these Demands to the extent that they seek documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

6.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information

contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

7.      Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

8.      Defendants further object in the entirety to these Demands to the extent that they seek the home address of individuals identified by the defendant.

9.      Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement its response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

**REQUEST TO ADMIT**

**REQUEST TO ADMIT NO. 1:**

      The videos attached disclosed as RODNEY_000713, RODNEY_000714, RODNEY_000715, RODNEY_000716, RODNEY_000717, RODNEY_000718, RODNEY_000719, RODNEY_000720, RODNEY_000721, RODNEY_000722, and RODNEY_000723 are true and correct copies of body worn camera videos taken by the Atrium Defendants.

**OBJECTION AND RESPONSE TO ADMIT NO. 1:**

      Notwithstanding and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 2:**

      The document disclosed at RODNEY_000691-712 is a true and correct copy of an official transcript of a press conference held by then-Mayor de Blasio and then-Police Commissioner James O'Neill on or around July 10, 2018.

**OBJECTION AND RESPONSE TO ADMIT NO. 2:**

      Notwithstanding and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 3:**

      On or about July 10, 2018, as part of a set of remarks to the press, the then-Police Commissioner stated, regarding all police precincts: "Our message to New Yorkers going forward, these are your station houses."

**OBJECTION AND RESPONSE TO ADMIT NO. 3:**

Notwithstanding and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 4:**

In the same comments, he stated, "All the people who live, work and visit here will be able to come in and be part of their police department like nowhere else in the five boroughs. This is critical because neighborhood policing and the shared responsibility of public safety in our city require us to come together. It's a two-way street that needs to happen everywhere, out on the blocks, at local businesses, in our parks, in public spaces, and soon inside the new 4-0 public space Precinct station house."

**OBJECTION AND RESPONSE TO ADMIT NO. 4:**

Notwithstanding and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 5:**

The meaning a reasonable listener would take away from those and related comments was that the NYPD's "message" and "promise to all 8.6 million New Yorkers" was that in saying "going forward, these are your station houses," the City and its police department meant to convey that all New Yorker should view all precincts — including the 62$_{nd}$ Precinct — as "public spaces" like "our parks" or "out on the blocks."

**OBJECTION AND RESPONSE TO ADMIT NO. 5:**

Defendants object to Request to Admit No. 5 on the grounds that it is vague, ambiguous, and overbroad in that it references "a reasonable listener," without definition.

Defendants further object to the extent that Request to Admit No. 5 is beyond the scope of Fed. R. Civ. P. 36(a) insofar as it asks defendants to speculate about what a "reasonable listener" would take away from a purported statement.

**REQUEST TO ADMIT NO. 6:**

On December 2, 2022, the 62nd Precinct's atrium was open to the public.

**OBJECTION AND RESPONSE TO ADMIT NO. 6:**

Defendants object to Request to Admit No. 8 on the grounds that it is vague, ambiguous, and overbroad in that it references "atrium" and "public" without definition. Defendants are unable to provide a response as this request is unclear.  Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 7:**

On December 2, 2022, a member of the public could walk into the 62nd Precinct's atrium freely.

**OBJECTION AND RESPONSE TO ADMIT NO. 7:**

Defendants object to Request to Admit No. 7 on the grounds that it is vague, ambiguous, and overbroad in that it references "atrium" and "freely" without definition. Defendants are unable to provide a response as this request is unclear.  Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 8:**

On December 2, 2022, any member of the public could observe what was happening in the 62nd Precinct's atrium freely.

**OBJECTION AND RESPONSE TO ADMIT NO. 8:**

Defendants object to Request to Admit No. 8 on the grounds that it is vague, ambiguous, and overbroad in that it references "atrium" and "freely" without definition.

Defendants are unable to provide a response as this request is unclear.  Defendants further object to this request as it is beyond the scope of Fed. R. Civ. P. 36(a) insofar as it asks defendants to speculate about what a "member of the public" could observe.

**REQUEST TO ADMIT NO. 9:**

On December 2, 2022, the 62nd Precinct was a "public space" in the sense Commissioner O'Neil used that phrase as set out above.

**OBJECTION AND RESPONSE TO ADMIT NO. 9:**

Defendants object to Request to Admit No. 9 on the grounds that it is vague, ambiguous, and overbroad.  Defendants are unable to provide a response as this request is unclear.  Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 10:**

Plaintiff served a timely notice of claim on the City.

**OBJECTION AND RESPONSE TO ADMIT NO. 10:**

Defendants object to Request to Admit No. 10 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 11:**

The City noticed, and Plaintiff attended, a 50-h hearing.

**OBJECTION AND RESPONSE TO ADMIT NO. 11:**

Notwithstanding and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 12:**

The City did not adjust or otherwise pay Plaintiff's claims within 30 days.

**OBJECTION AND RESPONSE TO ADMIT NO. 12:**

      Notwithstanding and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 13:**

      The action was initiated within a year and 90 days of December 2, 2020.

**OBJECTION AND RESPONSE TO ADMIT NO. 13:**

      Notwithstanding and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 14:**

      Plaintiff was told, on November 30, 2020, by an Officer that she should return to the 62nd Precinct to obtain a police report for her missing glucometer.

**OBJECTION AND RESPONSE TO ADMIT NO. 14:**

      Defendants object to Request to Admit No. 14 on the grounds that it is vague, ambiguous, and overbroad.  This request does not identify the officer who alleged informed plaintiff of this on November 30, 2020, nor does it specify a timeframe in which this interaction could have occurred.  Given this vague request, defendants have not been able to investigate whether an unknown officer at an unknown time made a vague and indeterminate statement as alleged by plaintiff and as such, defendants do not have enough information to either admit or deny this request.

**REQUEST TO ADMIT NO. 15:**

      A glucometer is an essential medical device for people with diabetes.

**OBJECTION AND RESPONSE TO ADMIT NO. 15:**

Defendants object to Request to Admit No. 15 on the grounds that it is vague, ambiguous, and overbroad.  Defendants are not able to provide a response to this request as it is beyond the scope of knowledge of defendants.

**REQUEST TO ADMIT NO. 16:**

Plaintiff's initial entry to the 62nd Precinct on December 2, 2020 was lawful and pursuant to a general invitation to the public.

**OBJECTION AND RESPONSE TO ADMIT NO. 16:**

Defendants object to Request to Admit No. 16 on the grounds that it is vague, ambiguous, and overbroad in that it references a "general invitation" without definition. Defendants are unable to provide a response as this request is unclear.  Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 17:**

During the time Plaintiff was in the atrium, she did not physically stop any officer from doing their job.

**OBJECTION AND RESPONSE TO ADMIT NO. 17:**

Defendants object to Request to Admit No. 17 on the grounds that it is vague, ambiguous, and overbroad in that it references "atrium" without definition.  Defendants are unable to provide a response as this request is unclear.

**REQUEST TO ADMIT NO. 18:**

At least one Defendant touched Plaintiff before she started screaming. *See* RODNEY_000714 at 1:19-1:24 (red circle added):

**OBJECTION AND RESPONSE TO ADMIT NO. 18:**

    Notwithstanding and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 19:**

    The first moment Plaintiff audibly screams in RODNEY_000714 is at 1:26.

**OBJECTION AND RESPONSE TO ADMIT NO. 19:**

    Notwithstanding and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 20:**

    The first moment a Defendant visibly grabs Plaintiff in RODNEY_000714 is at 1:24.

**OBJECTION AND RESPONSE TO ADMIT NO. 20:**

    Defendants object to Request to Admit No. 20 on the grounds that it is unclear in the referenced video if a defendant is grabbing plaintiff.  As such, defendants do not have enough information to either admit or deny this request.

**REQUEST TO ADMIT NO. 21:**

    Defendants did not have any reason to initiate the arrest of Plaintiff outside of (1) their allegation that Plaintiff was trespassing; (2) their allegation that Plaintiff violated the No Recording Policy; and (3) their allegation that Plaintiff was obstructing passage through the 62nd Precinct's atrium.

**OBJECTION AND RESPONSE TO ADMIT NO. 21:**

    Defendants object to Request to Admit No. 21 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 22:**

   At no relevant point was Plaintiff in front of or otherwise directly blocking the door between the 62nd Precinct's atrium and its main interior.

**OBJECTION AND RESPONSE TO ADMIT NO. 22:**

   Defendants object to Request to Admit No. 22 on the grounds that it is vague, ambiguous, and overbroad in that it references "atrium" without definition.  Defendants are unable to provide a response as this request is unclear.

**REQUEST TO ADMIT NO. 23:**

   At no relevant point was Plaintiff in front of or otherwise directly blocking the door between the 62nd Precinct's atrium and its main interior.

**OBJECTION AND RESPONSE TO ADMIT NO. 23:**

   Defendants object to Request to Admit No. 23 on the grounds that it is vague, ambiguous, and overbroad in that it references "atrium" without definition.  Defendants are unable to provide a response as this request is unclear.

**REQUEST TO ADMIT NO. 24:**

   The door was able to open, at least partially, the entire time Plaintiff was to the side of the door.

**OBJECTION AND RESPONSE TO ADMIT NO. 24:**

   Notwithstanding and without waiving or limiting defendants' General Objections, defendants deny.

**REQUEST TO ADMIT NO. 25:**

   During the time Plaintiff was in the atrium, at least 5 people traveled through that door. RODNEY_000714 at 1 at 0:02 -1:15.

**OBJECTION AND RESPONSE TO ADMIT NO. 25:**

                Defendants object to Request to Admit No. 25 on the grounds that it is vague, ambiguous, and overbroad in that it references "atrium" without definition.  Defendants are unable to provide a response as this request is unclear.

**REQUEST TO ADMIT NO. 26:**

                Plaintiff did not pose an insurmountable obstacle or impediment to passing through the atrium or using the door.

**OBJECTION AND RESPONSE TO ADMIT NO. 26:**

                Defendants object to Request to Admit No. 26 on the grounds that it is vague, ambiguous, and overbroad in that it references "insurmountable obstacle or impediment" and "atrium" without definition.  Defendants are unable to provide a response as this request is unclear.  Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 27:**

                Whatever obstacle or impediment Plaintiff posed, at least five people in fact surmounted it.

**OBJECTION AND RESPONSE TO ADMIT NO. 27:**

                Defendants object to Request to Admit No. 27 on the grounds that it is vague, ambiguous, and overbroad in that it references "obstacle or impediment" and "surmounted" without definition.  Defendants are unable to provide a response as this request is unclear.  Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 28:**

The Atrium Defendants ultimately arrested Plaintiff because they believed she violated the No Recording Policy.

**OBJECTION AND RESPONSE TO ADMIT NO. 28:**

Defendants object to Request to Admit No. 28 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit.

**REQUEST TO ADMIT NO. 29:**

The Atrium Defendants believed Plaintiff was, in fact, recording.

**OBJECTION AND RESPONSE TO ADMIT NO. 29:**

Defendants object to Request to Admit No. 29 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit.

**REQUEST TO ADMIT NO. 30:**

The Atrium Defendants intended to arrest Plaintiff for recording.

**OBJECTION AND RESPONSE TO ADMIT NO. 30:**

Defendants object to Request to Admit No. 30 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit.

**REQUEST TO ADMIT NO. 31:**

       The Atrium Defendants did not believe Plaintiff posed any threat of physical harm to any person.

**OBJECTION AND RESPONSE TO ADMIT NO. 31:**

       Defendants object to Request to Admit No. 31 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).  Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit.

**REQUEST TO ADMIT NO. 32:**

       The Atrium Defendants did not believe Plaintiff was, at least until they already had taken her to the ground, physically resisting arrest.

**OBJECTION AND RESPONSE TO ADMIT NO. 32:**

       Defendants object to Request to Admit No. 32 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).  Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit.

**REQUEST TO ADMIT NO. 33:**

       Plaintiff's actions in saying she was recording the Atrium Defendants, and in refusing their request to leave, were purely passive.

**OBJECTION AND RESPONSE TO ADMIT NO. 33:**

       Defendants object to Request to Admit No. 33 on the grounds that it is vague, ambiguous, and overbroad in that it references "purely passive" without definition. Defendants object to Request to Admit No. 33 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).  Defendants further object and cannot provide a response to this

request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit.

**REQUEST TO ADMIT NO. 34:**

The use of a takedown or other violent force is not appropriate under NYPD's force continuum policy to arrest an individual who poses no threat and is only passively refusing orders or other requests to comply in some way.

**OBJECTION AND RESPONSE TO ADMIT NO. 34:**

Defendants object to Request to Admit No. 34 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 35:**

The Atrium Defendants' arrest of Plaintiff violated NYPD policies regarding the use of force.

**OBJECTION AND RESPONSE TO ADMIT NO. 35:**

Defendants object to Request to Admit No. 35 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).  Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit.

**REQUEST TO ADMIT NO. 36:**

One of the Atrium Defendants intentionally moved Plaintiff's mask to cover her eyes.

**OBJECTION AND RESPONSE TO ADMIT NO. 36:**

Notwithstanding and without waiving or limiting defendants' General Objections, defendants deny.

**REQUEST TO ADMIT NO. 37:**

        The Atrium Defendants' arrest of Plaintiff violated NYPD policies regarding the use of force.

**OBJECTION AND RESPONSE TO ADMIT NO. 37:**

        Defendants object to Request to Admit No. 37 and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit.

### INTERROGATORY

**INTERROGATORY NO. 18:**

        For each Response to any of the above Requests for Admission that is anything other than an unqualified admission, identify any person with knowledge of the subject of said Request(s) for Admission.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 18:**

        Defendants object to Interrogatory No. 18 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 18 to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to the extent this interrogatory is unduly burdensome. Further, to the extent plaintiff's requests to admit are vague, ambiguous, overbroad, and unclear, defendants are unable to provide any response to this interrogatory.

        Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated

October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as

the documents previously produced bearing Bates Nos. DEF 1-NYC DEF 83.

## DOCUMENT REQUEST

### DOCUMENT REQUEST NO. 62:

For each Response to any of the above Requests for Admission that is anything other

than an unqualified admission, produce all documents concerning the subject of said Request(s) for

Admission.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 62:

Defendants object to Document Request No. 62 on the grounds that it is vague,

ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks

information that is not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, to the extent there is another more practical method of obtaining discovery, such as

depositions regarding facts within the knowledge of individuals identified, to the extent that it

seeks information that is not within defendant's possession, custody, or control.   Defendants

further object to Document Request No. 62 to the extent that it implicates the privacy interests

and personal safety of the non-parties, to the extent that it calls for the production of documents

containing information of a private and sensitive nature that is unrelated to the performance of an

officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability

and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks

documents that are protected by the psycho-therapist-patient privilege, physician-patient

privilege, official information and law enforcement privileges, or other applicable privilege.

Subject to, and without waiving, or in any way limiting, these objections or the

General Objections, defendants refer plaintiff to the documents previously produced bearing

Bates Nos. DEF 1- DEF 283.

Dated: New York, New York
          January 6, 2023

            HON. SYLVIA O. HINDS-RADIX
            Corporation Counsel of the City of
             New York
            *Attorney for Defendant City of New York,*
            *Sgt. Hernandez, and Officer Clement*
            100 Church Street, Room 3-159
            New York, New York 10007
            (212) 356-3539

            By:

             /s/
             John Schemitsch
             *Senior Counsel*

cc:  **<u>VIA E-Mail</u>**
   J. Remy Green
   Cohen & Green PLLC
   *Attorney for Plaintiff*