

March 13, 2023

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

<u>By Electronic Filing.</u>

    Re:    Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Wang:

    As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. I write to request a conference under the Court's Individual Practices and Local Rule 37.2 on a motion to compel either admissions or denials to certain requests for admission. The parties met and conferred on these issues by telephone on January 17, 2023, but disputes remain as to a subset of Plaintiff's Requests for Admission (the "RFAs"). Exhibit 1.

    Following that meeting, Plaintiff followed up confirming final impasses on certain RFAs and contingent impasses (as also discussed at the meeting) if Defendants did not revise their responses to either admit or deny the request, or provide a more detailed explanation beyond a generic objection. That follow up also included definitions for certain objected-to terms, so it is included here. Exhibit 2 at 1. Defendants ultimately sent a sent an amended set of responses (Exhibit 3) that amended some responses, but left many improper objections intact. Thus, as to the specified RFAs, Plaintiff seeks to have Defendants either admit, or "specifically deny it" — "or state in" actual, meaningful "detail why the [Defendants] cannot truthfully admit or deny it." Fed. R. Civ. P 36(a)(4).[1]

### Discussion

    Rule 36 permits a requesting party to challenge the sufficiency of an answer or objection. Fed. R. Civ. P. 36(a)(6). In determining the sufficiency of responses, the Court is "invested with substantial discretion under Rule 36." *Versatile Housewares v. SAS Grp.*, No. 09-CV-10182, 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010) (*quoting Dubin v. E.F. Hutton Grp. Inc.,* 125 F.R.D. 372, 373 (S.D.N.Y. 1989)). However, "[u]nless the court finds an objection justified, it ***must*** order that an answer be served." Fed. R. Civ. P. 36(a)(6) (emphasis added). And "[w]]hen a response does not comply with the literal requirements of Rule 36(a), this Court has the discretion to deem the statement admitted." *Herrera v. Scully*, 143 F.R.D. 545, 549–50 (S.D.N.Y. 1992). That is, the Court is

---

[1] Given the number of objections here, Plaintiffs respectfully ask the Court to excuse the fact that this motion is overlength by a page, and have no objection to Defendants taking the same space to oppose. The appendix is provided only for convenience, since the full set of RFAs are not at issue.



to strictly enforce — whether by compelling answers or by deeming requests admitted — the rule that bars "a responding party [from] object[ing] to a proper request for admission, mak[ing] an evasive denial (i.e., one that does not specifically deny the matter), or mak[ing] a response that does not set forth 'in *detail*' the reasons why the answering party cannot truthfully admit or deny the matter." *Id.* (citing Fed. R. Civ. R. 36(a)) (emphasis in original).

While given the number of objections, Plaintiff cannot address each objection individually in depth, Defendants' objections largely fall into three impermissible categories,[2] described below:

**Legal Conclusions.** Defendants object that RFAs 6, 7, 9-10, 16, 21, and 26-35 "seek[] a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a)" with no further explanation. However, the rule explicitly permits RFAs that seek admissions about "the application of law to fact" or "opinions about" the same. Fed. R. Civ. P. 36(a)(1)(A). Since Defendants objection offers little more than that, it can be overruled there:[3] Obviously, for example, Defendants can admit or deny the basic "application of law to fact" over whether Plaintiff's notice of claim was served timely. *See* RFA 10.

**Definitions.** Defendants object that the terms and phrases "a reasonable listener," "open to the public," "freely," "general invitation," "atrium,"[4] "obstacle or impediment," "surmounted," "purely passive," and "NYPD policies regarding the use of force" are "without definition." *See* RFAs 6-9,[5] 16, 26-27, 33, 35. This kind of objection is generally "baseless" because "there can be no serious dispute that [the words complained of] mean anything other than what those words are commonly understood to mean." *Bloomberg*, 2010 US Dist LEXIS 80113, at *11.

Beyond the common understanding issue, Defendants' definition objections also fall short in their own context. For example:

---

[2] Plaintiff largely ignores the "

[3] Case law on this point is unambiguous: While, of course, a request that simply asks a party "to admit its interpretation of the law," when a request specifies facts and aims to "remove the [relevant] issues" from dispute, such "legal conclusion … objections are meritless." *EEOC v Bloomberg L.P.*, 2010 US Dist LEXIS 80113, at *6 (SDNY Aug. 4, 2010) (overruling legal conclusion objection for "EEOC does not seek to prove that [specified person]'s [specified actions] violated Title VII"; "EEOC's [specified actions] did not put Bloomberg on notice of [specified legal consequences]"; "Bloomberg maintained/implemented a [specified] policy," and requests "relating to EEOC's own practices" like "whether EEOC provided on-site child care or lactation rooms at its offices during the class period").

[4] On this, Defendants' objection is also factually wrong. The parties agreed "atrium" has a specified definition Defendants never objected to, and that various phrases like "obstacle" have the meanings used in the OGA caselaw. *See* Ex. 2 at 1; *for OGA use, see, e.g., People v. Arbeiter*, 169 Misc.2d 771, 773-4 (1st Dept. 1996).

[5] Technically, RFA 9 does not object to the definition of anything specifically, but instead interposes an improper generic objection "on the grounds that it is vague, ambiguous, and overbroad," saying nothing by way of explanation other than "Defendants are unable to provide a response as this request is unclear." Since that *seems* to be an objection about definitions, Plaintiff addresses it here.



Page 2 of 10

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



- Some of the terms Defendants object to are just variations on *their own descriptions* (RFAs 6 and 16) or language (RFA 9), making the objections borderline bad faith. *Compare, e.g.,* RFA 6 (asking Defendants to admit the 62nd Precinct's atrium was "open to the public") *with* Dkt. No. 40 at 21 (stating the precinct was "generally held open to the public"); *accord, e.g., Whole Woman's Health Alliance v Hill*, 2020 US Dist LEXIS 35880, at *13 (SD Ind Mar. 2, 2020) (overruling objections where party demonstrated they understood the terms objected to).

- Others, being terms drawn from governing law or general legal concepts, are not "without definition" at all — rather, they are straightforward requests to admit "the application of law to fact." Fed. R. Civ. P. 36(a)(1)(A); *see, e.g.,* RFAs 5, 26-27.

Put directly, there is no serious question that Defendants understand that RFA 27 asks them to admit. Five people walked through a door they allege Plaintiff was blocking, and that is clear from video. *See* Dkt. No. 47-1. Defendants' objection is just don't want to make an admission, but **also** don't want to face the fees required if the Court finds they lacked "a reasonable ground to believe that [they] might prevail." Fed. R. Civ. P. 37(c)(2). But that dilemma is exactly why the rule exists.

**Beyond Knowledge.** Defendants objections of this kind take two forms: (1) objections that they have to figure out what the Atrium Defendants (defined in the RFAs) know (e.g., RFAs 28-35, 37); and (2) an objection about admitting common knowledge about diabetes (e.g., RFA 15). On the latter, whether a diabetic person must use a glucometer is an issue Defendants could conceivably want to litigate. "Clearly, th[is] RFA[] seek[s] to remove the issue" by finding out whether Plaintiff "may disregard" that fact in discovery. *Bloomberg*, 2010 US Dist 80113, at *6. Defendants may choose whether that is an issue in this case in choosing whether to admit or deny it.

On the former, Defendants' position does not make any sense. All the John Does are "agents, employees, servants, enlisted or other personnel" of the City, who the City must inquire of to comply with Rule 36. *Herrera*, 143 FRD at 548; *Diederich v Dept. of Army*, 132 FRD 614, 619 (SDNY 1990) (same). Since Defendants have identified all "Atrium Defendants" as the RFAs use that term,[6] there is no basis to refuse to ask them questions. And a party may not refuse to answer an RFA for lack of knowledge without representing specifically that they have conducted an investigation. Yet, Defendants do not do so a single time in a single RFA. As relevant here, failing to ask questions of "agents" and "employees" —- or review relevant "regulations" — dooms a response. *See generally*, RFAs 28-33, 35, 37; and 34. As Judge Gorenstein recently explained:

> [T]he fact that an RFA requires information from a third party to be answered does not make the RFA objectionable. If the City is alluding in some instances to whether or not RFA can be answered following a "reasonable inquiry," the City should say as much. The Court cautions, however, that the mere fact that a response requires information from a third party does not make an RFA objectionable.

---

[6] Plaintiff will amend to add those parties as soon as the motion to dismiss is resolved, but has thus far held off to avoid technically mooting the motion.



Page 3 of 10

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



*In re New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924(CM)(GWG), Dkt. No. 811 at 3 (SDNY 2023);[7] *accord Diederich v Dept. of Army,* 132 FRD 614, 620 (SDNY 1990) ("some of such persons may be … still subject in some measure to Army command, and, in our view, cannot be deemed third parties immune from inquiry").

Similarly, a knowledge objection simply ill-stated when it claims Defendants cannot evaluate a straightforward application of their own use-of-force policy. *See, e.g.,* RFA 34; *cf. Attali v City of NY*, 2017 US Dist LEXIS 120594, at *5 (SDNY Aug. 1, 2017) (granting a City motion to compel answers about what policies existed). And the knowledge objections cross the line into frivolous when Defendants claim they cannot determine whether anyone has been disciplined over this incident (RFA 37) — obviously the City can figure that out on its own with a minimal investigation. Defendants cannot meet the Rule 37 standard, because even the most cursory investigation would uncover the answer.

**Fees and Costs.** Finally, Rule 37 provides, in mandatory terms that when a discovery motion is granted, "the court must . . . award reasonable motion expenses incurred in making the motion.'" *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (*quoting* Fed. R. Civ. P. 37) (emphasis added in Underdog). "The mandatory nature of the imposition of expenses reflects a policy choice aimed at reducing the burden on the courts by deterring parties … from resisting discovery without justification" and therefore "[t]his standard requires only an inquiry as to 'an objective test of reasonableness' and not as to whether the party or counsel acted 'in good faith.'" *Jackson v Nassau Cnty.*, No. 18-CV-3007, 2022 U.S. Dist. LEXIS 83333, at *4–5 (E.D.N.Y. May 9, 2022) (cleaned up). And indeed, *Id.* (internal citation omitted). Here, Defendants arguments are largely barred by the plain text of the rule: It is hard to see how an argument that admitting a notice of claim was timely served improperly "seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a)" (RFA 10) when the scope of Fed. R. Civ. P. 36(a) literally includes "facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A).

## Conclusion

As set out above, Plaintiff asks the Court to direct the City must admit or deny (or at least, set out "in detail" (Rule 36(a)(4) why it cannot do so) the 20 RFAs at issue. And given that the City's position is not justified at all, let alone "substantially justified," Plaintiff requests the mandatory fees provided by Rule 37.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green

---

[7] Relatedly, in the unlikely event individual Atrium Defendants give different answers to, say, whether they thought Plaintiff posed some threat of physical harm by simply saying 'this is my camera' (RFA 31), a party "must specify the part admitted and qualify or deny the rest." Fed. R. Civ. P. 36(a)(4).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



## APPENDIX – RFAs at Issue and Responses

**REQUEST TO ADMIT NO. 5:** The meaning a reasonable listener would take away from those and related comments was that the NYPD's "message" and "promise to all 8.6 million New Yorkers" was that in saying "going forward, these are your station houses," the City and its police department meant to convey that all New Yorker should view all precincts — including the 62nd Precinct — as "public spaces" like "our parks" or "out on the blocks."

> **OBJECTION AND RESPONSE TO ADMIT NO. 5**: Defendants object to Request to Admit No. 5 on the grounds that it is vague, ambiguous, and overbroad in that it references "a reasonable listener," without definition. Defendants further object to the extent that Request to Admit No. 5 is beyond the scope of Fed. R. Civ. P. 36(a) insofar as it asks defendants to speculate about what a "reasonable listener" would take away from a purported statement.

**REQUEST TO ADMIT NO. 6:** On December 2, 2022, the 62nd Precinct's atrium was open to the public.

> **OBJECTION AND RESPONSE TO ADMIT NO. 6:** Defendants object to Request to Admit No. 8 on the grounds that it is vague, ambiguous, and overbroad in that it references "open to the public" without definition. Defendants are unable to provide a response as this request is unclear. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 7:** On December 2, 2022, a member of the public could walk into the 62nd Precinct's atrium freely.

> **OBJECTION AND RESPONSE TO ADMIT NO. 7:** Defendants object to Request to Admit No. 7 on the grounds that it is vague, ambiguous, and overbroad in that it references "freely" without definition. Defendants are unable to provide a response as this request is unclear. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 8:** On December 2, 2022, any member of the public could observe what was happening in the 62nd Precinct's atrium freely.

> **OBJECTION AND RESPONSE TO ADMIT NO. 8:** Defendants object to Request to Admit No. 8 on the grounds that it is vague, ambiguous, and overbroad in that it references "freely" without definition. Defendants are unable to provide a response as this request is unclear. Defendants further object to this request as it is beyond the scope of Fed. R. Civ. P. 36(a) insofar as it asks defendants to speculate about what a "member of the public" could observe.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



**REQUEST TO ADMIT NO. 9:** On December 2, 2022, the 62nd Precinct was a "public space" in the sense Commissioner O'Neil used that phrase as set out above.

> **OBJECTION AND RESPONSE TO ADMIT NO. 9:** Defendants object to Request to Admit No. 9 on the grounds that it is vague, ambiguous, and overbroad. Defendants are unable to provide a response as this request is unclear. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 10:** Plaintiff served a timely notice of claim on the City.

> **OBJECTION AND RESPONSE TO ADMIT NO. 10:** Defendants object to Request to Admit No. 10 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 15:** A glucometer is an essential medical device for people with diabetes.

> **OBJECTION AND RESPONSE TO ADMIT NO. 15:** Defendants object to Request to Admit No. 15 on the grounds that it is vague, ambiguous, and overbroad. Defendants are not able to provide a response to this request as it is beyond the scope of knowledge of defendants.

**REQUEST TO ADMIT NO. 16:** Plaintiff's initial entry to the 62nd Precinct on December 2, 2020 was lawful and pursuant to a general invitation to the public.

> **OBJECTION AND RESPONSE TO ADMIT NO. 16:** Defendants object to Request to Admit No. 16 on the grounds that it is vague, ambiguous, and overbroad in that it references a "general invitation" without definition. Defendants are unable to provide a response as this request is unclear. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 21:** Defendants did not have any reason to initiate the arrest of Plaintiff outside of (1) their allegation that Plaintiff was trespassing; (2) their allegation that Plaintiff violated the No Recording Policy; and (3) their allegation that Plaintiff was obstructing passage through the 62nd Precinct's atrium.

> **OBJECTION AND RESPONSE TO ADMIT NO. 21:** Defendants object to Request to Admit No. 21 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 26:** Plaintiff did not pose an insurmountable obstacle or impediment to passing through the atrium or using the door.



Page 7 of 10

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



**OBJECTION AND RESPONSE TO ADMIT NO. 26:** Defendants object to Request to Admit No. 26 on the grounds that it is vague, ambiguous, and overbroad in that it references "insurmountable obstacle or impediment" and "atrium" without definition. Defendants are unable to provide a response as this request is unclear. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 27**: Whatever obstacle or impediment Plaintiff posed, at least five people in fact surmounted it.

**OBJECTION AND RESPONSE TO ADMIT NO. 27:** Defendants object to Request to Admit No. 27 on the grounds that it is vague, ambiguous, and overbroad in that it references "obstacle or impediment" and "surmounted" without definition. Defendants are unable to provide a response as this request is unclear. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 28:** The Atrium Defendants ultimately arrested Plaintiff because they believed she violated the No Recording Policy.

**OBJECTION AND RESPONSE TO ADMIT NO. 28:** Defendants object to Request to Admit No. 28 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit, and seeks the opinion of a collective group.

**REQUEST TO ADMIT NO. 29:** The Atrium Defendants believed Plaintiff was, in fact, recording.

**OBJECTION AND RESPONSE TO ADMIT NO. 29:** Defendants object to Request to Admit No. 29 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit, and seeks the opinion of a collective group.

**REQUEST TO ADMIT NO. 30:** The Atrium Defendants intended to arrest Plaintiff for recording.

O**BJECTION AND RESPONSE TO ADMIT NO. 30:** Defendants object to Request to Admit No. 30 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include

COHEN&GREEN                                   Page 8 of 10

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



unidentified John Doe officers who have not been named in this suit, and seeks the opinion of a collective group.

**REQUEST TO ADMIT NO. 31:** The Atrium Defendants did not believe Plaintiff posed any threat of physical harm to any person.

**OBJECTION AND RESPONSE TO ADMIT NO. 31:** Defendants object to Request to Admit No. 31 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit, and seeks the opinion of a collective group.

**REQUEST TO ADMIT NO. 32:** The Atrium Defendants did not believe Plaintiff was, at least until they already had taken her to the ground, physically resisting arrest.

**OBJECTION AND RESPONSE TO ADMIT NO. 32:** Defendants object to Request to Admit No. 32 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit, and seeks the opinion of a collective group.

**REQUEST TO ADMIT NO. 33:** Plaintiff's actions in saying she was recording the Atrium Defendants, and in refusing their request to leave, were purely passive.

**OBJECTION AND RESPONSE TO ADMIT NO. 33:** Defendants object to Request to Admit No. 33 on the grounds that it is vague, ambiguous, and overbroad in that it references "purely passive" without definition. Defendants object to Request to Admit No. 33 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit.

**REQUEST TO ADMIT NO. 34:** The use of a takedown or other violent force is not appropriate under NYPD's force continuum policy to arrest an individual who poses no threat and is only passively refusing orders or other requests to comply in some way.

**OBJECTION AND RESPONSE TO ADMIT NO. 34:** Defendants object to Request to Admit No. 34 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as this question is situationally dependent on a number of other factors.

COHEN&GREEN    Page 9 of 10

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



**REQUEST TO ADMIT NO. 35:** The Atrium Defendants' arrest of Plaintiff violated NYPD policies regarding the use of force.

> **OBJECTION AND RESPONSE TO ADMIT NO. 35:** Defendants object to Request to Admit No. 35 on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit, as well as vaguely referencing "NYPD policies regarding the use of force," without specifying which.

**REQUEST TO ADMIT NO. 37:** No Atrium Defendant has been disciplined for their conduct on December 2, 2020 as concerns Plaintiff.

> **OBJECTION AND RESPONSE TO ADMIT NO. 37:** Defendants object to Request to Admit No. 37 and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit.

COHEN&GREEN                                                                                                  Page 10 of 10

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com