

remy green <remy@femmelaw.com>

---

## Request to Meet and Confer on RFA responses

---

**remy green** <remy@femmelaw.com>                                    Tue, Jan 17, 2023 at 6:00 PM
To: "Schemitsch, John (Law)" <jschemit@law.nyc.gov>
Cc: Protester Cases <Protests@femmelaw.com>

Hi John,

Thanks for the meeting today.

To follow up, as discussed:

1. We are okay with Defendants assuming "atrium" in the RFAs means "the room, contained between a door to the outside and a door to the interior, at the precinct where Plaintiff is standing in as visible in body camera footage when she is arrested." If you have any edits to that or other ways you would rather construe it, let us know.
2. Similarly, you can assume the phrase "insurmountable obstacle or impediment," or the other words therein (other than "or") in these RFAs have the meanings they have in the OGA caselaw.

Beyond that, we have impasses as declared at the meeting -- and Defendants will get back to us on their final positions on identified RFAs. My tally is (with some individual footnotes we discussed -- for example, that Request 26 we're at a broader impasse, but the objection on vagueness is subject to review):

- Final impasses on:  RFA 5, 9, 10, 15, 16, 21, 26, 33
- Defendants will review:  6, 7, 8, 14, 17, 22, 23, 27, 28, 29, 30, 31, 32, 34, 35, 37.

Finally, Defendants will propose a deadline for the post-MtD outstanding RFAs, which I don't anticipate being a problem.

That leaves something it looks like I may have failed to ask about, which is timing. Let me know when you think it's reasonable to revert on the items above, and I'm sure it's fine -- I'd just like to have a date on the calendar.

Yours,

Remy.

---

**J. Remy Green**

> *Partner*
> | Cohen&Green P.L.L.C. | #FemmeLaw |

3/13/23, 2:12 PM
Case 1:22-cv-01445-LAK-OTW   Document 74-2   Filed 03/18/23   Page 2 of 6
Cohen & Green Mail - Request to Meet and Confer on RFA responses

| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---



---

On Thu, Jan 12, 2023 at 11:28 AM Schemitsch, John (Law) <jschemit@law.nyc.gov> wrote:

> Tuesday at 10 works well.
>
> ---
>
> **From:** remy green <remy@femmelaw.com>
> **Sent:** Thursday, January 12, 2023 11:03 AM
> **To:** Schemitsch, John (Law) <jschemit@law.nyc.gov>
> **Cc:** Protester Cases <Protests@femmelaw.com>
> **Subject:** Re: [EXTERNAL] Request to Meet and Confer on RFA responses
>
> Hi John,
>
> I had understood your office was closed Monday, so let's slot something in Tuesday -- how's 10.00 am?
>
> On the issue of timing, that makes sense to me.  Let's just pin something down Tuesday.
>
> Yours,
>
> Remy.
>
> ---

**J. Remy Green**

*Partner*

| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |



On Thu, Jan 12, 2023 at 9:33 AM Schemitsch, John (Law) <jschemit@law.nyc.gov> wrote:

> Good morning, Remy,
>
> I am available any time on Monday or on Tuesday before noon for a call.
>
> We didn't agree on a specific deadline for defendants' responses to the remaining requests for admission beyond agreeing that we would after the motion to dismiss was resolved and we began phase two of discovery, though I am happy to discuss an agreed upon deadline.
>
> Best,
>
> John
>
> ---
>
> **From:** remy green <remy@femmelaw.com>
> **Sent:** Friday, January 6, 2023 5:06 PM
> **To:** Schemitsch, John (Law) <jschemit@law.nyc.gov>
> **Cc:** Protester Cases <Protests@femmelaw.com>
> **Subject:** [EXTERNAL] Request to Meet and Confer on RFA responses
>
> **CAUTION:** This email originated from outside of the organization. Do not click links or open attachments unless you recognize the sender and know the content is safe.  Forward suspect email to phish@oti.nyc.gov as an attachment (Click the More button, then forward as attachment).
>
> Hi John,

I am sure this is not entirely a surprise, but we would like to meet and confer about the City's RFA responses, as required by Judge Wang's rules in advance of a motion to compel/deem admitted.

While I think much of this is best handled by just walking through the responses one by one, to give a preview, I think things can broadly be grouped into three buckets: (1) places where Defendants claim that they are "unable to provide a response as this request is unclear," (2) objections that are expressly foreclosed by the rules, and (3) where Defendants say something is beyond their knowledge.

On (1), I think a meet and confer should sort this pretty easily. I'm not sure why the City is claiming, for example, the word "atrium" is so confusing "without [a] definition" (since the ordinary meaning is plenty clear), but we are happy to agree upon a fixed definition so the City can answer.

For (2), it appears the City's responses are grounded in the far more narrow CPLR 3123 -- since the general statement cites state cases and the CPLR, not the federal rules. This appears to have lead to some confused responses. For example, Defendants object that certain requests "seek[] a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a)." But Rule 36 expressly permits a party to demand admissions about "the application of law to fact" (Fed. R. Civ. P. 36(a)(1)(A)). So, for example, it is an obvious question of applying law to fact to figure out whether Plaintiff's notice of claim was timely.

Finally, saying something is beyond Defendants' knowledge is not a legitimate response without more -- including stating what inquiry was made. More to the point, I think, some of the RFAs here are intended to cabin the scope of discovery to make the case more manageable -- so

we do think it is fair to ask Defendants to admit some basic facts like, the fact that "[a] glucometer is an essential medical device for people with diabetes" before we hire an expert for something that is not genuinely in dispute. And if Defendants really want to litigate whether it's *true* that a glucometer is an essential medical device, then it is only fair that they be subject to the unreasonable denial penalty that would shift those expert costs in Rule 37.

Let us know when you're available for that meeting and I will send a link.

Additionally, please confirm that we share an understanding that Defendants will serve their responses to the remaining RFAs within 20 days of a decision on the MtD (or after any extension we agree upon then), since Defendants omitted those RFAs in the response.

Yours,

Remy.

_____

**J. Remy Green**

      *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |
| honorific / pronouns:  Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

_____



Case 1:22-cv-01445-LAK-OTW   Document 74-2   Filed 03/13/23   Page 6 of 6