

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**JOHN SCHEMITSCH**
*Senior Counsel*
Phone: (212) 356-3539
Fax: (212) 356-3509
jschemit@law.nyc.gov

March 20, 2023

**VIA ECF**
Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   Patricia Rodney v. City of New York, et al., 22-cv-1445 (LAK) (OTW)

Your Honor:

I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Sgt. Henriquez, and Officer Clement.  Defendants write in opposition to plaintiff's March 13, 2023 letter requesting a conference on a motion to compel admissions or denials to requests for admission.

By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging false arrest, excessive force, and denial of the right to a fair trial, *inter alia,* against the City of New York, Officer Clemente, Officer Hernandez, and various John Doe officers. Defendants moved to dismiss the most of the claims pursuant to Fed. R. Civ. P. 12(b)(6) on September 7, 2022. (See ECF Nos. 39-41).  A case management conference was held on October 13, 2022, and the parties thereafter have engaged in limited "phase 1" discovery, pertaining to underlying liability for the individually named defendants.  Plaintiff served requests for admission, pursuant to Fed. R. Civ. P. 36 on October 27, 2022.  The parties thereafter have conferenced various issues regarding responses, resulting in plaintiff's instant motion. (See ECF No. 74).

Plaintiff's motion, seeking a conference on a motion to compel admissions or denials to the requests for admission should be denied, as should the underlying request to compel responses to the disputed requests.  "[Fed. R. Civ P. 36] is not a discovery device.  The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope disputed issues, and to facilitate the presentation of cases to the trier of fact." T. Rowe Price Small-Cap Fund v. Oppenheimer & Co., 174 F.R.D. 38, 1997 U.S. Dist. LEXIS 7049 (S.D.N.Y. May 21, 1997) (citing Donovan v. Carls Drug Co., Inc., 703 F.2d 650, 652 (2d Cir. 1983)(Rule 36 admissions may narrow issues and speed

the resolution of claims)).  Here, plaintiff seeks specifically to establish facts which are in substantial dispute or which are beyond the scope of Rule 36.  Plaintiff's motion addresses three broad categories where plaintiff alleges the Court should direct defendants to respond, (1) legal conclusions, (2) definitions, and (3) information beyond the knowledge of the defendants.

First, plaintiff alleges that defendants' objections as to requests for admission Nos. 6, 7, 9-10, 16, 21, and 26-35 pertaining to legal conclusions as are improper and that defendants must provide responses to them as Fed. R. Civ. P. 36(a) explicitly permits requests about application of law to fact or opinions about same.  Courts have held that requests for admission requesting a party to draw purely legal conclusions from specified operative facts are valid objections.  See EEOC v. Bloomberg L.P., 2010 U.S. Dist. LEXIS 80113 at *5-6 (S.D.N.Y. Aug. 4, 2010).  In these instances, plaintiff seeks not application of law to facts or opinions about same, but rather requesting defendants to draw legal conclusions.  See Carver v. Bank of N.Y.Mellon, 2018 U.S. Dist. LEXIS 164400 at *5 (S.D.N.Y. Sep. 25, 2018) (noting that "requests for admission cannot be used to require a party to admit the truth of a legal conclusion.") Defendants further note that as to the majority of these specific requests, defendants objected on additional grounds, including the ambiguity of terms used, and referencing John Doe defendants and their collective group opinions.  As such, defendants' inability to admit or deny these requests is proper.

Second, as to the request that defendants be compelled to respond to various requests for admission for items objected to on the basis of 'definitions,' defendants objections are valid.  In these instances, plaintiff's use of various phrases, including "a reasonable listener," "open to the public," "freely," "general invitation," "obstacle or impediment," "surmounted," purely passive," and "NYPD policies regarding the use of force," are vague and without a provided definition.  These are not general terms, and the dependency of their meaning fails to satisfy the requirement that requests for admission state facts singly so that they can easily be admitted or denied.  T. Rowe Price Small-Cap Fund, Inc., 1997 U.S. Dist. LEXIS 7049, at *21; see Dubin v. E.F. Hutton Group, Inc., 125 F.R.D. 372, 375-76 (S.D.N.Y. 1989); Thalheim v. Eberheim, 124 F.R.D. 34, 35 (D. Conn. 1988); Herrera v. Scully, 143 F.R.D. 545, 549 (S.D.N.Y. 1992).  Indeed, the definition of these terms may not be understood in the same way by both writer and respondent, rendering it impossible to respond to these requests for admission.

Third, as to the request that defendants be compelled to respond to requests to admit which were objected to as beyond knowledge available to defendants, defendants objections are valid.  Defendants objected to a number of requests that sought the collective opinion of "Atrium Defendants."  What constitutes a "reasonable inquiry" and what material is "readily obtainable" is a relative matter that depends upon the facts of each case.  See Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 374 (S.D.N.Y. 1989).  Here, this objection seeks far more than a more than a "reasonably inquiry," as the requests themselves do not specify John Doe defendants, or individuals identified by defendants, and moreover, seek to apply a collective opinion by all defendants on a single request for admission. Moreover, plaintiff seeks to bind parties who have not yet been named to this suit to admissions and denials.  Defendants inability to admit or deny plaintiff's inartfully phrased requests are proper.  As to plaintiff's argument that defendants should respond to a request for admission that a "glucometer is an essential medical device for people with diabetes[,]" again, this request is simply beyond the scope of the

- 3 -

parties knowledge as to the case.  None of the named defendants or John Doe offices are doctors, and they are not the proper parties from whom to obtain this information.

        Thank you for your consideration herein.

                                    Respectfully submitted,
                                         /s/
                                    John Schemitsch
                                    *Senior Counsel*

cc:    **VIA ECF**
       Gideon Oliver, Esq.
       Remy Green, Esq.
       *Attorneys for Plaintiff*