**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PATRICIA RODNEY,<br><br>        Plaintiff,<br> v.<br><br>THE CITY OF NEW YORK, ET AL.,<br><br>        Defendants. | 22-cv-1445 (LAK) (OTW)<br><br>**PLAINTIFF'S FOLLOW UP DISCOVERY PURSUANT TO DKT. NO. 78 RELATED TO PLAINTIFF'S FIRST REQUESTS FOR ADMISSION** |

  Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, as directed in part by the Court's Order at Dkt. No. 78, and as agreed at the meet and confer on April 5, 2023, Plaintiff requests that defendants the City of New York, Officer Clemente, Sergeant Hernandez, and any defendant who is currently or subsequently named and hereafter represented by the Office of the Corporation Counsel in this action, answer the following discovery requests as required by the rules, within 30 days.

## DEFINITIONS

  1. These requests incorporate the definitions set out in Plaintiff's First Requests for Admission dated October 27, 2022 and Plaintiff's First Set of Interrogatories and Document Requests dated October 27, 2022.

  2. These requests incorporate the definitions subsequently agreed to and added in the parties' meet and confers.

  3. All legal standards — including those concerning "reasonable" people; terms like "obstacle," "impediment," "insurmountable," "surmounted," "purely passive," and the like — have the meanings established in case law, and these requests are asking Defendants to admit applications of law to fact.

1

## INSTRUCTIONS

**REQUESTS FOR ADMISSION**:

    1.    The answers to these requests for admissions shall specifically admit or deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

    2.    A denial shall fairly respond to the substance of the requested admission.

    3.    When good faith requires that a party qualify an answer or deny only a part of the matter to which an admission is requested, the party shall specify the portion that is true and qualify or deny the remainder.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny *only* if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.  Further, a reasonable inquiry necessarily "includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response. In this connection, relevant documents and regulations must be reviewed as well." *Diederich v Dept. of Army*, 132 FRD 614, 619 (SDNY 1990).

    4.    The grounds for objecting to a request must be stated.

    5.    A party ***must not*** object solely on the ground that the request presents a genuine issue for trial.

6. Identify each Person who assisted or participated in preparing and/or supplying any of the information given in a response to or relied upon in preparing the answers to these requests for admissions.

7. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The word "including" shall be construed to mean without limitation. The words "any" and "all" shall be construed so as to make the request inclusive rather than exclusive.

8. The singular shall include the plural, and vice versa.

9. Defendants are under a continuing duty to supplement their responses to these discovery requests without further request from Plaintiff.

10. The citations to evidence below are not meant to limit the Requests in any way. Rather, they are intended as a courtesy to assist Defendants in the required investigation.

11. The Requests for Admission below are styled as "Request [number][letter]." They are intended, if Defendants admit all requests that have a sub-number, to supersede the request with the same initial number. So, for example, if Defendants admit Requests 16(a) and 16(b), Plaintiff automatically withdraws Request 16 from the October 27, 2022 set of RFAs. However, if Defendants do not admit both Requests 16(a) and 16(b) in full, all of Request 16, Request 16(a), and Request 16(b) emain in force, and subject to the already-reached impasses.

**INTERROGATORIES:**

3

1.      Because these interrogatories are being served pursuant to a Court Order, and are intended to address "whether some of the information Plaintiff seeks in her Requests for Admission could be more readily obtained through depositions or other discovery" (Dkt. No. 78) in a manner "ordered by the court" (Fed. R. Civ. P. 33(a)), these interrogatories do not count towards Plaintiff's 25 interrogatory presumptive limit.  If Defendants object to this, please state as much in writing *before* answering any interrogatory.  Plaintiff will withdraw any interrogatory rather than use one of her presumptive limit of 25 on these issues.  For the same reason, Plaintiff has used letter-identifiers for these interrogatories.

2.      Furnish all information available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

3.      If you claim any ambiguity, vagueness, or overbreadth in interpreting an interrogatory or any applicable definition or instruction, respond to the portion you deem appropriately specific and broad, and set forth in a part of your written response the specific language you deem to be vague or ambiguous or overbroad.

4.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

5. For each person identified who is not a New York City Police Department ("NYPD") agent, please provide that person's full name, business and home addresses, telephone numbers, and emails.

6. For each person identified who is a NYPD employee or agent, set forth separately their true, full, and correct name, shield number, title on the date of the Incident, command on the date of the Incident, current command, business and home addresses, telephone numbers, and email address(es).

7. Produce all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

8. If any responsive document has been lost, destroyed, or is otherwise unavailable, provide:

    a. The name(s) and title(s) of the person(s) who searched for the document.

    b. A statement of the specific efforts made by that person to locate the document, and the locations searched.

    c. A statement upon actual knowledge, or upon information and belief ,concerning what happened to the document, or a statement that the person has no explanation for its non-existence.

    d. The specific expected chain of custody of the document from the time of its creation to its expected storage place. If the specific chain of custody is unknown, provide the customary chain of custody for a document of its type.

5

  e. If the document was destroyed, the date of destruction, as well as the relevant Retention Schedule, Records Disposition Request, and/or Record Disposal Application concerning the document.

 9. If you withhold any document(s) or information by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2. Assertions of privilege made without an appropriately fulsome statement pursuant to Local Civil Rule 26.2 will be considered non-responsive.

 10. Pursuant to Fed. R. Civ. P. 33(b), the interrogatories must be answered by the party to whom they are directed (in the case of the City of New York, by any officer or agent of the City of New York); each interrogatory must be answered separately and fully in writing under oath; and the person who makes the answers must sign them.

 11. These interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within 30 days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

 12. When called upon to identify an event or events, provide at least the event name(s); organizer(s); date, time, borough; and any identifying numbers or other designations utilized by the NYPD internally to identify each such event.

13. If documents or information responsive to a particular interrogatory or document request have been produced in other litigation, Defendants may identify the document(s) or information by date(s) of production and other information sufficient for Plaintiff's counsel to locate the document(s) or information in question, such as Bates Number(s) or other identifiers.

## REQUESTS FOR ADMISSION

16(a). Plaintiff's initial entry to the 62nd Precinct on December 2, 2020 was lawful.

16(b). Plaintiff's initial entry to the 62nd Precinct on December 2, 2020 was made pursuant to the status of the Precinct as "generally held open to the public" (Dkt. No. 40 at 21).

26(a). Prior to her arrest, Plaintiff did not pose an "insurmountable obstacle or impediment" to passing through the atrium or using the door as that phrase is used in *People v. Arbeiter*, 169 Misc.2d 771, 773-4 (1st Dep't 1996).

26(b). Prior to her arrest, Plaintiff's conduct did not constitute anything other than mere "[f]ailing to obey a police order" as that phrase is used in *Dowling v. City of N.Y.*, No. 11-CV-4954 (NGG) (RML), 2013 U.S. Dist. LEXIS 142108, at *12 (E.D.N.Y. Sep. 30, 2013).

26(c). Prior to her arrest, Plaintiff "never had any physical contact" with any police officer, as that phrase is used in *Fana v. City of New York*, No. 15 cv-8114, 2018 WL 1581680, at *10 (S.D.N.Y. Mar. 27, 2018).

27(a). During the period before Plaintiff's arrest, at least five people passed through the door between the atrium and the inside of the 62nd Precinct.

7

27(b).      During the period before Plaintiff's arrest, Plaintiff's position and presence in the atrium did not in fact prevent those five or more people from moving through the door.

31(a).      Plaintiff did not pose a threat of physical harm to any person before she was arrested on December 2, 2020.

31(b).      No agent of the City believed Plaintiff posed a threat of physical harm to any person before she was arrested on December 2, 2020.

33(a).      Plaintiff's actions in saying she was recording the Atrium Defendants, and in refusing their request to leave, did not involve any "affirmative[] act" as that phrase is used in *People v. McDaniel*, 154 Misc. 2d 89, 92 (2d Dep't 1992).

37(a).      As of April 4, 2023, no Atrium Defendant has been disciplined for their conduct on December 2, 2020 as concerns Plaintiff.

37(b).      There is no open IAB investigation into any person for their conduct on December 2, 2020 as concerns Plaintiff.

37(c).      There is an open CCRB investigation, with no recommendation as of yet, into the conduct on December 2, 2020 as concerns Plaintiff.

37(d).      There is no other open investigation being conducted by any City official or agency into the conduct on December 2, 2020 as concerns Plaintiff.

## **INTERROGATORY**

A. Do you contend[1] that a reasonable listener would *not* understand the statement of then-Police Commissioner James O'Neill identified in RFAs 2-4 to mean all New Yorkers should view all NYPD precincts — including the 62nd Precinct — as "public spaces" like "our parks" or "out on the blocks." If so, please state:

    i. How you believe a reasonable listener would understand that plain language to mean NYPD precincts are not "public spaces";

    ii. What you contend a reasonable listener would understand from those remarks;

    iii. Whether or not you contend Commissioner O'Neill was not authorized to state the City's policies; and

    iv. The basis for all of these contentions.

B. Do you contend[2] that the 62nd Precinct was *not* open to the public on December 2, 2020? If so, please state:

    i. How you would describe the status of the precinct vis-à-vis openness to the public;

    ii. How that is distinct from being open to the public;

    iii. How this contention can be squared with Defendants' representation to the Court that the precinct was "generally held open to the public" (Dkt. No. 40 at 21); and

    iv. The basis for all these contentions.

---

[1] Related to RFA No. 5.
[2] Related to RFA No. 6.

9

C. Do you contend[3] that a member of the public could ***not***, at their convenience and absent them staying excessively, walk freely into the 62nd Precinct on December 2, 2020? If so, please state:

    i. How you would describe the status of the precinct vis-à-vis the ability of members of the public to walk in freely;

    ii. How that is distinct from members of the public to be able to walk in "freely";

    iii. How this contention can be squared with Defendants' representation to the Court that the precinct was "generally held open to the public" (Dkt. No. 40 at 21); and

    iv. The basis for all these contentions.

D. Do you contend[4] that the members of the public could ***not*** — subject to ordinary issues with observation such as line of sight issues, if a person loiters for an extended period of time, and the like — freely observe what was happening in the 62nd Precinct's atrium on December 2, 2020? If so, please state:

    i. How you would describe the status of the precinct vis-à-vis the ability of members of the public to observe what was happening in the atrium;

    ii. How that is distinct from members of the public being able to "freely" observe those happenings;

    iii. The basis for all these contentions.

---

[3] Related to RFA No. 7.
[4] Related to RFA No. 8.

  E. Do you contend[5] that a glucometer is ***not*** a necessary medical device for a person with diabetes?  If so, please state:

    i. The basis for that contention; and

    ii. What documents, studies, or other information support that contention.

  F. Other than (1) the allegation that Plaintiff was trespassing; (2) the allegation that Plaintiff violated the No Recording Policy; and (3) the allegation that Plaintiff was obstructing passage through the 62nd Precinct's atrium, do you contend[6] there were any other for Defendants to initiate the arrest of Plaintiff?  If so, please state:

    i. What these bases are;

    ii. What facts supported those bases;

    iii. What charge those bases are connected to;

    iv. What documents, if any, reflect those bases.

  G. Do you contend[7] that Plaintiff engaged in any act, before she was taken to the ground, that constituted physically resisting arrest?  If so, please state:

    i. What those acts were;

    ii. What facts supported the contention that those acts constituted physically resisting arrest;

    iii. Identify any witness you contend will testify to those facts; and

    iv. What documents, if any, reflects those facts.

---

[5] Related to RFA No. 15.
[6] Related to RFA No. 21.
[7] Related to RFA No. 32.

11

H.     Do you contend[8] the City's policy, as concerns members of the NYPD using force on a person who (1) poses no specific threat of physical harm to any member of service or member of the public and (2) is engaged in no more than "passive resistance" as that term is used in Patrol Guide 221-02, allows the use of the degree of force depicted in RODNEY_000713, RODNEY_000714, RODNEY_000715, RODNEY_000716, RODNEY_000717, RODNEY_000718, RODNEY_000719, RODNEY_000720, RODNEY_000721, RODNEY_000722, and RODNEY_000723?  If so, please state:

    i. What that policy is;

    ii. What the application of that policy to the facts is;

    iii. What documents, if any, reflect that policy.

## DOCUMENT REQUEST

1.     If any of the Responses to the above Requests for Admission are anything other than an unqualified admission, produce any documents concerning the subject of said Request(s) for Admission.

Dated:     April 5, 2023
            Queens, New York

**COHEN&GREEN P.L.L.C.**

/s/
_____
**BY:**     J. Remy Green

1639 Centre St., Suite 216

---

[8] Related to RFA Nos. 34 and 35.

                                                                                           Ridgewood, New York 11385
                                                                                           t : (929) 888-9480