UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

PATRICIA RODNEY,

                                       Plaintiff,

-against-

CITY OF NEW YORK, ET AL.,

                                   Defendants.

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOLLOW UP DISCOVERY PURSUANT TO DKT. NO. 78**

22-cv-1445 (LAK) (OTW)

------------------------------------------------------------------------ x

        Pursuant to Rules 26, 33, 34, and 36 of the Federal Rules of Civil Procedure, and the Local Civil Rules for the Southern District of New York, defendants, by their attorney Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, respond and object to Plaintiff's Requests for Admission, upon information and belief, as follows:

## GENERAL STATEMENT

        1. Defendants object to these Demands to the extent that they purport to impose obligations on the City other than those imposed or authorized by the CPLR. Further, defendants specifically objects to these Demands to the extent they request information not "material and necessary" to the defense or prosecution of an action as set forth in CPLR § 3101(a).

        2. Defendants object to these Demands to the extent that they are palpably improper, vague, overbroad, and unduly burdensome to the extent each demand "fails to specify the documents to be disclosed with reasonable particularity." See Conway v. Bayley Seton Hosp., 104 A.D.2d 1018, 1019 (2d Dep't 1984) (holding that discovery and inspection of records which were not limited in terms were overly broad inasmuch as they "could be read to include a myriad of irrelevant items"); Andrews v. Trustco Bank, 289 A.D.2d 910, 913 (3d Dep't 2001)

(holding that requests for "all . . . materials" and "all memorandum, correspondence, and work papers" are "overbroad, seek irrelevant information and impose an undue burden"); Finn v. Town of Southampton, 266 A.d.2d 429 (2d Dep't 1999); Harrison v. Bayley Seton Hosp., 247 A.D.2d 513 (2d Dep't 1998); Blum v. Allied Hardware, Inc., 237 A.D.2d 492 (2d Dep't 1997); Andrews v. Trustco Bank, 289 A.D.2d 910, 913 (3d Dep't 2001); Related Companies v. Bishops Services, Inc., 171 A.D.2d 421 (1st Dep't 1991); American Reliance Insurance Co., 174 A.D.2d 591 (2d Dep't 1991).

   3. In providing these objections and responses, defendants do not in any way waive but preserve: (i) all objections as to vagueness, ambiguity and undue burden; (ii) all objections as to materiality, relevance and admissibility of any document or information produced in response to these Demands, or the subject matter thereof; and (iii) all rights to object on any ground to the use of any of said documents or information, or the subject matter thereof, in any subsequent proceedings, including the trial of this or any other action.

   4. These general objections are incorporated into each of the specific responses to these Demands and shall be deemed continuing as to each Demand and are not waived, nor in any way limited by, specific responses.

   5. Defendants object to these Demands to the extent that they seek documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

   6. Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information

contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

7. Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

8. Defendants further object in the entirety to these Demands to the extent that they seek the home address of individuals identified by the defendant.

9. Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement its response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

## REQUEST TO ADMIT

**REQUEST TO ADMIT NO. 16(A):**

Plaintiff's initial entry to the 62nd Precinct on December 2, 2020 was lawful.

**OBJECTION AND RESPONSE TO ADMIT NO. 16(A):**

Defendants object to Request to Admit No. 16(a) on the grounds that it is vague, ambiguous, and overbroad. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 16(B):**

Plaintiff's initial entry to the 62nd Precinct on December 2, 2020 was made pursuant to the status of the Precinct as "generally held open to the public" (Dkt. No. 40 at 21).

**OBJECTION AND RESPONSE TO ADMIT NO. 16(B):**

Defendants object to Request to Admit No. 16(b) on the grounds that it is vague, ambiguous, and overbroad in that it references the status of a precinct as "generally held open to the public" without definition. Defendants are unable to provide a response as this request is unclear. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object to this Request to Admit as it purports to seek an admission as to plaintiff's state of mind.

**REQUEST TO ADMIT NO. 26(A):**

Prior to her arrest, Plaintiff did not pose an "insurmountable obstacle or impediment" to passing through the atrium or using the door as that phrase is used in People v. Arbeiter, 169 Misc.2d 771, 773-4 (1st Dep't 1996).

**OBJECTION AND RESPONSE TO ADMIT NO. 26(A):**

Defendants object to Request to Admit No. 26(a) on the grounds that it is vague, ambiguous, and overbroad in that it references "insurmountable obstacle or impediment," with a

provided definition that is overbroad and inapplicable. Defendants do not concede that this definition provided is accurate or appropriate in this case. Defendants are unable to provide a response as this request is unclear. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 26(B):**

Prior to her arrest, Plaintiff's conduct did not constitute anything other than mere "[f]ailing to obey a police order" as that phrase is used in <u>Dowling v. City of N.Y.</u>, No. 11-CV-4954 (NGG) (RML), 2013 U.S. Dist. LEXIS 142108, at *12 (E.D.N.Y. Sep. 30, 2013).

**OBJECTION AND RESPONSE TO ADMIT NO. 26(B):**

Defendants object to Request to Admit No. 26(b) on the grounds that it is vague, ambiguous, and overbroad. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants do not concede that this definition provided is accurate or appropriate in this case.

Subject to and without waiving or limiting defendants' General Objections, defendants deny.

**REQUEST TO ADMIT NO. 26(C):**

Prior to her arrest, Plaintiff "never had any physical contact" with any police officer, as that phrase is used in <u>Fana v. City of New York</u>, No. 15 cv-8114, 2018 WL 1581680, at *10 (S.D.N.Y. Mar. 27, 2018).

**OBJECTION AND RESPONSE TO ADMIT NO. 26(C):**

Defendants object to Request to Admit No. 26(c) on the grounds that it is vague, ambiguous, and overbroad in that it references "any physical contact" without limitation as to time. Defendants are unable to provide a response as this request is unclear. Defendants do not

concede that this definition provided is accurate or appropriate in this case. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 27(A):**

During the period before Plaintiff's arrest, at least five people passed through the door between the atrium and the inside of the 62nd Precinct.

**OBJECTION AND RESPONSE TO ADMIT NO. 27(A):**

Defendants object to Request to Admit No. 27(a) on the grounds that it is vague, ambiguous, and overbroad. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

Subject to and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 27(B):**

During the period before Plaintiff's arrest, Plaintiff's position and presence in the atrium did not in fact prevent those five or more people from moving through the door.

**OBJECTION AND RESPONSE TO ADMIT NO. 27(B):**

Defendants object to Request to Admit No. 27(b) on the grounds that it is vague, ambiguous, and overbroad. Defendants further object insofar as this request seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

Subject to and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 31(A):**

Plaintiff did not pose a threat of physical harm to any person before she was arrested on December 2, 2020.

**OBJECTION AND RESPONSE TO ADMIT NO. 31(A):**

Defendants object to Request to Admit No. 31(a) on the grounds that it is vague, ambiguous, and overbroad, in that it references a threat of physical harm to "any person," without limitation in location or time. Defendants object to Request to Admit No. 31(a) on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 31(B):**

No agent of the City believed Plaintiff posed a threat of physical harm to any person before she was arrested on December 2, 2020.

**OBJECTION AND RESPONSE TO ADMIT NO. 31(B):**

Defendants object to Request to Admit No. 31(b) on the grounds that it is vague, ambiguous, and overbroad, in that it references "no agent of the City" without limitation in location or time or definition as to the group. Defendants object to Request to Admit No. 31(b) on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a).

**REQUEST TO ADMIT NO. 33(A):**

Plaintiff's actions in saying she was recording the Atrium Defendants, and in refusing their request to leave, did not involve any "affirmative[] act" as that phrase is used in *People v. McDaniel*, 154 Misc. 2d 89, 92 (2d Dep't 1992).

**OBJECTION AND RESPONSE TO ADMIT NO. 33(A):**

Defendants object to Request to Admit No. 33(a) on the grounds that it is vague, ambiguous, and overbroad. Defendants object to Request to Admit No. 33(a) on the grounds that it seeks a legal conclusion beyond the scope of Fed. R. Civ. P. 36(a). Defendants further object and cannot provide a response to this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named

in this suit. Defendants do not concede that this definition provided is accurate or appropriate in this case.

**REQUEST TO ADMIT NO. 37(A):**

As of April 4, 2023, no Atrium Defendant has been disciplined for their conduct on December 2, 2020 as concerns Plaintiff.

**OBJECTION AND RESPONSE TO ADMIT NO. 37(A):**

Defendants object to Request to Admit No. 37(a) as this request insofar as plaintiff references the "Atrium Defendants," which as defined, include unidentified John Doe officers who have not been named in this suit.

Subject to and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 37(B):**

There is no open IAB investigation into any person for their conduct on December 2, 2020 as concerns Plaintiff.

**OBJECTION AND RESPONSE TO ADMIT NO. 37(B):**

Defendants object to Request to Admit No. 37(b) and cannot provide a response to this request insofar as plaintiff references "Atrium Defendant," which as defined, include unidentified John Doe officers who have not been named in this suit.

Subject to and without waiving or limiting defendants' General Objections, defendants admit.

**REQUEST TO ADMIT NO. 37(C):**

There is an open CCRB investigation, with no recommendation as of yet, into the conduct on December 2, 2020 as concerns Plaintiff.

**OBJECTION AND RESPONSE TO ADMIT NO. 37(C):**

Defendants object to Request to Admit No. 33(a) on the grounds that it is vague, ambiguous, and overbroad.

Subject to and without waiving or limiting defendants' General Objections, as of the date of this response, defendants admit.

**REQUEST TO ADMIT NO. 37(D):**

There is no other open investigation being conducted by any City official or agency into the conduct on December 2, 2020 as concerns Plaintiff.

**OBJECTION AND RESPONSE TO ADMIT NO. 37(D):**

Defendants object to Request to Admit No. 33(a) on the grounds that it is vague, ambiguous, and overbroad.

Subject to and without waiving or limiting defendants' General Objections, as of the date of this response, defendants admit.

# INTERROGATORY

**INTERROGATORY NO. A:**

A. Do you contend[1] that a reasonable listener would ***not*** understand the statement of then-Police Commissioner James O'Neill identified in RFAs 2-4 to mean all New Yorkers should view all NYPD precincts — including the 62nd Precinct — as "public spaces" like "our parks" or "out on the blocks." If so, please state: i.
   i. How you believe a reasonable listener would understand that plain language to mean NYPD precincts are not "public spaces";
   ii. What you contend a reasonable listener would understand from those remarks;
   iii. Whether or not you contend Commissioner O'Neill was not authorized to state the City's policies; and
   iv. The basis for all of these contentions.

---

[1] Related to RFA No. 5.

**OBJECTION AND RESPONSE TO ADMIT NO. 37(C):**

Defendants object to Request to Admit No. 33(a) on the grounds that it is vague, ambiguous, and overbroad.

Subject to and without waiving or limiting defendants' General Objections, as of the date of this response, defendants admit.

**REQUEST TO ADMIT NO. 37(D):**

There is no other open investigation being conducted by any City official or agency into the conduct on December 2, 2020 as concerns Plaintiff.

**OBJECTION AND RESPONSE TO ADMIT NO. 37(D):**

Defendants object to Request to Admit No. 33(a) on the grounds that it is vague, ambiguous, and overbroad.

Subject to and without waiving or limiting defendants' General Objections, as of the date of this response, defendants admit.

# INTERROGATORY

**INTERROGATORY NO. A:**

A. Do you contend[1] that a reasonable listener would ***not*** understand the statement of then-Police Commissioner James O'Neill identified in RFAs 2-4 to mean all New Yorkers should view all NYPD precincts — including the 62nd Precinct — as "public spaces" like "our parks" or "out on the blocks." If so, please state: i.
   i. How you believe a reasonable listener would understand that plain language to mean NYPD precincts are not "public spaces";
   ii. What you contend a reasonable listener would understand from those remarks;
   iii. Whether or not you contend Commissioner O'Neill was not authorized to state the City's policies; and
   iv. The basis for all of these contentions.

---

[1] Related to RFA No. 5.

**OBJECTION AND RESPONSE TO ADMIT NO. 37(C):**

Defendants object to Request to Admit No. 33(a) on the grounds that it is vague, ambiguous, and overbroad.

Subject to and without waiving or limiting defendants' General Objections, as of the date of this response, defendants admit.

**REQUEST TO ADMIT NO. 37(D):**

There is no other open investigation being conducted by any City official or agency into the conduct on December 2, 2020 as concerns Plaintiff.

**OBJECTION AND RESPONSE TO ADMIT NO. 37(D):**

Defendants object to Request to Admit No. 33(a) on the grounds that it is vague, ambiguous, and overbroad.

Subject to and without waiving or limiting defendants' General Objections, as of the date of this response, defendants admit.

# INTERROGATORY

**INTERROGATORY NO. A:**

A. Do you contend[1] that a reasonable listener would ***not*** understand the statement of then-Police Commissioner James O'Neill identified in RFAs 2-4 to mean all New Yorkers should view all NYPD precincts — including the 62nd Precinct — as "public spaces" like "our parks" or "out on the blocks." If so, please state: i.
   i. How you believe a reasonable listener would understand that plain language to mean NYPD precincts are not "public spaces";
   ii. What you contend a reasonable listener would understand from those remarks;
   iii. Whether or not you contend Commissioner O'Neill was not authorized to state the City's policies; and
   iv. The basis for all of these contentions.

---

[1] Related to RFA No. 5.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. A:**

Defendants object to Interrogatory No. A on the grounds that it is vague, ambiguous, overbroad, not proportional to the needs of the case, and improper. Defendants further object as this interrogatory is beyond the scope of Local Rule 33.3. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to the extent this interrogatory is unduly burdensome. Further, to the extent plaintiff's requests to admit are vague, ambiguous, overbroad, unclear, and improper, defendants are unable to provide any response to this interrogatory.

Defendants further object to Interrogatory A and note that they are not served pursuant to a Court Order and *in toto* are in excess of the presumptive limit under Fed. R. Civ. P. 33. As such, per plaintiff's Interrogatory Instruction No. 1, defendants construe plaintiff as withdrawing Interrogatories A-H.

**INTERROGATORY NO. B:**

B. Do you contend[2] that the 62nd Precinct was ***not*** open to the public on December 2, 2020? If so, please state:
   i. How you would describe the status of the precinct vis-à-vis openness to the public;
   ii. How that is distinct from being open to the public;
   iii. How this contention can be squared with Defendants' representation to the Court that the precinct was "generally held open to the public" (Dkt. No. 40 at 21); and
   iv. The basis for all these contentions.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. B:**

Defendants object to Interrogatory No. B on the grounds that it is vague, ambiguous, overbroad, not proportional to the needs of the case, and improper. Defendants further object as this interrogatory is beyond the scope of Local Rule 33.3. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to the

---

[2] Related to RFA No. 6.

extent this interrogatory is unduly burdensome. Further, to the extent plaintiff's requests to admit are vague, ambiguous, overbroad, unclear, and improper, defendants are unable to provide any response to this interrogatory.

Defendants further object to Interrogatory B and note that they are not served pursuant to a Court Order and *in toto* are in excess of the presumptive limit under Fed. R. Civ. P. 33. As such, per plaintiff's Interrogatory Instruction No. 1, defendants construe plaintiff as withdrawing Interrogatories A-H.

### INTERROGATORY NO. C:

C. Do you contend[3] that a member of the public could ***not***, at their convenience and absent them staying excessively, walk freely into the 62nd Precinct on December 2, 2020? If so, please state:
   i. How you would describe the status of the precinct vis-à-vis the ability of members of the public to walk in freely;
   ii. How that is distinct from members of the public to be able to walk in "freely";
   iii. How this contention can be squared with Defendants' representation to the Court that the precinct was "generally held open to the public" (Dkt. No. 40 at 21); and
   iv. The basis for all these contentions.

### OBJECTION AND RESPONSE TO INTERROGATORY NO. C:

Defendants object to Interrogatory No. C on the grounds that it is vague, ambiguous, overbroad, not proportional to the needs of the case, and improper. Defendants further object as this interrogatory is beyond the scope of Local Rule 33.3. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to the extent this interrogatory is unduly burdensome. Further, to the extent plaintiff's requests to admit are vague, ambiguous, overbroad, unclear, and improper, defendants are unable to provide any response to this interrogatory.

---

[3] Related to RFA No. 7.

Defendants further object to Interrogatory C and note that they are not served pursuant to a Court Order and *in toto* are in excess of the presumptive limit under Fed. R. Civ. P. 33. As such, per plaintiff's Interrogatory Instruction No. 1, defendants construe plaintiff as withdrawing Interrogatories A-H.

**INTERROGATORY NO. D:**

D. Do you contend[4] that a member of the public could ***not*** — subject to ordinary issues with observation such as line of sight issues, if a person loiters for an extended period of time, and the like — freely observe what was happening in the $62_{nd}$ Precinct's atrium on December 2, 2020? If so, please state:

   i. How you would describe the status of the precinct vis-à-vis the ability of members of the public to observe what was happening in the atrium;
   ii. ii. How that is distinct from members of the public being able to "freely" observe those happenings;
   iii. The basis for all these contentions.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. D:**

Defendants object to Interrogatory No. D on the grounds that it is vague, ambiguous, overbroad, not proportional to the needs of the case, and improper. Defendants further object as this interrogatory is beyond the scope of Local Rule 33.3. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to the extent this interrogatory is unduly burdensome. Further, to the extent plaintiff's requests to admit are vague, ambiguous, overbroad, unclear, and improper, defendants are unable to provide any response to this interrogatory.

Defendants further object to Interrogatory D and note that they are not served pursuant to a Court Order and *in toto* are in excess of the presumptive limit under Fed. R. Civ. P. 33. As such, per plaintiff's Interrogatory Instruction No. 1, defendants construe plaintiff as withdrawing Interrogatories A-H.

---

[4] Related to RFA No. 8.

**INTERROGATORY NO. E:**

 E. Do you contend[5] that a glucometer is ***not*** a necessary medical device for a person with diabetes? If so, please state:
  i. The basis for that contention; and
  ii. What documents, studies, or other information support that contention.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. E:**

   Defendants object to Interrogatory No. E on the grounds that it is vague, ambiguous, overbroad, not proportional to the needs of the case, and improper. Defendants further object as this interrogatory is beyond the scope of Local Rule 33.3. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to the extent this interrogatory is unduly burdensome. Further, to the extent plaintiff's requests to admit are vague, ambiguous, overbroad, unclear, and improper, defendants are unable to provide any response to this interrogatory.

   Defendants further object to Interrogatory E and note that they are not served pursuant to a Court Order and *in toto* are in excess of the presumptive limit under Fed. R. Civ. P. 33. As such, per plaintiff's Interrogatory Instruction No. 1, defendants construe plaintiff as withdrawing Interrogatories A-H.

**INTERROGATORY NO. F:**

 F. Other than (1) the allegation that Plaintiff was trespassing; (2) the allegation that Plaintiff violated the No Recording Policy; and (3) the allegation that Plaintiff was obstructing passage through the 62nd Precinct's atrium, do you contend[6] there were any other for Defendants to initiate the arrest of Plaintiff? If so, please state:

  i. What these bases are;

---

[5] Related to RFA No. 15.

[6] Related to RFA No. 21.

    ii. What facts supported those bases;

    iii. What charge those bases are connected to;

    iv. What documents, if any, reflect those bases.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. F:**

Defendants object to Interrogatory No. F on the grounds that it is vague, ambiguous, overbroad, not proportional to the needs of the case, and improper. Defendants further object as this interrogatory is beyond the scope of Local Rule 33.3. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to the extent this interrogatory is unduly burdensome. Further, to the extent plaintiff's requests to admit are vague, ambiguous, overbroad, unclear, and improper, defendants are unable to provide any response to this interrogatory.

Defendants further object to Interrogatory F and note that they are not served pursuant to a Court Order and *in toto* are in excess of the presumptive limit under Fed. R. Civ. P. 33. As such, per plaintiff's Interrogatory Instruction No. 1, defendants construe plaintiff as withdrawing Interrogatories A-H.

**INTERROGATORY NO. G:**

G. Do you contend[7] that Plaintiff engaged in any act, before she was taken to the ground, that constituted physically resisting arrest? If so, please state:
  i.   What those acts were;
  ii.  What facts supported the contention that those acts constituted physically resisting arrest;
  iii. Identify any witness you contend will testify to those facts; and
  iv. What documents, if any, reflects those facts.

---

[7] Related to RFA No. 32.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. G:**

Defendants object to Interrogatory No. G on the grounds that it is vague, ambiguous, overbroad, not proportional to the needs of the case, and improper. Defendants further object as this interrogatory is beyond the scope of Local Rule 33.3. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to the extent this interrogatory is unduly burdensome. Further, to the extent plaintiff's requests to admit are vague, ambiguous, overbroad, unclear, and improper, defendants are unable to provide any response to this interrogatory.

Defendants further object to Interrogatory G and note that they are not served pursuant to a Court Order and *in toto* are in excess of the presumptive limit under Fed. R. Civ. P. 33. As such, per plaintiff's Interrogatory Instruction No. 1, defendants construe plaintiff as withdrawing Interrogatories A-H.

**INTERROGATORY NO. H:**

H. Do you contend[8] the City's policy, as concerns members of the NYPD using force on a person who (1) poses no specific threat of physical harm to any member of service or member of the public and (2) is engaged in no more than "passive resistance" as that term is used in Patrol Guide 221-02, allows the use of the degree of force depicted in RODNEY_000713, RODNEY_000714, RODNEY_000715, RODNEY_000716, RODNEY_000717, RODNEY_000718, RODNEY_000719, RODNEY_000720, RODNEY_000721, RODNEY_000722, and RODNEY_000723? If so, please state:
   i.   What that policy is;
   ii.  What the application of that policy to the facts is;
   iii. What documents, if any, reflect that policy.

---

[8] Related to RFA Nos. 34 and 35.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. H:**

Defendants object to Interrogatory No. H on the grounds that it is vague, ambiguous, overbroad, not proportional to the needs of the case, and improper. Defendants further object as this interrogatory is beyond the scope of Local Rule 33.3. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to the extent this interrogatory is unduly burdensome. Further, to the extent plaintiff's requests to admit are vague, ambiguous, overbroad, unclear, and improper, defendants are unable to provide any response to this interrogatory.

Defendants further object to Interrogatory H and note that they are not served pursuant to a Court Order and *in toto* are in excess of the presumptive limit under Fed. R. Civ. P. 33. As such, per plaintiff's Interrogatory Instruction No. 1, defendants construe plaintiff as withdrawing Interrogatories A-H.

**DOCUMENT REQUEST**

**DOCUMENT REQUEST NO. 1:**

If any of the Responses to the above Requests for Admission are anything other than an unqualified admission, produce any documents concerning the subject of said Request(s) for Admission.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants object to Document Request No. 1 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to Document Request No. 1 to the extent that it implicates the privacy interests and personal safety of the non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege, official information and law enforcement privileges, or other applicable privilege.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents previously produced bearing Bates Nos. DEF 1- DEF 283.

Dated: New York, New York
May 15, 2023

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel of the City of
 New York
*Attorney for Defendant City of New York,
Sgt. Hernandez, and Officer Clement*
100 Church Street, Room 3-159
New York, New York 10007
(212) 356-3539

By:
  /s/
  John Schemitsch
  *Senior Counsel*

cc:  **VIA E-Mail**
  J. Remy Green
  Cohen & Green PLLC
  *Attorney for Plaintiff*