

remy green <remy@femmelaw.com>

## Rodney - Request to Meet and Confer

**remy green** <remy@femmelaw.com>                                                              Wed, May 3, 2023 at 3:07 PM
To: "Schemitsch, John (Law)" <jschemit@law.nyc.gov>
Cc: Protester Cases <Protests@femmelaw.com>

Hi John,

Given that we have a conference coming up anyway, I wanted to raise a global issue -- something I had previously been planning to address after the motion to dismiss, since it addresses *all* discovery, but since we have an in person conference where the Judge appears likely to ask about what else is going on in discovery, this seems like an issue it would be good to be able to say "we're working on," if that's where we are -- or to say "this is another issue to address" if there is an impasse.

The issue, put directly, is that Defendants' answers do not comply with the 2015 Amendments to the Rules.  Additionally, there are a variety of facially inapplicable or improper objections, such as demanding Plaintiffs take depositions to figure out who Defendants believe has knowledge of the incident -- which is not only not a "more practical method" as you assert, but is simply not workable, particularly given that the knowledge sought is particularly the *City's,* so such deposition would be a 30(b)(6), which would require you to gather that information and compile it *anyway*.  *See* Int. 1; Responses at p. 2.*

Additionally, (1) Defendants declined to produce certain documents saying they needed a protective order and (2) said they are continuing to search for certain information (see, e.g., DR 36).  On (1), this is a Plan case (*see* Dkt. No. 15), so there is already a protective order, and we would expect production of the relevant documents shortly. Likewise, for (2), we would appreciate knowing what the status of the remaining searches is.

To summarize the ask below, we are asking for a commitment to amending the responses to comply with the 2015 Amendments.  If Defendants can make that commitment, as spelled out below, we are all set (subject to the outstanding discovery) -- and can just talk about timing.  And given that there is likely to be a bundle of *Monell* discovery amendments soon, we can even agree that amending the responses can take place as part of that global amendment.  If not, we are asking for a meet and confer date before next Friday.

### 2015 Amendments.

The Federal Rules of Civil Procedure were amended in 2015 to bar the kind of boilerplate, unspecific objections Defendants have made here. After those amendments, it is no longer acceptable to list a series of objections and then at the end state vaguely what may or may not be produced.

Since 2015, FRCP 34(b)(2)(C) (emphasis mine) has been clear that:

> "An objection must state whether any responsive materials are being withheld *on the basis of that objection*" and that an "objection to part of a request must specify the part and permit inspection of the rest."

Thus, the majority (maybe all) of Defendants' responses and objections are inadequate and operate to waive objections for vagueness, relevance, burden, proportionality, and breadth. *See Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)."). Additionally, "'[a]n objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad" although "[a]n objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" *Id.* at *2-4 (citing 2015 Advisory Committee Notes to Rule 34). Additionally, "meaningless boilerplate" objections such as statements that requests are "overly broad and unduly burdensome" that does not explain why the requests are burdensome or how they are overbroad are "'improper unless based on particularized facts'" that are articulated as part of the objection. Id. at *8. "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009). Likewise Defendants repeatedly claim requests are vague without any explanation. These objections then improperly fail to state how Defendants limited their responses or interpreted the terms they claim are ambiguous. So each is improper on its face, since they do not "help[] … understand what about the request is vague or ambiguous." *Caprate Events, LLC v Knobloch*, No. 17-CV-5907-NGG-SJB, 2018 US Dist LEXIS 227238, at *5 (EDNY Apr. 18, 2018). Instead, the objections are "vacuous boilerplate." *Id., citing Fischer*, 2017 US Dist LEXIS 28102, at *8.

Furthermore, Defendants did not state whether they have withheld any responsive materials on the basis of these objections, and, if so, which documents they have withheld, on the basis of which objection, despite the clear mandates of Fed. R. Civ. P. 34(b)(2)(C). That is improper. *See Michael Kors, L.L.C. v. Su Yan Ye*, No. 18-CV-2684 (KHP), 2019 WL 1517552, at *3 (S.D.N.Y. Apr. 8, 2019) ("Rule 34 imposes the responsibility on a responding party to state what it is withholding or describe the scope of the production it is willing to make, including the parameters of the search to be made (i.e., custodians, sources, date ranges and search terms, or search methodology)."). Defendants cannot interpose multiple, overlapping objections that make it impossible to know what is being withheld (if anything) based on each specific objection.

As an example of how this plays out, Defendants do not explain why they will not produce audit trails and metadata for BWC footage, or which objection is their basis for withholding. *See* DR 3; Responses at 20. First, the information is routinely ordered produced -- indeed, the audit trails exist specifically for evidentiary purposes in litigation. And it's not clear what the "ambig[uity]" or "vague[ness]" being asserted is (*id.*) -- the request seeks metadata and audit trail logs from Evidence.com. Nor is it clear the basis for the CPL 160.50 objection. Yet, without explaining any

of this, Defendants say they will " interpose no further response to this request." *Id.* It's hard to know even where to start, because we don't know what, if any, of these objections are made seriously (surely, there is no serious claim that these documents somehow implicate the "doctor-patient" privilege -- yet that claim appears in the Responses). Which is, in turn, why the 2015 Amendments require a more specific response.

Because of the manner in which Defendants have asserted their purported objections, Plaintiff is at a loss as to which documents Defendants have simply not searched for, and which documents Defendants have searched for, but withheld from production, and why. By failing to conform to the 2015 Amendments, Defendants have obfuscated their objections and disguised the scope of the ultimate production. While we had initially intended to raise this once ***all*** requests had responses, to avoid doing it twice (since I suspect the first round of *Monell* responses will suffer from the same defects), given the conference, we now think it makes sense to get this piece moving.

So, to clarify the ask -- and the meet and confer requests -- we believe Defendants should commit to amend their responses to state whether they are deliberately withholding documents, or are refusing to search for documents, based on each and every objection interposed (and clarifying which objections form the basis for what specific withholding). To be clear: Each individual objection should be followed by a clear statement as to whether documents are being withheld based on that objection, and if so, it should then state exactly the documents or categories of documents that are being withheld pursuant to that individual objection. Each individual objection should also be followed by a statement of whether Defendants have contracted the scope of documents reviewed or searched based on the objection, along with a statement of exactly what investigative efforts Defendants have undertaken. This will prevent Plaintiff from being forced to waste time arguing over objections that Defendants only (improperly) submitted as boilerplate, rather than a basis to withhold documents.

If Defendants are willing to make that commitment (you can just say "we agree"), we don't need a meet and confer. If not, then we would ask for a meeting date before next Friday (5/12).

Yours,

Remy.

*This is hardly the only facially problematic objection. As another ready-to-hand example, Defendants assert a HIPAA objection, but the objections do not explain how Defendants are acting as a health plan, health care clearinghouse, or healthcare provider to either officers or third-parties. And without that, HIPAA does not apply.

_____

**J. Remy Green**

     *Partner*
| Cohen&Green P.L.L.C. | #FemmeLaw |
| remy@femmelaw.com (e) | (929) 888.9560 (direct) |
| (929) 888.9480 (p) | (929) 888.9457 (f) |

| honorific / pronouns: Mx. / they, their, them |
| 1639 Centre St., Ste. 216 | Ridgewood (Queens), NY 11385 |

---



---