UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

PATRICIA RODNEY,

                               Plaintiff,

                -against-

THE CITY OF NEW YORK, ET AL.,

                         Defendants.

------------------------------------------------------------------x

**DEFENDANT'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO TAMARA CLEMENT, HERIBERTO HERNANDEZ**

22-CV-1445 (LAK) (OTW)

        Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendants the City of New York, Officer Clement, and Sergeant Hernandez respond and object to Plaintiff's First Set of Interrogatories and Document Requests as follows:

## GENERAL STATEMENT

        1.      By responding to any request, defendant(s) do not concede the materiality of the subject to which it refers.  Defendant(s') responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant(s') right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.     With respect to the request for the production of documents, defendant(s) will provide, under separate cover, a privilege index, if appropriate.

## **INTERROGATORIES**

### **INTERROGATORY NO. 1:**

Identify each NYPD member who participated in or who has Personal Knowledge regarding the Incident.

### **OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 1 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File                         Bates No. DEF 95–DEF 122
- Memobook of Officer Clement             Bates No. DEF 123–DEF 125
- Sprint Report                                    Bates No. DEF 126-DEF 132
- Property Voucher                              Bates No. DEF 133-DEF 135
- Arrest Worksheets                            Bates No. DEF 136-DEF 148
- Criminal Court File                            Bates No. DEF 149-DEF 153

- 2 -

**INTERROGATORY NO. 2:**

Identify each person who has Personal Knowledge regarding Plaintiff's conduct on December 2, 2020 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 2 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File                    Bates No. DEF 95–DEF 122

- Memobook of Officer Clement         Bates No. DEF 123–DEF 125

- Sprint Report                             Bates No. DEF 126-DEF 132

- Property Voucher                        Bates No. DEF 133-DEF 135

- Arrest Worksheets                       Bates No. DEF 136-DEF 148

- Criminal Court File                      Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 3:**

Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 and all its subparts on the grounds that it is beyond the scope of the Local Civil Rule 33.3 insofar as it seeks information other than the identities of witnesses with knowledge or information.   Defendants further object to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case,  Defendants further object to Interrogatory No. 3 to the extent that there is a more practical method of obtaining the information sought, such as depositions.  Defendants further object to this request on the grounds that it calls for a legal conclusion, seeks information protected by work product privilege, and is a contention interrogatory.

**INTERROGATORY NO. 4:**

Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 4 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants state that the arresting officer was Officer Tamara Clement, and supervisor approving the arrest was Sgt. Ernest Hernandez.

**INTERROGATORY NO. 5:**

Identify each person who gave each alleged police order to Plaintiff on December 2, 2020 prior to Plaintiff's arrest, if Defendants claim any such order was given, including, but not limited to, any order(s) to disperse.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 and all its subparts on the grounds that it is beyond the scope of the Local Civil Rule 33.3 insofar as it seeks information other than the identities of witnesses with knowledge or information. Defendants object to Interrogatory No. 5 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control.  Defendants further object to Interrogatory No. 5 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate.

**INTERROGATORY NO. 6:**

Identify each person who placed Plaintiff in handcuffs or leg shackles.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control.

Defendants further object to Interrogatory No. 6 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate.

**INTERROGATORY NO. 7:**

Identify each person who used physical force in any manner on Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 7 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- BWC of Officer Angeliesse Acevedo        Bates No. DEF 84

- BWC of Sgt. Ernest Hernandez        Bates No. DEF 85

- BWC of Sgt. Heriberto Hernandez        Bates No. DEF 86

- BWC of Officer John Ramos        Bates No. DEF 87

- BWC of Officer Johnandrew Cusamo        Bates No. DEF 88

- BWC of Officer Michael Oggeri          Bates No. DEF 89

- BWC of Officer Pelly Casimir           Bates No. DEF 90

- BWC of Officer Robert Mui              Bates No. DEF 91

- BWC of Officer Steven Vitelli          Bates No. DEF 92

- BWC of Officer Tamara Clement          Bates No. DEF 93

- BWC of Officer Tamara Clement          Bates No. DEF 94

- District Attorney File                 Bates No. DEF 95–DEF 122

- Memobook of Officer Clement            Bates No. DEF 123–DEF 125

- Sprint Report                          Bates No. DEF 126-DEF 132

- Property Voucher                       Bates No. DEF 133-DEF 135

- Arrest Worksheets                      Bates No. DEF 136-DEF 148

- Criminal Court File                    Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 8:**

Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing paperwork related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, C-Summonses, or any other arrest paperwork.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 8 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File     Bates No. DEF 95–DEF 122
- Memobook of Officer Clement   Bates No. DEF 123–DEF 125
- Sprint Report       Bates No. DEF 126-DEF 132
- Property Voucher      Bates No. DEF 133-DEF 135
- Arrest Worksheets      Bates No. DEF 136-DEF 148
- Criminal Court File      Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 9:**

For each Individual Defendant who was involved in processing Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Incident.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 and all its subparts on the grounds that it is beyond the scope of the Local Civil Rule 33.3 insofar as it seeks information other than the identities of witnesses with knowledge or information. Defendants object to Interrogatory No. 9 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 9 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File                    Bates No. DEF 95–DEF 122

- Memobook of Officer Clement               Bates No. DEF 123–DEF 125

- Sprint Report                             Bates No. DEF 126-DEF 132

- Property Voucher                          Bates No. DEF 133-DEF 135

- Arrest Worksheets                         Bates No. DEF 136-DEF 148

- Criminal Court File                       Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 10:**

For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 9 and all its subparts on the grounds that it is beyond the scope of the Local Civil Rule 33.3 insofar as it seeks information other than the identities of witnesses with knowledge or information.  Defendants object to Interrogatory No. 9 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case.  Defendants further object on the grounds that this information may not be in their possession, custody or control.  Defendants further object to Interrogatory No. 9 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Defendants also object on the grounds that this request implicates the law enforcement, deliberative due process, and official information privileges.

Subject to, and without waiving or in any way limiting these Objections, defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate.

**INTERROGATORY NO. 11:**

Identify each author, and each person who contributed to, the factual narrative in each OLBS Report, other NYPD arrest and arrest processing paperwork, and accusatory instrument created in connection with Plaintiff's arrest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 11 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File          Bates No. DEF 95–DEF 122

- Memobook of Officer Clement      Bates No. DEF 123–DEF 125

- Sprint Report                Bates No. DEF 126-DEF 132

- Property Voucher           Bates No. DEF 133-DEF 135

- Arrest Worksheets          Bates No. DEF 136-DEF 148

- Criminal Court File                                Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 12:**

Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, false arrest, malicious prosecution, excessive force, assault, battery, or violation of any federal or state constitutional right or criminal law.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 and all its subparts on the grounds that it is beyond the scope of the Local Civil Rule 33.3 insofar as it seeks information other than the identities of witnesses with knowledge or information.  Defendants object to Interrogatory No. 12 on the grounds that it is vague, ambiguous, overbroad, not proportional to the needs of the case, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.

Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state that Officer Clement and Sgt. Hernandez have not been named a defendant in a lawsuit responsive to this interrogatory.

**INTERROGATORY NO. 13:**

Identify each person to whom each Individual Defendant has made a statement related to Plaintiff's arrest, detention, or prosecution, including any uses of force related thereto.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 13 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File          Bates No. DEF 95–DEF 122

- Memobook of Officer Clement     Bates No. DEF 123–DEF 125

- Sprint Report                   Bates No. DEF 126-DEF 132

- Property Voucher                Bates No. DEF 133-DEF 135

- Arrest Worksheets               Bates No. DEF 136-DEF 148

- Criminal Court File             Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 14:**

Identify all documents concerning the NYPD's current policies concerning recording by members of the public in stationhouses/precincts.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to Interrogatory No. 14 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, to the extent that it seeks documents containing information protected from disclosure by the official information and law enforcement privileges, and seeks information not proportional to the needs of the case. Defendants further object to this request on grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of the Corporation Counsel, to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA"). Defendants also object on the grounds that this request implicates the law enforcement, deliberative due process, official information, doctor-patient, and psychotherapist-patient privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**<u>INTERROGATORY NO. 15:</u>**

Identify all documents concerning NYPD's policies concerning recording by members of the public in stationhouses/precincts as of December 2, 2020, to the extent they differ from current policies.

**<u>OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:</u>**

Defendants object to Interrogatory No. 15 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of

obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, to the extent that it seeks documents containing information protected from disclosure by the official information and law enforcement privileges, and seeks information not proportional to the needs of the case. Defendants further object to this request on grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of the Corporation Counsel, to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA"). Defendants also object on the grounds that this request implicates the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**INTERROGATORY NO. 16:**

Identify John or Jane Doe 10, as described in the operative complaint.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to Interrogatory No. 16 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, to the extent that it seeks documents containing information protected

from disclosure by the official information and law enforcement privileges, and seeks information not proportional to the needs of the case. Defendants further object to this request on grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of the Corporation Counsel, to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA"). Defendants also object on the grounds that this request implicates the law enforcement, deliberative due process, official information, doctor-patient, and psychotherapist-patient privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**INTERROGATORY NO. 17:**

Identify each person who has Personal Knowledge concerning whether the NYPD has considered or implemented any changes to the No Recording Policy after the City and State Right to Record Acts went into effect and/or after the Public Advocate sent his letter explaining how the No Recording Policy was inconsistent with the City Right to Record Act.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to Interrogatory No. 17 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, notably as it seeks information about subsequent remedial measures, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, to the extent

that it seeks documents containing information protected from disclosure by the official information and law enforcement privileges, and seeks information not proportional to the needs of the case. Defendants further object to this request on grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of the Corporation Counsel, to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA"). Defendants also object on the grounds that this request implicates the law enforcement, deliberative due process, official information, doctor-patient, and psychotherapist-patient privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produce all documents identified or consulted in responding to the interrogatories above.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants object to Document Request No. 1 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to Document Request No. 1 to the extent that it implicates the privacy interests and personal safety of the non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege, official information and law enforcement privileges, or other applicable privilege.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents previously produced bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- BWC of Officer Angeliesse Acevedo        Bates No. DEF 84
- BWC of Sgt. Ernest Hernandez             Bates No. DEF 85

- BWC of Sgt. Heriberto Hernandez        Bates No. DEF 86

- BWC of Officer John Ramos        Bates No. DEF 87

- BWC of Officer Johnandrew Cusamo        Bates No. DEF 88

- BWC of Officer Michael Oggeri        Bates No. DEF 89

- BWC of Officer Pelly Casimir        Bates No. DEF 90

- BWC of Officer Robert Mui        Bates No. DEF 91

- BWC of Officer Steven Vitelli        Bates No. DEF 92

- BWC of Officer Tamara Clement        Bates No. DEF 93

- BWC of Officer Tamara Clement        Bates No. DEF 94

- District Attorney File        Bates No. DEF 95–DEF 122

- Memobook of Officer Clement        Bates No. DEF 123–DEF 125

- Sprint Report        Bates No. DEF 126-DEF 132

- Property Voucher        Bates No. DEF 133-DEF 135

- Arrest Worksheets        Bates No. DEF 136-DEF 148

- Criminal Court File        Bates No. DEF 149-DEF 153

- Mount Sinai Medical Records for Plaintiff        Bates No. DEF 154-DEF 162

- Coney Island Hospital Records for Plaintiff        Bates No. DEF 163-DEF 221

- City MD Records for Plaintiff        Bates No. DEF 222-DEF 238

**DOCUMENT REQUEST NO. 2:**

Produce all videos concerning Plaintiff's arrest or the Incident, including, but not limited to, all:

a.      NYPD body-worn camera footage, including, but not limited to, such footage from each Individual Defendant and every NYPD member within 30' of each

Individual Defendant who created such footage related to the Incident or the Protest, along with all related audit trails and metadata;

b.      ARGUS footage;

c.      Footage captured by the NYPD's Technical Assistance Response Unit ("TARU");

d.      Footage captured by the NYPD's Aviation Unit; and

e.      All other video footage in Defendants' care, custody, or control.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to Document Request No. 2 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- BWC of Officer Angeliesse Acevedo      Bates No. DEF 84

- BWC of Sgt. Ernest Hernandez      Bates No. DEF 85

- BWC of Sgt. Heriberto Hernandez      Bates No. DEF 86

- BWC of Officer John Ramos      Bates No. DEF 87

- BWC of Officer Johnandrew Cusamo      Bates No. DEF 88

- BWC of Officer Michael Oggeri      Bates No. DEF 89

- BWC of Officer Pelly Casimir      Bates No. DEF 90

- BWC of Officer Robert Mui      Bates No. DEF 91

- BWC of Officer Steven Vitelli      Bates No. DEF 92

- BWC of Officer Tamara Clement      Bates No. DEF 93

- BWC of Officer Tamara Clement      Bates No. DEF 94

**DOCUMENT REQUEST NO. 3:**

Produce all Evidence.com audit trails and metadata for any body-worn camera footage produced.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, attorney-client, and work product privileges.  Defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 4:**

Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident, including, but not limited to:

    a.    911 calls, and all documents related to responses thereto;

    b.    311 calls, and all documents related to responses thereto;

    c.    Texts, e-mails, and other digitally recorded communications.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it is unduly burdensome as it seeks all communications related to the arrest or incident, without limitation beyond parties or those involved in the arrest or incident, including individuals who may have seen media reports regarding the incident. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, attorney-client, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- Sprint Report                                    Bates No. DEF 126-DEF 132

Defendants further state they are continuing to search for information responsive to this request and will supplement this response if appropriate.

**DOCUMENT REQUEST NO. 5:**

Produce all SPRINT reports related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Document Request No. 5 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- Sprint Report                                    Bates No. DEF 126-DEF 132

**DOCUMENT REQUEST NO. 6:**

Produce all Event Chronologies and Event Summaries related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to Document Request No. 8 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- Sprint Report                              Bates No. DEF 126-DEF 132

**DOCUMENT REQUEST NO. 7:**

Produce all ICAD Chronologies and reports related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to Document Request No. 7 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- Sprint Report                          Bates No. DEF 126-DEF 132

**DOCUMENT REQUEST NO. 8:**

Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

Defendants object to Document Request No. 8 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified.   Defendants further object to the extent this request seeks documents which are publicly accessible and thus equally accessible to all parties and places an undue burden on defendants.

**DOCUMENT REQUEST NO. 9:**

Produce all documents created related to Plaintiff's arrest, detention, or prosecution, including, but not limited to, all copies of any charging instrument, complaint, and/or other documents created by any Individual Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

Defendants object to Document Request No. 9 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by

- 25 -

the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents previously produced bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File                    Bates No. DEF 95–DEF 122

- Memobook of Officer Clement        Bates No. DEF 123–DEF 125

- Sprint Report                                   Bates No. DEF 126-DEF 132

- Property Voucher                            Bates No. DEF 133-DEF 135

- Arrest Worksheets                          Bates No. DEF 136-DEF 148

- Criminal Court File                         Bates No. DEF 149-DEF 153

**DOCUMENT REQUEST NO. 10:**

Produce all documents including statements made by each Individual Defendant or other witnesses related to the NYPD uses of force on Plaintiff, Plaintiff's arrest, or any other aspect of the Incident, including, but not limited to, all scratch and other NYPD arrest processing paperwork.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to Document Request No. 10 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants

further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents previously produced bearing Bates Nos. DEF 1 – DEF 83, and the documents produced herein as:

- BWC of Officer Angeliesse Acevedo     Bates No. DEF 84

- BWC of Sgt. Ernest Hernandez     Bates No. DEF 85

- BWC of Sgt. Heriberto Hernandez     Bates No. DEF 86

- BWC of Officer John Ramos     Bates No. DEF 87

- BWC of Officer Johnandrew Cusamo     Bates No. DEF 88

- BWC of Officer Michael Oggeri     Bates No. DEF 89

- BWC of Officer Pelly Casimir     Bates No. DEF 90

- BWC of Officer Robert Mui     Bates No. DEF 91

- BWC of Officer Steven Vitelli     Bates No. DEF 92

- BWC of Officer Tamara Clement     Bates No. DEF 93

- BWC of Officer Tamara Clement     Bates No. DEF 94

- District Attorney File     Bates No. DEF 95–DEF 122

- Memobook of Officer Clement     Bates No. DEF 123–DEF 125

- Sprint Report                              Bates No. DEF 126-DEF 132

- Property Voucher                      Bates No. DEF 133-DEF 135

- Arrest Worksheets                    Bates No. DEF 136-DEF 148

- Criminal Court File                   Bates No. DEF 149-DEF 153

Defendants further state they are continuing to search for information responsive to this request and will supplement this response if appropriate.

## DOCUMENT REQUEST NO. 11:

Produce all documents reflecting internal NYPD communications related to Plaintiff's arrest or the Incident, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications, including, but not limited to, such documents concerning communications to or from the Individual Defendants.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:

Defendants object to Document Request No. 11 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control, to the extent it is unduly burdensome, and not proportional to the needs of the case.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of

documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are continuing to search for information responsive to this request and will supplement this response if appropriate.

**DOCUMENT REQUEST NO. 12:**

Produce all documents reflecting NYPD uses of force related to Plaintiff or the Incident or any resulting injuries or medical treatment, including, but not limited to, any NYPD Threat, Resistance, and Injury Reports, AIDED reports, witness statements, Medical Treatment of Prisoner Forms, Central Booking Medical Screening Forms, Ambulance Call Reports, Computer Aided Dispatch documents, FDNY Pre-Hospital Care Reports, other ambulance, EMT, and medical records, and all other documents related to any such use of force or any resulting injuries or medical treatment.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal

safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents previously produced bearing Bates Nos. DEF 71 – DEF 83, and the documents produced herein as:

- BWC of Officer Angeliesse Acevedo          Bates No. DEF 84
- BWC of Sgt. Ernest Hernandez          Bates No. DEF 85
- BWC of Sgt. Heriberto Hernandez          Bates No. DEF 86
- BWC of Officer John Ramos          Bates No. DEF 87
- BWC of Officer Johnandrew Cusamo          Bates No. DEF 88
- BWC of Officer Michael Oggeri          Bates No. DEF 89
- BWC of Officer Pelly Casimir          Bates No. DEF 90
- BWC of Officer Robert Mui          Bates No. DEF 91
- BWC of Officer Steven Vitelli          Bates No. DEF 92
- BWC of Officer Tamara Clement          Bates No. DEF 93
- BWC of Officer Tamara Clement          Bates No. DEF 94
- Arrest Worksheets          Bates No. DEF 136-DEF 148

**DOCUMENT REQUEST NO. 13:**

   If any Defendant claims any NYPD member was injured as a result of Plaintiff's conduct or the Incident, produce any related Line of Duty injury paperwork, witness statements, ambulance, EMT, and medical records, and all other documents related to any such injury.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

   Defendants object to Document Request No. 13 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges. Defendants further object to this request on grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of the Corporation Counsel, to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA").

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state there are no responsive documents to this request.

**DOCUMENT REQUEST NO. 14:**

Produce all activity logs, memo book entries, daily activity reports, daily activity records, and other NYPD documents created by each Individual Defendant on the date of the Incident or that otherwise relate to Plaintiff's arrest or the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents previously produced bearing Bates Nos. DEF 71 – DEF 83, and the documents produced herein as:

- Memobook of Officer Clement                          Bates No. DEF 123–DEF 125

- Sprint Report                                    Bates No. DEF 126-DEF 132

- Property Voucher                              Bates No. DEF 133-DEF 135

- Arrest Worksheets                            Bates No. DEF 136-DEF 148

## DOCUMENT REQUEST NO. 15:

Produce all Online Prisoner Arraignment ("OLPA") Reports regarding Plaintiff's arrest and detention.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:

Defendants object to Document Request No. 15 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents previously produced bearing Bates Nos. DEF 78 – DEF 79.

**DOCUMENT REQUEST NO. 16:**

Produce all documents sufficient to identify each NYPD member (including any supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing related to the Incident, including their creation of arrest processing paperwork.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to Document Request No. 16 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.   Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents previously produced bearing Bates Nos. DEF 1 – DEF 83, and the documents produced herein as:

- BWC of Officer Angeliesse Acevedo          Bates No. DEF 84

- BWC of Sgt. Ernest Hernandez                   Bates No. DEF 85

- BWC of Sgt. Heriberto Hernandez               Bates No. DEF 86

- BWC of Officer John Ramos                    Bates No. DEF 87

- BWC of Officer Johnandrew Cusamo             Bates No. DEF 88

- BWC of Officer Michael Oggeri                Bates No. DEF 89

- BWC of Officer Pelly Casimir                 Bates No. DEF 90

- BWC of Officer Robert Mui                    Bates No. DEF 91

- BWC of Officer Steven Vitelli                Bates No. DEF 92

- BWC of Officer Tamara Clement                Bates No. DEF 93

- BWC of Officer Tamara Clement                Bates No. DEF 94

- District Attorney File                       Bates No. DEF 95–DEF 122

- Memobook of Officer Clement                  Bates No. DEF 123–DEF 125

- Sprint Report                                Bates No. DEF 126-DEF 132

- Property Voucher                             Bates No. DEF 133-DEF 135

- Arrest Worksheets                            Bates No. DEF 136-DEF 148

- Criminal Court File                          Bates No. DEF 149-DEF 153

## DOCUMENT REQUEST NO. 17:

Produce all documents provided by any Individual Defendant to any prosecutor or court related to Plaintiff's arrest or the Incident.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:

Defendants object to Document Request No. 17 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it

seeks information that is not within defendant's possession, custody, or control.   Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- District Attorney File                     Bates No. DEF 95–DEF 122

- Criminal Court File                        Bates No. DEF 149-DEF 153

## DOCUMENT REQUEST NO. 18:

Produce all documents reflecting statements made by the Individual Defendants and any other person to a prosecutor or court related to Plaintiff or the Incident, including prosecutor's notes and criminal court accusatory instruments.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:

Defendants object to Document Request No. 18 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.   Defendants further object to this document request on the grounds that it implicates the sealing provisions of

N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- District Attorney File                 Bates No. DEF 95–DEF 122
- Criminal Court File                    Bates No. DEF 149-DEF 153

**DOCUMENT REQUEST NO. 19:**

Produce all documents provided by any Individual Defendant or NYPD member related to Plaintiff's prosecution.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants object to Document Request No. `9 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by

the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- District Attorney File                    Bates No. DEF 95–DEF 122

- Criminal Court File                       Bates No. DEF 149-DEF 153

**DOCUMENT REQUEST NO. 20:**

Produce all documents related to or reflecting communications between a prosecutor or court and a Defendant related to Plaintiff's prosecution.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to Document Request No. 20 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- District Attorney File               Bates No. DEF 95–DEF 122

- Criminal Court File                Bates No. DEF 149-DEF 153

## DOCUMENT REQUEST NO. 21:

Produce all documents reflecting or related to the dispositions of any criminal case brought against Plaintiff or related to the Incident, including, but not limited to, any such documents within the care, custody, or control of the NYPD's Criminal Justice Bureau.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:

Defendants object to Document Request No. 21 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, and limiting this response to documents relevant to this Incident, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- Criminal Court File                    Bates No. DEF 149-DEF 153

**DOCUMENT REQUEST NO. 22:**

Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against Plaintiff.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to Document Request No. 22 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- District Attorney File                    Bates No. DEF 95–DEF 122

- 40 -

**DOCUMENT REQUEST NO. 23:**

Produce all demands for preservation or litigation holds received or created by the NYPD related to the Incident, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau and holds created upon receiving the notice of claim and the FOIL request in this case.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to Document Request No. 23 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

**DOCUMENT REQUEST NO. 24:**

Produce all documents concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning Plaintiff and the Incident, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendants object to Document Request No. 24 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, and to the extent that it seeks information that is not within defendants' possession, custody, or control.  Defendants further object to Document Request No. 24 to the

- 41 -

extent that it implicates the privacy interests and personal safety interests of the non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. Section 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege, deliberative process, or other applicable privilege, and to the extent that it seeks documents that are sealed pursuant to N.Y. C.P.L. § 160.50.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state that they are not able to provide a response to this request as, upon information and belief, there is an ongoing CCRB investigation into the alleged incident.

**DOCUMENT REQUEST NO. 25:**

Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning Plaintiff related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendants object to Document Request No. 25 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, and to the extent that it seeks information that is not within defendants' possession, custody, or control. Defendants further object to Document Request No. 25 to the extent that it implicates the privacy interests and personal safety interests of the non-parties, to the extent that it calls for the production of documents containing information of a private and

sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. Section 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege or other applicable privilege, and to the extent that it seeks documents that are sealed pursuant to N.Y. C.P.L. § 160.50.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state that, upon information and belief, there is no IAB investigation into this incident.

## DOCUMENT REQUEST NO. 26:

Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning Plaintiff or the Incident undertaken by the City of New York or any of its agencies, including, but not limited to, all such documents related to any Individual Defendant.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 26:

Defendants object to Document Request No. 26 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, to the extent it is unduly burdensome as it calls for any investigation by any New York City agency, and to the extent that it seeks information that is not within defendants' possession, custody, or control.  Defendants further object to Document Request No. 26 to the extent that it implicates the privacy interests and personal safety interests of the non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it

implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. Section 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege or other applicable privilege, and to the extent that it seeks documents that are sealed pursuant to N.Y. C.P.L. § 160.50.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state that they are not able to provide a response to this request as, upon information and belief, there is an ongoing CCRB investigation into the alleged incident.

**DOCUMENT REQUEST NO. 27:**

Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any other State, Federal, or other entity, including, but not limited to, all such documents related to any Individual Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to Document Request No. 27 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, and to the extent that it seeks information that is not within defendants' possession, custody, or control.  Defendants further object to Document Request No. 27 to the extent that it implicates the privacy interests and personal safety interests of the non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R.

Section 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege or other applicable privilege, and to the extent that it seeks documents that are sealed pursuant to N.Y. C.P.L. § 160.50.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state that they are not able to provide a response to this request as, upon information and belief, there is an ongoing CCRB investigation into the alleged incident.

**DOCUMENT REQUEST NO. 28:**

Produce each Individual Defendant's — including the Doe Defendants' — NYPD Academy transcript.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object to Document Request No. 28 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent

that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 29:**

Produce each Individual Defendant's — including the Doe Defendants' — current NYPD Personnel Profile Report – All History.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to Document Request No. 29 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the

privacy interests and personal safety of the individual defendants and/or non-parties, to the extent

that it calls for the production of documents containing information of a private and sensitive

nature that is unrelated to the performance of an officer's duties, to the extent that it implicates

the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512

("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement,

official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the

General Objections, and defendants state that they will provide responsive information upon

entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 30:**

Produce each Individual Defendant's — including the Doe Defendants' — current

NYPD Central Personnel Index ("CPI") report.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. 30 on the grounds that it is vague,

ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that

is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the

extent there is another more practical method of obtaining discovery, such as depositions

regarding facts within the knowledge of individuals identified, and to the extent that it seeks

information that is not within defendant's possession, custody, or control.  Defendants object to

this request to the extent it seeks information concerning allegations of misconduct that were not

substantiated or did not result in a finding of wrongdoing or which occurred more than five years

prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the

allegations herein, and to the extent it implicates the privacy and security concerns of parties and

non-parties. Defendants further object to this document request on the grounds that it implicates

- 47 -

the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 31:**

Produce each Individual Defendant's — including the Doe Defendants — current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants object to Document Request No. 31 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks

information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 32:**

Produce each Individual Defendant's — including the Doe Defendants' — current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants object to Document Request No. 32 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants state that they

will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

## DOCUMENT REQUEST NO. 33:

Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual Defendants — including the Doe Defendants — including, but not limited to, any GO-15 statements.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 33:

Defendants object to Document Request No. 33 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512

("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 34:**

Produce each Individual Defendant's — including the Doe Defendants — complete NYPD personnel file.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendants object to Document Request No. 34 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the

privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 35:**

Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual Defendant — including each Doe Defendant — has been subjected to during their time as a NYPD member.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendants object to Document Request No. 35 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and

non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 36:**

Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant, including each Doe Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to Document Request No. 36 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the

allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they are continuing to search for information responsive to this request and will supplement this response if appropriate.

**DOCUMENT REQUEST NO. 37:**

Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant — including each Doe Defendant — identified in response to Interrogatory No. 12 above.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendants object to Document Request No. 37 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent it is unduly burdensome and not proportional to the needs of the case, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not

within defendant's possession, custody, or control.  Defendants further object to the extent this request seeks documents which are publicly accessible and thus equally accessible to all parties and places an undue burden on defendants.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

**DOCUMENT REQUEST NO. 38:**

Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant — including each Doe Defendant — identified in response to Interrogatory No. 12 above.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendants object to Document Request No. 38 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the

extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants further object to the extent this request seeks documents which are publicly accessible and thus equally accessible to all parties and places an undue burden on defendants.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

**DOCUMENT REQUEST NO. 39:**

Produce any other documents reflecting whether each Individual Defendant — including each Doe Defendant — received training, at the NYPD Academy or afterward, including, but not limited to, any Strategic Response Group ("SRG") and/or Disorder Control Unit ("DCU") training, related to the following topics:

a.      The First Amendment, including as it relates to the right to record police;

b.      The No Recording Policy;

c.      The City Right to Record Act;

d.      The State Right to Record Act;

e.      Trespassing;

f.      The nature of stationhouses and the promise to New Yorkers that stationhouses were public;

g.      Dispersal orders;

h.      The need to give dispersal orders and a meaningful opportunity to comply with them before making certain arrests;

i.      Use of force, the force continuum, and de-escalation;

j.      Use of force reporting;

k.      NYPD body-worn camera use, including the circumstances under which body-worn cameras are meant to be activated;

l.      Probable cause to arrest or prosecute a person for a perceived violation of the No Recording Policy;

m.      Arrest processing, including, but not limited to, the creation of arrest processing documents;

n.      The creation of NYPD arrest and arrest processing-related documents; and

o.      COVID-19 NYPD, public, and/or arrestee safety protocols, including, but not limited to, any such protocols regarding the wearing of masks, social distancing, handwashing, social distancing, and any impacts crated by the COVID-19 pandemic on NYPD arrests, arrest processing, large-scale arrest processing, or other operations.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendants object to Document Request No. 39 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence (the request, for example, seeks "the training history" without limitation of time or relevance to the instant case), to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified.  Defendants further object on the grounds that such information is not relevant to any party's claims or defenses.  Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the law enforcement privilege, or other applicable privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to individual officer training history available on the publicly accessible  website https://nypdonline.org/link/2 .

**DOCUMENT REQUEST NO. 40:**

Produce all documents reflecting the substance of the training each Individual Defendant — including each Doe Defendant — received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 39.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendants object to Document Request No. 40 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible

evidence (the request, for example, seeks "the training history" without limitation of time or relevance to the instant case), to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified.  Defendants further object on the grounds that such information is not relevant to any party's claims or defenses.  Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the law enforcement privilege, or other applicable privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to individual officer training history available on the publicly accessible  website https://nypdonline.org/link/2 .

**DOCUMENT REQUEST NO. 41:**

Produce all documents concerning NYPD's official policies that were in effect at the time of the Incident, related to the topics in Document Request No. 39, including, but not limited to, any relevant NYPD Patrol Guide and Administrative Guide provisions.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendants object to Document Request No. 41 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process

privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 42:**

Produce all documents concerning the substance of the NYPD's official policies related to the topics in Document Request 39.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendants object to Document Request No. 42 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 43:**

Produce all documents reflecting the nature, scope, and intended enforcement of the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendants object to Document Request No. 43 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks

information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, law enforcement, and deliberative due process privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 44:**

Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding the Incident or the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendants object to Document Request No. 41 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information and law enforcement, and deliberative due process privileges.  Defendants further object as this interrogatory is premature insofar as it seeks

discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 45:**

Produce all documents received by the New York City Law Department related to the Incident pursuant to subpoena, Plaintiff's authorization, Freedom of Information Law request, or otherwise, including, but not limited to, criminal court files, prosecutors' files, rap sheets, medical records, and all other records from any source whatsoever, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendants object to Document Request No. 45 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the documents produced herein as:

- Mount Sinai Medical Records for Plaintiff        Bates No. DEF 154-DEF 162

- Coney Island Hospital Records for Plaintiff        Bates No. DEF 163-DEF 221

- City MD Records for Plaintiff        Bates No. DEF 222-DEF 238

**DOCUMENT REQUEST NO. 46:**

Produce all documents Defendants intend to use at any deposition in this case, including for impeachment purposes.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

- 63 -

Defendants object to Document Request No. 46 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants reserve their right to use any documents permitted under the Federal Rules.

**DOCUMENT REQUEST NO. 47:**

Produce all documents Defendants intend to use at the time of trial, including for impeachment purposes.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendants object to Document Request No. 47 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants reserve their right to use any documents permitted under the Federal Rules and will identify such documents at the time the Judge's Individual Rules so require.

**DOCUMENT REQUEST NO. 48:**

Produce the 2018 memorandum creating and implementing the No Recording Policy referred to in the Complaint and all documents concerning the 2018 memorandum creating and implementing the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendants object to Document Request No. 48 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals

identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information and law enforcement, and deliberative due process privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

## DOCUMENT REQUEST NO. 49:

Produce all deliberative documents concerning the choice to implement the No Recording Policy, including, but not limited to, all communications, critiques, comments, and the like.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 49:

Defendants object to Document Request No. 49 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 50:**

Produce all documents concerning the interactions between the City Right to Record Act and the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendants object to Document Request No. 50 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 51:**

Produce all documents concerning any change or decision not to make changes in the NYPD's policies, trainings, practices, procedures, and the like concerning the City Right to Record Act.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendants object to Document Request No. 51 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of

obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 52:**

Produce all documents concerning the interactions between the State Right to Record Act and the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

Defendants object to Document Request No. 52 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 53:**

Produce all documents concerning any change or decision not to make changes in the NYPD's policies, trainings, practices, procedures, and the like concerning the State Right to Record Act.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendants object to Document Request No. 53 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 54:**

Produce all documents concerning the testimony of NYPD members at the Jun. 9, 2020 City Council hearing, including any communications about the testimony, draft prepared remarks, documents concerning who would testify, internal communications about the hearing and evaluating the hearing, and any other document of any kind concerning the hearing.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendants object to Document Request No. 54 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks

information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 55:**

Produce all documents concerning any other potential, contemplated, rejected, or actual NYPD testimony, comment, or other input into either the State or City Right to Record Act.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendants object to Document Request No. 55 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks

discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

## DOCUMENT REQUEST NO. 56:

Produce all documents concerning the creation of the in-precinct signs implementing the No Recording Policy, including — but in no way limited to — all draft versions of the language, the orders to create the signs, any commentary on the signs, any cost estimates or policy evaluations of the signs.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 56:

Defendants object to Document Request No. 56 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

## DOCUMENT REQUEST NO. 57:

Produce all documents concerning any person arrested in connection with the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 57:**

Defendants object to Document Request No. 57 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 58:**

Produce documents sufficient to identify whether and which of the arrests identified in the required reporting under the City Right to Record Act were made in connection with the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendants object to Document Request No. 58 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected

from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 59:**

Produce all documents concerning the reporting required under the City Right to Record Act, including, but not limited to, documents that show how NYPD determines which arrests are included in the reporting.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendants object to Document Request No. 59 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 60:**

Produce all documents concerning any arrest made in connection with the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 60:**

Defendants object to Document Request No. 60 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 61:**

Produce all documents concerning the incident described in Tina Moore and Amanda Woods, NYPD bans civilians from recording video inside precincts, NY POST (Aug. 18, 2018), including, but not limited to, any communications discussing what to do about the publicity of the incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 61:**

Defendants object to Document Request No. 61 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally

available to all parties, and to the extent that it seeks documents containing information protected

from disclosure by the official information, law enforcement, and deliberative due process

privileges.    Defendants further object as this interrogatory is premature insofar as it seeks

discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated

as "phase two" discovery by the Court and by agreement of the parties.


Dated:        New York, New York
              January 6, 2023


                                    HON. SYLVIA O. HINDS-RADIX
                                    Corporation Counsel of the
                                        City of New York
                                    *Attorney for Defendants City, Clement, Hernandez*
                                    100 Church Street, Room 3-159
                                    New York, New York 10007
                                    (212) 356-3539


                            By:    /s/
                                   _____
                                   John Schemitsch
                                   *Senior Counsel*


TO:    <u>VIA EMAIL</u>
       COHEN & GREEN
       J. Remy Green, Esq.
       *Attorney for Plaintiff*
       1639 Centre Street, Ste. 216
       Ridgewood, New York, 11385
       Tel: 929-888-9480