

May 25, 2023

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Wang:

    As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. I write related to the Court's direction at the recent conference to confer on amending the complaint to name Doe Defendants. The parties met by phone on May 22 and reached an impasse on one important issue.

    Attached as **Exhibit 1** and **Exhibit 2** respectively are a redline and clean version of Plaintiffs' current proposal. Attached as **Exhibit 3** is a proposed stipulation the parties have largely agreed on, except for one thing.

    Paragraphs 67 and 68 of the proposed Second Amended Complaint ("PSAC") read as follows:

> 67. Upon information and belief, Defendant Clement made the ultimate decision to arrest Plaintiff.
>
> 68. Upon information and belief, Defendant Hernandez, as a supervisor, approved the arrest.

In prior versions of the Complaint, that conduct was attributed to Does. Plaintiff amended, based on Defendants' Doe-related discovery answers, where the following interrogatory and answer were exchanged:

> **Interrogatory 4:** Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.
>
> **Response 4** (objections omitted): Subject to, and without waiving or in any way limiting these Objections, defendants state that the arresting officer was Officer Tamara Clement, and supervisor approving the arrest was Sgt. Ernest Hernandez.

Thus, Plaintiff sought to clarify it was those two members of the NYPD who engaged in the conduct previously attributed to non-specific Defendants — and sometimes to Does specifically. *See, e.g.,* ECF No. 29 ¶¶ 49-54. Plaintiffs asked Defendants to either consent to these amendments, or agree they



would not turn around and argue "the complaint is insufficiently specific in identifying what role those two Does had."

For their part, Defendants read the Court's orders at the conference to prohibit Plaintiff from doing anything beyond specifically swapping in the names of Doe Defendants in places where specific Does were previously named.

For this reason, the parties would appreciate if the Court could clarify.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com