

June 27, 2023

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

**MEMO ENDORSED.**

By Electronic Filing.

      Re:    Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Wang:

    As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case named above. I write to seek a *nunc pro tunc* extension of time under the Order at ECF No. 87 to file the Second Amended Complaint (or "SAC"), which I have also just filed. Defendants do not object.

    I apologize for missing the deadline — this was something I overlooked because of multiple moving parts. In short, we had intended to file the SAC by the deadline the Court set, but had also been in the process of discussing with Defendants' counsel how to address the fact that the Order called for Defendants to file Answers while the motion to dismiss remains pending.[1] I understand Defendants will be submitting a separate letter that will address this that issue, and again, apologize for the oversight.

    As always, we thank the Court for its time and consideration.

**Application GRANTED.**

**SO ORDERED.**

_____
Ona T. Wang    6/28/23
U.S.M.J.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[1] The proposed stipulation, ECF No. 86-3, had addressed this by stating the SAC "does not impact, moot, or otherwise have any effect on the pending motion to dismiss before the Court filed defendants City of New York, Officer Clement, and Sgt. Hernandez." ECF No. 86-3 ¶ 3. But because the parties had a dispute over what was proper in the SAC, that stipulation was not So Ordered and the Order at ECF No. 87 superseded that understanding.