

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>Phone: (212) 356-3539<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |

July 14, 2023

**VIA ECF**
Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

# MEMO ENDORSED.

    Re:    <u>Patricia Rodney v. City of New York, et al.</u>, 22-cv-1445 (LAK)

Your Honor:

       I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Sgt. Henriquez, and Officer Clement. Defendants respectfully write in response to plaintiff's Second Amended Complaint, filed on June 27, 2023. (<u>See</u> ECF No. 90). Per the Court's June 1, 2023 Order, defendants' response to the Second Amended Complaint is due by July 14, 2023. (<u>See</u> ECF No. 87). The Second Amended Complaint, with the exception of two additionally included paragraphs, solely substitutes the names of defendants for previously unidentified John Doe defendants.[1] (<u>See</u> ECF No. 86, 90). Defendants previously raised with the Court that defendants sought to avoid having to renew their motion to dismiss, and plaintiff submitted a proposed stipulation and order which requested the Court order that the filing of the Second Amended Complaint "does not impact, moot, or otherwise have any effect on the pending motion to dismiss before the Court[.]" (ECF No. 86-3). The Court did not rule on this proposed order and, instead, granted plaintiff leave to file her Second Amended Complaint and ordered defendants to respond by July 14, 2023. (<u>See</u> ECF No. 87).

       To the extent the Court wishes to endorse the prior proposed stipulation, defendants believe that would resolve this issue and defendants maintain their motion to dismiss

---

[1] As plaintiff noted in her letter dated May 25, 2023, the two additional paragraphs are included as they attribute conduct to now named defendants where previously the complaint had attributed this conduct to John Doe officers. The addition of these paragraphs, as it pertains to additionally named defendants, does not change the sum and substance of defendants' previous motion to dismiss.

OK /OTW

on the previously grounds. However, as the Court has the Court has not endorsed the prior proposed stipulation, defendants are obligated to respond to the operative complaint. Therefore, as there has been no substantive change from the First Amended Complaint to the Second Amended Com laint and the Court has not ruled that the rior motion to dismiss, defendants renew their previously filed motion to dismiss on the same grounds as previously made. (See ECF No. 39-41).

**Plaintiff's Position:**

Plaintiff was surprised by Defendants' choice to suddenly characterize the motion as being "renewed." Certainly that's not what the parties agreed to. See Dkt. No. 86-3 (filing of SAC "does not impact, moot, or otherwise have any effect on the pending motion to dismiss"). Nor is it what the Court directed -- since it explicitly contemplated a "stipulation" that "addresses the identit[ies] of the Doe defendant[s] that ha[ve] now been identified." 2023-05-18 Tr. at 5-6 (beginning, "here's what I'm going to order"). Nor is it what Defendants initially discussed. *Id.* at 4:17-19 (Mr. Schemitsch: "We're trying to avoid having ... to renew motions.").

Instead, it appears to be a total shift. And that shift happened today -- the date of the deadline -- for the first time. Beginning on June 1, Plaintiff has repeatedly followed up with Defendants' counsel about making sure the motion was *not* mooted by the filing of the SAC. That even appeared to be not in dispute, as noted in Dkt. No. 91, which stated that the parties were "in the process of discussing with Defendants' counsel how to address the fact that the Order called for Defendants to file Answers while the motion to dismiss remains pending." Dkt. No. 91. Again, had Plaintiff known Defendants would take this approach, as stated at the May conference, she would have filed a separate complaint and marked it related to avoid this issue.

Given all that context, Plaintiffs ask that instead of treating the motion as renewed --- since given that Defendants *have* said certain things in their reply that she would need to address if the motion is renewed -- the Court simply give effect to the already agreed text in the proposed stipulation at Dkt. No. 86-3, and enter an order stating that the filing of the SAC "does not impact, moot, or otherwise have any effect on the pending motion to dismiss."

Thank you for your consideration herein.

Respectfully submitted,
/s/
John Schemitsch
*Senior Counsel*

cc: **VIA ECF**
Gideon Oliver, Esq.
Remy Green, Esq.
*Attorneys for Plaintiff*

Plaintiff's opposition, if any, is due **by Friday, July 28, 2023**.

Defendants reply, if any, is due **by Friday, August 4, 2023**.

SO ORDERED.

Ona T. Wang     7/20/23
U.S.M.J.

- 2 -