

July 24, 2023

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

**MEMO ENDORSED.**

By Electronic Filing.

Re:   Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Wang:

My firm, with co-counsel, represents Plaintiff in the case named above. I write to request an additional 21 days to oppose Defendants' partial motion to dismiss, such that Plaintiff's opposition would be due by August 18th. The reason for this request is that J. Remy Green is the lead attorney for Plaintiffs in this matter, and their father passed away this morning after being diagnosed with aggressive cancer less than a month ago. Mx. Green is now out of state with family, and making arrangements. Defendants consent to this request.

I also write to request leave to file a memorandum in opposition of up to 50 pages, beyond the Court's ordinary 35-page limit. This is the first request for additional pages in our opposition to Defendants newly filed partial motion to dismiss. On September 25, 2022, the Court granted a previous request for an opposition of up to 45 pages to the Defendants' first partial motion to dismiss (Dkt. 42). We now respectfully request up to 5 additional pages.[1]

Defendants oppose this request. As noted in defendants' letter dated July 14, 2023, defendants sought to renew their motion to dismiss, which had already been fully briefed by the parties, including submission of an *amicus* brief. (See ECF No. 97). In particular, defendants noted that the parties had previously jointly asked that the Court find that the Second Amended Complaint not "impact, moot, or otherwise have any effect on the pending motion to dismiss before the Court[,]" and indeed, plaintiff opposed the 'renewal' of defendants' motion as plaintiff herself requested that the motion, as fully briefed, not be mooted. Plaintiff's request for an additional 5 pages, in addition to the previously granted additional ten pages, on a motion that has been fully briefed amounts to a needless request for a sur-reply by plaintiff – and an attempt to use responses to requests for admission and additional alleged events, which plaintiff did not assert in the operative complaint, which are beyond the scope of the operative complaint. Indeed, plaintiff's request for additional pages in response amounts to an attempt by plaintiff to have a second bite at the apple in an already oversized response.

---

[1] Please note that LatinoJustice and the Office of the Public Advocate will be making a motion to appear as amici on Plaintiff's current opposition to the motion to dismiss, as the Court allowed for the initial motion (Dkt. 49).



Plaintiff respectfully refers the Court to our September 25, 2022 application (Dkt. 41) as to the need for an additional ten pages in this complex case. As to the present request for five additional pages: Defendants' motion to dismiss was fully briefed on December 14, 2023. The parties continued to engage in discovery, including Plaintiff serving (and Defendants responding to) Requests for Admission. On June 27, 2023, following a conference with the Court, Plaintiff amended her operative pleading (Dkt. 90). On July 14, 2023, Defendants again filed a partial motion to dismiss. Plaintiff now requests an additional five pages both to clarify arguments made in opposition that Defendants seem to misunderstand in their original reply, and because several admissions by Defendants in response to the RFA's are inconsistent with arguments in their motion to dismiss. Likewise, though the City failed to follow the requisite administrative procedures to enact the no recording policy (as the Public Advocate and LatinoJustice explained in their brief), it argued the Court should ignore that fact because Plaintiff didn't set out those failures in her memo. So, while that argument is meritless, we intend to cure the perceived defect. Finally, several judicially noticeable, relevant events have taken place (largely amounting to the City arresting people for exclusively for violating the no recording policy and referring them for prosecution with the same charges here) — which we intend to identify and ask for notice of.

For those reasons, Plaintiff respectfully requests leave to file a memorandum that is up to 50 pages in length in opposition to Defendants' partial motion to dismiss, and an extension of time until August 18 to file such opposition.

Respectfully submitted,

/s/
_____
Elena Cohen
*Honorific/Pronouns: Ms., she/her*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Plaintiff's motion for an extension to oppose Defendants' partial motion to dismiss until **August 18, 2023**, is **GRANTED**. The Court offers its condolences to Mx. Green. Plaintiff's motion for leave to file additional pages is **DENIED**. While Judge Kaplan's Individual Practices sets forth a page limit of 35 pages, my Individual Practices limit memoranda of law to only 25 pages. Plaintiff was already permitted excess pages.

**SO ORDERED.**

_____
Ona T. Wang            7/25/23
U.S.M.J.

Page 2 of 2