

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>L**AW** D**EPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>Phone: (212) 356-2375<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |

July 26, 2023

**VIA ECF**
Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

## MEMO ENDORSED.

Re:   Patricia Rodney v. City of New York, et al., 22-cv-1445 (LAK)

Your Honor:

       I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendants City of New York, Sgt. Henriquez, and Officer Clement. I write respectfully to request the Court *sua sponte* grant a one month extension of time for Officers Casimir, Cusomano, Hernandez, Mui, Oggeri, Ramos, and Vitelli to respond to the Complaint until August 28, 2023. This is the first such request to extend this deadline, to which plaintiff consents.

       By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, false arrest, excessive force, and denial of the right to a fair trial.

       Plaintiff filed a Second Amended Complaint on June 27, 2023 asserting claims against additionally added defendants Officers Casimir, Cusomano, Hernandez, Mui, Oggeri, Ramos, and Vitelli. (See ECF No. 90). Defendants City of New York, Sgt. Hernandez, and Officer Clement have a pending motion to dismiss the Second Amended Complaint before the Court, which was renewed on July 14, 2023. (See ECF No. 97). Per the Civil Docket Sheet, defendants Casimir and Hernandez were served on July 11, 2023 with their answers due on August 1, 2023; defendants Cusomano, Oggeri, and Vitelli were served on July 5, 2023, with their answers due on July 26, 2023; and defendants Mui and Ramos were served on July 10, 2023, with their answers due on July 31, 2023.

       Due to scheduling difficulties, this office has not yet been able to speak with the newly added defendants. As such, we make no representation herein as to the adequacy of service upon them. Assuming that they were properly served, this enlargement should also allow this office time to conduct an inquiry to determine whether it will represent them in this action.

- 2 -

See General Municipal Law § 50(k); Mercurio v. City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law).  Finally, as this office has not discussed representation with the newly added defendants, this request for an extension of time is not made on their behalf.  However, given the time involved in determining the representation of an employee of the New York City Police Department, and in the interest of judicial economy, we hope that the court may, *sua sponte*, extend their time to respond.

        Thank you for your consideration herein.

                                                Respectfully submitted,

                                                /s/
                                              John Schemitsch
                                              *Senior Counsel*

cc: **VIA ECF**
    Gideon Oliver, Esq.
    Remy Green, Esq.
    *Attorneys for Plaintiff*

Application **GRANTED**.

**SO ORDERED**.

_____
Ona T. Wang          7/27/23
U.S.M.J.