PUBLIC ADVOCATE FOR THE CITY OF NEW YORK

# Jumaane D. Williams

May 18, 2022

New York City Police Commissioner Keechant L. Sewell
New York Police Department
1 Police Plaza
 New York, NY 10038

New York City Police Assistant Deputy Commissioner Oleg Chernyavsky
New York Police Department
Legal Bureau, 1 Police Plaza
New York, NY 10038

Dear Commissioner Sewell and Assistant Deputy Commissioner Chernyavsky,

I write to you today concerning the public's right and ability to record interactions with New York City Police Officers. In 2020, the City enacted the Right to Record Act, which codifies legal protections for New Yorkers who film police officers. The right to safely document police activity is foundational, and critical to public safety. We cannot give into the false notion that communities must choose between accountability and transparency in policing or safer streets. With that in mind, since passage of the law, civil rights advocates, as well as my office, have become concerned that some New York Police Department policies may be in violation of and opposition to the Right to Record.

According to [recent reporting](#), in December 2020, Patricia Rodney went to the 62nd Precinct to file a police report for a lost glucose monitor. After multiple visits, and conflicting information from officers at her local precinct, she refused to leave the precinct without a police report. Officers at the Dyker Heights precinct informed Ms. Rodney that she was being recorded via body cam, and she took her phone out to record the officers as well. Immediately, the officers insisted she was breaking policy by filming them, despite her Right to Record protections, and tackled her, breaking her arm. The sign inside the precinct stated, "Members of the public are prohibited from audio/video recording or photography inside the facility." However, that sign, and the behavior of the NYPD, are seemingly in violation of the Right to Record Act.

After this incident, and as there have been other questions and concerns about impeding New Yorkers' right to record police, the city and my office need clarity on how the NYPD will meet their obligation and comply with the Right to Record Act moving forward.

Therefore, I ask the following questions:

1. What policies are in place for police officers to interact with individuals that record near or in police stations when they do not pose a physical threat?

PUBLIC ADVOCATE FOR THE CITY OF NEW YORK

# Jumaane D. Williams

      a. How has the New York Police Department incorporated the Right to Record Act within these policies? Additionally, is the Right to Record Act incorporated into all written materials and signage inside and around police precincts?
2. How is the New York Police Department training officers to be in compliance with the Right to Record Act?

I look forward to receiving your response within ten business days of receiving this letter. For further discussion, please contact First Deputy Public Advocate Nick E. Smith at nsmith@advocate.nyc.gov and correspondence@advocate.nyc.gov. Thank you very much for your time and consideration.

Sincerely,

Jumaane D. Williams
Public Advocate for the City of New York