**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X

Patricia Rodney,

                                                        **Plaintiff,**

                -against-

The City of New York, et al.,

                                                      **Defendants.**
------------------------------------------------------------------------X

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

**22-cv-1445 (LAK)(OTW)**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), Plaintiff hereby requests defendants the City of New York, Officer Clemente, Sergeant Hernandez, and any defendant who is currently or subsequently named and hereafter represented by the Office of the Corporation Counsel in this action, serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below to the attention of Remy Green, Cohen&Green P.L.L.C., 1639 Centre St., Suite 216, Ridgewood, NY 11385, by email to Remy@femmelaw.com and Protests@femmelaw.com, within 30 days after service hereof.

## INSTRUCTIONS

1.     Furnish all information available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2.     If you claim any ambiguity, vagueness, or overbreadth in interpreting an interrogatory or any applicable definition or instruction, respond to the portion you deem

appropriately specific and broad, and set forth in a part of your written response the specific language you deem to be vague or ambiguous or overbroad.

3. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

4. For each person identified who is not a New York City Police Department ("NYPD") agent, please provide that person's full name, business and home addresses, telephone numbers, and emails.

5. For each person identified who is a NYPD employee or agent, set forth separately their true, full, and correct name, shield number, title on the date of the Incident, command on the date of the Incident, current command, business and home addresses, telephone numbers, and email address(es).

6. Produce all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

7. If any responsive document has been lost, destroyed, or is otherwise unavailable, provide:

    a. The name(s) and title(s) of the person(s) who searched for the document.

    b. A statement of the specific efforts made by that person to locate the document, and the locations searched.

    c. A statement upon actual knowledge, or upon information and belief, concerning what happened to the document, or a statement that the person has no explanation for its non-existence.

      d.  The specific expected chain of custody of the document from the time of its creation to its expected storage place. If the specific chain of custody is unknown, provide the customary chain of custody for a document of its type.

      e.  If the document was destroyed, the date of destruction, as well as the relevant Retention Schedule, Records Disposition Request, and/or Record Disposal Application concerning the document.

8.    If you withhold any document(s) or information by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2. Assertions of privilege made without an appropriately fulsome statement pursuant to Local Civil Rule 26.2 will be considered non-responsive.

9.    Pursuant to Fed. R. Civ. P. 33(b), the interrogatories must be answered by the party to whom they are directed (in the case of the City of New York, by any officer or agent of the City of New York); each interrogatory must be answered separately and fully in writing under oath; and the person who makes the answers must sign them.

10.    These interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within 30 days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

11.    When called upon to identify an event or events, provide at least the event name(s); organizer(s); date, time, borough; and any identifying numbers or other designations utilized by the NYPD internally to identify each such event.

12. If documents or information responsive to a particular interrogatory or document request have been produced in other litigation, Defendants may identify the document(s) or information by date(s) of production and other information sufficient for Plaintiff's counsel to locate the document(s) or information in question, such as Bates Number(s) or other identifiers.

## DEFINITIONS

1. Any capitalized term not otherwise defined herein shall have the meaning assigned to it in the First Amended Complaint (Dkt. No. 29).

2. These definitions incorporate by reference the uniform definitions set forth in Local Civil Rule 26.3.

3. "Incident" refers to the Plaintiff's arrest and detention on December 2, 2020 and the related events described in the operative Complaint in the case, including related uses of force on, and prosecutions against, Plaintiff.

4. "City" and "NYPD" are to be construed to include each other, such that a request for the names of certain New York City Police Department ("NYPD") employees, *e.g.*, should be construed to include employees of any agency of the City of New York.

5. "Individual Defendants" refers to the individuals named as Defendants in the Complaint (*i.e.,* the non-municipal Defendants).

6. "Personal Knowledge" with respect to a condition, event, or fact is defined as knowledge derived from first-hand observation of or other direct knowledge of the condition, event, or fact.

7. "Personal Knowledge" with respect to the actions or conduct of a particular person is defined as first-hand observation of that person, as distinguished from (a) first-hand

4

observation of a group of persons in or around the person's general vicinity, and (b) information relayed by another member of the NYPD or any other third party.

8. "Investigation" means "[a] police activity undertaken to obtain information or intelligence."

9. The "No Recording Policy" means the policy embodied in the sign in the atrium of the 62nd Precinct, which reads "MEMBERS OF THE PUBLIC ARE PROHIBITED FROM AUDIO/VIDEO RECORDING OR PHOTOGRAPHY INSIDE THE PRECINCT" (Dkt. No. 40 at 2), and any and all other policies, practice, procedures, and the like, whether formal or informal, that have the substance and effect of prohibiting members of the public from recording inside any NYPD precinct

10. The "City Right to Record Act" means N.Y.C. Admin. C. § 14-189, *et seq.,* and any related provisions.

11. The "State Right to Record Act" means N.Y. Civ. R. L. § 79-P, *et seq.,* and any related provisions.[1]

## INTERROGATORIES

*Information about the Incident*

1. Identify each NYPD member who participated in or who has Personal Knowledge regarding the Incident.

2. Identify each person who has Personal Knowledge regarding Plaintiff's conduct on December 2, 2020 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

---

[1] There are two laws both technically codified at § 79-P. The definition here concerns the one regarding the right to record.

5

3.  Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

4.  Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.

5.  Identify each person who gave each alleged police order to Plaintiff on December 2, 2020 prior to Plaintiff's arrest, if Defendants claim any such order was given, including, but not limited to, any order(s) to disperse.

6.  Identify each person who placed Plaintiff in handcuffs or leg shackles.

7.  Identify each person who used physical force in any manner on Plaintiff.

8.  Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing paperwork related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, C-Summonses, or any other arrest paperwork.

9.  For each Individual Defendant who was involved in processing Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Incident.

10. For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney.

11. Identify each author, and each person who contributed to, the factual narrative in each OLBS Report, other NYPD arrest and arrest processing paperwork, and accusatory instrument created in connection with Plaintiff's arrest.

12. Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false

swearing, false arrest, malicious prosecution, excessive force, assault, battery, or violation of any federal or state constitutional right or criminal law.

13. Identify each person to whom each Individual Defendant has made a statement related to Plaintiff's arrest, detention, or prosecution, including any uses of force related thereto.

***Information about the No Recording Policy***

14. Identify all documents concerning the NYPD's current policies concerning recording by members of the public in stationhouses/precincts.

15. Identify all documents concerning NYPD's policies concerning recording by members of the public in stationhouses/precincts as of December 2, 2020, to the extent they differ from current policies.

16. Identify John or Jane Doe 10, as described in the operative complaint.

17. Identify each person who has Personal Knowledge concerning whether the NYPD has considered or implemented any changes to the No Recording Policy after the City and State Right to Record Acts went into effect and/or after the Public Advocate sent his letter explaining how the No Recording Policy was inconsistent with the City Right to Record Act.

## DOCUMENT REQUESTS

1. Produce all documents identified or consulted in responding to the interrogatories above.

2. Produce all videos concerning Plaintiff's arrest or the Incident, including, but not limited to, all:

    a. NYPD body-worn camera footage, including, but not limited to, such footage from each Individual Defendant and every NYPD member within 30' of each

7

          Individual Defendant who created such footage related to the Incident or the Protest, along with all related audit trails and metadata;

    b. ARGUS footage;

    c. Footage captured by the NYPD's Technical Assistance Response Unit ("TARU");

    d. Footage captured by the NYPD's Aviation Unit; and

    e. All other video footage in Defendants' care, custody, or control.

3. Produce all Evidence.com audit trails and metadata for any body-worn camera footage produced.

4. Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident, including, but not limited to:

    a. 911 calls, and all documents related to responses thereto;

    b. 311 calls, and all documents related to responses thereto;

    c. Texts, e-mails, and other digitally recorded communications.[2]

5. Produce all SPRINT reports related to the Incident.

6. Produce all Event Chronologies and Event Summaries related to the Incident.

7. Produce all ICAD Chronologies and reports related to the Incident.

8. Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

---

[2] Before initiating a search for emails and texts in response to this or any other Request, Defendants should contact Plaintiff's counsel regarding search terms, production specifications, and the like.

9. Produce all documents created related to Plaintiff's arrest, detention, or prosecution, including, but not limited to, all copies of any charging instrument, complaint, and/or other documents created by any Individual Defendant.

10. Produce all documents including statements made by each Individual Defendant or other witnesses related to the NYPD uses of force on Plaintiff, Plaintiff's arrest, or any other aspect of the Incident, including, but not limited to, all scratch and other NYPD arrest processing paperwork.

11. Produce all documents reflecting internal NYPD communications related to Plaintiff's arrest or the Incident, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications, including, but not limited to, such documents concerning communications to or from the Individual Defendants.

12. Produce all documents reflecting NYPD uses of force related to Plaintiff or the Incident or any resulting injuries or medical treatment, including, but not limited to, any NYPD Threat, Resistance, and Injury Reports, AIDED reports, witness statements, Medical Treatment of Prisoner Forms, Central Booking Medical Screening Forms, Ambulance Call Reports, Computer Aided Dispatch documents, FDNY Pre-Hospital Care Reports, other ambulance, EMT, and medical records, and all other documents related to any such use of force or any resulting injuries or medical treatment.

13. If any Defendant claims any NYPD member was injured as a result of Plaintiff's conduct or the Incident, produce any related Line of Duty injury paperwork, witness statements, ambulance, EMT, and medical records, and all other documents related to any such injury.

14. Produce all activity logs, memo book entries, daily activity reports, daily activity records, and other NYPD documents created by each Individual Defendant on the date of the Incident or that otherwise relate to Plaintiff's arrest or the Incident.

15. Produce all Online Prisoner Arraignment ("OLPA") Reports regarding Plaintiff's arrest and detention.

16. Produce all documents sufficient to identify each NYPD member (including any supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing related to the Incident, including their creation of arrest processing paperwork.

17. Produce all documents provided by any Individual Defendant to any prosecutor or court related to Plaintiff's arrest or the Incident.

18. Produce all documents reflecting statements made by the Individual Defendants and any other person to a prosecutor or court related to Plaintiff or the Incident, including prosecutor's notes and criminal court accusatory instruments.

19. Produce all documents provided by any Individual Defendant or NYPD member related to Plaintiff's prosecution.

20. Produce all documents related to or reflecting communications between a prosecutor or court and a Defendant related to Plaintiff's prosecution.

21. Produce all documents reflecting or related to the dispositions of any criminal case brought against Plaintiff or related to the Incident, including, but not limited to, any such documents within the care, custody, or control of the NYPD's Criminal Justice Bureau.

22. Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against Plaintiff.

10

23. Produce all demands for preservation or litigation holds received or created by the NYPD related to the Incident, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau and holds created upon receiving the notice of claim and the FOIL request in this case.

24. Produce all documents concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning Plaintiff and the Incident, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

25. Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning Plaintiff related to the Incident.

26. Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning Plaintiff or the Incident undertaken by the City of New York or any of its agencies, including, but not limited to, all such documents related to any Individual Defendant.

27. Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any other State, Federal, or other entity, including, but not limited to, all such documents related to any Individual Defendant.

28. Produce each Individual Defendant's — including the Doe Defendants' — NYPD Academy transcript.

29. Produce each Individual Defendant's — including the Doe Defendants' — current NYPD Personnel Profile Report – All History.

30. Produce each Individual Defendant's — including the Doe Defendants' — current NYPD Central Personnel Index ("CPI") report.

31. Produce each Individual Defendant's — including the Doe Defendants — current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

32. Produce each Individual Defendant's — including the Doe Defendants' — current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

33. Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual Defendants — including the Doe Defendants — including, but not limited to, any GO-15 statements.

34. Produce each Individual Defendant's — including the Doe Defendants — complete NYPD personnel file.

35. Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual Defendant — including each Doe Defendant — has been subjected to during their time as a NYPD member.

36. Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant, including each Doe Defendant.

37. Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant — including each Doe Defendant — identified in response to Interrogatory No. 12 above.

38. Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant — including each Doe Defendant — identified in response to Interrogatory No. 12 above.

39. Produce any other documents reflecting whether each Individual Defendant — including each Doe Defendant — received training, at the NYPD Academy or afterward, including, but not limited to, any Strategic Response Group ("SRG") and/or Disorder Control Unit ("DCU") training, related to the following topics:

   a. The First Amendment, including as it relates to the right to record police;
   b. The No Recording Policy;
   c. The City Right to Record Act;
   d. The State Right to Record Act;
   e. Trespassing;
   f. The nature of stationhouses and the promise to New Yorkers that stationhouses were public;
   g. Dispersal orders;
   h. The need to give dispersal orders and a meaningful opportunity to comply with them before making certain arrests;
   i. Use of force, the force continuum, and de-escalation;

  j. Use of force reporting;

  k. NYPD body-worn camera use, including the circumstances under which body-worn cameras are meant to be activated;

  l. Probable cause to arrest or prosecute a person for a perceived violation of the No Recording Policy;

  m. Arrest processing, including, but not limited to, the creation of arrest processing documents;

  n. The creation of NYPD arrest and arrest processing-related documents; and

  o. COVID-19 NYPD, public, and/or arrestee safety protocols, including, but not limited to, any such protocols regarding the wearing of masks, social distancing, handwashing, social distancing, and any impacts crated by the COVID-19 pandemic on NYPD arrests, arrest processing, large-scale arrest processing, or other operations.

  40. Produce all documents reflecting the substance of the training each Individual Defendant — including each Doe Defendant — received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 39.

  41. Produce all documents concerning NYPD's official policies that were in effect at the time of the Incident, related to the topics in Document Request No. 39, including, but not limited to, any relevant NYPD Patrol Guide and Administrative Guide provisions.

  42. Produce all documents concerning the substance of the NYPD's official policies related to the topics in Document Request 39.

43. Produce all documents reflecting the nature, scope, and intended enforcement of the No Recording Policy.

44. Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding the Incident or the No Recording Policy.

45. Produce all documents received by the New York City Law Department related to the Incident pursuant to subpoena, Plaintiff's authorization, Freedom of Information Law request, or otherwise, including, but not limited to, criminal court files, prosecutors' files, rap sheets, medical records, and all other records from any source whatsoever, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

46. Produce all documents Defendants intend to use at any deposition in this case, including for impeachment purposes.

*47.* Produce all documents Defendants intend to use at the time of trial, including for impeachment purposes.

*No Recording Policy Documents*

48. Produce the 2018 memorandum creating and implementing the No Recording Policy referred to in the Complaint and all documents concerning the 2018 memorandum creating and implementing the No Recording Policy.

49. Produce all deliberative documents concerning the choice to implement the No Recording Policy, including, but not limited to, all communications, critiques, comments, and the like.

50. Produce all documents concerning the interactions between the City Right to Record Act and the No Recording Policy.

51. Produce all documents concerning any change or decision not to make changes in the NYPD's policies, trainings, practices, procedures, and the like concerning the City Right to Record Act.

52. Produce all documents concerning the interactions between the State Right to Record Act and the No Recording Policy.

53. Produce all documents concerning any change or decision not to make changes in the NYPD's policies, trainings, practices, procedures, and the like concerning the State Right to Record Act.

54. Produce all documents concerning the testimony of NYPD members at the Jun. 9, 2020 City Council hearing, including any communications about the testimony, draft prepared remarks, documents concerning who would testify, internal communications about the hearing and evaluating the hearing, and any other document of any kind concerning the hearing.

55. Produce all documents concerning any other potential, contemplated, rejected, or actual NYPD testimony, comment, or other input into either the State or City Right to Record Act.

56. Produce all documents concerning the creation of the in-precinct signs implementing the No Recording Policy, including — but in no way limited to — all draft versions of the language, the orders to create the signs, any commentary on the signs, any cost estimates or policy evaluations of the signs.

57. Produce all documents concerning any person arrested in connection with the No Recording Policy.

58. Produce documents sufficient to identify whether and which of the arrests identified in the required reporting[3] under the City Right to Record Act were made in connection with the No Recording Policy.

59. Produce all documents concerning the reporting required under the City Right to Record Act, including, but not limited to, documents that show how NYPD determines which arrests are included in the reporting.

60. Produce all documents concerning any arrest made in connection with the No Recording Policy.

61. Produce all documents concerning the incident described in Tina Moore and Amanda Woods, *NYPD bans civilians from recording video inside precincts*, NY POST (Aug. 18, 2018), including, but not limited to, any communications discussing what to do about the publicity of the incident.

Dated:     Ridgewood (Queens), NY
           October 27, 2022

                                        **COHEN&GREEN P.L.L.C.**

                                        /s/
                                        _____
                                        **BY:**     J. Remy Green

                                        1639 Centre St., Suite 216
                                        Ridgewood, New York 11385
                                        t : (929) 888-9480

---

[3] *See* NYC Admin. C. § 14-189(e).