UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PATRICIA RODNEY,

                              Plaintiff,

            -against-

THE CITY OF NEW YORK, ET AL.,

                          Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DEFENDANT'S AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS TO TAMARA CLEMENT, HERIBERTO HERNANDEZ**

22-CV-1445 (LAK) (OTW)

        Pursuant to Rules 26, 33 and 34 of the Federal Rules of Civil Procedure, Defendants the City of New York, Officer Clement, and Sergeant Hernandez respond and object to Plaintiff's First Set of Interrogatories and Document Requests as follows:

<u>**GENERAL STATEMENT**</u>

        1.      By responding to any request, defendant(s) do not concede the materiality of the subject to which it refers. Defendant(s') responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

        2.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendant(s') right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

3.      With respect to the request for the production of documents, defendant(s) will provide, under separate cover, a privilege index, if appropriate.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each NYPD member who participated in or who has Personal Knowledge regarding the Incident.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 1 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File         Bates No. DEF 95–DEF 122
- Memobook of Officer Clement      Bates No. DEF 123–DEF 125
- Sprint Report                Bates No. DEF 126-DEF 132
- Property Voucher            Bates No. DEF 133-DEF 135
- Arrest Worksheets           Bates No. DEF 136-DEF 148
- Criminal Court File          Bates No. DEF 149-DEF 153



**INTERROGATORY NO. 2:**

Identify each person who has Personal Knowledge regarding Plaintiff's conduct on December 2, 2020 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 2 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File                      Bates No. DEF 95–DEF 122
- Memobook of Officer Clement          Bates No. DEF 123–DEF 125
- Sprint Report                                Bates No. DEF 126-DEF 132
- Property Voucher                          Bates No. DEF 133-DEF 135
- Arrest Worksheets                         Bates No. DEF 136-DEF 148
- Criminal Court File                        Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 3:**

Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 and all its subparts on the grounds that it is beyond the scope of the Local Civil Rule 33.3 insofar as it seeks information other than the identities of witnesses with knowledge or information.  Defendants further object to Interrogatory No. 3 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case,  Defendants further object to Interrogatory No. 3 to the extent that there is a more practical method of obtaining the information sought, such as depositions.  Defendants further object to this request on the grounds that it calls for a legal conclusion, seeks information protected by work product privilege, and is a contention interrogatory.

**INTERROGATORY NO. 4:**

Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 4 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants state that the arresting officer was Officer Tamara Clement, and supervisor approving the arrest was Sgt. Ernest Hernandez.

**INTERROGATORY NO. 5:**

Identify each person who gave each alleged police order to Plaintiff on December 2, 2020 prior to Plaintiff's arrest, if Defendants claim any such order was given, including, but not limited to, any order(s) to disperse.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 and all its subparts on the grounds that it is beyond the scope of the Local Civil Rule 33.3 insofar as it seeks information other than the identities of witnesses with knowledge or information. Defendants object to Interrogatory No. 5 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control.  Defendants further object to Interrogatory No. 5 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants state they are continuing to search for information responsive to this interrogatory  and will supplement this response if appropriate.

**INTERROGATORY NO. 6:**

Identify each person who placed Plaintiff in handcuffs or leg shackles.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on  the  grounds that  this  information  may  not  be  in  their  possession,  custody  or  control.



Defendants further object to Interrogatory No. 6 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate.

**INTERROGATORY NO. 7:**

Identify each person who used physical force in any manner on Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 7 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- BWC of Officer Angeliesse Acevedo          Bates No. DEF 84
- BWC of Sgt. Ernest Hernandez               Bates No. DEF 85
- BWC of Sgt. Heriberto Hernandez            Bates No. DEF 86
- BWC of Officer John Ramos                  Bates No. DEF 87
- BWC of Officer Johnandrew Cusamo           Bates No. DEF 88



- BWC of Officer Michael Oggeri       Bates No. DEF 89

- BWC of Officer Pelly Casimir       Bates No. DEF 90

- BWC of Officer Robert Mui       Bates No. DEF 91

- BWC of Officer Steven Vitelli       Bates No. DEF 92

- BWC of Officer Tamara Clement       Bates No. DEF 93

- BWC of Officer Tamara Clement       Bates No. DEF 94

- District Attorney File       Bates No. DEF 95–DEF 122

- Memobook of Officer Clement       Bates No. DEF 123–DEF 125

- Sprint Report       Bates No. DEF 126-DEF 132

- Property Voucher       Bates No. DEF 133-DEF 135

- Arrest Worksheets       Bates No. DEF 136-DEF 148

- Criminal Court File       Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 8:**

Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing paperwork related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, C-Summonses, or any other arrest paperwork.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

Defendants object to Interrogatory No. 8 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 8 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File            Bates No. DEF 95–DEF 122
- Memobook of Officer Clement      Bates No. DEF 123–DEF 125
- Sprint Report                  Bates No. DEF 126-DEF 132
- Property Voucher            Bates No. DEF 133-DEF 135
- Arrest Worksheets           Bates No. DEF 136-DEF 148
- Criminal Court File          Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 9:**

For each Individual Defendant who was involved in processing Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Incident.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

Defendants object to Interrogatory No. 9 and all its subparts on the grounds that it is beyond the scope of the Local Civil Rule 33.3 insofar as it seeks information other than the identities of witnesses with knowledge or information. Defendants object to Interrogatory No. 9 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 9 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File                    Bates No. DEF 95–DEF 122
- Memobook of Officer Clement            Bates No. DEF 123–DEF 125
- Sprint Report                            Bates No. DEF 126-DEF 132
- Property Voucher                        Bates No. DEF 133-DEF 135
- Arrest Worksheets                        Bates No. DEF 136-DEF 148
- Criminal Court File                      Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 10:**

For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Defendants object to Interrogatory No. 9 and all its subparts on the grounds that it is beyond the scope of the Local Civil Rule 33.3 insofar as it seeks information other than the identities of witnesses with knowledge or information. Defendants object to Interrogatory No. 9 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 9 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Defendants also object on the grounds that this request implicates the law enforcement, deliberative due process, and official information privileges.

Subject to, and without waiving or in any way limiting these Objections, defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate.

**INTERROGATORY NO. 11:**

Identify each author, and each person who contributed to, the factual narrative in each OLBS Report, other NYPD arrest and arrest processing paperwork, and accusatory instrument created in connection with Plaintiff's arrest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 11 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File                Bates No. DEF 95–DEF 122

- Memobook of Officer Clement          Bates No. DEF 123–DEF 125

- Sprint Report                        Bates No. DEF 126-DEF 132

- Property Voucher                     Bates No. DEF 133-DEF 135

- Arrest Worksheets                    Bates No. DEF 136-DEF 148

10

- Criminal Court File                    Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 12:**

Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, false arrest, malicious prosecution, excessive force, assault, battery, or violation of any federal or state constitutional right or criminal law.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

Defendants object to Interrogatory No. 12 and all its subparts on the grounds that it is beyond the scope of the Local Civil Rule 33.3 insofar as it seeks information other than the identities of witnesses with knowledge or information. Defendants object to Interrogatory No. 12 on the grounds that it is vague, ambiguous, overbroad, not proportional to the needs of the case, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.

Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state that Officer Clement and Sgt. Hernandez have not been named a defendant in a lawsuit responsive to this interrogatory.

**INTERROGATORY NO. 13:**

Identify each person to whom each Individual Defendant has made a statement related to Plaintiff's arrest, detention, or prosecution, including any uses of force related thereto.

~~OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:~~

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 13 to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Subject to, and without waiving or in any way limiting these Objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated October 27, 2022, defendants' Supplemental Disclosures, dated November 23, 2022, as well as the documents previously produced therewith bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- District Attorney File                      Bates No. DEF 95–DEF 122
- Memobook of Officer Clement          Bates No. DEF 123–DEF 125
- Sprint Report                                Bates No. DEF 126-DEF 132
- Property Voucher                          Bates No. DEF 133-DEF 135
- Arrest Worksheets                         Bates No. DEF 136-DEF 148
- Criminal Court File                        Bates No. DEF 149-DEF 153

**INTERROGATORY NO. 14:**

Identify all documents concerning the NYPD's current policies concerning recording by members of the public in stationhouses/precincts.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to Interrogatory No. 14 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible

– 12 –

information that is not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining

discovery, such as depositions regarding facts within the knowledge of individuals identified, to

the extent that the information sought is publicly available and, thus, equally available to all parties,

to the extent that it seeks documents containing information protected from disclosure by the

official information and law enforcement privileges, and seeks information not proportional to the

needs of the case. Defendants further object to this request on grounds that it implicates the privacy

and security concerns of non-parties to this action and those not represented by the Office of the

Corporation Counsel, to the extent that it implicates   the sealing provisions of N.Y. C.P.L. §§

160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health

Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA"). Defendants

also object on the grounds that this request implicates the law enforcement, deliberative due

process, official information, doctor-patient, and psychotherapist-patient privileges.  Defendants

further object as this interrogatory is premature insofar as it seeks discovery under Monell v.

Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which

has been designated as "phase two" discovery by the Court and by agreement of the parties.

**INTERROGATORY NO. 15:**

Identify all documents concerning NYPD's policies concerning recording by

members of the public in stationhouses/precincts as of December 2, 2020, to the extent they differ

from current policies.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Interrogatory No. 15 on the grounds that it is vague,

ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks

information that is not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, it is unduly burdensome, to the extent there is another more practical method of

evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining

discovery, such as depositions regarding facts within the knowledge of individuals identified, to

the extent that the information sought is publicly available and, thus, equally available to all parties,

to the extent that it seeks documents containing information protected from disclosure by the

official information and law enforcement privileges, and seeks information not proportional to the

needs of the case. Defendants further object to this request on grounds that it implicates the privacy

and security concerns of non-parties to this action and those not represented by the Office of the

Corporation Counsel, to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§

160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health

Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA"). Defendants

also object on the grounds that this request implicates the law enforcement, official information,

doctor-patient, and psychotherapist-patient privileges. Defendants further object as this

interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436

U.S. 658 (1978), which has been designated as "phase two"

discovery by the Court and by agreement of the parties.

**INTERROGATORY NO. 16:**

Identify John or Jane Doe 10, as described in the operative complaint.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:**

Defendants object to Interrogatory No. 16 on the grounds that it is vague,

ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks

information that is not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining

discovery, such as depositions regarding facts within the knowledge of individuals identified, to

the extent that the information sought is publicly available and, thus, equally available to all

15

~~parties, to the extent that it seeks documents containing information protected~~

available to all parties, to the extent that it seeks documents containing information protected from disclosure by the official information and law enforcement privileges, and seeks information not proportional to the needs of the case. Defendants further object to this request on grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of the Corporation Counsel, to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA"). Defendants also object on the grounds that this request implicates the law enforcement, deliberative due process, official information, doctor-patient, and psychotherapist-patient privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**INTERROGATORY NO. 17:**

Identify each person who has Personal Knowledge concerning whether the NYPD has considered or implemented any changes to the No Recording Policy after the City and State Right to Record Acts went into effect and/or after the Public Advocate sent his letter explaining how the No Recording Policy was inconsistent with the City Right to Record Act.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to Interrogatory No. 17 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, notably as it seeks information about subsequent remedial measures, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the

information sought is publicly available and, thus, equally available to all parties, to the extent

information sought is publicly available and, thus, equally available to all parties, to the extent that it seeks documents containing information protected from disclosure by the official information and law enforcement privileges, and seeks information not proportional to the needs of the case. Defendants further object to this request on grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of the Corporation Counsel, to the extent that it implicates the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA"). Defendants also object on the grounds that this request implicates the law enforcement, deliberative due process, official information, doctor-patient, and psychotherapist-patient privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated

as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 1:**

Produce all documents identified or consulted in responding to the interrogatories above.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Defendants reiterate the objections and responses made in defendants' responses to plaintiff's interrogatories.  Defendants object to Document Request No. 1 on the grounds that it is vague, ambiguous, overbroad, and not sufficiently limited in time or scope to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control in seeking "all documents" without limitation.  Defendants further object to Document Request No. 1 to the extent that it implicates the privacy interests and personal safety of the non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege, official information and, law enforcement, attorney-client, or work-product privileges, or other applicable privilege.  Defendants also object as this request is unduly burdensome and not proportional to the needs of this case, to the extent that it is requesting all documents in possession of the City, which may include records from any number of agencies.  Defendants further object to this request because it, in part, is duplicative of defendants' obligations pursuant to rule 26(a)(i)(A) of the Federal Rules of Civil Procedure, and

therefore seeks information that has been previously provided to plaintiff as part of defendants' Initial Disclosures.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents previously produced bearing Bates Nos. DEF 1- DEF 83, and the documents produced herein as:

- BWC of Officer Angeliesse Acevedo          Bates No. DEF 84

- BWC of Sgt. Ernest Hernandez                Bates No. DEF 85

- BWC of Sgt. Heriberto Hernandez      Bates No. DEF 86

- BWC of Officer John Ramos      Bates No. DEF 87

- BWC of Officer Johnandrew Cusamo      Bates No. DEF 88

- BWC of Officer Michael Oggeri      Bates No. DEF 89

- BWC of Officer Pelly Casimir      Bates No. DEF 90

- BWC of Officer Robert Mui      Bates No. DEF 91

- BWC of Officer Steven Vitelli      Bates No. DEF 92

- BWC of Officer Tamara Clement      Bates No. DEF 93

- BWC of Officer Tamara Clement      Bates No. DEF 94

- District Attorney File      Bates No. DEF 95–DEF 122

- Memobook of Officer Clement      Bates No. DEF 123–DEF 125

- Sprint Report      Bates No. DEF 126-DEF 132

- Property Voucher      Bates No. DEF 133-DEF 135

- Arrest Worksheets      Bates No. DEF 136-DEF 148

- Criminal Court File      Bates No. DEF 149-DEF 153

- Mount Sinai Medical Records for Plaintiff      Bates No. DEF 154-DEF 162

- Coney Island Hospital Records for Plaintiff      Bates No. DEF 163-DEF 221

- City MD Records for Plaintiff      Bates No. DEF 222-DEF 238

Defendants further state they are withholding documents on the basis of attorney client and work product privileges.

23

**DOCUMENT REQUEST NO. 2:**

        Produce all videos concerning Plaintiff's arrest or the Incident, including, but not limited to, all:

    a.      NYPD body-worn camera footage, including, but not limited to, such footage from each Individual Defendant and every NYPD member within 30' of each

a.  Individual Defendant who created such footage related to the Incident or the Protest, along with all related audit trails and metadata;

b.  ARGUS footage;

c.  Footage captured by the NYPD's Technical Assistance Response Unit ("TARU");

d.  Footage captured by the NYPD's Aviation Unit; and

e.  All other video footage in Defendants' care, custody, or control.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:**

Defendants object to Document Request No. 2 on the grounds that it is ~~vague, ambiguous,~~ overbroad~~, and~~ and not limited in ~~time, overbroad, and to the extent~~ scope, in that it seeks ~~information that is~~ all videos of the alleged incident, which would include videos not ~~relevant~~within the possession, custody or ~~reasonably calculated to lead to the discovery of admissible evidence.~~control of defendants. Defendants further object to this ~~document~~ request ~~on the grounds that~~because it ~~implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety~~, in part, is duplicative of ~~the individual defendants and/or non-parties, to the extent that it calls for the production~~defendants' obligations pursuant to Rule 26(a)(i)(A) of ~~documents containing information~~the Federal Rules of ~~a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist- patient privileges~~Civil Procedure, and therefore seeks information that has previously been provided to plaintiff.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these objections and refer plaintiff to the documents produced herein as:

- BWC of Officer Angeliesse Acevedo          Bates No. DEF 84

- BWC of Sgt. Ernest Hernandez          Bates No. DEF 85

- BWC of Sgt. Heriberto Hernandez          Bates No. DEF 86

- BWC of Officer John Ramos                    Bates No. DEF 87

- BWC of Officer Johnandrew Cusamo       Bates No. DEF 88

- BWC of Officer Michael Oggeri       Bates No. DEF 89

- BWC of Officer Pelly Casimir       Bates No. DEF 90

- BWC of Officer Robert Mui       Bates No. DEF 91

- BWC of Officer Steven Vitelli       Bates No. DEF 92

- BWC of Officer Tamara Clement       Bates No. DEF 93

- BWC of Officer Tamara Clement       Bates No. DEF 94

**DOCUMENT REQUEST NO. 3:**

Produce all Evidence.com audit trails and metadata for any body-worn camera footage produced.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is ~~vague, ambiguous,~~ overbroad, and not limited in ~~scope or~~ time, ~~overbroad, and to the extent~~ in that it seeks "all" audit trails and metadata without limitation, which necessarily includes documents that are irrelevant to this matter and not thus seeks information that is not ~~relevant or~~ reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this document request on the grounds that it ~~implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it~~ calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by ~~the law enforcement, official information, doctor-patient,~~ attorney-client, and work product privileges. ~~Defendants~~On the basis of these objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 4:**

          Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident, including, but not limited to:

    a.      911 calls, and all documents related to responses thereto;

    b.      311 calls, and all documents related to responses thereto;

    c.      Texts, e-mails, and other digitally recorded communications.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

          Defendants object to Document Request No. 4 on the grounds that it is ~~vague, ambiguous,~~ overbroad~~,~~ <u>and</u> not sufficiently limited in time or scope, to the extent that it seeks ~~information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object to this request to the extent it is unduly burdensome as it seeks~~ "all <u>recorded (including NYPD)</u> communications ~~related to the arrest or incident,~~" without limitation ~~beyond parties or those involved in the arrest or incident, including individuals who may have seen media reports regarding the incident.~~<u>, which necessarily includes documents that are irrelevant to this matter. As a result, defendants object to this request as not proportional to the needs of the case. Defendants also object as this request is burdensome to the extent it is requesting all documents in the possession of the City, which may include "communications" from any number of agencies.</u> Defendants further object to this ~~document request on the grounds that it implicates the sealing~~ <u>request because it is vague</u> ~~provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants~~ and<u>/or non-parties,</u> ~~to the extent that it calls for the production of documents containing information of a private~~

ambiguous in failing to define what communications "related to Plaintiff's arrest or the Incident" are, and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are because, construed broadly, it requests defense counsel's records, which are protected by the attorney-client, law enforcement, attorney-client, official information, doctor-patient, and psychotherapist-patientand other privileges, as well as the work product privilege. Defendants further object to this request on the grounds that it seeks information that is equally available to plaintiff, in seeking documents in plaintiff's possession, custody, or control, or which is not within defendants' possession custody or control.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- Sprint Report                                    Bates No. DEF 126-DEF 132

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- Defendants state they are withholding documents on the basis of attorney-client and work product privileges. Sprint Report          Bates No. DEF 126-DEF 132

> **Formatted:** Indent: Left: 1.11", Hanging: 0.25", Bulleted + Level: 2 + Aligned at: 0.86" + Indent at: 1.11"

Defendants further state they are continuing to search for information responsive documents to this request and will supplement this response within 30 days if appropriate.

**DOCUMENT REQUEST NO. 5:**

Produce all SPRINT reports related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Document Request No. 5 on the grounds that it is vague, and ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. "SPRINT" reports "related" to this incident without definition. Defendants further object to this document request on the grounds that it implicates the sealing provisions of as overbroad in that it seeks "all" reports without limitation in time or scope.

N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these objections and refer plaintiff to the documents produced herein as:

- Sprint Report                                      Bates No. DEF 126-DEF 132

**DOCUMENT REQUEST NO. 6:**

Produce all Event Chronologies and Event Summaries related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

Defendants object to Document Request No. 8 on the grounds that it is vague~~, and~~ ambiguous, ~~overbroad, not sufficiently limited~~ in ~~time or scope, to the extent~~ that it seeks ~~information~~"Event Chronologies and Event Summaries" that ~~is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.~~are "related" to the incident without definition. Defendants further object to this ~~document~~ request ~~on the grounds that it implicates the sealing provisions of~~as overbroad in that it seeks "all" such documents without limitation in scope or time.  Reading this request broadly, plaintiff

~~N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.~~

seeks documents that may have been created in the course of litigation and which are protected by attorney-client, work product, official information, and law enforcement, privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these objections and refer plaintiff to the documents produced herein as:

- Sprint Report                                Bates No. DEF 126-DEF 132

**DOCUMENT REQUEST NO. 7:**

Produce all ICAD Chronologies and reports related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

Defendants object to Document Request No. 7 on the grounds that it is vague, and ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information "ICAD Chronologies and reports" that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.are "related" to the incident without definition. Defendants further object to this document request on the grounds that it implicates the sealing provisions ofas overbroad in that it seeks "all" such documents without limitation in scope or time.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these objections and refer plaintiff to the documents produced herein as:

- Sprint Report                          Bates No. DEF 126-DEF 132

N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor patient, psychotherapist patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- Sprint Report                          Bates No. DEF 126-DEF 132

Formatted: Right: 0.09", Space Before: 0.05 pt

Formatted: Indent: Left: 1.11", Hanging: 0.25", Bulleted + Level: 2 + Aligned at: 0.86" + Indent at: 1.11"

**DOCUMENT REQUEST NO. 8:**

   Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

  Defendants object to Document Request No. 8 on the grounds that it is ~~vague,~~ ~~ambiguous,~~ overbroad, in that it is not sufficiently limited in time or scope~~, and seeks generally~~ ~~"documents sufficient~~ to ~~the extent~~ interpret" other discovery.  To this extent this request is burdensome and  to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence~~, and~~.  Defendants further object to the extent there is another more practical method of obtaining discovery, such as depositions. Defendants further object to the extent this request seeks documents which are publicly accessible and thus equally accessible to all parties and places an undue burden on defendants.  ~~regarding~~ ~~facts within~~On the ~~knowledge~~basis of ~~individuals identified.   Defendants further object to the~~ ~~extent this request seeks documents which are publicly accessible and thus equally accessible to~~ ~~all parties and places an undue burden on defendants~~these objections defendants will propound no further response to this request.

**DOCUMENT REQUEST NO. 9:**

  Produce all documents created related to Plaintiff's arrest, detention, or prosecution, including, but not limited to, all copies of any charging instrument, complaint, and/or other documents created by any Individual Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

  Defendants object to Document Request No. 9 on the grounds that it is ~~vague,~~ ~~ambiguous,~~ overbroad, in that it is not sufficiently limited in time or scope~~,~~ in that it seeks "all documents" that are "related to Plaintiff's arrest, detention, or prosecution, which would necessarily include documents that are protected by attorney client and work product privileges. Defendants further object to the extent that ~~it seeks information that is not relevant nor reasonably~~ ~~calculated to lead to the discovery of admissible evidence, to the extent there is another more~~

~~practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks~~ this request seeks information that is not within defendant's possession, custody, or control. ~~Defendants further object to this document request on~~Defendants further object to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the ~~grounds that it implicates the sealing provisions of~~law enforcement, official information, attorney-client, and work product privileges.

~~N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by~~

the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis these objections and refer plaintiff to the documents previously produced bearing Bates Nos. DEF 1-DEF 83, and the documents produced herein as:

- District Attorney File            Bates No. DEF 95–DEF 122
- Memobook of Officer Clement     Bates No. DEF 123–DEF 125
- Sprint Report               Bates No. DEF 126-DEF 132
- Property Voucher           Bates No. DEF 133-DEF 135
- Arrest Worksheets          Bates No. DEF 136-DEF 148
- Criminal Court File         Bates No. DEF 149-DEF 153

**DOCUMENT REQUEST NO. 10:**

Produce all documents including statements made by each Individual Defendant or other witnesses related to the NYPD uses of force on Plaintiff, Plaintiff's arrest, or any other aspect of the Incident, including, but not limited to, all scratch and other NYPD arrest processing paperwork.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

Defendants object to Document Request No. 10 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants 10 on the grounds that it is overbroad in that it is not limited in scope or time to the extent it seeks

"all documents" which are "related" the incident made by defendants and all other witnesses without limitation or definition. As a result defendants object to this request as not properly limited in scope and not proportional to the needs of the case. Defendants further object to this request as vague and ambiguous as to what documents are related to "any other aspect of the Incident," and because, construed broadly it requests defense counsel's records, which are protected by the attorney

client, law enforcement, and other privileges as well as the attorney work-product doctrine. Defendants further object to this document request on the grounds that it implicates the sealing provisions of

N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privilegesinformation that is equally available to plaintiff, in seeking documents of which plaintiff is in possession, custody, or control, or which is not within defendant's possession, custody, or control.

    Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis these objections and, defendants refer plaintiff to the documents previously produced bearing Bates Nos. DEF 1 – DEF 83, and the documents produced herein as:

- BWC of Officer Angeliesse Acevedo  Bates No. DEF 84
- BWC of Sgt. Ernest Hernandez  Bates No. DEF 85
- BWC of Sgt. Heriberto Hernandez  Bates No. DEF 86
- BWC of Officer John Ramos  Bates No. DEF 87
- BWC of Officer Johnandrew Cusamo  Bates No. DEF 88
- BWC of Officer Michael Oggeri  Bates No. DEF 89
- BWC of Officer Pelly Casimir  Bates No. DEF 90
- BWC of Officer Robert Mui  Bates No. DEF 91
- BWC of Officer Steven Vitelli  Bates No. DEF 92

- BWC of Officer Tamara Clement          Bates No. DEF 93

- BWC of Officer Tamara Clement          Bates No. DEF 94

- District Attorney File          Bates No. DEF 95–DEF 122

- Memobook of Officer Clement          Bates No. DEF 123–DEF 125

- Sprint Report                 Bates No. DEF 126-DEF 132

- Property Voucher            Bates No. DEF 133-DEF 135

- Arrest Worksheets                    Bates No. DEF 136-DEF 148

- Criminal Court File                  Bates No. DEF 149-DEF 153

Defendants further state they are continuing to search for information responsive to this request and will supplement this response if appropriate.

**DOCUMENT REQUEST NO. 11:**

Produce all documents reflecting internal NYPD communications related to Plaintiff's arrest or the Incident, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications, including, but not limited to, such documents concerning communications to or from the Individual Defendants.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Defendants object to Document Request No. 11 on the grounds that it is ~~vague, ambiguous,~~ overbroad, in that it is not ~~sufficiently~~ limited in scope or time ~~or scope,~~ ~~to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that~~ it seeks ~~information that is not within defendant's possession, custody, or control, to the extent it is unduly burdensome,~~ "all documents" which are "reflecting" the incident without limitation or definition. As a result defendants object to this request as not properly limited in scope and not proportional to the needs of the case. Defendants further object to this ~~document~~ request ~~on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests~~ as vague and ~~personal safety of the individual defendants and/or non parties, to the extent that it calls for the production of~~

~~documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that~~<u>ambiguous as, construed broadly it requests defense counsel's records, which</u> are protected by the <u>attorney client,</u> law enforcement, ~~official information, doctor-patient, psychotherapist-patient~~<u>and other</u> privileges<u>, as well as the</u> attorney~~client, and~~ work ~~-~~product ~~privileges~~<u>doctrine.  Defendants further object to this document request on the grounds that it seeks information that is equally available to plaintiff,   in seeking documents of which plaintiff is in possession, custody, or control, or which is not within defendant's possession, custody, or control</u>.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are <u>not withholding any documents on the basis of</u>

these objections and further state that defendants are continuing to search for information

responsive to this request and will supplement this response if appropriate.

**DOCUMENT REQUEST NO. 12:**

Produce all documents reflecting NYPD uses of force related to Plaintiff or the

Incident or any resulting injuries or medical treatment, including, but not limited to, any NYPD

Threat, Resistance, and Injury Reports, AIDED reports, witness statements, Medical Treatment of

Prisoner Forms, Central Booking Medical Screening Forms, Ambulance Call Reports, Computer

Aided Dispatch documents, FDNY Pre-Hospital Care Reports, other ambulance, EMT, and

medical records, and all other documents related to any such use of force or any resulting injuries

or medical treatment.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

Defendants object to Document Request No. 12 on the grounds that it is ~~vague,~~

~~ambiguous,~~ overbroad, ~~not sufficiently limited in time or scope, to the extent~~ in that it ~~seeks~~

~~information that~~ is not ~~relevant nor reasonably calculated to lead to the discovery of admissible~~

~~evidence, to the extent there is another more practical method of obtaining discovery, such as~~

~~depositions regarding facts within the knowledge of individuals identified, to the extent that~~ limited

in scope or time to the extent it seeks ~~information that is not within defendant's possession,~~

~~custody, or control. Defendants further object to this document request on the grounds that it~~

~~implicates the sealing provisions of~~

~~N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal~~

~~safety of the individual defendants and/or non-parties, to the extent that it calls for the production of~~ "all documents ~~containing information of~~" which are "reflecting" the incident or uses of force without limitation or definition. As a ~~private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks~~result defendants object to this request as not properly limited in scope and not proportional to the needs of the case.  Defendants further object to this request as vague and ambiguous as to what documents ~~that~~are related to "related to" uses of force or the Incident and because, construed broadly it requests defense counsel's records, which are protected by the attorney client, law enforcement, ~~official information, doctor-patient, psychotherapist-patient~~and other privileges, as well as the attorney-~~client, and~~ work -product ~~privileges~~doctrine, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA").  Defendants further object to this document request on the grounds that it seeks information that is equally available to plaintiff,  in seeking documents of which plaintiff is in possession, custody, or control, or which is not within defendant's possession, custody, or control.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these objections and refer plaintiff to the documents previously produced bearing Bates Nos. DEF 71 – DEF 83, and the documents produced herein as:

- BWC of Officer Angeliesse Acevedo          Bates No. DEF 84
- BWC of Sgt. Ernest Hernandez               Bates No. DEF 85
- BWC of Sgt. Heriberto Hernandez            Bates No. DEF 86
- BWC of Officer John Ramos                  Bates No. DEF 87
- BWC of Officer Johnandrew Cusamo           Bates No. DEF 88
- BWC of Officer Michael Oggeri              Bates No. DEF 89
- BWC of Officer Pelly Casimir               Bates No. DEF 90
- BWC of Officer Robert Mui                  Bates No. DEF 91
- BWC of Officer Steven Vitelli              Bates No. DEF 92
- BWC of Officer Tamara Clement              Bates No. DEF 93
- BWC of Officer Tamara Clement              Bates No. DEF 94
- Arrest Worksheets                          Bates No. DEF 136-DEF 148

**DOCUMENT REQUEST NO. 13:**

If any Defendant claims any NYPD member was injured as a result of Plaintiff's conduct or the Incident, produce any related Line of Duty injury paperwork, witness statements, ambulance, EMT, and medical records, and all other documents related to any such injury.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Document Request No. ~~13 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of~~13 on the grounds that it is overbroad in that it seeks "all other documents related to such injury" without limitation in scope

~~N.Y. Crim. Proc. Law § 160.50,~~

or time.  As a result defendants object to this request as not properly limited in scope and not proportional to the needs of the case.  Defendants further object to this request as vague and ambiguous as to what documents are related to "related to" uses of force or the Incident and because, construed broadly it requests defense counsel's records, which are protected by the attorney client, law enforcement, and other privileges as well as the attorney work-product doctrine. Defendants further object to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties,  to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, it implicates doctor-patient, and psychotherapist-patient privileges, attorney client, and work product privileges.  Defendants further object to this request on grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of the Corporation Counsel, to the extent that it implicates  the sealing provisions of N.Y. C.P.L. §§ 160.50, 160.55, and/or Family Court Act § 375.1, and to the extent it implicates the Health Insurance Portability and Accountability Act, 42 U.S.C § 1320(d), et seq., ("HIPPA").

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state there are no responsive documents to this request.

**DOCUMENT REQUEST NO. 14:**

Produce all activity logs, memo book entries, daily activity reports, daily activity records, and other NYPD documents created by each Individual Defendant on the date of the Incident or that otherwise relate to Plaintiff's arrest or the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

Defendants object to Document Request No. 14 on the grounds that it is vague, and ambiguous, in that it seeks "other NYPD documents," without definition. Defendants also object as this request is overbroad, in that it seeks all document sat are "otherwise related" to plaintiff's arrest or the incident without limitation in scope or time. As a result defendants object to this request as not sufficientlyproperly limited in time or scope, to the extent that it seeks information that is scope and not relevant nor reasonably calculated to leadproportional to the discoveryneeds of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.case. Defendants further object to this document request on the grounds that it implicates the sealing provisions of

N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for

52

the production of documents containing information of a private and sensitive ~~nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks~~natureseeks documents that are protected by the law enforcement~~,~~ and official information~~, doctor-patient, psychotherapist-patient~~ privileges~~, attorney-client, and work product privileges.~~.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these objections and refer plaintiff to the documents previously produced bearing Bates Nos. DEF 71 – DEF 83, and the documents produced herein as:

- Memobook of Officer Clement                  Bates No. DEF 123–DEF 125

- Sprint Report                              Bates No. DEF 126-DEF 132
- Property Voucher                           Bates No. DEF 133-DEF 135
- Arrest Worksheets                          Bates No. DEF 136-DEF 148

**DOCUMENT REQUEST NO. 15:**

Produce all Online Prisoner Arraignment ("OLPA") Reports regarding Plaintiff's arrest and detention.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

Defendants object to Document Request No. 15 on the grounds that it is vague, ~~and~~ ambiguous~~, overbroad, not sufficiently limited in time or scope~~, ~~to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions~~ "Online Prisoner Arraignment Reports" reports "regarding ~~facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control."~~ to this incident without definition. Defendants further object to this ~~document~~ request ~~on the grounds that it implicates the sealing provisions of~~as overbroad in that it seeks "all" reports without limitation in time or scope ~~N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor patient, psychotherapist-patient privileges, attorney-client, and work product privileges.~~

Subject to, and without waiving, or in any way limiting, these objections or the

General Objections, defendants state they are not withholding documents on the basis of these objections, and refer plaintiff to the documents previously produced bearing Bates Nos. DEF 78 – DEF 79.

**DOCUMENT REQUEST NO. 16:**

Produce all documents sufficient to identify each NYPD member (including any supervisor(s)) who assisted in or supervised the Individual Defendants' arrest processing related to the Incident, including their creation of arrest processing paperwork.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

Defendants object to Document Request No. 16 on the grounds that it is vague, and ambiguous, in that it seeks documents "sufficient to identify" without definition. Defendants also object to this request as overbroad, as it is not sufficiently limited in time or scope, to seeking "all documents," and this request, construed broadly seeks defense counsel's records, which are protected by attorney client, law enforcement, and other privileges, as well as the extent that it seeks information that is not relevant nor reasonably calculated to leadattorney work- product doctrine.  As a result defendants object to this request as not properly limited in scope and not proportional to the discoveryneeds of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions ofcase.

N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the

General Objections, defendants state they are not withholding documents on the basis of these objections, and refer plaintiff to the documents previously produced bearing Bates Nos. DEF 1 – DEF 83, and the documents produced herein as:

- BWC of Officer Angeliesse Acevedo      Bates No. DEF 84

- BWC of Sgt. Ernest Hernandez      Bates No. DEF 85

- BWC of Sgt. Heriberto Hernandez      Bates No. DEF 86

- BWC of Officer John Ramos    Bates No. DEF 87

- BWC of Officer Johnandrew Cusamo  Bates No. DEF 88

- BWC of Officer Michael Oggeri   Bates No. DEF 89

- BWC of Officer Pelly Casimir    Bates No. DEF 90

- BWC of Officer Robert Mui                    Bates No. DEF 91
- BWC of Officer Steven Vitelli                 Bates No. DEF 92
- BWC of Officer Tamara Clement            Bates No. DEF 93
- BWC of Officer Tamara Clement            Bates No. DEF 94
- District Attorney File                           Bates No. DEF 95–DEF 122
- Memobook of Officer Clement               Bates No. DEF 123–DEF 125
- Sprint Report                                     Bates No. DEF 126-DEF 132
- Property Voucher                               Bates No. DEF 133-DEF 135
- Arrest Worksheets                             Bates No. DEF 136-DEF 148
- Criminal Court File                             Bates No. DEF 149-DEF 153

**DOCUMENT REQUEST NO. 17:**

Produce all documents provided by any Individual Defendant to any prosecutor or court related to Plaintiff's arrest or the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to Document Request No. 17 on the grounds that it is vague, and ambiguous overbroad, not sufficiently limited in time or scope, to the extent in that it seeks information that documents "related to" plaintiff's arrest or the Incident without definition. Defendants also object as this request is overbroad in that it seeks "all documents provided" to prosecutors or courts without limitation in time. As a result defendants object to this request as not properly limited in scope and not relevant nor reasonably calculated to lead proportional to the discovery needs of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within case. Defendants further object to this document request on the knowledge of individuals identified, to the extent grounds that it seeks documents that may be protected by the attorney client, work product, law enforcement, and

official information privileges.

~~seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.~~

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants <u>state they are not withholding documents on the basis of these objections, and</u> refer plaintiff to the documents produced herein as:

- District Attorney File                    Bates No. DEF 95–DEF 122
- Criminal Court File                       Bates No. DEF 149-DEF 153

**DOCUMENT REQUEST NO. 18:**

Produce all documents reflecting statements made by the Individual Defendants and any other person to a prosecutor or court related to Plaintiff or the Incident, including prosecutor's notes and criminal court accusatory instruments.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendants object to Document Request No. 18 on the grounds that it is vague<u>, and</u> ambiguous<u>,</u> ~~overbroad, not sufficiently limited in time or scope, to the extent~~ <u>in</u> that it seeks ~~information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent~~<u>documents</u>

"related to" plaintiff or the Incident without definition. Defendants also object as this request is overbroad in that it seeks ~~information that is not within defendant's possession, custody, or control.~~"all documents reflecting statements" without limitation in time or scope and without definition. As a result defendants object to this request as not properly limited in scope and not proportional to the needs of the case. Defendants further object to this document request on the grounds that it ~~implicates the sealing provisions of~~

~~N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it~~ seeks documents that ~~are~~may be protected by the ~~law enforcement, official information,~~ attorney-_client, ~~and~~ work product, law enforcement, and official information privileges.  Defendant further object to the extent this request seeks documents which are not within defendants' possession, custody, or control.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these objections, and refer plaintiff to the documents produced herein as:

- District Attorney File                    Bates No. DEF 95–DEF 122

- Criminal Court File                    Bates No. DEF 149-DEF 153

**DOCUMENT REQUEST NO. 19:**

Produce all documents provided by any Individual Defendant or NYPD member related to Plaintiff's prosecution.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants object to Document Request No. ~1~9 on the grounds that it is vague, and ambiguous, in that it seeks documents "related to" plaintiff's prosecution without definition. Defendants also object as this request is overbroad, in that it seeks "all documents provided" to without limitation in time or scope, and that it is unclear what is meant by "all documents provided by," as it does not sufficientlyclarify who the document were provided to. As a result defendants object to this request as not properly limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to leadscope and not proportional to the discoveryneeds of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.case. Defendants further object to this document request on the grounds that it implicates the sealing provisions ofseeks documents that may be protected by the attorney client, work product, law enforcement, and official information privileges.

N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by

the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these objections and refer plaintiff to the documents produced herein as:

- District Attorney File                Bates No. DEF 95–DEF 122

- Criminal Court File                   Bates No. DEF 149-DEF 153

**DOCUMENT REQUEST NO. 20:**

Produce all documents related to or reflecting communications between a prosecutor or court and a Defendant related to Plaintiff's prosecution.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

Defendants object to Document Request No. 20 on the grounds that it is vague, and ambiguous, overbroad, not sufficiently limited in time or scope, to the extent in that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent documents "related to or reflecting communications" between prosecutors or court without definition. Defendants also object as this request is overbroad in that it seeks information that is not within defendant's possession, custody, or control. "all documents related to or reflecting" without limitation in time or scope. As a result defendants object to this request as not properly limited in scope and not proportional to the needs of the case. Defendants further object to this document request on the grounds that it implicates the sealing provisions of

N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that aremay be protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges, law enforcement, and official information privileges and to the extent it seeks documents which are not in defendants possession, custody, or control.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these objections, and refer plaintiff to the documents produced herein as:

- District Attorney File                           Bates No. DEF 95–DEF 122
- Criminal Court File                              Bates No. DEF 149-DEF 153

**DOCUMENT REQUEST NO. 21:**

Produce all documents reflecting or related to the dispositions of any criminal case brought against Plaintiff or related to the Incident, including, but not limited to, any such documents within the care, custody, or control of the NYPD's Criminal Justice Bureau.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to Document Request No. 21 on the grounds that it is overbroad in that tis seeks "all documents" regarding dispositions, which necessarily includes documents that are not within the custody and control of defendants.  Defendants further object to the extent this request is vague, and ambiguous, overbroad, in that it seeks documents "reflecting or related to" disposition of any criminal case without definition.  As a result defendants object to this

request as not ~~sufficiently~~properly limited in ~~time or~~ scope~~, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and not proportional~~ to the ~~extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge~~needs of ~~individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control.~~the case.  Defendants further object to this document request on the grounds that it ~~implicates the sealing provisions of~~

~~N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it~~ seeks documents that ~~are~~may be protected by the attorney client, work product, law enforcement, and official information~~, doctor-patient, psychotherapist-patient~~ privileges~~, attorney-client, and work product privileges.~~.

Subject to, and without waiving, or in any way limiting these objections or the General Objections, and limiting this response to documents relevant to this Incident, these objections or the General Objections, defendants refer plaintiff to the documents produced herein as:

- Criminal Court File                    Bates No. DEF 149-DEF 153

**DOCUMENT REQUEST NO. 22:**

Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against Plaintiff.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22:**

Defendants object to Document Request No. 22 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time in that tis seeks "all documents" which are "reflecting or scope,related to the extent that it seeks information" decisions made by a prosecutor or a court, which necessarily includes documents that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts are not within the knowledge of individuals identified, to the extent that it seeks information that iscustody and control of defendants. Defendants further object to the extent this request is vague and ambiguous in that it seeks documents "reflecting or related to" decision made by a prosecutor or court without definition. As a result defendants object to this request as not properly limited in scope and not within defendant's possession, custody, or control.proportional to the needs of the case. Defendants further object to this document request on the grounds that it implicates the sealing provisions ofseeks documents that may be protected by the attorney client, work product, law enforcement, and official information privileges, and to the extent it seeks documents which are not in defendants possession, custody, or control.

 69

N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, psychotherapist-patient privileges, attorney-client, and work product privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these objections, and defendants refer plaintiff to the documents produced herein as:

- District Attorney File                      Bates No. DEF 95–DEF 122

**DOCUMENT REQUEST NO. 23:**

Produce all demands for preservation or litigation holds received or created by the NYPD related to the Incident, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau and holds created upon receiving the notice of claim and the FOIL request in this case.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23:**

Defendants object to Document Request No. ~~23 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence~~23 on the grounds that it is overbroad in that tis seeks "all demands for preservation or litigation holds," which necessarily includes documents that are not within the custody and control of defendants.  Defendants further object to the extent this request is vague and ambiguous.  As a result defendants object to this request as not properly limited in scope and not proportional to the needs of the case. Defendants further object to this document request on the grounds that it seeks documents that may be protected by the attorney client, work product, law enforcement, and official information privileges.  On the basis of these objections defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 24:**

Produce all documents concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning Plaintiff and the Incident, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all underlying

documents and communications, including e-mails, related to each such complaint or investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Defendants object to Document Request No. ~~24 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, and to the extent that it seeks information that is not within defendants' possession, custody, or control.  Defendants further object to Document Request No. 24 to the~~24 on the grounds that it is vague  and ambiguous as to which documents are "concerning" a CCRB investigation, as well as because it is overbroad in that read broadly it would include defense counsel's notes that relate to the CCRB investigative file, which are protected by the attorney work-product doctrine. Defendants further object to the extent this request seeks documents protected by the deliberatie process privilege.  Defendants further object to this request because it seeks documents that reveal sensitive investigative methods, which are protected by the law enforcement privilege, as well as because interpreted broadly this request would also encompass documents from the NYPD that relate to ongoing disciplinary proceedings against defendants, which cannot be disclosed to protect the integrity of the proceedings.

~~extent that it implicates the privacy interests and personal safety interests of the non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. Section 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege, deliberative process, or other applicable privilege, and to the extent that it seeks documents that are sealed pursuant to N.Y. C.P.L. § 160.50.~~

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state that they are ~~not able to provide a response to this request as, upon information and belief, there is an ongoing CCRB investigation into the alleged incident~~continuing to search for responsive documents will supplement this response as appropriate within thirty days.

**DOCUMENT REQUEST NO. 25:**

Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning Plaintiff related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Defendants object to Document Request No. 25 on the grounds that it is vague, and ambiguous ~~as to which documents are "concerning" an IAB investigation, as well as because it is~~ overbroad, ~~not sufficiently limited~~ in ~~time or scope,~~that read broadly it would include defense counsel's notes that relate to the ~~extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, and to the extent that it seeks information that is not within defendants' possession, custody, or control.~~IAB investigative file,

74

which are protected by the attorney work-product doctrine. Defendants further-

object to ~~Document Request No. 25 to the extent that it implicates the privacy interests and personal safety interests of the non-parties, to the extent that it calls for the production of documents containing information of a private and~~<u>this request because it seeks documents that reveal sensitive investigative methods, which are protected by the law enforcement privilege, as well as because interpreted broadly this request would also encompass documents from the NYPD that relate to ongoing disciplinary proceedings against defendants, which cannot be disclosed to protect the integrity of the proceedings.</u>

~~sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it~~
~~implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R.~~
~~Section 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the~~
~~psycho-therapist-patient privilege, physician-patient privilege or other applicable privilege, and to~~
~~the extent that it seeks documents that are sealed pursuant to N.Y. C.P.L. § 160.50.~~

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state that, upon information and belief, there is no IAB investigation into this incident.

**DOCUMENT REQUEST NO. 26:**

Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning Plaintiff or the Incident undertaken by the City of New York or any of its agencies, including, but not limited to, all such documents related to any Individual Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Defendants object to Document Request No. 26 on the grounds that it is vague~~, and~~ ambiguous~~, as to which documents are "concerning" a complaint or investigation, as well as~~ because it is overbroad~~, not sufficiently limited~~ in ~~time or scope, to the extent~~ that ~~it seeks information~~read broadly it would include defense counsel's notes that ~~is not relevant nor reasonably calculated~~relate to ~~lead to the discovery of admissible evidence, to the extent that there~~ ~~is another more practical method of obtaining discovery, such as depositions, to the extent it is~~ ~~unduly burdensome as it calls for any investigation by any New York City agency, and to the~~ ~~extent that it seeks information that is not within defendants' possession, custody, or control.~~an investigative file, which are protected by the attorney work-product doctrine. Defendants further object to ~~Document Request No. 26 to the extent that it implicates the privacy interests and~~

~~personal safety interests of the non parties, to the extent that it calls for the production of~~
~~documents containing information of a private and sensitive nature that is unrelated to the~~
~~performance of an officer's duties, to the extent that it~~

implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. Section 164.512 ("HIPAA"), and to the extent that~~this request because~~ it seeks documents that reveal sensitive investigative methods, which are protected by the ~~psychotherapist-patient privilege, physician-patient privilege or other applicable privilege, and to the extent that it seeks documents that are sealed pursuant to N.Y. C.P.L. § 160.50~~law enforcement privilege, as well as because interpreted broadly this request would also encompass documents from the NYPD that relate to ongoing disciplinary proceedings against defendants, which cannot be disclosed to protect the integrity of the proceedings.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state that they are ~~not able to provide a response to this request as, upon information and belief, there is an ongoing CCRB investigation into the alleged incident~~continuing to search for responsive documents and will supplement this response as appropriate within thirty days.

**DOCUMENT REQUEST NO. 27:**

Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any other State, Federal, or other entity, including, but not limited to, all such documents related to any Individual Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

Defendants object to Document Request No. 27 on the grounds that it is vague; and ambiguous~~, – as to which documents are "concerning" this incident, as well as because it is~~ overbroad~~, not sufficiently limited~~ in ~~time or scope, to the extent~~ that ~~it seeks information~~read broadly it would include defense counsel's notes that ~~is not relevant nor reasonably calculated~~relate to ~~lead to~~documents regarding investigative files, which are protected by the attorney work-product doctrine. Defendants further object to this request because it seeks documents that reveal sensitive investigative methods, which are protected by the ~~discovery of admissible evidence,~~law enforcement privilege, as well as because interpreted broadly this request would also encompass documents from that relate to ~~ongoing disciplinary proceedings against defendants, which cannot be disclosed to protect~~ the ~~extent that there is another more practical method of obtaining discovery, such as depositions, and to~~ integrity of the ~~proceedings.~~ Defendants further object to the extent ~~that~~ it seeks ~~information that is not within defendants'~~documents which are not in defendants possession, custody, or control.~~ Defendants~~

~~- 80 -~~

further object to Document Request No. 27 to the extent that it implicates the privacy interests and personal safety interests of the non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R..

~~Section 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the psycho-therapist-patient privilege, physician-patient privilege or other applicable privilege, and to the extent that it seeks documents that are sealed pursuant to N.Y. C.P.L. § 160.50.~~

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state that they are ~~not able to provide a response to this request as, upon information and belief, there is an ongoing CCRB investigation into the alleged incident~~continuing to search for responsive documents and will supplement this response as appropriate within thirty days.

**DOCUMENT REQUEST NO. 28:**

Produce each Individual Defendant's — including the Doe Defendants' — NYPD Academy transcript.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Defendants object to Document Request No. 28 on the grounds that it is vague, ambiguous, overbroad, not properly limited in time, overbroad, and to the extent it seeks informationscope, in seeking NYPD Academy transcripts that is not relevant or reasonably calculated to lead to the discoveryhave no bearing on any of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object tothe claims and defenses in this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties.matter. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent

that it calls for the production of this request seeks an unwarranted invasion of defendants' privacy, and on the grounds that tis request is unduly burdensome and not proportional to the needs of the case.  Defendants further object on the grounds that the documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are sought, which have personally identifying information, are protected by the law enforcement privilege, official information, doctor-patient, and psychotherapist-patient privileges privilege, and on the ground that this request seeks documents that are private and/or sensitive in nature.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order are not withholding documents on the basis of these objections and will supplement this response within thirty days.

**DOCUMENT REQUEST NO. 29:**

Produce each Individual Defendant's — including the Doe Defendants' — current NYPD Personnel Profile Report – All History.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to Document Request No. 29 on the grounds that it is vague, ambiguous, overbroad, not properly limited in time, overbroad, scope, in seeking NYPD Personnel Profile Reports that have no bearing on any of the claims and defenses in this matter.  Defendants further object on the grounds that this request seeks an unwarranted invasion of defendants' privacy, and on the grounds that this request is unduly burdensome and not proportional to the extent it seeks needs of the case.  Defendants further

object on the grounds that the documents sought, which have personally identifying information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks , are protected by law enforcement privilege, official information privilege, and on the ground that this request seeks documents that are private and/or sensitive in nature.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they are not withholding documents on the basis of these objections and will supplement this response within thirty days.

**DOCUMENT REQUEST NO. 30:**

Produce each Individual Defendant's — including the Doe Defendants' — current NYPD Central Personnel Index ("CPI") report.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. that is not within defendant's possession, custody, or control 30 on the grounds that it is not properly limited in scope, in seeking NYPD CPI reports that have no bearing on any of the claims and defenses in this matter. Defendants further object on the grounds that this request seeks an unwarranted invasion of defendants' privacy, and on the grounds that tis request is unduly burdensome and not proportional to the needs of the case. Defendants further object on the grounds that the documents sought, which have personally identifying information, are protected by law enforcement privilege, official information privilege, and on the ground that this request seeks documents that are private and/or sensitive in nature. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks

information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the

privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"),, and to the extent that it seeks documents that are protected by the law enforcement, and official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants refer plaintiff to the document produced herein bearing Bates Nos. DEF 242, 247-253.  Defendants further state they are not withholding documents on the basis of these objections.

**DOCUMENT REQUEST NO. 31:**

Produce each Individual Defendant's — including the Doe Defendants — current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants object to Document Request No. Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 30:**

Produce each Individual Defendant's — including the Doe Defendants' — current NYPD Central Personnel Index ("CPI") report.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

~~Defendants object to Document Request No. 30 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.~~31 on the grounds that it is not properly limited in scope, in seeking NYPD IAB resumes that have no bearing on any of the claims and defenses in this matter.  Defendants further object as this request is overbroad in that it seeks "all related NYPD documents," without limitation, which necessarily includes  documents that are irrelevant to this matter.  As a result, defendants object to this request as not properly limited in scope and not proportional to the needs of the case. Defendants further object to this request on the grounds that it is vague and ambiguous as to what constitutes documents concerning the "communications and documents"  reflecting the ultimate disposition of unrelated

instances of discipline, and because, construed broadly it requests defense counsel's records (*i.e.* records maintained by the Office Corporation Counsel of the City of New York), which are protected by the attorney-client, law enforcement, and other privileges, as well as the attorney work-product doctrine.  Defendants further object on the grounds that this request seeks an unwarranted invasion of defendants' privacy, and on the grounds that tis request is unduly burdensome and not proportional to the needs of the case.  Defendants further object on the grounds that the documents sought, which have personally identifying information, are protected by law enforcement privilege, official information privilege, and on the ground that this request seeks documents that are private and/or sensitive in nature.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non- parties. Defendants further object to this document request on the grounds that it implicates

the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it ~~implicates~~may implicate the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a ~~similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.~~

similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants refer plaintiff to the document produced herein bearing Bates Nos. DEF 243-244, 254-259.  Defendants further state they are not withholding documents on the basis of these objections.

**DOCUMENT REQUEST NO. 32:**

Produce each Individual Defendant's — including the Doe Defendants' — current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

**DOCUMENT REQUEST NO. 31:**

Produce each Individual Defendant's — including the Doe Defendants — current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants object to Document Request No. 31 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks

~~information that is not within defendant's possession, custody, or control.~~Defendants object to Document Request No. 32 on the grounds that it is grounds that it is not properly limited in scope, in seeking defendants' CCRB history that have no bearing on any of the claims and defenses in this matter.  Defendants further object as this request is overbroad in that it seeks "all underlying CCRB documents," without limitation, which necessarily includes documents that are irrelevant to this matter.  As a result, defendants object to this request as not properly limited in scope and not proportional to the needs of the case. Defendants further object to this request on the grounds that it is vague and ambiguous as to  what constitutes documents concerning the "communications and documents"  reflecting the ultimate disposition of unrelated instances of discipline, and because, construed broadly it requests defense counsel's records (*i.e.* records maintained by the Office Corporation Counsel of the City of New York), which are protected by the attorney-client, law enforcement, and other privileges, as well as the attorney work-product doctrine.  Defendants further object on the grounds that this request seeks an unwarranted invasion of defendants' privacy, and on the grounds that tis request is unduly burdensome and not proportional to the needs of the case. Defendants  further  object  on  the grounds that the documents sought, which have personally

identifying information, are protected by law enforcement privilege, official information privilege, and on the ground that this request seeks documents that are private and/or sensitive in nature. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it ~~implicates~~may implicate the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor- patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants refer plaintiff to the document produced herein bearing Bates Nos. DEF 239-241, 245-246.  Defendants further state they are not withholding documents on the basis of these objections

**DOCUMENT REQUEST NO. 33:**

Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings

and admonishment against any of the Individual Defendants — including the Doe Defendants — including, but not limited to, any GO-15 statements.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendants object to Document Request No. 33 on the grounds that it is not properly limited in scope, in seeking documents concerning police disciplinary action that have no bearing on any of the claims and defenses in this matter.  Defendants further object as this request is overbroad in that it seeks "all documents," without limitation, which necessarily includes documents that are irrelevant to this matter.   As a result, defendants object to this request as not properly limited in scope and not proportional to the needs of the case. Defendants further object to this request on the grounds that it is vague and ambiguous as to what constitutes documents concerning the "communications and documents" reflecting the ultimate disposition of unrelated instances of discipline, and because, construed broadly it requests defense counsel's records (*i.e.* records maintained by the Office Corporation Counsel of the City of New York), which are protected by the attorney-client, law enforcement, and other privileges, as well as the attorney work-product doctrine.  Defendants further object on the grounds that this request seeks an unwarranted invasion of defendants' privacy, and on the grounds that tis request is unduly burdensome and not proportional to the needs of the case. Defendants further object on the grounds that the documents sought, which have personally identifying information, are protected by law enforcement privilege, official information privilege, and on the ground that this request seeks documents that are private and/or sensitive in nature. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein,  and to the extent it implicates the privacy and security concerns of parties and non-

parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it may implicate the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges. Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants refer plaintiff to the document produced herein bearing Bates Nos. DEF 239-259.  Defendants further state they are not withholding documents on the basis of these objections

**DOCUMENT REQUEST NO. 34:**

Produce each Individual Defendant's — including the Doe Defendants — complete NYPD personnel file.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendants object to Document Request No. 34 on the grounds that it is overbroad and not properly limited in scope, in seeking defendants' complete NYPD Personnel files that have no bearing on any of the claims and defenses in this matter.  Defendants further object on the grounds that this request seeks an unwarranted invasion of defendants' privacy, and on the grounds that tis request is unduly burdensome and not proportional to the needs of the case.   Defendants further object on the grounds that the documents sought, which have

personally identifying information, are protected by law enforcement privilege, official information privilege, and on the ground that this request seeks documents that are private and/or sensitive in nature. Defendants' further object to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they are not withholding documents on the basis of these objections and further state that they will supplement this response within 30 days.

**DOCUMENT REQUEST NO. 35:**

Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual Defendant — including each Doe Defendant — has been subjected to during their time as a NYPD member.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendants object to Document Request No. 35 on the grounds that it is overbroad and not limited in time or scope, to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence as plaintiff's claims in this matter do not relate to any allegations of force. Defendants further object to this request because it is not proportional to the needs of this case. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to, the incident, to the extent it seeks information that is not similar to the allegations

herein, and to the extent it implicates the privacy and security concerns of parties and non- parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature  that is unrelated to the performance of an officer's duties, and to the extent that it seeks documents that are protected by the law enforcement, official information.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they are not withholding documents on the basis of these objections and further state that they will supplement this response within 30 days,

**DOCUMENT REQUEST NO. 36:**

Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant, including each Doe Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to Document Request No. 36 on the grounds that it is  overbroad and, not limited in time or scope, to the extent it seeks all "RAILS" documents, , and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing

provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties), and to the extent that it seeks documents that are protected by the law enforcement, official information, ~~doctor-patient, and psychotherapist-patient privileges~~ privileges.  Defendants further object as this document request seeks information pertaining to co-defendants represented by separate counsel.

~~Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.~~

**~~DOCUMENT REQUEST NO. 32:~~**

~~Produce each Individual Defendant's — including the Doe Defendants' — current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.~~

**Formatted:** Right:  0.09"

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants object to Document Request No. 32 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants state that they

will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 33:**

Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual Defendants — including the Doe Defendants — including, but not limited to, any GO-15 statements.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendants object to Document Request No. 33 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512

("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants Officers Clement and Sgt. Hernandez, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 34:**

Produce each Individual Defendant's — including the Doe Defendants — complete NYPD personnel file.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendants object to Document Request No. 34 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the

privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 35:**

Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual Defendant — including each Doe Defendant — has been subjected to during their time as a NYPD member.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendants object to Document Request No. 35 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and

102

non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 36:**

Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant, including each Doe Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to Document Request No. 36 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the

~~allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.~~

Subject to, and without waiving or in any way limiting these objections or the General Objections, ~~and~~ defendants state that they are <u>not withholding documents on the basis of these objections. Defendants further state that they are</u> continuing to search for ~~information~~ responsive ~~to this request~~<u>documents,</u> and will supplement this response <u>within 30 days,</u> if ~~appropriate~~<u>necessary</u>.

**DOCUMENT REQUEST NO. 37:**

Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant — including each Doe Defendant — identified in response to Interrogatory No. 12 above.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendants object to Document Request No. 37 on the grounds that it is ~~vague, ambiguous,~~ overbroad<u>, and burdensome, in that it is</u> not limited in time,~~ overbroad~~ <u>or scope</u>, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, <u>in that it seeks documents irrelevant to the instant action,</u>

~~-~~104~~-~~

pertaining to prior lawsuits against defendants.  Defendants object to this request to the extent it ~~is unduly burdensome and not proportional to the needs of~~seeks information concerning allegations which occurred more than five years prior to, or subsequent to the ~~case~~incident, to the extent ~~there~~it seeks information that  is  ~~another   more   practical   method   of   obtaining   discovery,   such   as depositions regarding facts within~~not similar to the ~~knowledge of individuals identified~~allegations herein, and to the ~~extent  that  it  seeks  information  that  is  not~~

within defendant's possession, custody, or control.  Defendants further object to the extent this request seeks documents which are publicly accessible and thus equally accessible to all parties and places an undue burden on defendants.  Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

extent it implicates the privacy and security concerns of parties and non-parties.  On the basis of these objections defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 38:**

Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant — including each Doe Defendant — identified in response to Interrogatory No. 12 above.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendants object to Document Request No. 38 on the grounds that it is ~~vague,~~ ~~ambiguous,~~ overbroad~~,~~ and not limited in time~~, overbroad, and~~ or scope, to the extent it seeks documents related to criminal proceedings against the individually named defendants.   This information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence~~, to the~~

extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent . Defendants further object to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to the extent this request seeks documents which are publicly accessible and thus equally accessible to all parties and places an undue burden on defendants. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further objectobjects to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's dutiesProc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, doctor-patient, and psychotherapist-patient privileges.

Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants state that Sgt. Hernandez and Officer Clement have not been

- 108 -

criminal defendants.  As such, defendants are not aware of any responsive documents and will interpose no further response.

**DOCUMENT REQUEST NO. 39:**

> Produce any other documents reflecting whether each Individual Defendant — including each Doe Defendant — received training, at the NYPD Academy or afterward, including, but not limited to, any Strategic Response Group ("SRG") and/or Disorder Control Unit ("DCU") training, related to the following topics:

> a.    The First Amendment, including as it relates to the right to record police;

> b.    The No Recording Policy;

c.     The City Right to Record Act;

d.     The State Right to Record Act;

e.     Trespassing;

f.     The nature of stationhouses and the promise to New Yorkers that stationhouses
       were public;

g.     Dispersal orders;

h.     The need to give dispersal orders and a meaningful opportunity to comply with
       them before making certain arrests;

i.     Use of force, the force continuum, and de-escalation;

j.     Use of force reporting;

k.     NYPD body-worn camera use, including the circumstances under which body-
       worn cameras are meant to be activated;

l.     Probable cause to arrest or prosecute a person for a perceived violation of the No
       Recording Policy;

m.      Arrest processing, including, but not limited to, the creation of arrest processing documents;

n.      The creation of NYPD arrest and arrest processing-related documents; and

o.      COVID-19 NYPD, public, and/or arrestee safety protocols, including, but not limited to, any such protocols regarding the wearing of masks, social distancing, handwashing, social distancing, and any impacts crated by the COVID-19 pandemic on NYPD arrests, arrest processing, large-scale arrest processing, or other operations.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendants object to Document Request No. 39 on the grounds that it is ~~vague, ambiguous,~~ overbroad~~,~~ to the extent it is not ~~sufficiently~~ limited in time or scope~~, and~~ to the extent that ~~it~~is seeks ~~information~~documents "reflecting" training received by defendants without definition.  Defendants further object as this request seeks documents that ~~is~~are not relevant nor reasonably calculated to lead to the discovery of admissible evidence ~~(the request, for example, seeks "the training history" without limitation of time or relevance to the instant case),~~  and to the extent that the information sought is publicly available and, thus, equally available to all parties~~, and to the extent there is another more practical method of obtaining discovery,~~.  Defendants further object as this request is vague and ambiguous in generally seeking "documents," and as such ~~as depositions regarding facts within the knowledge of individuals identified.~~it may seek documents containing information protected from disclosure by the official information and law enforcement privileges.  Defendants further object on the grounds that such information is not relevant to any party's claims or defenses.  Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the law enforcement privilege, or other applicable privileges.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these

objections and refer plaintiff to individual officer training history available on the publicly accessible website https://nypdonline.org/link/2 .

**DOCUMENT REQUEST NO. 40:**

Produce all documents reflecting the substance of the training each Individual Defendant — including each Doe Defendant — received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 39.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendants object to Document Request No. 40 on the grounds that it is overbroad to the extent it is not limited in time or scope to the extent that is seeks documents "reflecting" training received by defendants without definition. Defendants further object as this request seeks documents that are not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and to the extent that the information sought is publicly available and, thus, equally available to all parties. Defendants further object as this request is vague and ambiguous in generally seeking "documents," and as such it may seek documents containing information protected from disclosure by the official information and law enforcement privileges. Defendants further object on the grounds that such information is not relevant to any party's claims or defenses. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the law enforcement privilege, or other applicable privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 40 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible436

- 113

~~evidence (the request, for example, seeks "the training history" without limitation of time or relevance to the instant case), to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified. Defendants further object on the grounds that such information is not relevant to any party's claims or defenses. Defendants also object to this request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, the law enforcement privilege, or other applicable privileges.~~

U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, defendants state they are not withholding documents on the basis of these objections and refer plaintiff to individual officer training history available on the publicly accessible website https://nypdonline.org/link/2 .

**DOCUMENT REQUEST NO. 41:**

Produce all documents concerning NYPD's official policies that were in effect at the time of the Incident, related to the topics in Document Request No. 39, including, but not limited to, any relevant NYPD Patrol Guide and Administrative Guide provisions.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendants object to Document Request No. 41 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated

privileges.    Defendants further object as this interrogatory is premature insofar as it seeks

discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated

as "phase two" discovery by the Court and by agreement of the parties.

**<u>DOCUMENT REQUEST NO. 42:</u>**

Produce all documents concerning the substance of the NYPD's official policies

related to the topics in Document Request 39.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendants object to Document Request No. 42 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 43:**

Produce all documents reflecting the nature, scope, and intended enforcement of the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendants object to Document Request No. 43 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, law enforcement, and deliberative

- 117

~~information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, law enforcement, and deliberative~~ due process privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 44:**

Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding the Incident or the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendants object to Document Request No. 41 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information and law enforcement, and deliberative due process privileges.  ~~–~~Defendants further object as this interrogatory is premature insofar as it seeks <u>discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated</u>

discovery under ~~Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated~~ as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 45:**

Produce all documents received by the New York City Law Department related to the Incident pursuant to subpoena, Plaintiff's authorization, Freedom of Information Law request, or otherwise, including, but not limited to, criminal court files, prosecutors' files, rap-

sheets, medical records, and all other records from any source whatsoever, along with copies of

the request(s) made by the Law Department for such documents and any related correspondence.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

   Defendants object to Document Request No. 45 on the grounds that it is vague,

ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks

information that is not relevant, nor reasonably calculated to lead to the discovery of admissible

evidence.

   Subject to, and without waiving or in any way limiting these Objections, defendants

refer plaintiff to the documents produced herein as:

- Mount Sinai Medical Records for Plaintiff  Bates No. DEF 154-DEF 162
- Coney Island Hospital Records for Plaintiff  Bates No. DEF 163-DEF 221
- City MD Records for Plaintiff    Bates No. DEF 222-DEF 238

**DOCUMENT REQUEST NO. 46:**

   Produce all documents Defendants intend to use at any deposition in this case,

including for impeachment purposes.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendants object to Document Request No. 46 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants reserve their right to use any documents permitted under the Federal Rules.

**DOCUMENT REQUEST NO. 47:**

> Produce all documents Defendants intend to use at the time of trial, including for impeachment purposes.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

> Defendants object to Document Request No. 47 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants reserve their right to use any documents permitted under the Federal Rules and will identify such documents at the time the Judge's Individual Rules so require.

**DOCUMENT REQUEST NO. 48:**

> Produce the 2018 memorandum creating and implementing the No Recording Policy referred to in the Complaint and all documents concerning the 2018 memorandum creating and implementing the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

> Defendants object to Document Request No. 48 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information and law enforcement, and deliberative due process privileges.   Defendants further object as this interrogatory is premature insofar as it seeks

~~identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information and law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks~~ discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated

as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 49:**

Produce all deliberative documents concerning the choice to implement the No Recording Policy, including, but not limited to, all communications, critiques, comments, and the like.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendants object to Document Request No. 49 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under <u>Monell v. Dep't. of Soc. Svcs.</u>, 436 U.S. 658 (1978), which has been designated

as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 50:**

   Produce all documents concerning the interactions between the City Right to Record Act and the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendants object to Document Request No. ~~50 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges.~~ 50 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks ~~Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.~~

   ~~DOCUMENT REQUEST NO.~~

information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 51:**

Produce all documents concerning any change or decision not to make changes in the NYPD's policies, trainings, practices, procedures, and the like concerning the City Right to Record Act.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 51:**

Defendants object to Document Request No. 51 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks

125

~~obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks~~ discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated

as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 52:**

Produce all documents concerning the interactions between the State Right to Record Act and the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 52:**

~~Defendants object to Document Request No. 52 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.~~

DOCUMENT REQUEST NO. **DEFENDANTS OBJECT TO DOCUMENT REQUEST NO. 52 TO THE EXTENT THAT IT IS VAGUE, AMBIGUOUS, OVERBROAD, NOT SUFFICIENTLY LIMITED IN TIME OR SCOPE, TO THE EXTENT THAT IT SEEKS INFORMATION THAT IS NOT RELEVANT NOR REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSIBLE EVIDENCE, IT IS UNDULY BURDENSOME, TO THE EXTENT THERE IS ANOTHER MORE PRACTICAL METHOD OF OBTAINING DISCOVERY, SUCH AS DEPOSITIONS REGARDING FACTS WITHIN THE KNOWLEDGE OF INDIVIDUALS IDENTIFIED, TO THE EXTENT THAT THE INFORMATION SOUGHT IS PUBLICLY AVAILABLE AND, THUS, EQUALLY AVAILABLE TO ALL PARTIES, AND TO THE EXTENT THAT IT SEEKS DOCUMENTS CONTAINING INFORMATION PROTECTED FROM DISCLOSURE BY THE OFFICIAL INFORMATION, LAW ENFORCEMENT, AND DELIBERATIVE DUE PROCESS PRIVILEGES. DEFENDANTS FURTHER OBJECT AS THIS INTERROGATORY IS PREMATURE INSOFAR AS IT SEEKS DISCOVERY UNDER MONELL V. DEP'T. OF SOC. SVCS., 436 U.S. 658 (1978), WHICH HAS BEEN DESIGNATED AS "PHASE TWO" DISCOVERY BY THE COURT AND BY AGREEMENT OF THE PARTIES.DOCUMENT REQUEST NO. 53:**

Produce all documents concerning any change or decision not to make changes in the NYPD's policies, trainings, practices, procedures, and the like concerning the State Right to Record Act.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 53:**

Defendants object to Document Request No. 53 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals

identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 54:**

Produce all documents concerning the testimony of NYPD members at the Jun. 9, 2020 City Council hearing, including any communications about the testimony, draft prepared remarks, documents concerning who would testify, internal communications about the hearing and evaluating the hearing, and any other document of any kind concerning the hearing.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendants object to Document Request No. 54 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 54:**

Produce all documents concerning the testimony of NYPD members at the Jun. 9, 2020 City Council hearing, including any communications about the testimony, draft prepared remarks, documents concerning who would testify, internal communications about the hearing and evaluating the hearing, and any other document of any kind concerning the hearing.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 54:**

Defendants object to Document Request No. 54 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks

~~information that is not relevant nor reasonably calculated to lead to the discovery of admissible~~
~~evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining~~
~~discovery, such as depositions regarding facts within the knowledge of individuals identified, to~~
~~the extent that the information sought is publicly available and, thus, equally available to all parties,~~
~~and to the extent that it seeks documents containing information protected from disclosure by the~~
~~official information, law enforcement, and deliberative due process privileges. Defendants further~~
~~object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of~~
~~Soc. Svcs., 436 U.S. 658 (1978), which has been designated~~
~~as "phase two" discovery by the Court and by agreement of the parties.~~

**~~DOCUMENT REQUEST NO.~~ 55:**

Produce all documents concerning any other potential, contemplated, rejected, or actual NYPD testimony, comment, or other input into either the State or City Right to Record Act.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 55:**

Defendants object to Document Request No. 55 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated

discovery under ~~Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated~~ as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 56:**

Produce all documents concerning the creation of the in-precinct signs implementing the No Recording Policy, including — but in no way limited to — all draft versions of the language, the orders to create the signs, any commentary on the signs, any cost estimates or policy evaluations of the signs.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 56:**

Defendants object to Document Request No. ~~56 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process~~56 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under ~~Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated~~

information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated

as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 57:**

    Produce all documents concerning any person arrested in connection with the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 57:**

       Defendants object to Document Request No. 57 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges.  Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 58:**

Produce documents sufficient to identify whether and which of the arrests identified in the required reporting under the City Right to Record Act were made in connection with the No Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 58:**

Defendants object to Document Request No. 58 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated

– 134 –

~~from disclosure by the official information, law enforcement, and deliberative due process~~

~~privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery~~

~~under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated~~

as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 59:**

Produce all documents concerning the reporting required under the City Right to

Record Act, including, but not limited to, documents that show how NYPD determines which

arrests are included in the reporting.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 59:**

Defendants object to Document Request No. 59 to the extent that it is vague,

ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks

information that is not relevant nor reasonably calculated to lead to the discovery of admissible

evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining

discovery, such as depositions regarding facts within the knowledge of individuals identified, to

the extent that the information sought is publicly available and, thus, equally available to all parties,

and to the extent that it seeks documents containing information protected from disclosure by the

official information, law enforcement, and deliberative due process privileges.  Defendants further

object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of

Soc. Svcs., 436 U.S. 658 (1978), which has been designated

as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 60:**

   Produce all documents concerning any arrest made in connection with the No

Recording Policy.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 60:**

Defendants object to Document Request No. 60 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated

as "phase two" discovery by the Court and by agreement of the parties.

**DOCUMENT REQUEST NO. 61:**

137

Produce all documents concerning the incident described in Tina Moore and Amanda Woods, NYPD bans civilians from recording video inside precincts, NY POST (Aug. 18, 2018), including, but not limited to, any communications discussing what to do about the publicity of the incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 61:**

Defendants object to Document Request No. 61 to the extent that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object as this interrogatory is premature insofar as it seeks discovery under Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated

~~available to all parties, and to the extent that it seeks documents containing information protected from disclosure by the official information, law enforcement, and deliberative due process privileges. Defendants further object~~ ~~as this interrogatory is premature insofar as it seeks discovery under~~ ~~Monell v. Dep't. of Soc. Svcs., 436 U.S. 658 (1978), which has been designated~~ as "phase two" discovery by the Court and by agreement of the parties.

Dated:       New York, New York
             ~~January 6~~July 12,
             2023

                              HON. SYLVIA O. HINDS-RADIX
                              Corporation Counsel of the
                                   City of New York
                              *Attorney for Defendants City, Clement, Hernandez*
                              100 Church Street, Room 3-159
                              New York, New York 10007
                              (212) 356-3539


                              By:   /s/
                                    _____
                                    John Schemitsch
                                    *Senior Counsel*


TO:   VIA EMAIL
      COHEN & GREEN
      J. Remy Green, Esq.
      *Attorney for Plaintiff*
      1639 Centre Street, Ste. 216
      Ridgewood, New York, 11385
      Tel: 929-888-9480

140