

July 18, 2023

John Schemitsch
*Senior Counsel*
Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

By Electronic Mail

      Re:      **Rodney v. City of New York, 22-cv-1445**

Dear Mr. Schemitsch:

      As you know, my firm and I represent Plaintiff Patricia Rodney in the case above. I write to spell out in some detail the significant remain deficiencies in Defendants' discovery responses in this case — and, not withstanding a promise to the Court to do so, a remaining failure to heed the "discovery wake-up call to the Bar in this District" in the 2015 Amendments to the Rules and later re-sounded in the caselaw. *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *2 (SDNY Feb. 28, 2017).

      At this stage, given that Defendants have acknowledged that their responses are "within the purview of … *Fischer v. Forrest*," and *Fischer* repeatedly and explicitly cautions that "any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)," unless Defendants withdraw nearly all the current (meritless and non-specific) objections, we intend to treat all non-privilege objections as waived and move to compel the long overdue production of documents. 2017 U.S. Dist. LEXIS 28102, at *9 (S.D.N.Y. Feb. 28, 2017).

      Some of this appears to border on bad faith. Despite having promised to "remove boilerplate or 'form file' objections that do not apply to specific requests" (ECF No. 84 (citation omitted)), Defendants have obviously failed to do so. The **exact** phrase, with **no** explanation, "vague, ambiguous, overbroad" appears 38 times verbatim. That's the definition of boilerplate. Likewise, even extending it to a full sentence, the ***in full*** — that is, with no further explanation — objection, "on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case" appears ***twenty times*** verbatim (or close to it[1]). After an express promise to the Court

---

[1] It appears 12 times verbatim exactly, and 8 times as, "on the grounds that it is vague, ambiguous, overbroad, not proportional to the needs of the case," followed by some other boilerplate, for example, in Int. No. 14, "not sufficiently limited in time or scope, to the extent that it seeks - 13 - information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, it is unduly burdensome, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the



— to hold off an issue Plaintiff had raised for several weeks and then teed up for a conference, no less — to fix this, to simply rattle off boilerplate like this does not strike us as fair play or a tactic designed to do anything other than impose costs on Plaintiff and her counsel.

    **I. Defendants' Responses to the Document Requests and Interrogatories violate the 2015 Amendments to the Federal Rules of Civil Procedure, and include numerous invalid and inapplicable objections.**

The Federal Rules of Civil Procedure were amended in 2015 to bar the kind of boilerplate, unspecific objections Defendants have interposed. Compounding this violation, Defendants have also included objections in the Responses that are not applicable, ignore blackletter law, and in one instance, Defendants appear to have invented an objection that has no basis in the law. Taken together, Defendants have unnecessarily complicated these proceedings, and delayed resolution of disputes.

    **a. Defendants continue to improperly assert non-specific, vague, and boilerplate objections, in violation of the 2015 Amendments to the Federal Rules of Civil Procedure, and then compound this abuse by failing to state what documents, if any are being withheld based on each objection.**

As an initial matter that cuts across Defendants' responses, Defendants fail to conform to 2015 amendments to the FRCP, which were implemented to bar the exact type of boilerplate, vague responses that Defendants have employed here. It is no longer acceptable to list a series of objections and then at the end state vaguely what may or may not be produced. Since 2015, FRCP 34(b)(2)(C) has been clear that "An objection to part of a request must specify the part and permit inspection of the rest." As such, the majority of Defendants' responses and objections are inadequate and operate to waive objections for vagueness, relevance, burden, proportionality, and breadth. See *Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("From now on in cases before this Court, any discovery response that does not comply with Rule 34's requirement to state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection) will be deemed a waiver of all objections (except as to privilege)."). Additionally, "'[a]n objection may state that a request is overbroad, but if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad" although "[a]n objection that states the limits that have controlled the search for responsive and relevant materials qualifies as a statement that the materials have been 'withheld.'" Id. at *2-4 (citing 2015 Advisory Committee Notes to Rule 34). Additionally, "meaningless boilerplate" objections such as statements that requests are "overbroad" and "unduly burdensome" that does not explain why the requests are burdensome or how they are overbroad are

---

knowledge of individuals identified, to the extent that the information sought is publicly available and, thus, equally available to all parties, to the extent that it seeks documents containing information protected from disclosure by the official information and law enforcement privileges, and seeks information not proportional to the needs of the case."  And it probably goes without saying, but obviously, these objections are not tailored — for example, in this instance, the request is *explicitly* limited in time by seeking documents concerning "current" policies.

COHEN&GREEN    Page 2 of 13

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



"'improper unless based on particularized facts'" that are articulated as part of the objection. Id. at *8. "[B]oilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.,* 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

Furthermore, Defendants did not state whether they have withheld any responsive materials on the basis of these objections, and, if so, which documents they have withheld, on the basis of which objection, despite the clear mandates of Fed. R. Civ. P. 34(b)(2)(C). That is improper. *See Michael Kors, L.L.C. v. Su Yan Ye,* No. 18-CV-2684 (KHP), 2019 WL 1517552, at *3 (S.D.N.Y. Apr. 8, 2019) ("Rule 34 imposes the responsibility on a responding party to state what it is withholding or describe the scope of the production it is willing to make, including the parameters of the search to be made (i.e., custodians, sources, date ranges and search terms, or search methodology)."). Defendants did this despite an express promise to do otherwise. Yet, consider any example in Defendants' current responses — here, we've included Doc. Req. 8:

> Defendants object to Document Request No. 8 on the grounds that it is overbroad in that it is not sufficiently limited in time or scope and seeks generally "documents sufficient to interpret" other discovery. To this extent this request is burdensome and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to the extent there is another more practical method of obtaining discovery, such as depositions. Defendants further object to the extent this request seeks documents which are publicly accessible and thus equally accessible to all parties and places an undue burden on defendants. On the basis of these objections defendants will propound no further response to this request

The request here calls for documents sufficient to understand "NYPD codes" that happen to be used in other documents produced — it's a standard, commonsense request, and not particularly hard to understand. And it's limited by the word "sufficient": all we've asked for (and we do this in every case, and we ***know*** the City understands the request) is basically a reference sufficient to understand any abbreviations, codes, acronyms, and the like, used in NYPD documents that are produced. So, which of these objections is the basis for Defendants saying they will propound no further answer? How are depositions more efficient than — if the request calls for documents at all — a simple user guide or training document? What documents are publicly available? The response is indecipherable, and a plain violation of the 2015 Amendments.

Defendants cannot interpose multiple, overlapping objections that make it impossible to know what is being withheld (if anything) based on each specific objection. While Defendants state 31 times that they are not withholding documents on the basis of various objections (why Defendants are objecting anyway is apparently left as an exercise for the reader), and we appreciate that, when Defendants ***are*** withholding some documents on the basis of privilege — for example in Doc. Req. No. 4 — they leave it open whether some documents are being withheld on the basis of the boilerplate above. Likewise, Defendants' approach to requests they are wholly objecting to does not comply with the rules — instead, Defendants simply say (for example, in Doc. Req. 3), "On the basis of these objections, defendants will interpose no further response to this request." But that

COHEN&GREEN    Page 3 of 13

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



leaves no clarity on which objections are the basis for withholding — and some are either facially (because they are boilerplate still) inapplicable or (frankly) nonsensical.  As I said in my email on July 13, 2023, taking Doc. Req. 3 as an example, it's still unclear why Defendants are refusing to produce routine metadata and chain of custody information for BWC, that exists *expressly* for litigation and chain of custody purposes.  That is, while Defendants recite in rote that the request is overbroad, it clear why it would be overbroad to seek all metadata for documents that are produced — indeed, that is the basic obligation under the Rules.  Further, Defendants' claim that producing metadata for BWC footage produced in the case (presumably because it is relevant itself) would "necessarily include[] documents that are irrelevant" does not make any sense.  That is, Doc. Req. 3 only seeks audit trails and metadata for BWC footage that is relevant, meaning it is ***necessarily relevant***.

Finally, and relatedly, Defendants expressly committed to "remove boilerplate or 'form file' … objections that do not apply to specific requests."  ECF No. 84 at 1.  But boilerplate still appears.  Again, Doc. Req. 3 is essentially *all* boilerplate.  Defendants do not — and cannot — explain why metadata and chain of custody records for video are "documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties" (nor does that objection even make sense in context), nor is it clear how it could possibly be "protected by attorney-client, and work product privileges" — though Defendants' failure to produce a privilege log makes that hard to evaluate.

Defendants must unambiguously commit to amend their responses to state whether they are deliberately withholding documents, or are refusing to search for documents, based on each and every objection interposed, and make such amendment within five days thereafter. To be clear: Each individual objection should be followed by a clear statement as to whether documents are being withheld based on that objection, and if so, it should then state exactly the documents or categories of documents that are being withheld pursuant to that individual objection. Each individual objection should also be followed by a statement of whether Defendants have contracted the scope of documents reviewed or searched based on the objection, along with a statement of exactly what investigative efforts Defendants have undertaken. This will prevent Plaintiffs from being forced to waste time arguing over objections that Defendants only (improperly) submitted as boilerplate, rather than a basis to withhold documents.

      **b. Defendants improperly claim that defined terms, and words with plainly understood – or explicitly defined by governing rules or the requests – meanings, are vague.**

Defendants repeatedly claim terms with plain meanings – or indeed, terms defined by the Local Rules or the Requests themselves – are vague and undefined. These objections then improperly fail to state how Defendants limited their responses or interpreted the terms they claim are ambiguous. So each is improper on its face, since they do not "help[] … understand what about the request is vague or ambiguous." *Caprate Events, LLC v Knobloch,* No. 17-CV-5907-NGG-SJB, 2018 US Dist LEXIS 227238, at *5 (EDNY Apr. 18, 2018). Instead, the objections are "vacuous boilerplate." Id., citing *Fischer*, 2017 US Dist LEXIS 28102, at *8. Nonetheless, below are explanations of how each term is not vague.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



In the Response to Request 4, Defendants state that it is "vague and ambiguous in failing to define what communications 'related to Plaintiff's arrest or the Incident' are." The term "communications" are defined terms under the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Local Civil Rule 26.3(c), and this definitions was (unnecessarily, but as a matter of belt and suspenders to prevent this kind of objection) specifically incorporated into Plaintiff's First Set of Interrogatories and Document Requests. Plaintiffs assign the same meaning to these terms as the Southern District does. Thus, when Plaintiffs demand "communications 'related to Plaintiff's arrest or the Incident,'" it is including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications, including, but not limited to, such documents concerning communications to or from the Individual Defendants. This also includes, but is not limited to 911 calls, and all documents related to responses thereto; 311 calls, and all documents related to responses thereto; and texts, e-mails, and other digitally recorded communications.

In the Response to Request 5, Defendants state that it is "vague, and ambiguous to the extent that it seeks 'SPRINT' reports 'related' to this incident without definition." It is not vague nor ambiguous. Plaintiffs demand SPRINT reports from the NYPD made in regard to the Incident.

In the Response to Request 6, Defendants state that "it is vague and ambiguous, in that it seeks 'Event Chronologies and Event Summaries' that are 'related' to the incident without definition." It is not. Plaintiffs demand any Event Chronology or Event Summary reports made by members of the NYPD in regard to this incident.

In the Response to Request 7, Defendants state that "it is vague and ambiguous, in that it seeks 'ICAD Chronologies and reports' that are 'related' to the incident without definition." It is not. Plaintiffs demand any ICAD Chronologies and reports made by members of the NYPD in regard to this incident.

In the Response to Request 10, Defendants state that it is "overbroad in that it is not limited in scope or time to the extent it seeks 'all documents' which are 'related' the incident made by defendants and all other witnesses without limitation or definition". On the contrary, Request 10 specifies that the documents should specifically contain information regarding the "use of force on Plaintiff, Plaintiff's arrest, or any other aspect of the Incident." Further, Plaintiff's supplied examples of such information, "including, but not limited to, all scratch and other NYPD arrest processing paperwork."

In the Response to Request 11, Defendants state that it is "overbroad in that it is not limited in scope or time to the extent it seeks 'all documents' which are 'reflecting' the incident without limitation or definition". Plaintiffs specified exactly what documents they demand – all documents reflecting "internal NYPD communications related to Plaintiff's arrest or the Incident," as well as documents that may contain this information. The scope and time is laid out specifically in regards to information needed about the Plaintiff and particular Incident.

In the Response to Request 12, Defendants state that it is "overbroad in that it is not limited in scope or time to the extent it seeks 'all documents' which are 'reflecting' the incident or uses of

COHEN&GREEN                                                                                                   Page 5 of 13

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



force without limitation or definition." Request 12 specifically states that Plaintiffs demand documents reflecting the NYPD's use of force against the Plaintiff or in the Incident that resulted in "injuries or medical treatment." The Request further specifies documents that would have this information.

In the Response to Request 14, Defendants state that it is "vague and ambiguous in that it seeks 'other NYPD documents,' without definition." In Request 14, Plaintiffs specify that the demand for "other NYPD documents" refers to any document "created by each Individual Defendant on the date of the Incident or that otherwise relate to Plaintiff's arrest or the Incident."

In the Response to Request 15, Defendants object to producing "Online Prisoner Arraignment Reports" and "regarding" to this incident as vague and ambiguous. However, Defendants have produced Public Patrol Guides for the NYPD with information about OLPA reports and proper documentation within these reports (https://www.nyc.gov/html/nypd/downloads/pdf/public_information/public-pguide2.pdf). Plaintiffs demand these OLPA reports within the time frame and scope of the Plaintiff's arrest and detention, as outlined in the request.

In the Response to Request 16, Defendants state that requesting documents "sufficient to identify" is vague and ambiguous. However, it is clearly stated that Plaintiffs demand documents sufficient to identify each NYPD member and supervisor that was involved in the arrest processing. It is clear that Defendants must produce documents related to NYPD member involvement in processing, assisting in, or supervising the arrest paperwork of the Plaintiff.

In the Responses to Request 17-19, Defendants object to the phrase "related to," the phrase, "related to or reflecting communications" in Request 20, the phrase "reflecting or related to" in Requests 21-22, and the phrase "reflecting" in Requests 39-40, claiming them to be vague and ambiguous. In all these requests, Plaintiffs use these phrases in their plain, contextual meaning. To provide an alternative, Plaintiffs desire any documents *regarding* the Plaintiff or Incident specified in these Requests.

In the Response to Request 18, Defendants state that it is overbroad to request "all documents reflecting statements." This claim fails, as Plaintiffs demands specifically state that these documents should be in regard to the Plaintiff or the Incident, which have been previously defined in the Request. Plaintiffs clearly desire documents with statements made by Defendants to a prosecutor or a court. Further, there are specific examples given in the Request, including "prosecutor's notes and criminal court accusatory instruments."

In sum, none of these objections based on vagueness or ambiguity have any validity, and they should be removed from the Responses, and should not reappear. See *Caparte Events, LLC*, 2018 US Dist LEXIS 227238, at *5.

    **c. Defendants cannot object to valid Requests by claiming the documents are public, or that Plaintiff has them already.**

COHEN&GREEN

Page 6 of 13

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants Responses to Requests 1-2, 8, 14-17, 39-44, 48-61 claim, in sum and substance, that Defendants need not produce documents or information because Plaintiffs already have it or that the documents and information are somehow public. This is not a valid objection.

At the outset, the factual basis for these objections is unsound. The Patrol Guide is posted online, but it is redacted and missing many vital sections — to say nothing of the fact that it has changed many times over the last two decades. Additionally, much of what Plaintiffs request is not online even in an incomplete and unverified fashion. While there is a list of training programs, from an internal NYPD online database, it lacks many basic search features. It would take Plaintiffs substantial time to obtain the information, while Defendants, who have access to the actual data, can simply export it. And many internal documents relevant to this case are not online or public in any form.

Another recurring objection is that there is a more "practical" way to receive these documents, "such as depositions." Again, it is impractical for Plaintiffs to find these documents and read through depositions when the specific information desired exists in documents and can be produced **without** a deposition. Indeed, the City **constantly** argues that depositions are the least practical way to find information. This about face does not appear to be serious — indeed, if Plaintiff noticed a dozens of 30(b)(6) topics about what documentation the City kept on each issue where it interposed this objection, presumably the City would cry foul.[2] Unless the City expects us to do that — and does not intend to object — it must withdraw this objection everywhere it appears.

Further, depositions found for these parties are not fully verified as authentic if not produced by Defendants. As an adjacent point, Defendants surely do not intend to suggest they concede the authenticity of every document Plaintiffs and their counsel might have in their possession. But without such a concession, these objections cannot lie — at least without a specification of which records, exactly, Plaintiffs have or are public, a stipulation that those records are authentic, and an agreement to produce everything else. And as Defendants well know, the Patrol Guide online is not complete. And the Patrol Guide is hardly the only record responsive to these Requests. Thus, absolutely nothing about the records requested is equally available to Plaintiffs. So Defendants must either (1) produce or (2) identify and authenticate the documents responsive to these requests. Charter Practices Intl., LLC v Robb, 2014 US Dist LEXIS 8166, at *6-7 (D Conn Jan. 23, 2014); *National Academy of Recording Arts & Sciences, Inc. v. On Point Events*, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009); *Fosselman v. Gibbs*, No. C 06-0375, 2008 U.S. Dist. LEXIS 82697, 2008 WL 745122, at *4 (N.D. Cal. Mar. 18, 2008) ("the objection that information is equally available to the questioner is not a proper objection"); *Foti ex rel. Louisiana v. Eli Lilly & Co.,* 2008 U.S. Dist. LEXIS 55780, 2008 WL 2858617, *3 (E.D.N.Y. 2008) ("Mississippi's 'equally available' objection deprives Lilly of basic information concerning the nature of that State's claims"); *Chinn v Elmwood Franklin Sch*., 2018 US Dist LEXIS 188307, at *12 (WDNY Nov. 1, 2018).

---

[2] Nor is there any other discovery mechanism that is less burdensome. When we tried to use RFAs to handle this issue, the City objected. Interrogatories and Document Requests both received this objection. So all that would be left is a 30(b)(6) deposition (since the requests are seeking City documents) — the **most** burdensome discovery device.

Page 7 of 13

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants must remove these invalid objections from their Responses, and otherwise specify exactly what records are responsive that Plaintiffs have access to, and stipulate to the authenticity of those records, as well as the time period for which the policies they reflect were in effect.

### d. Defendants cannot claim a Request is duplicative when they have produced next to nothing in discovery.

In the Responses to Requests 1 and 2, Defendants state that the Request is "duplicative" of some prior request.

Defendants appear to misunderstand how this objection applies. A court can limit discovery if it is duplicative, but discovery is only duplicative if the relevant documents and testimony have already been provided. See *Ottoson v. SMBC Leasing & Fin., Inc.*, No. 13-CV-1521 (RWS), 2015 WL 4597542, at *3 (S.D.N.Y. July 30, 2015) (finding that a deposition was not duplicative because the relevant testimony had not yet been obtained in prior depositions); *Napolitano v. Synthes USA, LLC*, 297 F.R.D. 194, 208 (D. Conn. 2014) (overruling objection that request is duplicative because the request was reasonably calculated to lead to the discovery of admissible evidence and requiring the party to either sign an affidavit swearing the documents do not exist, or to identify them in the prior production); *Armstrong Pump, Inc. v. Hartman*, No. 10-CV-446S, 2014 WL 2830322, at *3 (W.D.N.Y. June 23, 2014) (resolving claim that document requests are duplicative by ordering the objecting party to identify the responsive documents already produced).

Defendants must remove these invalid objections from their Responses. And to the extent Defendants claim future Requests are duplicative, they should identify, by Bates-stamp number, the documents that have already been produced or identify exactly where in the interrogatory response the relevant information appears, so that Plaintiff can determine whether this objection has any merit.

### e. Defendants' objections to producing documents responsive to a Request as burdensome, or just unexplained assertions of "burden," without stating in detail why, is improper.

In the Responses to Interrogatories 14-17 and Document Requests 1, 4, 8, 28, 29-34, 37, 41-44, 48-61, Defendants claim that producing certain documents are a "burden," "burdensome," or "unduly burdensome" without adequately explaining why. These statements are followed by inadequate explanations, including that "there is another more practical method of obtaining discovery," that it requests "all documents in possession of the City, which may include records from any number of agencies," and that it is not "reasonably calculated" or "proportional." Defendants' statements do not explain why the Requests and Interrogatories are a burden, let alone an undue burden.

In short: Plaintiffs are entitled to "all" the relevant documents, unless Defendants can actually articulate a specific reason why producing these documents is particularly difficult. A general objection to producing "all" relevant documents is meaningless and only serves to multiply

COHEN&GREEN    Page 8 of 13

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



proceedings. Similarly, Plaintiffs are entitled to have Defendants fully answer their Interrogatories, unless Defendants articulate a specific reason answering is burdensome. Which, Defendants have not.

After its promise in ECF No. 84, Defendants needed to either withdraw these objections, or unambiguously revise them to describe the exact reasons why producing the documents or answering the interrogatories is (unduly) burdensome. It has not done the latter, so now it must do the former.

### II. Documents and information concerning all the NYPD officers responsible in the Incident, are relevant.

#### a. Defendants must produce documents and information regarding all of the relevant officers, whether they are named Defendants or not.

The City must identify Doe defendants. Defendants have objected to producing discovery on the identity of the NYPD members who assaulted the Plaintiff under the basis that it is "vague, ambiguous, overbroad, and not proportional to the needs of the case." On the contrary, this is a specific need of the Plaintiffs to proceed in this case. All officers present at the scene (including the Doe Defendants) have relevant knowledge as a witness of the Incident. The investigation of these officers will go directly to Plaintiffs' *Monell* claims (particularly the failure to discipline claims).

Plaintiffs stand ready to discuss, how best to export information and what search terms to use, so that this information can be used. Plaintiffs are also happy to schedule a 30(b)(6) deposition at a time convenient to Defendants to depose an NYPD representative about how the relevant documents and information are stored, so we can lock in the best way to produce this information. Plaintiffs expect to begin this conversation at our meet and confer.

### III. When Defendants do offer previously produced documents, the production is far too narrow.

Defendants objected to every Request and Interrogatory demand that was made by Plaintiffs. Instead, they offered previously produced documents for review, in which the production is far too narrow. Plaintiffs' demands were made to identify, at great length, every category of relevant document that must be produced. Despite these identifications, Defendants do not even nominally attempt to explain why the identified categories of document are somehow not discoverable (although they are).

Instead, Defendants' offered the same set of documents repeatedly for the majority of Requests, without explaining the sum and substance of them or their relation to the Request. Defendants' objections and offer of previously produced documents miss the mark on reflecting the information sought. Thus, Defendants should amend their Responses to indicate whether they intend to produce documents that in fact are sufficient to gather the information sought. Otherwise, Defendants must explain how each particular category of information sought is either not

COHEN&GREEN  Page 9 of 13

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



discoverable or not reasonably within Defendants' control. The current Responses do neither, and therefore fail.

Plaintiffs are prepared to discuss search terms in particular document categories, and to otherwise explain the relevance of particular categories of documents if Defendants have *particular* objections. Similarly, Plaintiffs are prepared to help counsel identify the kinds of documents that contain the information sought in Request. Otherwise, no later than five days after our meet and confer, please amend Defendants' Responses and indicate whether you plan to produce every category of document identified before the deadline—along with documents sufficient to identify the information sought—and provide real explanations where Defendants do not intend to produce information or documents.

### IV. Defendants' 160.50 Objections Should be Moot, and HIPAA Objections are Improper.

Defendants interpose objections to Interrogatories 14-17 and Requests 14, 30-33, 35-36, and 38 because the responsive documents are sealed under CPL § 160.50, or are protected by the Health Insurance Portability and Accountability Act ("HIPAA").

For CPL § 160.50, Plaintiffs' understanding from the parties' agreement is that all parties will make a joint motion for an Order unsealing any documents sealed under 160.50, and relating to the arrest of the Plaintiff. Please prepare, as I understand we already agreed, that motion.

On HIPAA, Defendants' Objections as they stand are inadequate. In Requests 31-34, the Objection simply states that the Requests "may implicate the provisions" of HIPAA. These boilerplate objections — and they are clearly copied and pasted given that HIPAA is defined in each, as if it is appearing for the first time — are not sufficient. HIPAA only applies in certain circumstances, and to certain entities. Yet the objections do not explain how Defendants are acting as a health plan, health care clearinghouse, or healthcare provider to either officers or third-parties.13 If Defendants are not a covered entity, HIPAA simply does not apply. And Defendants are not. This objection is frivolous.

Plaintiffs ask that Defendants state whether they intend to provide appropriate releases. Separately, Defendants must amend their improper HIPAA objections to explain how, exactly, the records sought implicate HIPAA, or otherwise withdraw the objections.

### V. Failure to Produce Privilege Logs

Rule 26(b)(5)(A) of the Federal Rule of Civil Procedure provides that a party withholding discoverable information on the grounds of privilege or subject to protection as trial preparation material must "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Local Civil Rule 26.2 also imposes requirements on litigants with respect to providing specific information regarding any privilege assertion at the time the assertion is made.

COHEN&GREEN    Page 10 of 13

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Those logs were due more than 7 months ago.  Presumably, what Defendants are withholding based on privilege hasn't *expanded* since their initial responses.  At this point, if we make a motion, we intend to argue privilege is waived.

Next, for any produced Defendant produced documents with redactions, Defendants must provide which records have been withheld on privilege grounds, set forth the basis for the redactions in the records produced, or produce the required privilege logs.

Further, Defendants simply state the different types of privilege they believe applies to their objection, including "work product," "attorney-client," "law enforcement," "official information," and "other" privileges. Defendants do not provide an explanation of why these privileges apply to the particular Requests or Interrogatories, and are boilerplate and meaningless objections. Further, these "privileges" are asserted in nearly every single Request made by Plaintiffs, although this information is necessary to further the case.

Defendants appear to have withheld a significant number of documents based on privilege, but Defendants have not identified which records Defendants have withheld on which privilege grounds, set forth the basis for the redactions in the records produced, or produced the required privilege logs.  They are nearly a year late in doing so.

Further, even if Defendants cannot identify every specific document they might assert a privilege over because their review is incomplete (which it somehow appears to still be), Defendants must know the categories of documents, and ongoing investigations, that are likely relevant. And beyond that, Defendants have asserted privileges—which a party cannot do without a good faith basis. Thus, we ask that Defendants state what categories of documents, and what ongoing investigations, warrant withholding documents based on the privilege, at or before our meet and confer, so Plaintiff can evaluate the merits of this claim and the parties can resolve any disputes expeditiously.

**VI. Other Deficiencies in Defendants' Responses to the Interrogatories.**

    **a.  Defendants much each respond to and verify the Interrogatories.**

Rule 33(b) of the Federal Rules of Civil Procedure require that the parties to whom interrogatories are directed answer them in writing and sign and verify them under oath. Answers provided by attorneys do not suffice. However, Rule 26(g) requires that attorneys sign and certify that the disclosure is "complete and correct as of the time it is made" and that all objections included are appropriate. Relatedly, a party responding to an interrogatory must provide answers based on reasonable investigation of documents and other information in and related to the case. See, e.g., *Trueman v. N.Y. State Canal Corp.,* No. CIV. 1:09-CV-049 (LEK)(RFT), 2010 WL 681341, at *5(N.D.N.Y. Feb. 24, 2010) (Treece, M.J.); *Sec. Inv'r Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 563 B.R. 737, 750 (Bankr. S.D.N.Y. 2017). Beyond that, "[t]he responding party must provide the best answer they can based upon current information in their possession" and "[e]ach answer must be based upon all of the information at the responding party's" and their "attorney's disposal." *Trueman*, 2010 WL 681341, at *2 and 5. Additionally, interrogatory responses (and written responses to

COHEN&GREEN

Page 11 of 13

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



document demands) are evidence, see Fed. R. Civ. P. 33(c) ("An answer to an interrogatory may be used to the extent allowed by the Federal Rules of Evidence"), and can constitute party admissions at trial, see, e.g., *Skinner v City of NY*, No. 15-CV-6126(KAM)(JO), 2017 US Dist LEXIS 104650, at *14- 15 (EDNY Apr. 7, 2017); see also, e.g,., *Gaul v Chrysler Fin. Servs. Ams. LLC,* No. 1:13-CV-433 (TJM/RFT), 2014 US Dist LEXIS 52449, at *30 (NDNY Apr. 16, 2014) (identifying among the "general aims" of interrogatories to "serve as admission[s] for trial"). Under Fed. R. Civ. P. 26(g)(2), "[o]ther parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

In this case, none of the interrogatory responses provided are signed or verified by the parties under oath. Additionally, the responses do not appear to be the "best answer" the responding party can provide "based upon all of the information at the responding party's" and their "attorney's disposal."

We therefore hereby demand that each Defendant provide appropriate, signed, verified interrogatory responses—based on all of the information available to them and their counsel—at or before our meet and confer.

Further, in providing those new interrogatory responses, we demand that Defendants refrain from interposing the improper, boilerplate objections and purported privilege assertions that we have complained about in regard to Defendants' discovery responses. We also demand that each individual Defendant be asked what they know about each requested topic. The Interrogatories are propounded on the City of New York and each individual, and Plaintiffs are entitled to what each person knows.

b. **Defendants repeatedly fail to identify witnesses.**

Defendants repeatedly object to any Interrogatory to identify witnesses involved in or who have Personal Knowledge of the Incident. This is seen in Interrogatories 1, 2, 4-11, 16, and 17. Each Interrogatory specifies a particular category of witness that may have information about the Plaintiffs' actions before the arrest, the arrest and processing of the arrest, and/or any arrest reports or paperwork.

Defendants objected to produce any of these Interrogatories, without an adequate reason for their objection. The repeated (somehow, still present, boilerplate) objection is that the Interrogatories are "vague, ambiguous, overbroad, and not proportional to the needs of the case." This is not true. The witnesses must be identified and available to provide information and allow this very case to proceed. Further, the specific information Plaintiffs' desire has been thoroughly explained in the original Interrogatories. The information requested is not vague, ambiguous, or overbroad, but specific and adequately explain the exact information needed for this case to proceed. Moreover, such information requested should be readily available and retrievable for the Defendants in this case.

COHEN&GREEN                                                                                                  Page 12 of 13

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Defendants must be prepared to discuss at the meet and confer when they will provide the names of all witnesses, so the deposition schedule can be negotiated.

### c. Defendants' Interrogatory Responses are deficient.

Defendants' responses to all interrogatories, are deficient in that they are either incomplete or nonresponsive. Fed. R. Civ. P. 33(b)(3) requires that each interrogatory response be answered "fully." If an interrogatory cannot be answered fully, "despite conducting a diligent inquiry," "any efforts utilized should be set forth in detail to ensure a sufficient response is interposed." *Harris v. Bronx Parent Hous. Network, Inc.,* No. 18-CV-11681 (GBD)(SN), 2020 WL 763740, at *2 (S.D.N.Y. Feb. 14, 2020); *Zanowic v. Reno*, No. 97-CV-5292 (JGK)(HBP), 2000 WL 1376251, at *3 n.1 (S.D.N.Y. Sept. 25, 2000) ("[A] party's failure to describe his efforts to obtain the information sought by plaintiffs renders his responses insufficient.").

Defendants have not identified any steps taken to secure the missing information or give a date by which they will provide full responses and must do so immediately.

### Conclusion

In Section I.b. through Section I.e., above, Plaintiffs ask Defendants to remove patently invalid objection. Keeping invalid objections in the Responses, and indeed interposing them in the first place, simply multiplies these proceedings both unreasonably and vexatiously. Similarly, in Section I.a., Plaintiffs ask Defendants to commit—unambiguously—to revising their Responses within five days of the meet and confer, to conform with the Federal Rules that require specific objections. And in Section V, Plaintiffs ask Defendants to commit to providing a privilege log related to the documents produced and to provide one with each document production going forward. We assume that Defendants have no objecting to following black letter law, and thus no meet and confer is necessary on these issues. If this is not accurate, let us know immediately.

In the remaining Sections, above, Plaintiffs have teed up the issues—in quite some depth—that we need to address at our meet and confer(s) so that we can reach a prompt resolution, either through agreement or by taking issues (promptly) to the Court.

Yours, &c.,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Page 13 of 13

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com