

| | THE CITY OF NEW YORK | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | Gregory Musso<br>*Senior Counsel*<br>Tel.: (212) 356-3159<br>gmusso@law.nyc.gov |

September 5, 2023

**BY ECF**
Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007

**MEMO ENDORSED.**

     Re: *Rodney, Patricia v City of New York, et al.,* 22-CV-01445 (LAK) (OTW)

Your Honor:

  I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above referenced case. In that capacity, I write to respectfully request that the Court grant a brief extension of time with respect to two matters in the above referenced case. Defense sincerely apologizes for this last minute request, however, assures the Court that the undersigned made every effort to attempt to submit the below referenced Reply and Response by today's deadline but was unfortunately unable to do so. To that end, and for the reasons set forth below, it is respectfully requested that the Court grant the following extensions:

1. Defendants' Reply in Further Support of Defendants' Motion to Dismiss the Amended Complaint, extended from September 5, 2023 to September 8, 2023;

2. Defendants' Response to Plaintiff's August 23, 2023 Motion to Compel, extended from September 5, 2023 to September 8, 2023.

  This request is the second of its kind for these two matters. Plaintiff's counsel, Remy Green, consents to the first request for an extension of time for Defendants to submit their Reply to the Motion to Dismiss. With respect to Defendants' request for additional time to respond to the motion to compel, Plaintiff objects to an extension beyond September 6, 2023, with the reason for that objection stated below.

There are several reasons for the within requests. First, as the Court is aware, the undersigned is newly transferred to this matter, formally assigned on August 8, 2023 and Plaintiff's counsel filed a 10-page motion to compel discovery—discovery which was engaged in long before to my assignment to this matter. At this juncture, the undersigned is still diligently appraising what materials have been turned over to Plaintiff and for what reasons under the Discovery Demands. The undersigned assures the Court that he is diligently working to attempt to familiarize himself with all of these issues, fully review all of the discovery demands, Defendants' responses and their amended responses, and fully understand all the information that has been produced as well as the bases for objections. Given the fundamental importance of this obligation on the part of the Defense, the undersigned simply does not wish to provide an incomplete explanation of the decisions made by another attorney.

Moreover, Plaintiff's motion to compel has therefore taken longer than expected to truly understand the contours of the discovery with which counsel for the parties engaged prior to my assignment. The additional time is needed because that Plaintiff seeks an exhaustive explanation of particular responses which were propounded by another the attorney who previously represented Defendants. Again, because of my recent assignment to this case, the undersigned requires additional time to adequately understand such discovery and prepare Defendants' response. While I truly endeavored to have Defendants' responses prepared to file today, it has unexpectedly required more time than I initially anticipated.

Additionally, as late as the end of last week, the undersigned was consumed with handling another pressing matter, in that I was preparing a response to a motion for a preliminary on several novel issues, which was filed late on Friday, September 1, 2023. Accordingly, significant time last week was needed to prepare such response.

As noted above, the undersigned communicated with Plaintiff's counsel, Remy Green, over phone regarding the instant extension requests. Counsel consented to the extension for the first matter listed above, but declined to consent to Defendants' request for an extension to September 8, 2023 to respond to Plaintiff's motion to compel. Counsel, however, did consent to an extension until September 6, 2023 and requested that the following be included in this application:

From Plaintiff Counsel:

Plaintiff consents to the additional time for Defendants' reply on the motion to dismiss, but objects to any further extension on the motion to compel. Defendants first asked for Plaintiff's position on this extension at 3:39 p.m. today, the date of both deadlines. In other words, Defendants did not ask the Court for an extension; they took the extension over Plaintiff's objection and asked the Court to bless that taking. *But see, e.g.,* Order, ECF No. 788, *In re New York City Policing During Summer 2020 Protests*, 20-cv-8924 (SDNY 2022) ("The Court expects this will be the last time the defendants seek an extension on the date a filing is due").

After months of rescheduling -- and that after months of consent extensions on the discovery itself -- Defendants' counsel committed, in writing, to "have all the positions" on the issues raised in Plaintiff's motion to compel by August 22. Then, when Defendants asked for another day on August 22, they suggested they would be able to take positions by the close of business the next day. That did not happen, and after a motion and lengthy extension, once again

2

Defendants claim they need yet more time to figure out their position. To state the obvious: It should not take the City of New York multiple months to take positions on whether it is required to state whether it is withholding documents, whether it is refusing to serve a privilege log, and so on.

Defendants have had the substance of Plaintiff's motion, in full, since July 18, 2023. *See* ECF No. 117-4. Defendants have attended four meet and confers on these issues (two before the initial agreement at ECF No. 84; two more before the current motion). Yet, Defendants claim their counsel is still getting up to speed on the substance of (in their own words) what "discovery which was engaged in prior to [current counsel's] assignment to this matter." ECF No. 118 at 2 (that said, despite the purported lack of familiarity, counsel threatened to move for sanctions if Plaintiff moved to compel; *see* ECF No. 117 at 5 n. 11).

Given the reality and the fact that Defendants are making this 11th hour application, Plaintiff will consent to an extension until close of business on September 6. She submits, however, that any further extension is not reasonable.

Respectfully submitted,

*/s/ Gregory Musso*

Gregory Musso
*Senior Counsel*

cc: **By ECF**
To all attorneys of record.

Application **GRANTED**. Parties are expected to meet and confer in good faith, and arguing over a two-day difference in an extension is unreasonable.

**SO ORDERED**.

_____
Ona T. Wang          9/6/23
U.S.M.J.

3