

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**Gregory Musso**
*Senior Counsel*
Tel.: (212) 356-3159
gmusso@law.nyc.gov

September 8, 2023

**BY ECF**
Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007

      Re:    *Patricia Rodney v City of New York, et al.,* 22-CV-01445 (LAK) (OTW)

Your Honor:

      I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above referenced case. I am writing in response to Plaintiff's ten (10) page single-spaced motion to compel, dated August 23, 2023.

      By way of background, this matter involves Plaintiff's claims that she was falsely arrested and subjected to excessive force on December 2, 2023. On that day, Plaintiff alleges she was present at the 62 Precinct to acquire a complaint form. When Officers notified Plaintiff that she could acquire the document online, Plaintiff argued with police and went to the vestibule of the stationhouse. Plaintiff stated she would record the interaction and insisted she was allowed to do so. Although Plaintiff admits she was not actually recording, Plaintiff informed them that she was and the officers believed same. As a result, Plaintiff was notified that she was not permitted to record in the precinct. Officers requested that Plaintiff stop recording or leave the stationhouse. When Plaintiff refused, she was arrested. During the arrest, Plaintiff and several members of the NYPD went to the ground while Plaintiff was being handcuffed. As a result, she was subsequently escorted to Coney Island Hospital for treatment. On December 3, 2020, Plaintiff was arraigned and four days later, on Monday, December 7, 2020, Plaintiff accepted an Adjournment in Contemplation of Dismissal (C.P.L. § 170.55) and the case was dismissed and sealed. Given these facts, it is Defendants' position that there is an extremely limited universe of police, prosecution and criminal court documents relevant to the claims in this case.

As You Honor is likely aware, by filing her August 23, 2023 ten (10) page single-spaced motion to compel, Plaintiff failed to comply with Your Honor's Individual Rules of Practice, which limits such motions to three (3) pages single-spaced. Notwithstanding Plaintiff's excessive filing, her motion primarily argues that Defendants' responses were deficient for their purported failure to comply with Fischer v Forrest, 2017 U.S. Dist LEXIS 28102 (S.D.N.Y. 2017). For the reasons set forth below, Defendants respectfully request that Plaintiff's motion be denied.

As an initial matter, Defendants note that, prior to my assignment to this matter, in response to the discovery demands at issue, previous defense counsel provided more than 70-pages of responses, produced and/or referred to more than 230 pages of documents, and most recently, amended such responses on July 12, 2023. Following the undersigned's assignment to this matter in August 2023, counsel for the parties met and conferred after Plaintiff claimed there were further deficiencies. During that meet and confer, and prior to having had the opportunity to fully review all the relevant discovery and case material, in an effort to avoid a motion to compel and streamline any such issues with Defendants' responses, the undersigned requested that Plaintiff's counsel *specifically identify* the documents Plaintiff purportedly seeks but has not received and identify issues beyond the general dissatisfaction with Defendants' responses and objections. Plaintiff's counsel, however, refused to do so, continually stated that it was Defendants' obligation to search for any and all documents that were responsive to Plaintiff's requests, or explain what was being withheld, and filed the instant motion to compel.

With respect to Plaintiff's motion, the majority of Plaintiff's sixty-one (61) individual document demands are entirely overbroad and objectionable on their face. First, Plaintiff's demands frequently feature language requesting "all documents" without specifying what entity created them or how they are related to any claims being litigated in this case. Additionally, they often seek documents of which the pursuit would require excessive searches by numerous entities and/or people, which is entirely disproportional to the value of the case.

For example, Plaintiff frequently requests a broad category of documents, lacking any form of specificity which is, in fact, vague and overbroad. For example, Plaintiff requests "all recorded (including NYPD) communications related to a Plaintiff's arrest of the Incident, including by not limited to 911 calls…, 311 calls… texts emails and other digitally recorded communications." See Plaintiff's Document Request No. 4 at 21. The request for "NYPD" documents is only stated in passing, in parenthesis, therefore demanding that Defendants search for any digitally recorded communication from any potential source, at any time, which may have mentioned this incident regardless of its source, time period or relevance. Although Defendants bear a responsibility under Fischer, "requests for any and all documents on a broad topic are presumptively improper." See Fischer v Forrest, 2017 U.S. Dist LEXIS 28102 (S.D.N.Y. 2017); Phase One Network, Inc. v Ye, 2023 U.S. Dist. LEXIS 89535, at 2 (S.D.N.Y. 2023). Notwithstanding this broad request and Defendants objections, Defendants nonetheless produced the responsive SPRINT report; Plaintiff, however, takes issue with Defendants' objections and requests that the objections be stricken.

Additionally, many of Plaintiff's demands seek to establish a foothold of reasonableness on the issue of specificity, while also inserting general language which ultimately creates an extremely overbroad demand. For example: Plaintiff requests Defendants to "[p]roduce all documents created related to Plaintiff's arrest, detention, or prosecution, including, but not limited to, all copies of any charging instrument, complaint, and/or other documents created by any individual Defendant." See Document Request No. 9, at 24. It appears that Plaintiff seeks NYPD and District Attorney materials, however, there is no clarity. The use of the word "related" is

2

necessarily vague, not limited in time or scope, and therefore could encompass documents, such as, for example, internal NYPD communications made for the sole purpose of scheduling officers to appear for representation interviews in the instant matter. Moreover, Plaintiff's use of "including, but not limited to" broadens the sources of these documents well beyond those in control of Defendants.

Plaintiff's demands also frequently seek documentation which would require the search of every server in the possession of the NYPD. In addition to the above examples, Plaintiff seeks production of all documents reflecting internal NYPD communications related to Plaintiff's arrest or the Incident, including, but not limited to, all emails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications, including, but not limited to, such documents concerning communications to or from the Individual Defendants. See Plaintiff Document Request No. 11 at 27. Like above, this broad request for documents encompasses documents which may "relate" to the underlying incident but are certainly not relevant to any claim or defense in this matter. Moreover, the probative value of a statement by any member of the NYPD made to any other is vastly outweighed by the burden of searching for any possible reference to Plaintiff's case.

Notwithstanding the above, now that the undersigned has had time to familiarize himself with the discovery that has been conducted in this case, the undersigned is in the process of supplementing Defendants' responses with additional documents, including the underlying incident's CCRB investigation file, memobooks, TRI Incident Worksheet, Mugshot Pedigree, and the CCRB Allegation History and CPI/IAB Resumes for the individual defendants. Defendants will begin producing such documents on a rolling basis next week. Moreover, to date, 238 pages of documents have already been produced in this matter, including copies of the 50-H Transcript, body-worn camera footage, arrest paperwork, Criminal Court file, District Attorney file, and Plaintiff's medical records. At this juncture, it is Defendants' position that their responses to Plaintiff's discovery demands are sufficient and to the extent Plaintiff believes there are documents which have not been produced but should have been and are relevant, Defendants respectfully request that Plaintiff be ordered to specifically identify the documents (with adequate specificity as opposed to broad categories) she seeks so Defendants can respond appropriately.

Finally, with respect to the few more specific issues Plaintiff raised in her motion to compel, Defendants attempt to address these as succinctly as possible herein within the page limits of the Court's Individual Rules. First, to the extent Plaintiff takes issue with Defendants responses that they have withheld any documents, Defendants state that no documents have been withheld from production other than internal notes from representation interviews with the individual defendants.

With respect to Defendants' HIPAA objections in response to Document Request Numbers 31-34, it is Defendants' position those objections are entirely appropriate. Through those requests, Plaintiff demands copies of extensive files from unrelated investigations by the NYPD and CCRB, as well as personnel files for NYPD officers. Notwithstanding Defendants' objections based on relevance and the broad nature of the requests, the requested files very likely contain copies of

party and non-party's medical records, which cannot be produced without consent from the patient or a HIPAA compliant medical records release.[1]

Last, without any explanation as to the relevance of the audit trails and metadata related to the body-worn camera footage, Plaintiff blanketly claims Defendants' objections are inappropriate. Generally speaking, audit trails and metadata provide information about a particular device and its function and use. In this matter, there are no allegations regarding a malfunction or improper use of the body-worn cameras, nor any indication that they were misused. Accordingly, Defendants stand by their objections to producing any such material.

For the reasons set forth above, Defendants respectfully request that Plaintiff's motion to compel be denied and her request for fees and costs be similarly denied.

Respectfully submitted,

*/s/ Gregory Musso*

Gregory Musso
*Senior Counsel*

cc: **By ECF**
To all attorneys of record.

---

[1] A similar objection pursuant to NY CPL §160.50/55 is made in response to certain of these demands given that information pertaining to unrelated *sealed* arrests may be included in the requested files.