

October 6, 2023

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

      Re:    Case No. 22-cv-01445, Rodney v City of New York, et al.

Dear Judge Wang:

      As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. As directed by the Court (Dkt. No. 126, extended by Dkt. No. 128), I write jointly with counsel for Defendants to provide a report on the status of production and outstanding discovery issues.

      Since the Court's Order, the parties have met and conferred twice — on September 27, for approximately 40 minutes; and again on Thursday, October 5, for approximately 30 minutes. As noted in the prior letter, Plaintiff transmitted a draft version of this letter before Defendants asked for the first extension, on September 28.[1] Likewise, on October 3, 2023, Plaintiff transmitted an updated draft of a joint letter framework and skeleton.[2] At the October 5 meet and confer, Defendants suggested that, pending supervisor approval, they would respond substantively to that skeleton before the end of the morning today.

      But instead of working towards a joint letter as discussed , Defendants first transmitted a position, along with their first privilege log, at 4:55 p.m., Friday, October 6, 2023. That position is:

### Defendants' Statement Regarding Status of Production

      In response to the Court's Order directing the parties to file a joint letter on the status of document discovery, Defendants respectfully submit the following information. On

---

[1] This was agreed to at the September 27 meet and confer as the best way to help Defendants meet the initial September 29 deadline.

[2] A copy of that draft is attached hereto as **Exhibit 1**. The cover email to the initial version sent to Defendants on September 28 asked Defendants to "[l]et me know if there's anything else I can clarify in how this is drafted, or what objections -- if any -- Defendants have to this," along with asking for "any objections to the basic stuff in here." Until 3:30 the date of the second deadline, Defendants never did. The cover email also explained, "Anything highlighted separated by slashes means we're proposing one of the items, not all, depending on what is true." The cover email to the second version explained that there were some minor changes ("e.g., no longer a need for this to cover the joint obligation to file a status letter every month"), and then concluded "Please let me know when you'll be ready to discuss the outstanding substance and when we can expect the privilege log. I would like to avoid a last minute sprint again."



September 26, 2023, Defendants produced approximately seven-hundred (700) pages of additional discovery to Plaintiff, consisting primarily of the CCRB Report and Plaintiff's Department of Education Records. On October 6, 2023, Defendants also served Plaintiff with a Privilege Log. In addition, counsel for the parties have met and conferred regarding the audio recordings that were part of the underlying CCRB file; Defendants are in the process of attempting to obtain those and will produce same to Plaintiff once they are received. Accordingly, many of the demands posed by Plaintiff in the Demand for Interrogatories and Documents have been resolved by the supplemental discovery and the privilege log.

Defendants additionally note that, as discussed with Plaintiff's counsel, Defendants intend to serve a newly amended Response to Plaintiff's Interrogatories and Document Requests on or by October 27, 2023, in which Defendants will supplement certain documents they are continuing to search for, to the extent they exist. Defendants, however, note that there are certain discovery demands that they will continue to maintain their objections to as the demands are overbroad, among other things. Defendants will endeavor to meet and confer with counsel on those demands once more to attempt resolve the issue by sufficiently narrowing the scope of those demands in such a way that defendants will respond.

As the Court can see from Exhibit 1, that position does not conform to how the initial joint letter was drafted, and still leaves Plaintiff without the ability to tell what Defendants are withholding and why, in response to which requests. Rather, Defendants did not participate in any way in the drafting of a *joint* letter. Indeed, at no time until 3:31 p.m. today (e.g., the date of the deadline) did Defendants ever suggest they would not be providing information and any positions in the manner contemplated by the draft joint letter they'd been sitting on for two weeks — or that they would totally fail to address the substantive issues in the draft.

Because of Defendants' 11th hour shift to simply talking past the issues, we are left with something that does not really look like a joint letter. That is, rather than providing any feedback, input, drafting, or edits to the draft they sat on for two weeks, Defendants sent a position as if Plaintiff was making an application. Thus, in the body below, this letter addresses the outstanding issues Plaintiff has spent the last weeks following up on, and what remains to be done or produced in Defendants' responses to discovery.[3] Plaintiff has raised the problems with timing and formatting on every meet and confer and in many emails, but Defendants failed to engage. Having discussed that any version trading would be on a very tight turnaround if we did not get positions Friday morning, I sent a final draft of this letter to Defendants before filing and received their sign off to file.

Finally, the request-specific issues remaining to be resolved — as further explained below —

---

[3] Immediately following the Court's Order, on September 14, 2023, Plaintiff asked to meet and confer on all the outstanding issues below ("e.g., signed interrogatory responses, privilege log, 160.50 order, continuing searches" [that final item being Appendix 1 below]) as well as the requests in Appendix 2, all by name. Plaintiff followed up on these issues repeatedly, and repeatedly expressed concern that Defendants' failure to engage substantively would lead to a place where a joint letter would not really be possible.



Page 2 of 11

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



are set out in two Appendices, Plaintiff had proposed could serve as the "respon[se] in writing" required by Fed. R. Civ. P. 34(b)(2) and the non-sworn portion of the "in writing" answer required by Fed. R. Civ. P. 33(b)(3),[4] and Defendants have not responded to that proposal.

### Issues and Status

**I. Privilege Log.**

After a series of requests for more time, Defendants ultimately produced their first privilege log in this case at 4:55 p.m. on October 6, 2023. It appears to suggest privilege withholdings are minimal.

**II. Signed and Sworn Interrogatory Responses.**

As further set out in Dkt. Nos. 117 (at 8-9) and 117-4 (at 11-12), Plaintiff has been seeking to receive signed and sworn interrogatory responses for several months now. Defendants still have not committed to a date to produce such responses, and without any explanation, Defendants' position fails to address this issue.[5]

Plaintiff asks the Court to So Order production of verified interrogatory responses on or before October 27, 2023. Plaintiff obviously cannot begin depositions without those responses.

**III. Continuing Searches.**

As further set out in Dkt. No. 117 (at 8), Defendants' formal responses state in response to 10 specific requests that they are continuing to search for documents or that some future production is still to be made. That is, Defendants' current formal responses contain language substantively to the effect that "defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate" or "Defendants further state they are continuing to search for information documents to this request and will supplement this response within 30 days if appropriate."[6] Dkt. No. 117-2 at 5 and 22.

As further set out in Dkt. No. 122 and above, Defendants have subsequently supplemented their production with a production that included documents responsive in part to two of those requests (specifically, Doc. Reqs. 10 and 24).

The initial draft of this letter had attempted to address this issue by allowing Defendants to

---

[4] The requirement that an interrogatory response be sworn, and Defendants continuing failure to swear out any of their responses, is addressed below.
[5] Fed. R. Civ. P. 26(g)(2) provides, "parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."
[6] For clarity, notwithstanding the notation of a 30 day production, the September 26 production was the only production Defendants made after the July 12, 2023 Amended Responses.



Page 3 of 11

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



simply state the status of "continuing" searches for those 10 requests, on a request-by-request basis in Appendix 1, rather than amending their responses yet again.  Appendix 1 contains the requests Defendants have not completed searches for, notwithstanding their promise to the Court and Plaintiff that they would commit to a date to complete searches on or before May 19, 2023 (*see* Dkt. No. 83 at 12) — and subsequent agreement to complete all searches by July 13, 2023 (*see* Dkt. No. 117 at 8).

Defendants' position does not make clear whether they actually intend to complete their searches in their next round of amending their responses promised by October 27, 2023.  Plaintiff asks that the Court enter an Order that directs that Defendants must complete their searches by that date, and cannot state searches are ongoing.

### IV. Requests Where Defendants Failed to State Whether they Were Withholding Documents; or Where Defendants are Withholding Documents Despite a Nominal Statement Otherwise.

As set out in part above, and in Dkt. No. 117, for a subset of Defendants' requests, Defendants did not state that they were not withholding documents, but also did not state what it was they were withholding.  Plaintiff's objection here is that it was unclear from the response whether something was being withheld.  For other requests, which Plaintiff specifically raised in writing and at the meet and confer, it was clearly not correct when Defendants stated they were not withholding documents.

By way of example, Defendants did not produce any communications with the Public Advocate's office about this case, even though such communications clearly exist (*see, e.g.,* Dkt. No. 113-6 (the letter from the PA) (which has not been produced by Defendants at any point, nor has any response or the transmission email[7]); and were clearly requested (*see, e.g.,* Doc. Req. Nos. 4 and 11).  Yet, Defendants' response to Request 11 inexplicably says "defendants state they are not withholding any documents."  Dkt. No. 117-2 at 27-28.

As with issue III above, until late in the afternoon on the date of the deadline, the parties and discussed and agreed that this letter would include an Appendix — in lieu of fully amending responses — that contained statements on whether Defendants were actually withholding documents, or confirming they are fully asserting no responsive documents exists.  Appendix 2 contains requests where Defendants have either (1) not stated whether they are withholding documents or (2) it is clear Defendants' claim they are not withholding documents is not correct because of documents Plaintiff has or is aware of.

Part of the issue appears to be that Defendants have not conducted any meaningful search for documents outside of "standard" documents required by the 1983 Plan.  For example,

---

[7] On this, Plaintiff notes:  While there is perhaps only limited value to the transmission email (as opposed to the response, etc.), Defendants do not state that they are withholding or argue that lack of value — instead, they withheld silently.





Defendants have not produced *a single email or text*. Yet, Defendants have not discloses a single limitation they placed on their search methodology.

It is not clear how much, if any of this, Defendants intend to address in their October 27, 2023 amendments. They state, for example, that "they will continue to maintain their objections to as the demands are overbroad, among other things," yet not a single overbreadth objection in the current responses is anything but boilerplate. For each of the responses in Appendix 2, the Court should direct Defendants to simply plainly state (1) what they are withholding; (2) on the basis of what specific objections; and (3) how those objections apply.

**V.  HIPAA and 160.50.**

As further set out in Dkt. Nos. 117 (at 8), Defendants have asserted objections to producing documents in response to certain requests under CPL § 160.50 and the Health Information Portability and Accountability Act (or "HIPAA"). However, their privilege log seems to suggest Defendants are withholding documents on neither.

On 160.50, for context, under the so-called § 1983 Plan (Local Rule 83.10), Plaintiff has already served an unsealing release for her records from this incident. Because Defendants' objection suggests other documents may be relevant, Plaintiff has attempted to confer with Defendants half a dozen times over a proposed 160.50 unsealing order. *See, e.g.,* Dkt. No. 117-5; 117 at 8. Defendants have failed repeatedly to respond to these requests, but have expressed no objections whatsoever — including at both meet and confers since the Court's direction to file this joint letter. Therefore, Plaintiff asks the Court to enter the cleaned-up (to address some version control issues) version of the 160.50 Order at Dkt. No. 117-5 attached hereto as **Exhibit 2.**

On HIPAA, Defendants' privilege log does not identify any documents as being withheld under HIPAA. Defendants have also refused to state whether they will agree to clarify that they are *not* withholding documents under HIPAA. Since Defendants have failed to substantiate the HIPAA claim in any way in their privilege log, Plaintiff maintains the objection should be stricken.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.



Page 5 of 11

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  · FemmeLaw.com



## APPENDIX 1: Continuing Search Status

**Interrogatory 5:**[8]
Defendants were unable to commit to a date certain to complete their search, or state definitively whether any search was ongoing.

**Interrogatory 6:**[9]
Defendants were unable to commit to a date certain to complete their search, or state definitively whether any search was ongoing.

**Interrogatory 10:**[10]
Defendants were unable to commit to a date certain to complete their search, or state definitively whether any search was ongoing.

**Document Request 4:**[11]
Defendants were unable to commit to a date certain to complete their search, or state definitively whether any search was ongoing.

**Document Request 10:**[12]
Defendants were unable to commit to a date certain to complete their search, or state definitively

---

[8] "Identify each person who gave each alleged police order to Plaintiff on December 2, 2020 prior to Plaintiff's arrest, if Defendants claim any such order was given, including, but not limited to, any order(s) to disperse," to which Defendants responded (in relevant part), "defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate." Dkt. No. 117-2 at 5.

[9] "Identify each person who placed Plaintiff in handcuffs or leg shackles," to which Defendants responded (in relevant part), "defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate." Dkt. No. 117-2 at 5-6.

[10] "For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney," to which Defendants responded (in relevant part), "defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate." Dkt. No. 117-2 at 9-10.

[11] "Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident" (with specified, non-exhaustive examples, including "[t]exts, e-mails, and other digitally recorded communications"), to which Defendants responded (in relevant part), "Defendants further state they are continuing to search for information documents to [sic] this request and will supplement this response within 30 days if appropriate." Dkt. No. 117-2 at 21-22.

[12] "Produce all documents including statements made by each Individual Defendant or other witnesses related to the NYPD uses of force on Plaintiff, Plaintiff's arrest, or any other aspect of the Incident," to which Defendants responded (in relevant part), "Defendants further state they are continuing to search for information responsive to this request and will supplement this response if appropriate." Dkt. No. 117-2 at 25-27.

COHEN&GREEN    Page 6 of 11

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com



whether any search was ongoing.

**Document Request 11:**[13]
Defendants were unable to commit to a date certain to complete their search, or state definitively whether any search was ongoing.

**Document Request 24:**[14]
While Defendants appear to have produced, in their September 27, 2023 production, all PDF-able documents from the CCRB, the production did not include any multimedia documents (e.g., videos, audio files, etc.) from the CCRB's file. That means, for example, Defendants the production did not include the recordings of the individual Defendants' interviews. In the October 5 meet and confer, Defendants acknowledged that those documents were missing and confirmed they exist.

Nonetheless, Defendants were unable to commit to a date certain to complete their search, or state definitively whether any search was ongoing. Nor did Defendants explain why multimedia documents were all withheld, without any indication that Defendants were withholding them.

**Document Request 26:**[15]
Defendants were unable to commit to a date certain to complete their search, or state definitively whether any search was ongoing.

**Document Request 27:**[16]
Defendants were unable to commit to a date certain to complete their search, or state definitively whether any search was ongoing.

---

[13] "Produce all documents reflecting internal NYPD communications related to Plaintiff's arrest or the Incident" (with specified, non-exhaustive examples)," to which Defendants responded (in relevant part), "further state that defendants are continuing to search for information responsive to this request and will supplement this response if appropriate." Dkt. No. 117-2 at 27-28.

[14] "Produce all documents concerning each NYPD Civilian Complaint Review Board ('CCRB') complaint or investigation concerning Plaintiff and the Incident," to which Defendants responded (in relevant part), "defendants state that they are continuing to search for responsive documents will supplement this response as appropriate within thirty days."

[15] "Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning Plaintiff or the Incident undertaken by the City of New York or any of its agencies," to which Defendants responded (in relevant part), "defendants state that they are continuing to search for responsive documents and will supplement this response as appropriate within thirty days." Dkt. No. 117-2 at 40-41.

[16] "Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any other State, Federal, or other entity," to which Defendants responded (in relevant part), "defendants state that they are continuing to search for responsive documents and will supplement this response as appropriate within thirty days." Dkt. No. 117-2 at 41.



Page 7 of 11

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



**Document Request 36:**[17]
Defendants were unable to commit to a date certain to complete their search, or state definitively whether any search was ongoing.

---

[17] "Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant, including each Doe Defendant," to which Defendants responded (in relevant part), "Defendants further state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary."  Dkt. No. 117-2 at 51-52.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



## APPENDIX 2: Requests Where Responses Are Unclear on Withholding

**Document Request 1:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 4*[18]:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 8:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 21:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 23:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 24*:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 25:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 26*:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 27*:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 28:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

---

[18] An asterisk indicates an overlap between this section and Appendix 1.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



**Document Request 29:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 30:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 31:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 32:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 33:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 34:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 35:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 36*:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 37:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 38:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 39:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.



Page 10 of 11

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



**Document Request 40:**
Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

COHEN&GREEN                                                                                         Page 11 of 11

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com