

October 6, 2023

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Wang:

    As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. As directed by the Court (Dkt. No. 126, extended by Dkt. No. 128), I write jointly with counsel for Defendants to provide a report on the status of production and outstanding discovery issues.

    As the Court may recall from Plaintiff's motion and the response, at issue are a variety of discovery disputes. After follow up, Defendants produced a collection of approximately 800 pages of discovery and one video the evening of September 26, 2023. In the body below, this letter addresses that production, and what remains to be done or produced in Defendants' responses to discovery.[1]

    Finally, the request-specific issues remaining to be resolved — as further explained below — are set out in two Appendices, which the parties have agreed will serve as a "respon[se] in writing" required by Fed. R. Civ. P. 34(b)(2) and the non-sworn portion of the "in writing" answer required by Fed. R. Civ. P. 33(b)(3).[2]

<u>Issues and Status</u>

    **I.   Privilege Log.**

Defendants <mark>produced</mark> a privilege log on October ___, 2023.

[if necessary]

        **A.   Defendants' Position.**

---

[1] The parties met and conferred on the issues herein for approximately 40 minutes on September 27, 2023.
[2] The requirement that an interrogatory response be sworn is addressed below.



       **B. Plaintiff's Position.**

**II. Signed and Sworn Interrogatory Responses.**

  As further set out in Dkt. Nos. 117 (at 8-9) and 117-4 (at 11-12), Plaintiff has been seeking to receive signed and sworn interrogatory responses. ==_____==.[3]

  Defendants have ==agreed to produce such responses for each Defendant on or before _____, 2023== / ==stated they are unable to commit to a date for such responses== / ==stated they are unwilling to produce sworn responses==.

==[if necessary]==

       **A. Defendants' Position.**

       **B. Plaintiff's Position.**

**III. Continuing Searches.**

  As further set out in Dkt. No. 117 (at 8), Defendants' formal responses state in response to 10 specific requests that they are continuing to search for documents or that some future production is still to be made. That is, Defendants' current formal responses contain language substantively to the effect that "defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate" or "Defendants further state they are continuing to search for information documents to this request and will supplement this response within 30 days if appropriate."[4] Dkt. No. 117-2 at 5 and 22.

  As further set out in Dkt. No. 122 and above, Defendants have subsequently supplemented their production with a production that included documents responsive in part to two of those requests (specifically, Doc. Reqs. 10 and 24).

  The status of Defendants' "continuing" searches for those 10 requests, on a request-by-request basis, is set out in Appendix 1.

==[if necessary]==

---

[3] Fed. R. Civ. P. 26(g)(2) provides, "parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."

[4] For clarity, notwithstanding the notation of a 30 day production, the September 26 production was the only production Defendants made after the July 12, 2023 Amended Responses.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



    **A. Defendants' Position.**

    **B. Plaintiff's Position.**

**IV. Requests Where Defendants Failed to State Whether they Were Withholding Documents; or Where Defendants are Withholding Documents Despite a Nominal Statement Otherwise.**

As set out in part above, and in Dkt. No. 117, for a subset of Defendants' requests, Defendants did not state that they were not withholding documents, but also did not state what it was they were withholding. Plaintiff's objection here is that it was unclear from the response whether something was being withheld. For other requests, which Plaintiff specifically raised in writing and at the meet and confer, it was clearly not correct when Defendants stated they were not withholding documents — just by way of example, Defendants did not produce any communications with the Public Advocate's office about this case, even though such communications clearly exist. *See, e.g.,* Dkt. No. 113-6 (the letter from the PA) (which has not been produced by Defendants at any point, nor has any response or the transmission email[5]).

Defendants statements on whether they are actually withholding documents, or confirming they are fully asserting no responsive documents exists, is set out in Appendix 2. There is some overlap between the requests covered in Point III/Appendix 1 and these requests, but because the issues in each section are somewhat distinct, that overlap is left in.

==[if necessary]==

    **A. Defendants' Position.**

    **B. Plaintiff's Position.**

**V. HIPAA and 160.50.**

As further set out in Dkt. Nos. 117 (at 8), Defendants have asserted objections to producing documents in response to certain requests under CPL § 160.50 and the Health Information Portability and Accountability Act (or "HIPAA").

---

[5] On this, Plaintiff notes: While there is perhaps only limited value to the transmission email (as opposed to the response, etc.), Defendants do not state that they are withholding or argue that lack of value — instead, they withheld silently.

COHEN&GREEN     Page 3 of 9

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



On 160.50, for context, under the so-called § 1983 Plan (Local Rule 83.10), Plaintiff has already served an unsealing release for her records from this incident. Because Defendants' objection suggests other documents may be relevant, the parties have agreed to the proposed § 160.50 sealing order attached hereto, and jointly ask the Court to enter it.

On HIPAA, Defendants' privilege log does not identify any documents as being withheld under HIPAA. Defendants have therefore agreed to clarify they are not withholding any documents on that basis / are unable to state presently whether they are nonetheless withholding documents on that basis / are unwilling to state whether they are nonetheless withholding documents on that basis.

[if necessary]

    **A. Defendants' Position.**

    **B. Plaintiff's Position.**

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

COHEN&GREEN    Page 4 of 9

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



**APPENDIX 1:  Continuing Search Status**

**Interrogatory 5:**[6]

[SAMPLE INFORMATION TO FILL IN THIS SECTION – ANY FURTHER DETAIL WE CAN ADD TO SPECIFIC REQUESTS TOO]:

> **Commented [rg1]:** These are intended to make sure we can agree on language on the specific responses that we might receive on Friday, so we don't have to go back and forth.

Defendants have completed their search and will amend their responses to state the search is complete on or before _____, 2023.

Defendants have agreed that they will complete their search and amend their responses to state the search is complete on or before _____, 2023.

Defendants have agreed that they will complete their search and amend their responses to state the search is complete, but were unable to commit to a date certain to do so.

Defendants were unable to commit to a date certain to complete their search, or state definitively whether any search was ongoing.

Defendants were unable to commit to a date certain to complete their search, but confirmed a search was ongoing.

**Interrogatory 6:**[7]

**Interrogatory 10:**[8]

---

[6] "Identify each person who gave each alleged police order to Plaintiff on December 2, 2020 prior to Plaintiff's arrest, if Defendants claim any such order was given, including, but not limited to, any order(s) to disperse," to which Defendants responded (in relevant part), "defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate." Dkt. No. 117-2 at 5.

[7] "Identify each person who placed Plaintiff in handcuffs or leg shackles," to which Defendants responded (in relevant part), "defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate." Dkt. No. 117-2 at 5-6.

[8] "For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney," to which Defendants responded (in relevant part), "defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate." Dkt. No. 117-2 at 9-10.

COHEN&GREEN          Page 5 of 9

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



**Document Request 4:**[9]

**Document Request 10:**[10]

**Document Request 11:**[11]

**Document Request 24:**[12]

While Defendants appear to have produced, in their September 27, 2023 production, all PDF-able documents from the CCRB, the production did not include any multimedia documents (e.g., videos, audio files, etc.) from the CCRB's file. That means, for example, Defendants the production did not include the recordings of the individual Defendants' interviews.

Defendants have agreed to produce the remaining portions of the CCRB file on or before _____, 2023.

**Document Request 26:**[13]

---

[9] "Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident" (with specified, non-exhaustive examples, including "[t]exts, e-mails, and other digitally recorded communications"), to which Defendants responded (in relevant part), "Defendants further state they are continuing to search for information documents to [sic] this request and will supplement this response within 30 days if appropriate." Dkt. No. 117-2 at 21-22.

[10] "Produce all documents including statements made by each Individual Defendant or other witnesses related to the NYPD uses of force on Plaintiff, Plaintiff's arrest, or any other aspect of the Incident," to which Defendants responded (in relevant part), "Defendants further state they are continuing to search for information responsive to this request and will supplement this response if appropriate." Dkt. No. 117-2 at 25-27.

[11] "Produce all documents reflecting internal NYPD communications related to Plaintiff's arrest or the Incident" (with specified, non-exhaustive examples)," to which Defendants responded (in relevant part), "further state that defendants are continuing to search for information responsive to this request and will supplement this response if appropriate." Dkt. No. 117-2 at 27-28.

[12] "Produce all documents concerning each NYPD Civilian Complaint Review Board ('CCRB') complaint or investigation concerning Plaintiff and the Incident," to which Defendants responded (in relevant part), "defendants state that they are continuing to search for responsive documents will supplement this response as appropriate within thirty days."

[13] "Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning Plaintiff or the Incident undertaken by the City of New York or any of its agencies," to which Defendants responded (in relevant part), "defendants state that they are continuing to

COHEN&GREEN                                                                                                          Page 6 of 9

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



**Document Request 27:**[14]

**Document Request 36:**[15]

---

[cont.] search for responsive documents and will supplement this response as appropriate within thirty days." Dkt. No. 117-2 at 40-41.

[14] "Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any other State, Federal, or other entity," to which Defendants responded (in relevant part), "defendants state that they are continuing to search for responsive documents and will supplement this response as appropriate within thirty days." Dkt. No. 117-2 at 41.

[15] "Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant, including each Doe Defendant," to which Defendants responded (in relevant part), "Defendants further state that they are continuing to search for responsive documents, and will supplement this response within 30 days, if necessary." Dkt. No. 117-2 at 51-52.

COHEN&GREEN                                                                    Page 7 of 9

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



**APPENDIX 2:  Requests Where Responses Are Unclear on Withholding**

**Document Request 1:**

[SAMPLE INFORMATION TO FILL IN THIS SECTION – ANY FURTHER DETAIL WE CAN ADD TO SPECIFIC REQUESTS TOO]:

Defendants agreed, on or before _____, 2023, to amend their responses to state whether there are documents they are withholding.

Defendants could not state whether they would agree to amend their response to clarify whether they were in fact withholding documents.

**Document Request 4*[16]:**

**Document Request 8:**

**Document Request 21:**

**Document Request 23:**

**Document Request 24*:**

**Document Request 25:**

**Document Request 26*:**

**Document Request 27*:**

**Document Request 28:**

**Document Request 29:**

> **Commented [rg2]:** These are intended to make sure we can agree on language on the specific responses that we might receive on Friday, so we don't have to go back and forth.

---

[16] An asterisk indicates an overlap between this section and Appendix 1.

COHEN&GREEN                                                                 Page 8 of 9

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



**Document Request 30:**

**Document Request 31:**

**Document Request 32:**

**Document Request 33:**

**Document Request 34:**

**Document Request 35:**

**Document Request 36\*:**

**Document Request 37:**

**Document Request 38:**

**Document Request 39:**

**Document Request 40:**

COHEN&GREEN                                                                 Page 9 of 9

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com