

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing and Email to Chambers.

    Re:    Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Wang:

    As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case named above. I write because rather than dealing with the John/Jane Doe issue by agreement, as the Court made very clear it wanted done, Defendants suddenly about-faced today. The statute of limitations is **December 2, 2023** (which arguably rolls over to December 4, 2023) — and therefore **this motion seeks emergency relief before Saturday, December 2**. Specifically, Plaintiff seeks to have the Court resolve this application as quickly as possible — and ideally (given the below) with enough time for Defendants to serve the identity of John or Jane Doe No. 10 before the close of business tomorrow.

    As the Court put it in its Order (Dkt. No. 130), "Defendants [we]re directed to resolve the remaining John/Jane Doe issue by Friday, December 8, 2023, either by stipulation or by status letter." At the conference, my memory is[1] the Court said something to the effect of, "just figure this out, don't make this an issue." Thereafter, at Defendants' request, on November 17, 2023, I forwarded the resolution reached in one of several cases where my firm has reached a similar agreement with the City.

    In the two weeks since then, Defendants have never suggested that doing what the Court expressly directed would be an issue. Instead, today, for the first time, counsel responded, saying:

> Regarding the question of the stipulation discussed at the discovery conference on November 16, 2023, specifically, your request that the Law Department waive any statute of limitations arguments or stipulate to not opposing a relation-back argument for an individual who is not yet named or represented by the Law Department in this case, we cannot agree to any such stipulation or waiver of the statute of limitations.
>
> Further, in reviewing the Karnes et al v. City of New York, 21-CV-4103 case which you referred me to, the circumstances are completely different and not applicable to

---

[1] The transcript will not be ready until December 4.



the instant matter.

That is, Defendants are now refusing to "resolve" the issue at all. I spoke on the phone to Defendants' counsel. On that call, he said Defendants had only said they would *consider* working to avoid a statute of limitations issue. But that was not what happened, and does not explain why Defendants never moved to modify the Court's Order at Dkt. No. 136 ¶ 4.[2]

Now, because the statute runs *in two days*, more delay is not possible, and this emergency motion became necessary. On the phone, I told counsel that I would be filing this letter at 4:30 p.m. if I did not hear back from him resolving this issue, and sent a final email before filing this motion asking if there was any way to avoid this motion. I have not received any further response.

In light of Defendants' about-face and refusal to follow the Court's direction, the Court should direct that either:

(1) any Defendant that fits the description of John or Jane Doe No. 10 in the operative complaint represented by the Law Department has waived any statute of limitations defense; or

(2) if Defendants object in any way to that relief, that they serve the name of John or Jane Doe No. 10 on Plaintiff before the close of business on December 1, 2023.

Under Rule 37, Plaintiff would also ask the Court to award fees. I am available for a telephone conference this evening and can cancel other matters tomorrow morning to do the same. And I apologize for the need to seek emergency relief. I would have pushed more quickly, but after the conference I was genuinely shocked when Defendants suddenly shifted to saying they were refusing to "resolve the remaining John/Jane Doe issue." Dkt. No. 136 ¶ 4.

As always, I thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

[2] Counsel also asked whether Plaintiff ever actually served a discovery request seeking this information. She did. Interrogatory No. 16 seeks the identity of "John or Jane Doe 10, as described in the operative complaint." Defendants have had that request, left unanswered, for more than a year.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com