

**T**HE **C**ITY OF **N**EW **Y**ORK
**L**AW **D**EPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**Gregory Musso**
*Senior Counsel*
Tel.: (212) 356-3159
gmusso@law.nyc.gov

December 8, 2023

**BY ECF**
Honorable Ona T. Wang
United States Magistrate Judge
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *Rodney, Patricia v City of New York, et al.,* 22-CV-01445 (LAK) (OTW)

Your Honor:

I am a Senior Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above referenced case. In that capacity, I write to update the Court with this status letter as to the progress of discovery negotiations. Specifically, Interrogatories No. 5 and 6, and Discovery Request No. 4 of the First Set of Interrogatories and Document Requests, as well as the sworn interrogatory responses from the named parties. Plaintiff's counsel, Remy Green, and the underesigned discussed the outstanding discovery issues in this case but counsel declined to sign on to a joint letter, instead placing a statement in the letter, below.

Regarding Interrogatories No. 5 and No. 6, requests for the identities of individuals who gave police orders to plaintiff and individuals who placed plaintiff in handcuffs or leg shackles, counsel for the parties have agreed that Defendants will supplement their response by December 22, 2023.

Regarding Document Request No. 4, a request for all recorded communications related to plaintiff's arrest or the incident, including but not limited to: 911 calls and all documents related, 311 calls and all documents related, and texts, emails, and other digitally recorded communications, Defendants have proposed the following regarding potentially discoverable and responsive materials:

1. Regarding emails originating from, or sent to, the defendant police officers who were directly involved in the Plaintiff's December 2, 2020 arrest, defendants will acquire all

2. such emails, if any, from December 2, 2020 to December 5, 2020, and thereafter review those emails for privilege and to determine whether any contain discoverable information for production. Additionally, defendant will perform a second search for emails originating from and sent to the defendant police officers who were directly involved in plaintiff's December 2, 2020 arrest based on a key word search of "Rodney"; that search will be limited to emails from December 6, 2020 to January 1, 2021. If any emails are found, Defendant will review such emails for privilege and to determine whether any contain discoverable information for production.

3. Regarding text messages originating from, or sent to, the defendant police officers who were directly involved in the Plaintiff's December 2, 2020 arrest, defendant will acquire all text messages from those officers' NYPD issued phones for the following time period: December 2, 2020 to December 5, 2020. If any there are any messages, Defendant City will conduct a review of such messages for privilege and to determine whether any contain discoverable information for production. Defendant will also perform another search for text messages originating from, or sent to, the defendant police officers who were directly involved in the Plaintiff's December 2, 2020 arrest, based on a key word search of "Rodney"; that search will be limited to text messages from December 6, 2020 to January 1, 2021. If any text messages are found, Defendant will review such text messages for privilege and to determine whether any messages contain discoverable information for production. These searches will be done to the extent the phones exist.

4. Regarding electronically stored communications between any members of the NYPD and the New York City Public Advocate's Office pursuant to an article published by the New York City Public Advocate's Office on November 2, 2022,[1] at this time the parties will continue negotiations but defendant will likely pursue a protective order regarding these communications. Should the parties reach an impasse, pursuant to the Court's November 16, 2023 order, Defendant City will move for a Protective Order on or before December 22, 2023.

The proposal as to emails and text messages is contingent upon overall volume. Defendant does not anticipate an overly burdensome volume of communications for the nine named members of the NYPD who were present at the 62 Precinct. Should the overall volume prove to be burdensome, the parties will reengage in negotiations.

Regarding plaintiff's request for sworn interrogatories, the undersigned was able to acquire affidavits from Tamara Clement, Heriberto Hernandez, Ernest Hernandez, Johnandrew Cusmano, Pelly Casimir, Robert Mui, Angeliesse Nesterwitz (formerly Acevedo), and Steven Vitelli. However, the undersigned was unable to arrange for Detective Michael Oggeri report to the undersigned's office to complete an affidavit. The undersigned spoke to Det. Oggeri on the phone and was informed that the detective was on vacation out of the country and would not be able to sign an affidavit. The undersigned was informed that Det. Oggeri anticipates returning to work on

---

[1] The undersigned apologizes for the lack of citation, but the article in question does not indicate an author. The following hyperlink is provided for reference: https://www.pubadvocate.nyc.gov/press/nyc-public-advocate-defends-the-right-to-record-police-activity-in-new-court-filing/

December 15, 2023. The undersigned apologizes for failing to acquire all of the affidavits and respectfully requests an extension of two weeks to acquire Det. Oggeri's and the Defendant City's affidavit on or before December 22, 2023. Defendant also requests this time to resolve remaining discovery conflicts with plaintiff's counsel.

Plaintiff's statement:

Defendants stated for the first time after 6:00 p.m. today that they were not going to meet the Court's deadlines. They offered us no explanation of any kind why.

The Court directed Defendants to accomplish a number of things by December 8, 2023: (1) "the date is sworn interrogatory responses provide by December 8th," specifically so it could account for "vacation" and other issues (Tr. 16:4-21); (2) "December 8th for resolving the questions on the ongoing searches" as to interrogatories (Tr. 20:18-19); (3) "Talk about ways to limit the search, try to come to an agreement with Mx. Green on a more limited search and how you can do that search, whether it's by search terms, limiting custodians, but work productively with each other" by "December 8th" (Tr. 22:16-25); and (4) "outstanding other document production issues that should be discussed, try to resolve those on the same time frame I just gave you" (e.g., December 8) (Tr. 25:6-9).

On (1), Defendants informed Plaintiff for the first time tonight after 6:00 p.m. that initially, they had no plan at all to turn over sworn interrogatories (instead, they inexplicably were just going to *have* them for all but two Defendants) -- and that they were unable to get in touch at any time since November 16 with one of the individual Defendants who is apparently *now* on vacation. In a 6:15 p.m phone call, Defendants admitted they had nothing for the City of New York and had no explanation at all for how the City was omitted. *See also, e.g.,* Tr. at 16:16-22.

On (2), Defendants also informed Plaintiff for the first time tonight after 6:00 p.m. that they could not meet the Court-ordered deadline. Defendants did not ask for consent for an extension of time until after 6:00 p.m. tonight.

On (3), while Defendants have not been prepared, the consequence of that is that they have to make a motion -- so no relief is needed (nor is any extension).

On (4), Defendants have not made any progress at all -- despite Plaintiff following up, and re-forwarding the November 15, 2023 letter mentioned on the record that extensively sets out what outstanding document discovery is required.

The Court should deny any extension, and should issue sanctions if Defendants cannot cure their violation of the Court's Order as to (1), (2), and (4) by the close of business Tuesday.

       The parties will continue to discuss any further issues with discovery and thank the Court for it's consideration on this matter.

                                      Respectfully submitted,

                                      ***/s/ Gregory Musso***

                                      Gregory Musso
*Senior Counsel*
NYC Law Department