

November 30, 2023

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing and Email to Chambers.

    Re:    Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Wang:

    As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case named above. I write because Defendants' letter, filed last night, unfortunately contains multiple misrepresentations. As it stands, of the things the Court unambiguously ordered Defendants to do by December 8th,[1] they have done none.

    First and foremost, Defendants do not say, but try to imply they have turned over sworn interrogatories for all but two Defendants. They have not. To be very, very clear: Despite the Court's orders, as of today, **<u>Defendants still have not turned over even a single sworn interrogatory response</u>**. In refusing to do so — saying instead they've merely "acquire[d]" them and leaving out that they're refusing to serve them (ECF No. 143 at 2-3) — they have now violated, in full, a plain Court order. But by saying they have the responses, Defendants admit compliance with the order was simple and doable. Put aside sanctions, that easily meets the standard for contempt.

    Second, Defendants say "counsel for the parties have agreed that Defendants will supplement their response by December 22, 2023." ECF No. 143 at 1. That is not true, and counsel knows it is not true. When asked for the first time after 6:00 p.m. yesterday, Plaintiff declined to consent to *any* extension, and explained she would not consent to any extension asked for after the close of business on a Friday deadline. Counsel and I in fact discussed this *specifically*, and I made very, very, very clear there was no consent. Counsel said there was consent anyway.[2]

---

[1] In addition to the 4 listed items in the statement Plaintiff provided to Defendants late yesterday evening when we found out for the first time Defendants were not going to meet the Court's deadlines, Defendants were also ordered to (1) resolve the Doe issues and (2) pay for half of the transcript. Defendants refused to do the former, resulting in the need for emergency relief (ECF Nos. 137-138) and on the latter, despite many, many rounds of follow up since Plaintiff fronted Defendants' share, Defendants still have not paid for their share of the transcript.

[2] Defendants' letter is also inexplicably limited to completing searches on interrogatories 5 and 6. But Defendants were ordered to complete searches on interrogatories 5, 6, and 10. *See* Tr. 17:3-7; 20:18-25. I have also attached, as **Exhibit 1**, a copy of the November 15, 2023 letter referenced during the conference (Tr. at 32:11-20), which unambiguously lists all three interrogatories with outstanding searches. That letter

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



      This is not — as Defendants suggest — a "discovery conflict[]." ECF No. 143 at 3.[3] Defendants were ordered to do at least four things. Instead, they did ***none***. This is the City treating the Court's orders as gentle suggestions. But the Court was not ambiguous. For example, on sworn interrogatories:

> "[T]he date is sworn interrogatory responses ***provide[d]*** by December 8th."

Tr. at 16:10-14 (emphasis added). And on that counsel even said, "I should be able to end up ***providing those materials to plaintiff***." Id. at 16:4-9 (emphasis added). So, Defendants sudden shift to refusing to provide the supposedly sworn responses they have "acquire[d]" (ECF No. 143 at 2) is naked bad faith.[4] That is, while the position that was in the letter last night suggested only sanctions were appropriate, that was on the assumption Defendants would turn over something. Again, despite the Court's orders, Defendants turned over ***literally nothing*** by December 8, 2023, applied for an extension at 8:23 p.m., and falsely claimed Plaintiff consented to part of that extension.

      At this stage, an order to show cause under Local Civ. R. 83.6(a) seems appropriate. Again, the Court set a deadline for Defendants to do four things. They did none. And only asked for more time after 8:00 p.m. the night of the deadline. Something is getting profoundly lost in translation here, and even if contempt is not appropriate, requiring Defendants to explain exactly what is going on here — and why clear orders were not followed — seems essential to moving forward.

                                      Respectfully submitted,

                                        /s/
                                  _____

                                  J. Remy Green
                                      *Honorific/Pronouns: Mx., they/their/them*
                                  **COHEN&GREEN P.L.L.C.**
                                  *Attorneys for Plaintiff*
                                  1639 Centre St., Suite 216
                                  Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

also sets out what Defendants were ordered to cover on issue "(4)" (ECF No. 143 at 3), that is, the outstanding document issues, and have utterly failed to do anything about. Ex. 1 at 3-6.

[3] I asked Defendants to correct the second issue and the issue in n. 2 above last night shortly after the letter was filed. That was before midnight on the assumption Defendants would serve sworn interrogatory responses. However, because Defendants are apparently refusing to follow the Court's clear orders and actually ***serve*** sworn interrogatory responses, I am filing this letter immediately.

[4] The Court-ordered deadlines are not the only ones Defendants simply ignored this week. Defendants failed to respond in any way to a second, small round of discovery requests (centered on issues raised by the City's arguments in *Reyes*) served on November 4, 2023 and due December 4. On these, after simply failing to respond and two follow up emails, Defendants asked for two more weeks.

    Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com