

November 15, 2023

Gregory Musso
Hon. Sylvia O. Hinds-Radix
Corporation Counsel of the City of New York
100 Church Street
New York, New York 10007

By Electronic Mail

   Re:  <u>Rodney v. City of New York</u>, 22-cv-1445

Dear Greg:

  I am writing on the case above to commemorate our meet and confer today (e.g., November 15, 2023).  As you know, this meeting is just the latest in a many-months process where we've tried to get Defendants to simply tell us what they're withholding and what they're producing — and to get signed interrogatories (and other ground level, basic discovery items).

  As you also know, the meeting was outlined in advance by a lengthy November 1, 2023 email (e.g., sent two weeks in advance of the meeting), going item by item through Defendants' latest responses.  Yet, I suspect we both agree Defendants were not exactly prepared to discuss any individual issue.  Defendants' answer to virtually every question was "I need to discuss with my superiors" — even for things explicitly raised in multiple rounds of correspondence.  I should also note that we had asked if this was going to be an issue, that a supervisor attend the meeting, saying:

> "If you do not have authority to actually make any commitments, **please consider this a formal request to bring a supervisor with authority to actually address these issues to that meeting**."

Nov. 1, 2023 Email (emphasis added).[1]  No supervisor attended.  But at the meeting, the representative Defendants sent could not make even the most basic commitments, or answer any of the questions raised in writing two weeks before the meeting.

  With that said, this letter is intended to commemorate what was said.  If you disagree with any individual characterization, please say so immediately and specifically.

---

[1] *See also,* Oct. 26, 2023 Email ("Can you clarify why you need to coordinate with your superior to provide your availability for a basic discovery conference (or for that matter, why that coordination has taken weeks just to say when you can be available)? If your superior is the one litigating this case, I should simply be speaking with her directly.").



### Discussion

As noted above, this letter is to formally commemorate what was discussed. It largely follows the order we discussed things, but I have — to try to make things easier and more linear going forward — re-ordered things to be fully ordered by document request/interrogatory number (rather than by the appendixes in the most recent motion to compel). I have also omitted those requests identified as resolved (for the purpose of understanding what and whether Defendants were withholding) in the November 1 Email.

### I. Continuing Failure to Serve Verified Interrogatories.

Defendants still have not served verified or sworn interrogatory responses. At the meeting, I expressed my shock at this. Initially, you stated you were going to "stand on" the written objections. I reminded you that there is no objection to providing sworn responses in the written objections, as well as reading the requirement in Rule 26 that "parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, *and the court must strike it* unless a signature is promptly supplied after the omission is called to the attorney's or party's attention." Fed. R. Civ. P. 26(g)(2) (emphasis added). I also reminded you that the rules require a response under oath. *See, e.g.,* Fed. R. Civ. P. 33(b)(3) (Interrogatories "must, to the extent it is not objected to, be answered separately and fully in writing under oath"). Finally, I also reminded you that Defendants had specifically represented in multiple meet and confers that they would be serving under oath responses, but had merely refused to provide a *date* — so if Defendants were actually taking this approach, it was a surprise change in position.

You responded that you misunderstood what I was asking, and were not actually refusing to serve sworn responses. Instead, you said you needed to confirm your position with your supervisors (1[2]). I expressed that was surprising, in light of the fact that we have raised this issue, including in the email outlining the issues for this meet and confer — which I forwarded *again* to ask that you be prepared the day before the meeting. Specifically, that email said: "Defendants still have not served sworn interrogatories despite months and months of requests. For that reason, we intend to move to strike Defendants' interrogatory responses as explicitly contemplated by Rule 26." Nov. 1, 2023 Email. Likewise, in our joint letter on October 27, the parties jointly alerted the Court that "Defendants have not served any verified interrogatories. Plaintiff intends to raise a potential motion under Rule 26(g)(2) … at the coming conference." Dkt. No. 132. This is hardly a new issue — it has been raised in countless emails, letters, and motions over the last year.[3]

---

[2] The number in parenthesis, and those that follow, track how many times this was an answer to a request that Defendants provide their position.

[3] *See, for examples,* Dkt. No. 129 ("Plaintiff has been seeking to receive signed and sworn interrogatory responses for several months now. Defendants still have not committed to a date to produce such responses, and without any explanation, Defendants' position fails to address this issue"); Dkt. No. 117 ("Defendants' answers are improper and the failure to sign has not been cured despite the issue being raised months ago"); Dkt. No. 117-4 at 11-12 (July 18, 2023 deficiency letter, saying, "In this case, none of the interrogatory responses provided are signed or verified by the parties under oath. … We therefore hereby demand that each Defendant provide appropriate, signed, verified interrogatory responses").

COHEN&GREEN                                                                                       Page 2 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



## II. Interrogatories.

**Interrogatory 5:**  As noted in the November 1 Email, Defendants' responses state they are "continuing to search," and fails to provide a date by which that search will be done.  Defendants were not prepared to answer, though you said you *think* the search is complete.  You said you needed to speak to your supervisors to provide an answer **(2)**.

**Interrogatory 6:**  Again, as noted in the November 1 Email, Defendants' responses state they are "continuing to search," and fails to provide a date by which that search will be done. Defendants were not prepared to answer.  You said you needed to speak to your supervisors to provide an answer **(3)**.

**Interrogatory 10:**  Again, as noted in the November 1 Email, Defendants' responses state they are "continuing to search," and fails to provide a date by which that search will be done. Defendants were not prepared to answer, but you stated that they believe they are going to answer, after needing to speak to your supervisors to provide an answer **(4)**.

## III. Document Requests.

**Document Request 1:**  As noted in the November 1 Email, Defendants appear to state that the only documents being withheld are being withheld on the basis of privilege — but that is not 100% clear.  We asked to confirm.  You stated you needed to confer with the prior attorney to find out whether or not this answer meant that there were documents withheld for non-privilege reasons **(5)**.

**Document Request 4:**  As noted in the November 1 Email, Defendants are obviously withholding some documents — including, specifically, the PA letter discussed in multiple communications so far (including the latest motion and the November 1 email).  Initially, you said Defendants were not silently withholding anything.  Yet, you had no explanation for why the PA Letter, or the NYPD's response to that letter, had not been produced.

We also discussed the fact that Defendants have not produced a single email, text message, or other internal communication.  Despite the fact that we've raised this in every single communication and motion about this request, it seemed to surprise you that Defendants did not produce any emails.  I asked you what search methodology you used to collect emails and texts, if you believed they had been produced.  You did not have any answer.  You would not agree that Defendants have not searched for emails or texts, but did confirm *you personally* had not done that search.  You then said you thought emails from specific individuals were not searched.  You said you needed to speak to you supervisors, paralegal, and others in the law department about this issue **(6)**.

**Document Request 8:**  After a lengthy discussion, we agreed that, as proposed in the November 1 Email, Plaintiff has no issue with Defendants' response, and Defendants do not have an issue with Plaintiff asking for specific documents required to interpret NYPD codes as and when

COHEN&GREEN    Page 3 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



that issue arises.  We also discussed that what Defendants would produce in that instance would likely be — without objection from us — limited to excerpts from larger documents when relevant.

**Document Requests 11 and 24**:  These are the CCRB-related document requests.  As we have discussed multiple times, Defendants' CCRB production did not include any multimedia files — neither the audio nor the video noted in the CCRB log were produced.  Defendants will apparently, at some uncertain date (we were unable to agree on a date certain), fix the audio issue.  We also, I believe, agreed that Defendants would, at a minimum, identify by Bates number the specific videos they believe duplicate those in the CCRB file if they are unwilling to produce the actual videos.

**Document Request 23:**  As noted in the November 1 Email, Defendants' response to this request — which requests all litigation holds of any kind — was to say Defendants are not withholding any documents.  In other words, Defendants are saying there was no litigation hold issued in this case.  At first you said you wanted to go clarify with John.  But, as I reminded you during our conversation, this is something *you* drafted in the latest round of amendments; Defendants' prior response was to claim privilege — but then there was no litigation hold in the privilege log.

From there, you said you understood that we were asking for an immediate meet and confer not on the request, but on implementing a litigation hold and understanding any currently-running automatic deletion policies, but needed to speak to your supervisors **(7)**.

**Document Requests 25 and 26:**  As noted in the November 1 Email, Defendants state only "upon information and belief" that no documents exist.  As we explained, since these requests seek documents related to City investigations, it is troubling that personal knowledge was apparently unavailable — and highlighted that Defendants had no issue confirming documents did not exist based on personal knowledge in the similar Document Request 27.  We also, in that email, noted that changing the response to match the response to Document Request 27 would specifically satisfy this concern.

At the meeting, Defendants had no explanation for what "upon information and belief" meant in this context, and were unprepared to make any commitment.  You said you needed to speak to your supervisor on both requests **(8) (9)**.  You committed to providing clarification on whether Defendants would amend, or at least explain what "upon information and belief" means here, by December 1, 2023.

**Document Requests 28:**  As noted in the November 1 Email, Defendants say they are "not withholding documents on the basis of these objections."  You said something I didn't understand: You claimed Defendants were "not withholding anything but are objecting to the request."  I pointed out that this would mean — as you vehemently denied was going on elsewhere — that Defendants were silently withholding documents.  It seemed to me that you agreed that, as written, Defendants response does not interpose any objections that are being used to withhold anything.

COHEN&GREEN                                                                                                                                          Page 4 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



      This request seeks academy transcripts.  You agreed with me that Defendants have not produced academy transcripts.  To explain how that could be while Defendants simultaneously say they are not withholding anything, you said you needed to "clarify the point" with your supervisors **(10)**.

      **Document Request 32:**  As noted in the November 1 Email, Defendants statement that they limited their production to "substantiated incidents" less than five years old is not consistent with the 1983 Plan or federal discovery — and is not explained.  Despite the two week notice we needed to discuss this today, you stated you needed to discuss with your superiors **(11)**.

      **Document Request 34:**  As noted in the November 1 Email, despite Defendants' apparent agreement to produce documents, Defendants did not say when.  You said you though Defendants produced "performance evaluations," but seemed to be talking about the general CPI index — and couldn't give us a Bates number for an example of the "performance evaluations" you believed you produced (I will also note now that it is not consistent with how Defendants produced other documents to speak in the future tense about what Defendants "will agree to produce" and not specify the documents — suggesting that, at least when you drafted this response, you intended to produce in the future).

      In any event, as also noted in the November 1 Email, specifying a time for production or specifying what is being produced is the baseline that is required in a document response.  Relevant here, "Fed. R. Civ. P. 34 requires that 'production must [] be completed no later than the time for inspection specified in the request or another reasonable time ***specified in the response***.'"  Nov. 1, 2023 Email (emphasis added in original), *quoting* Fed. R. Civ. P. 34(b)(2)(B).  Despite that, you stated that you needed to discuss with your superiors and could not speak to this issue **(12)**.

      **Document Request 36:**  As noted in the November 1 Email, Defendants made — in the new objections you drafted, for the first time — the puzzling objection about documents "pertaining to co-defendants represented by separate counsel."  Yet, you could not explain what is meant by that objection, how it would be proper, or even why it was asserted (given that there are no defendants represented by separate counsel).  You said you would clarify with your supervisor **(13)**.

      This request also states Defendants will produce by November 27, 2023.  You stated you had asked for, but not yet received these documents (these are the "RAILS" documents).  You said you believe the production is on track to be on time, but are not certain.

      **Document Request 37:**  As noted in the November 1 Email, we want to confirm that Defendants really and truly are refusing to produce anything related to any time individual defendants have been sued in the past — and really and truly doing so on the basis of the objections stated.  As we said, "[t]he boilerplate claim that disclosing routine documents implicates any person's privacy or any security concerns is frivolous and does not meet the standard (nor Defendants' written commitment) for stating objections, but we will address that in a motion."

COHEN&GREEN    Page 5 of 6

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



Despite that notice two weeks in advance of the meeting, Defendants were not prepared to confirm this response was final, and you stated you needed to speak to your supervisors before confirming this was a final response **(14)**.

**Document Request 38:** As noted in the November 1 Email, Defendants inexplicably limited this request to an unspecified one of the two Sgt. Hernandezes and Defendant Clement. Despite having two weeks notice about this issue, Defendants had no explanation for how or why Defendants limited their response in that way during the meet and confer. Instead, once again, you stated you needed to confer with your supervisors to provide any explanation at all **(15).**

**Document Request 39:** As noted in the November 1 Email, Defendants state that they are not withholding documents, but have not produced even a *single* responsive document. You could not provide a date for production or explanation, but said you need to confer with your supervisors **(16).**

**Document Request 40:** As noted in the November 1 Email, Defendants state that they are not withholding documents, but have not produced even a *single* responsive document. You could not provide a date for production or explanation, but said you need to confer with your supervisors **(17).**

<u>Conclusion</u>

As set out above, Defendants were unprepared to discuss, in any way, at least 17 different items we had teed up explicitly more than two weeks ago. And there is a conference on exactly these issues tomorrow. Likewise, despite a request that if you had no authority to discuss this case, that you bring the supervisor who is apparently micromanaging every little thing, you came to the meeting alone. Let me put this very bluntly: I do not understand what is going on in your office. It should not be this hard to even have a basic discussion about the substance of discovery requests. I don't know what is necessary to get things back on track, but this does not seem sustainable for anyone involved.

Obviously, we intend to raise all of these issues with the Court tomorrow — and in motion practice going forward. For those items above with dates, we will follow up on those dates if we don't receive your response as agreed and will likely ask the Court to So Order those dates tomorrow. For those items with unspecified dates, we will discuss them with the Court tomorrow.

Yours, &c.,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

Page 6 of 6

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com