

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | T<small>HE</small> C<small>ITY OF</small> N<small>EW</small> Y<small>ORK</small><br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>Phone: (212) 356-3539<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |

January 11, 2024

**VIA ECF**
Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Patricia Rodney v. City of New York, et al., 22-cv-1445 (LAK)</u>

Your Honor:

    I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for defendants. Defendants write to respectfully request a *nunc pro tunc* extension of time for Defendant O'Neill to respond to the Second Amended Complaint to January 24, 2024, as well as a *nunc pro tunc* extension of time to respond to Plaintiff's Second Requests for Admission. These are the first such extension requests. Plaintiff consents to the extension request for Defendant O'Neill's response to the Second Amended Complaint and does not consent to the extension request for responses to Plaintiff's Second Requests for Admission.

    These requests are made in light of the undersigned's recent assignment to this case. Per the civil docket sheet, Defendant O'Neill was purportedly served on December 12, 2023, with his response to the Second Amended Complaint due on January 2, 2024. ECF No. 149. As the Court is aware, this case was reassigned to me. Due to an apparent oversight of the January 2, 2024 deadline for Defendant O'Neill to answer, my office did not request an extension on his behalf. <u>See</u> ECF No. 152, 154. Since being assigned this case, I have conferred with plaintiff regarding the outstanding discovery issues that have been raised with the Court, and, with the exception of responses to Plaintiff's Second Requests for Admission, defendants do not seek an extension of time to the Court's previously granted January 22, 2024 deadline. Plaintiff consents to the *nunc pro tunc* extension of time to January 24, 2024 for Defendant O'Neill to respond to the Second Amended Complaint.

    Defendants further request an extension of time for Defendants to respond to Plaintiff's Second Requests for Admission. In particular, on August 29, 203 Plaintiff served on Defendants Second Requests for Admission 63 and 64:

**REQUEST TO ADMIT NO. 63:**
"As part of arresting her, Defendant Ernest Hernandez pulled Plaintiff Rodney's face mask over her eyes on December 2, 2020."

**REQUEST TO ADMIT NO. 64:**
"As part of arresting her, Defendant Heriberto Hernandez pulled Plaintiff Rodney's face mask over her eyes on December 2, 2020."

Defendants acknowledge that while the time to respond to these requests as required by Fed. R. Civ. P. 36 has passed, they drive at the same kinds of questions the Court cautioned were not meant to be the purpose and subject of requests for admission at the May 18, 2023 conference. See ECF No. 88 at 13-16 (denying plaintiff's motion to compel responses to previously served request for admission as premature). Beyond this, these requests for admission serve no purpose, as Plaintiff, with a modicum of investigation, already had the answer to this inquiry. Sgt. Heriberto Hernandez and Sgt. Ernest Hernandez are two defendants with the same rank and surname, and plaintiff is trying to ascertain which Sgt. Hernandez adjusted Plaintiff's face mask on her face following her arrest. The event is captured by the body worn camera of the individual who performed the very action, Sgt. Heriberto Hernandez – and Defendants, when producing this body worn camera footage on January 6, 2023, identified it as the body worn camera of Sgt. Heriberto Hernandez. As such, while this may be "an issue to explore through deposition, where [plaintiff] can effectively cross-examine the issue […] an RFA is not the most efficient way to do this[.]" Id. Not allowing defendants to respond to these two requests for admission effectively allows Plaintiff, which her full knowledge that the information is incorrect and absent a *de minimis* investigation through previously produced discovery, to effectively claim liability against Defendant Sgt. Ernest Hernandez for an act which Plaintiff knows well he did not do. As such, Defendants request a *nunc pro tunc* extension of time to respond to Plaintiff's Second Requests for Admission; Defendants will be prepared to provide a response within one day of receipt of the Court's order.

Thank you for your consideration herein.

Respectfully submitted,
/s/
John Schemitsch
*Senior Counsel*

cc:   **VIA ECF**
Gideon Oliver, Esq.
Remy Green, Esq.
*Attorneys for Plaintiff*