

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>Phone: (212) 356-3539<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |

January 22, 2024

**VIA ECF**
Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Patricia Rodney v. City of New York, et al.</u>, 22-cv-1445 (LAK)

Your Honor:

      I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for defendants. Defendants write pursuant to the Court's orders to (1) provide a status update on the progress of discovery and a reasonable estimate for the time of completion and (2) respectfully request a protective order with respect to certain discovery issues. ECF No. 138, 147, and 156.

**Status Update:**

      First, as to a status update regarding the progress of discovery, defendants state that on January 10, 2024, the parties met and conferred, and the undersigned confirmed with plaintiff that the outstanding discovery issues were (1) the production of verifications on behalf of Defendants for Plaintiff's First Request for Interrogatories, (2) clarification on responses to Interrogatories Nos. 5, 6, and 10, (3) clarification on responses to Document Requests Nos. 1, 4, 8, 11, 23, 24-26, 28, 32, 34, 36-40, (4) responses to Plaintiff's Second Set of Interrogatories and Document Requests, and (5) outstanding responses to Plaintiff's Second Requests for Admission. Additionally, Plaintiff, in her letter with the Court filed January 19, 2024 raised a request to commence "Phase Two" discovery in this case and coordinate discovery with <u>Reyes v. City of New York, et al.</u>, 23-cv-6369.

      Defendants note first that verifications of Interrogatories on behalf of Defendants were produced to Plaintiff on January 12, 2024 and on January 22, 2024. Second, on January 22, 2024, defendants provided supplemental responses to Interrogatories Nos. 5, 6, and 10. Third, on January 22, 2024, defendants provided supplemental responses to Document Requests Nos. 1, 4, 8, 11, 23, 24-26, 28, 32, 34, 36-40. The parties have a dispute, as addressed below in

Defendants' request for a protective order, with respect to Document Request No. 4 regarding email and text message production as to proposed search terms, timeframe for the collection, or the custodians. Defendants have provided additional documents as requested by plaintiff, and have agreed to produce the IAB investigative files and Academy Transcripts by January 29, 2024. Fourth, Defendants have provided responses to Plaintiff's Second Set of Interrogatories and Document Requests on January 22, 2024, and as addressed below are requesting the entry of a protective order. Fifth, Defendants have provided responses to Plaintiff's Second Requests for Admission on January 19, 2024 per the Court's January 16, 2024 Order. ECF No. 163.

Defendants note that the parties have moved for an extension of time to complete Phase 1 discovery until April 19, 2024, on which the Court has not yet ruled. ECF No. 164. Defendants are prepared to move forward into depositions in this matter. Defendants further believe that Phase 2 discovery, regarding policy issues which would pertain to municipal liability under Monell should remain stayed or as discussed below should be covered by a protective order. The Court previously bifurcated Monell discovery, particularly regarding policy issues, pending Defendants' Motion to Dismiss, at the Initial Conference held on October 13, 2022.[1] The Court's Report and Recommendation recommended dismissal of Monell claims, to which Plaintiff objected. ECF No. 148 and 161. Given that Monell discovery, namely pertaining to policy issues, had been stayed pending Defendants' Motion to Dismiss and that issue will now be before Judge Kaplan, discovery on this issue should remain stayed. As such, Defendants believe that Phase 1 discovery in this matter, including depositions, will be completed by April 19, 2024.

The parties have not engaged in any further settlement discussions to date, however Defendants believe that a settlement conference may be beneficial to explore settlement further. Defendants have raised this request with Plaintiff who has indicated that they may be open to a conference provided the parties are able to narrow the gap between them prior to attending any such conference.

**Motion for a Protective Order:**

Defendants seek a protective order to limit the scope of discovery as is related to Monell discovery, namely any policy related documents.[2] In particular, the parties have reached an impasse as to the scope of discovery sought on electronically searchable information---email and text messages, as well as the need for discovery pertaining to Plaintiff's policy related claims. The parties met and conferred on this issue on January 19, 2024 via telephone.

---

[1] The Court further continued the bifurcation of Monell discovery on policy issues at the May 18, 2023 conference, noting explicitly that it would ensure Plaintiff would not be prejudiced by the stay of Monell discovery. See ECF No. 88 at 16-17. The Court further noted that Plaintiff could move to remove the staging of discovery, which Plaintiff has not done. See id.

[2] The Court, at the November 16, 2023 Conference, directed Defendants to file the instant motion for a protective order if the parties were unable to reach an agreement as to ESI search term. The instant motion includes that issue as well as Plaintiff's requests to commence policy related Monell discovery.

By way of background, as discussed *supra*, the Court in this matter bifurcated Monell discovery, namely discovery surrounding municipal liability for Plaintiff's policy related claims, until the resolution of Defendants' Motion to Dismiss. In doing so, the Court staged discovery, and stayed policy related discovery until Phase 2 of discovery would commence. On December 14, 2023, Your Honor issued a Report and Recommendation, recommending, *inter alia*, dismissal of the Monell claim. ECF No. 148. Your Honor also denied dismissal of claims under New York Civil Rights Law Section 79-P without prejudice to renewing a motion to dismiss on those claims following the Second Circuit's anticipated decision in Reyes v. City of New York, et al., 23-cv-6369. Id. Plaintiff filed objections to the Report and Recommendation on January 12, 2024, to which Defendants' response is due on January 26, 2024. ECF No. 161. As such, this issue, and the question of whether Plaintiff's Monell claim should be dismissed will be pending before Judge Kaplan.

A party from whom discovery is sought may move for a protective order – and the Court may issue such an order – "for good cause […] protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party requesting the protective order bears the burden of demonstrating "that good cause exists for issuance of that order." Gambale v. Deutsche Bank AG, 377 F.3d 133, 142 (2d Cir. 2004) (internal citation omitted). Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34, 35 (1984).

Plaintiff has made clear that she believes Phase 2 discovery should open immediately and the parties should address policy issues, despite the Court not issuing a final ruling on Plaintiff's Monell claim. As such, this request is premature and the Court should grant a protective order that continues the stay already in place. There is no reason to commence discovery on claims that the Court has already recommended be dismissed.

Indeed, plaintiff now seeks to open policy discovery on a theory separate from Monell discovery, alleging that given the survival of her Right to Record claims under Section 79-P, discovery "should commence on the No Recording Policy challenged under the Right to Record Act claims[]" and that this discovery should be coordinated with Reyes. ECF No. 164. Moreover, throughout this litigation, Plaintiff has sought discovery on policy related issues, which the parties agreed was not ripe. Indeed, even Plaintiff's Second Request for Interrogatories and Production of Documents seeks policy related discovery. Defendants again note that Right to Record claims in Reyes are under appeal with the Second Circuit. Moreover, Your Honor in the Report and Recommendation recommended denying dismissal of claims without prejudice to the Second Circuit's decision.[3]

It is clear that this is a pending issue before this Court and the Second Circuit. Given the standing bifurcation of discovery, Defendants request that the Court issue a protective order regarding all policy related discovery. Indeed, the Southern District has granted protective

---

[3] Indeed, the parties and the Court have recognized this, and the Court has directed supplemental briefing on that issue within three weeks of the Second Circuit's decision. ECF No. 145 at 3.

orders limiting the scope of discovery on policy related issues where <u>Monell</u> discovery was previously bifurcated. <u>See</u> <u>Lynch v. City of New York, et al.</u>, 2021 U.S. Dist. LEXIS 213938 (S.D.N.Y. Nov. 4, 2021). Moreover, commencing discovery on policy topics pending the Court's ruling on the <u>Monell</u> claims and the Second Circuit's ruling on the viability of the Right to Record claims could certainly result in unnecessary and burdensome discovery. As such the Court should continue the stay of discovery on <u>Monell</u> discovery and policy related issues.

In addition to this broad request, as ordered by the Court, defendants ask for a protective order specifically with regards to the scope of discovery sought on electronically searchable information ("ESI")---email and text messages. The parties have conferred and are at an impasse. Plaintiff seeks a broad scope for discovery for ESI, including searches for policymakers within the NYPD, as well as information created after Plaintiff reported this incident to the press and the Office of the Public Advocate wrote to members of the NYPD regarding the incident. In particular, plaintiff is looking for purported policies of the NYPD regarding the Right to Record Act and the restriction on recording in police precincts, as well as documents pertaining to policies after the disposition of Plaintiff's charges. These items are not relevant as they do not pertain to plaintiff's arrest itself, the alleged use of force, or any remaining claim Plaintiff asserts. Defendants propose a smaller scope, which would limit ESI to searches of the officers actually involved in the incident. Defendants proposed a search term of "Rodney," to which Plaintiff counter-proposed thirty search term items.[4] A significant number of these terms inherently related to policy, namely, "79-p" or "79P" or "79 P", "14-189" or "14189" or "14 189", "721-A" or "721A" or "721 A", "721-B" or "721B" or "721 B", RTRA, "Members of the public", Public /5 advocate, PA, Williams. Moreover, the remaining terms are significantly broad and general. As such, Defendants maintained that, in light of the Court's report and recommendation narrowing the litigation, the scope of ESI discovery should be similarly limited, and limited to within the timeframe from Plaintiff's arrest to the resolution of the criminal charges against her, namely December 2, 2020 to December 7, 2020. The parties were unable to agree as to the scope discovery, namely as to policy issues, and as such, have reached an impasse.[5]

Thank you for your consideration herein.

Respectfully submitted,
/s/
John Schemitsch
*Senior Counsel*

---

[4] Plaintiff's proposed search terms are: Rodney, Pat*, Record*, Camera, Phone, RTRA, 62 or 62nd, Film*, iPhone, Video, Audio, Photography, Arm /10 Br*, Grandm*, "79-p" or "79P" or "79 P", "14-189" or "14189" or "14 189", "721-A" or "721A" or "721 A", "721-B" or "721B" or "721 B", Sign, Signage, Mask, Stolen /5 property, Property /10 report, Glucose, Glucometer, Diabetes, "Members of the public", Public /5 advocate, PA, Williams.

[5] Defendants are amenable to further discussion as to search terms and timeframe of the ESI search should the scope of the search custodians be resolved.

- 5 -

cc: **<u>VIA ECF</u>**
Gideon Oliver, Esq.
Remy Green, Esq.
*Attorneys for Plaintiff*