

| **HON. SYLVIA O. HINDS-RADIX** | **THE CITY OF NEW YORK** | **JOHN SCHEMITSCH** |
|---|---|---|
| *Corporation Counsel* | **LAW DEPARTMENT** | *Senior Counsel* |
| | 100 CHURCH STREET | Phone: (212) 356-3539 |
| | NEW YORK, NY 10007 | Fax: (212) 356-3509 |
| | | jschemit@law.nyc.gov |

January 24, 2024

**VIA ECF**
Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Patricia Rodney v. City of New York, et al.</u>, 22-cv-1445 (LAK)

Your Honor:

    I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for defendants. Defendant former Commissioner O'Neill writes to respectfully request a pre-motion conference in advance of his anticipated motion to dismiss Plaintiff's Second Amended Complaint, filed on June 27, 2023.[1] ECF No. 90.

    By way of background, Plaintiff was arrested on December 2, 2020. She alleges she was present at the 62nd Precinct in order to obtain a copy of a police report for a missing glucometer, which officers were not able to give to her. After plaintiff claimed that she was video recording them on her phone, while she admittedly was not video recording, she was asked to leave and refused to do so. Defendants City of New York, Sgt. Ernest Hernandez, Sgt. Heriberto Hernandez, and Officers Clement, Ramos, Casimir, Oggeri, Acevedo, Mui, Cusomano, and Vitelli moved to dismiss various claims, to which Your Honor issued a Report and Recommendation on December 14, 2023. ECF No. 148. Plaintiff filed her objections to the Report and Recommendation on January 12, 2024. ECF No. 162.

    As against Defendant O'Neill, Plaintiff asserts no claim upon which relief can be granted. Plaintiff in the SAC asserts claims under Section 1983 of false arrest, denial of fair trial, and excessive force against the individual defendants, First Amendment/First Amendment

---

[1] The parties stipulated and the Court so ordered on December 4, 2024, that the Second Amended Complaint would replace John or Jane Doe 10 with Defendant O'Neill. ECF No. 139-140. For ease of reference, Defendants refer to the operative complaint here as so reflecting this replacement as the Second Amended Complaint ("SAC").

Retaliation claims against all defendants, New York Civil Rights Law § 79-P claims against all defendants, and New York State law claims of false arrest, excessive force, denial of fair trial claims against all defendants. Plaintiff identifies Defendant O'Neill as the person who had decision making authority "in enacting the City-wide ban on recording in police stations in 2018." ECF No. 90 at ¶¶ 20, 82-84. Plaintiff asserts no other involvement of Defendant O'Neill in the claims she asserts.

First, Plaintiff's Section 1983 and constitutional claims, namely of false arrest, denial of fair trial, excessive force, and First Amendment/First Amendment Retaliation against Defendant O'Neill fail for lack of personal involvement. A plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" Tangreti v. Bachmann, 983 F.3d 609, 612 (2d. Cir 2020) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009)). "'The factors necessary to establish a [§ 1983] violation will vary with the constitutional provision at issue' because the elements of different constitutional violations vary. The violation must be established against the supervisory official directly." Id. at 618. Here, Plaintiff does not assert that Defendant O'Neill had any personal involvement in her arrest, prosecution, any alleged use of force, or in any claimed First Amendment violation[2].

Indeed, Plaintiff seems to confuse a suit against Defendant O'Neill in a personal capacity as against him in an official capacity. As the Supreme Court has made clear in Kentucky v. Graham, a plaintiff seeking to recover on damages in an official capacity suit must look to the government entity itself.[3] See Kentucky v. Graham, 473 U.S. 159, 166 (1985). Indeed, here, plaintiff is only seeking suit against Defendant O'Neill in his official capacity. As such, the claim is only properly brought against the City. See Polk County v. Dodson, 454 U.S. 312, 326 (1981) (noting that more is required in an official capacity action under a Section 1983 claim, for the entity to be a moving force being a deprivation).

Plaintiff's claim under New York Civil Rights Law § 79-P and remaining state law claims also fails as not properly pled. As discussed above, plaintiff does not purport to sue Defendant O'Neill in any personal capacity. Under County Law § 54, which is applicable to counties within the City of New York by County Law § 941, the head of an agency may not be held personally liable for the actions or omissions of his or her subordinates." See Matter of Torres v. City of New York, 39 Misc. 3d 558, 565 (2013). Moreover even assuming *arguendo* that plaintiff's allegations against Defendant O'Neill are for purported liability for his own acts

---

[2] Defendant notes that Your Honor recommended dismissal of the First Amendment claims in her Report and Recommendation. Defendants intend to renew the arguments made on behalf of the individually named co-defendants for dismissal of these claims on behalf of Defendant O'Neill as well.

[3] Indeed, Plaintiff does assert a claim for municipal liability against the City of New York, which Your Honor recommended dismissal of in her Report and Recommendation. Plaintiff purportedly only names Defendant O'Neill in this suit in attempt to hope to gain punitive damages against him, as she cannot recover punitive damages against the municipality. See Transcript of November 16, 2023 Conference at pp. 8-10, ECF No.145.

- 3 -

in the existence and creation of the no recording policy, these actions concern official duties as head of the NYPD and, as such, he is not a party in interest. See id.

At best, Plaintiff seems to claim that Defendant O'Neill may be subject to liability for creation of a policy prohibiting recording in precincts. Plaintiff does not adequately allege any proximate cause nexus between the creation of any such policy and the injuries claimed by plaintiff. See Derdiarian v. Felix Contr. Corp., 51 N.Y.2d 308, 314 (1080) ("The concept of proximate cause, or more appropriately legal cause … stems from policy considerations that serve to place manageable limits upon the liability that flows from negligent conduct.")  Here the alleged policy's mere creation is too far removed in time and scope from plaintiff's arrest and the incident on December 2, 2020, which were predicated on plaintiff's refusal to leave the police precinct after she was requested to do so.

Accordingly, Defendants respectfully request the Court grant their motion for a conference in anticipation of their motion to dismiss Plaintiff's SAC.

Thank you for your consideration herein.

Respectfully submitted,
/s/
John Schemitsch
*Senior Counsel*

cc:   **VIA ECF**
      Gideon Oliver, Esq.
      Remy Green, Esq.
      *Attorneys for Plaintiff*