

January 26, 2024

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

<u>By Electronic Filing.</u>

   **Re:** **Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.**

Dear Judge Wang:

   As the Court knows, my firm, with co-counsel, represents Plaintiff in the case named above. I write pursuant to the Court's Practices in response to Defendant O'Neill's pre-motion letter on his anticipated motion to dismiss. As set out below, Plaintiff asks that the Court stay the case as concerns Defendant O'Neill until resolution of Plaintiff's Objections (ECF No. 161) to the Court's Report and Recommendation (ECF No. 148). Defendants do not consent.[1]

   Plaintiff agrees that in the event Judge Kaplan does not reject the portion of the Court's Report and Recommendation about the First Amendment, the reasoning therein would cover the claims against Defendant O'Neill (since the actions at issue pre-date the Right to Record Act). While she disagrees with Defendants' assertions about the capacity Defendant O'Neill is sued in, how that impacts his capacity to be sued, and the related arguments, all of that might well be moot. Relatedly, there is no discovery specific to Defendant O'Neill that Plaintiff will seek that would not **also** be covered by the discovery she will seek on the Right to Record Act claim the Court found well-pled.[2]

   Thus, it seems to make the most sense for the Court to stay the case as concerns Defendant O'Neill pending resolution of Plaintiff's Objections — since that may moot the need to brief this issue at all. If Plaintiff does not prevail on her Objections, she will confer with Defendants on a stipulation to address these claims. And likewise, if Plaintiff prevails on her Objections, that will at least narrow the issues Defendants intend to raise. If the Court does not intend to stay the case or motion as concerns Defendant O'Neill, Plaintiff will oppose the motion.

   As always, I thank the Court for its time and consideration.

---

[1] Plaintiff simply notes, for when it is time to file a fee application, that this is a great example of work that could have been easily avoided by cooperation — and instead, Defendants have insisted on making the work happen.
[2] That is, Defendant O'Neill created the No Recording Policy that Plaintiff challenges and seeks to enjoin in her Right to Record Act claim.



Respectfully submitted,

/s/
_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com