

January 26, 2024

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    Case No. 22-cv-01445, Rodney v City of New York, et al.

Dear Judge Wang:

    As the Court knows, my firm, with co-counsel, represents Plaintiff in the case named above. I write to request a conference under the Court's Individual Practices and Local Rule 37.2 on a motion to compel production of full discovery responses — or, because of the simplicity of this issue, to simply compel production on the papers. Defendants are apparently withholding all records older than five years. But it is well and long established that, "[c]ontrary to the defendants' contention, the age of CCRB complaints does not render the records less likely to lead to relevant or admissible evidence." *Barrett v City of NY*, 237 FRD 39, 40-41 (EDNY 2006).[1]

    While Plaintiff is fine limiting the collection to similar incidents or incidents involving dishonesty, Defendants' imposition of the limitations of both "five years" and substantiated incidents has no basis in the rules or caselaw. It is not reasonable. It should be rejected.

    **I.**    **Background.**

    At issue specifically is Plaintiffs' request 32 (although this issue appears in other requests). It seeks, generally speaking, records from Individual Defendants' disciplinary history. *See* ECF No. 117-1 at 12.

    To address this issue, the parties met — in addition to the several other times detailed on the docket — on the phone for approximately 45 minutes yesterday (on this and other, not quite yet ripe issues). And the broader conferrals have been ongoing for nearly a year. Plaintiffs asked the basis for the five-year limitation or substantiated limitation in a detailed November 1 email, and again in the November 15 letter discussed in the last status letter (*see* ECF No. 155; ECF No. 155-1 at 5 ("As noted in the November 1 Email, Defendants statement that they limited their production

---

[1] This case is a Local Rule 83.10 (often called the "1983 Plan") case, but because it seeks injunctive relief, the special disclosure requirements did not apply. Notwithstanding that, it is notable that the Plan would require disclosure of exactly what Defendants are withholding. *See* Local R. 83.10 § 5(a)(iii) (requiring service of "CCRB and CPI indices of complaints or incidents that are similar to the incident alleged in the complaint or that raise questions about the defendant's credibility" without any time limitation or limitation based on what has been substantiated)).



to 'substantiated incidents' less than five years old is not consistent with the 1983 Plan or federal discovery — and is not explained. Despite the two week notice we needed to discuss this today, you stated you needed to discuss with your superiors.")), and it was on the list of issues the Court directed resolved by January 22.  *See* ECF No. 156.

In response, on January 22, Defendants served a supplement (**Exhibit 1**), which states:

"Subject to, and without waiving, or in any way limiting, these objections or the General Objections, Defendants clarify that they previously produced redacted documents, limiting this request to prior ***substantiated*** incidents of discipline of a similar nature or false statements from ***five years prior*** to the alleged incident to the date of the alleged incident for defendants. Defendants will provide no further response to this request."

Ex. 1 at 5 (emphasis added).  It provides no explanation beyond that and fails to comport with Defendants' prior commitment to "state grounds for objections with specificity, including the reasons, whether they are withholding documents, and based on which objections, and stating the basis for that objection."  ECF No. 84 at 1.

At yesterday's meet and confer, Defendants stated they were "standing on" their objections as written, and refused to provide a basis for the limitations.

## II. Discussion.

This case has live failure to train and supervise claims, as well as live claims against individual officers for extremely violent conduct.  In that context, Plaintiff has sought prior disciplinary documents for the individuals who assaulted Plaintiff.  Those records are relevant, among other things, "to prove defendants' intent."  *Frails v City of NY*, 236 FRD 116, 117 (EDNY 2006) (citing Fed. R. Ev. 404(b)).

First, Defendants' "substantiated" limitation is entirely unfounded.  Courts "emphatically reject defendants' contention that 'unsubstantiated' complaints should, by virtue of that status, not be ordered produced. There is no question that civilian complaints, whether or not deemed substantiated, may be significant in an assessment of an officer's qualifications and performance, particularly if the complaints reflect a pattern."  *Bradley v City of NY*, 2005 US Dist LEXIS 22419, at *3 (SDNY Oct. 3, 2005).  Indeed, the Second Circuit has noted (quoting a City witness) that "that the very fact that an unusual number of civilian complaints had been filed, without regard to how they were ultimately resolved, could create concern" about the officer's fitness in ways that are relevant to the case.  *Vann v. City of New York*, 72 F.3d 1040, 1045 (2d Cir. 1995).

"Not surprisingly, then, the courts have repeatedly directed production of such complaints, whether substantiated or unsubstantiated or even withdrawn, as well as records of complaints reflected in the CPI and IAB investigative record."  *Bradley*, 2005 US Dist LEXIS 22419, at *4,[2] *citing Vann*;

---

[2] Notably, in *Bradley*, the Court noted that the City was withholding these documents even after "the District Court in these consolidated cases has already spoken on this subject, and has specifically rejected defendants'



Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



*Mahan v. City of New York*, 2005 U.S. Dist. LEXIS 14322, 2005 WL 1677524, *4-5 (EDNY July 19, 2005); *Granato v. City of New York*, 1999 U.S. Dist. LEXIS 18550, 1999 WL 1129611, *1 n.4 & *9 (EDNY Oct. 18, 1999); *Morrissey v. City of New York*, 171 F.R.D. 85, 88-89 (SDNY 1997); *Malsh v. New York City Police Dep't*, 1995 U.S. Dist. LEXIS 4663, 1995 WL 217507, *2 & n.5 (SDNY April 11, 1995). The other cases reaching this result are legion.

Likewise, courts reject "reject defendants' argument that any complaint that was filed more than" five — and indeed, even "ten years" and more — "should be ignored." *Bradley*, 2005 US Dist LEXIS 22419, at *5 (calling records for a 20 year period "highly relevant").[3]  In short, "[t]he date of the incidents do not render the records less likely to lead to evidence admissible at trial." *Frails v City of NY*, 236 FRD 116, 118 (EDNY 2006).[4]  And despite the weight of case law rejecting these arguments time and again, the City is apparently now seeking even more aggressive restrictions on the time period than noted in those cases.[5]  *See, e.g., Barrett*, 237 FRD at 40 (noting the City sought to withhold complaints "more than ten years before the incidents in the present complaints").  *See also, e.g., Younger v City of NY*, 2006 US Dist LEXIS 25879, at *3 (SDNY May 1, 2006) ("the fact that a complaint was made, or discipline was meted out, more than ten years ago does not preclude relevance for purposes of discovery. We also reject defendants' contention that CCRB complaints deemed unsubstantiated are not discoverable."); *Kitevski v City of NY*, 2006 US Dist LEXIS 11017, at *13-14 (SDNY Mar. 16, 2006) (compelling records from approximately 9 years before the incident).  Indeed, this basic understanding of relevance is reflected in the standard Local Rule 83.10 disclosures.

In short, Defendants do not — and cannot — offer any basis to limit disciplinary records to (1) substantiated discipline or (2) to merely five years prior to the incident, without anything more recent or further back.  Finally, since Defendants have not even offered a **reason**, let alone a substantially justified one, the Court should award the mandatory fees required by Rule 37.  *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011).

As always, I thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green

---

arguments with respect to CCRB and disciplinary records." 2005 US Dist LEXIS 22419, at *4.  It commented, "[t]he failure of defendants' counsel to address that decision, as well as the other pertinent caselaw, is certainly troubling. It is particularly so in view of the fact that defendants in these cases have not hesitated to cite other decisions by the District Court in these consolidated cases as binding in subsequent discovery disputes." *Id,* at *4 n. 1.

[3] Notably, unlike Defendants here, in *Bradley*, the City actually described what it was withholding.  At meet and confers, the City has made clear it will not do so here.

[4] Plaintiff assumes Defendants are repeating this prior objection, since they do not make clear why they are withholding.

[5] It seems plausible, perhaps, that there is a particularly bad incident in one or more of Defendants' history just over five years before the incident — and that explains the change.

Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com