

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOHN SCHEMITSCH**
*Senior Counsel*
Phone: (212) 356-3539
Fax: (212) 356-3509
jschemit@law.nyc.gov

January 22, 2024

**VIA E-Mail**
Remy Green, Esq.
*Attorney for Plaintiff*

Re:   Patricia Rodney v. City of New York, et al., 22-cv-1445 (LAK)

Dear Mx. Green:

Defendants provide below supplemental responses to Plaintiff's Request for Interrogatories and Production of Documents.  Defendants maintain and do not waive any objections in their prior responses.  For clarity, Defendants do not repeat those objections here. Defendants provide the following supplemental responses:

**INTERROGATORY NO. 5:**

Identify each person who gave each alleged police order to Plaintiff on December 2, 2020 prior to Plaintiff's arrest, if Defendants claim any such order was given, including, but not limited to, any order(s) to disperse.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object as this interrogatory purports to improperly request Defendants to create a transcript of the various body worn camera videos produced, and this request is overbroad and unduly burdensome.  Defendants further object to Interrogatory No. 4 to the extent that there is a more practical method of obtaining the information sought, such as depositions. Subject to, an without waiving or in any way limiting these Objections, Defendants refer plaintiff to the body worn cameras produced, Bates Nos. DEF 84-DEF 94. Defendants will provide no further response to this request.

**INTERROGATORY NO. 6:**

Identify each person who placed Plaintiff in handcuffs or leg shackles.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 to the extent that there is a more practical method of obtaining the information sought, such as depositions. Subject to, an without waiving or in any way limiting these Objections, Defendants refer plaintiff to the body worn cameras produced, Bates Nos. DEF 84-DEF 94. Defendants have not been able to ascertain, upon investigation, the which individuals placed Plaintiff in handcuffs or leg shackles. Defendants will provide no further response to this request.

**INTERROGATORY NO. 10:**

For each NYPD member who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest processing, identify each such NYPD Legal Bureau attorney.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

Subject to, an without waiving or in any way limiting these Objections, Defendants state that no member of the NYPD consulted with an NYPD Legal Bureau attorney in connection with Plaintiff's arrest processing.

**DOCUMENT REQUEST NO. 1:**

Produce all documents identified or consulted in responding to the interrogatories above.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:**

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, Defendants state that they are withholding documents as described elsewhere in Defendants' responses to Plaintiff's discovery requests. Defendants are not otherwise withholding documents in response to this request.

**DOCUMENT REQUEST NO. 4:**

Produce all recorded (including NYPD) communications related to Plaintiff's arrest or the Incident, including, but not limited to:
   a. 911 calls, and all documents related to responses thereto;
   b. 311 calls, and all documents related to responses thereto;
   c. Texts, e-mails, and other digitally recorded communications.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, Defendants state that they have counter proposed terms and custodians for electronically stored information via email and text message.  Defendants object to providing electronically stored information related only to the <u>Monell</u> claim, or from after disposition of Plaintiff's charges.  Defendants further state that they are withholding documents in response to this request.

**DOCUMENT REQUEST NO. 11:**

Produce all documents reflecting internal NYPD communications related to Plaintiff's arrest or the Incident, including, but not limited to, all e-mails, text messages, phone call logs and recordings, and other digital documents reflecting or regarding such internal NYPD communications, including, but not limited to, such documents concerning communications to or from the Individual Defendants.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, please find attached CCRB video files attached as DEF 001014-DEF 001025, and CCRB audio files attached as DEF 001026-DEF 001029.  Defendants state that they have counter proposed search terms and custodians for electronically stored information via email and text message.  Defendants further state that they are withholding documents in response to this request.

**DOCUMENT REQUEST NO. 23:**

Produce all demands for preservation or litigation holds received or created by the NYPD related to the Incident, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau and holds created upon receiving the notice of claim and the FOIL request in this case.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:**

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, Defendants state that there are no responsive documents to this request.

**DOCUMENT REQUEST NO. 24:**

Produce all documents concerning each NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning Plaintiff and the Incident, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 24:**

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, please find attached CCRB video files attached as DEF 001014-DEF 001025, and CCRB audio files attached as DEF 001026-DEF 001029.

**DOCUMENT REQUEST NO. 25:**

Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning Plaintiff related to the Incident.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, Defendants state that there was an IAB investigation into this incident and are awaiting responsive documents to this request.  Defendants will supplement this response by January 29, 2024.

**DOCUMENT REQUEST NO. 26:**

Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning Plaintiff or the Incident undertaken by the City of New York or any of its agencies, including, but not limited to, all such documents related to any Individual Defendant.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, and limiting this response to IAB, CCRB, and DA office investigations, Defendants state that there was an IAB investigation into this incident and are awaiting responsive documents to this request.  Defendants will supplement this response by January 29, 2024. Defendants will provide no further response to this request.

**DOCUMENT REQUEST NO. 28:**

Produce each Individual Defendant's — including the Doe Defendants' — NYPD Academy transcript.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 28:**

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, Defendants will provide documents responsive to this request by January 29, 2024.

**DOCUMENT REQUEST NO. 32:**

Produce each Individual Defendant's — including the Doe Defendants' — current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, Defendants clarify that they previously produced redacted documents, limiting this request to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident to the date of the alleged incident for defendants. Defendants will provide no further response to this request.

**DOCUMENT REQUEST NO. 34:**

Produce each Individual Defendant's — including the Doe Defendants — complete NYPD personnel file.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Subject to, and without waiving or in any way limiting these objections or the General Objections, and defendants state that they will agree to produce the performance evaluations for the named and served individual defendants, produced herein as DEF 001030-DEF 001196. Defendants state they are withholding documents on the basis of the objections asserted.

**DOCUMENT REQUEST NO. 36:**

Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual Defendant, including each Doe Defendant.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, Defendants refer Plaintiff to the attached documents bearing Bates Nos. DEF 001197-DEF 001206.

**DOCUMENT REQUEST NO. 37:**

Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant — including each Doe Defendant — identified in response to Interrogatory No. 12 above.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Subject to, and without waiving, or in any way limiting, these objections or the General Objections, Defendants state that the following Defendants have been named as parties in the below named civil lawsuits:

- Sgt. Ernest Hernandez
  - Ernest Hernandez v. Raymond Kelly, R. Pineiro, et al., New York Supreme Court 105328/2004
- Sgt. Heriberto Hernandez
  - Abdelalim Abdelbaky v. City of New York, et al., New York Supreme Court, 154243/2023
- Officer John Ramos
  - Pearla Lyons v. City of New York, et al., E.D.N.Y., 18-cv-03123
  - Donna Powell v. City of New York, et al., Kings County Supreme Court, 525478/2018
  - Laurence Austin v. City of New York, et al., Kings County Supreme Court, 520564/2022
  - Romaine Bain v. City of New York, et al., Kings County Supreme Court, 528391/2023
- Officer Michael Oggeri
  - Patrizio Pasquale v. P.O. Nelson, et al., E.D.N.Y., 14-cv-07497
  - Thomas Jocks v. Augusto Tavernier, et al., E.D.N.Y., 96-cv-3595
- Officer Robert Mui
  - Sade Jennings v. City of New York, et al., Kings County Supreme Court, 525944/2020

- Officer Johnandrew Cusomano
  - <u>Omer Raja v. City of New York, et al.</u>, Kings County Supreme Court, 507270/2023

Defendants will provide no further response to this request.

**DOCUMENT REQUEST NO. 39:**

Produce any other documents reflecting whether each Individual Defendant — including each Doe Defendant — received training, at the NYPD Academy or afterward, including, but not limited to, any Strategic Response Group ("SRG") and/or Disorder Control Unit ("DCU") training, related to the following topics:

a. The First Amendment, including as it relates to the right to record police;

b. The No Recording Policy;

c. The City Right to Record Act;

d. The State Right to Record Act;

e. Trespassing;

f. The nature of stationhouses and the promise to New Yorkers that stationhouses were public;

g. Dispersal orders;

h. The need to give dispersal orders and a meaningful opportunity to comply with them before making certain arrests;

i. Use of force, the force continuum, and de-escalation;

j. Use of force reporting;

k. NYPD body-worn camera use, including the circumstances under which body-worn cameras are meant to be activated;

l. Probable cause to arrest or prosecute a person for a perceived violation of the No Recording Policy;

m. Arrest processing, including, but not limited to, the creation of arrest processing documents;

n. The creation of NYPD arrest and arrest processing-related documents; and

o. COVID-19 NYPD, public, and/or arrestee safety protocols, including, but not limited to, any such protocols regarding the wearing of masks, social distancing, handwashing, social distancing, and any impacts crated by the COVID-19 pandemic on NYPD arrests, arrest processing, large-scale arrest processing, or other operations.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Subject to, and without waiving or in any way limiting these objections or the General Objections, defendants clarify that they are withholding document on the basis of their objections and will provide no further response.

**DOCUMENT REQUEST NO. 40:**

Produce all documents reflecting the substance of the training each Individual Defendant —
including each Doe Defendant — received, if any, whether at the NYPD Academy or afterward,
whomever and wherever from, including, but not limited to, any command-level, in-service,
executive level, or other training, related to the topics in Document Request No. 39.

**SUPPLEMENTAL OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Subject to, and without waiving or in any way limiting these objections or the General
Objections, defendants clarify that they are withholding document on the basis of their objections
and will provide no further response.

> Respectfully submitted,
>  /s/
> John Schemitsch
> *Senior Counsel*