**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Patricia Rodney, | |
| Plaintiff, | Case No. 22-cv-1445 |
| v. | **NOTICE OF SUPPLEMENTAL AUTHORITY** |
| City of New York, et al., | |
| Defendants. | |

Plaintiff submits this Notice of Supplemental Authority to bring the Court's attention to a decision just issued by Justice Germaine A. Auguste of the Kings County Supreme Court. That decision, attached to this Notice, is *People v. Reyes*, CR-19-322-23KN ("*Reyes II*") (Kings Cty. Sup. Ct. Jan. 30, 2023). This decision is relevant on Plaintiff's objections (ECF No. 161) because — among other things, following *People v. Leonard*, 62 NY2d 404 (2001) (*see, e.g.,* ECF No. 161 ("Objections") at 1 n. 1, 10-12) — it rejects essentially all of the state law theories the Report and Recommendation ("R&R," ECF No. 148) adopts.

As the Court might have already inferred, *Reyes II* is a decision in the underlying criminal prosecution that lead in part to Judge Clarke's decision in *Reyes v City of NY*, 2023 US Dist LEXIS 196602 (SDNY Nov. 2, 2023). It grants a motion to dismiss both on substantive and speedy trial grounds. Relevant here are the substantive grounds.

The indictment challenged in *Reyes II* neatly parallels the conduct here, down to the theory about blocking doors. *Reyes II* at *2. The R&R finds that the same facts — that Plaintiff here "was told to leave" and did not; and partially blocked a door that "was not completely blocked" (R&R at 7) — give rise to probable cause under state law.

*Reyes II* rejects each theory of probable cause the R&R adopted. Compare, as examples:

- R&R at 7 ("Plaintiff was told to leave, and […s]he [shook] her head in response. This is sufficient probable cause to arrest for trespass"); *with Reyes II* at *3 (no probable cause because the indictment "did not demonstrate that the enforcement of such order did not, in fact, violate any independent rights of the defendant" under *Leonard*, and did not

"demonstrate that the defendant did not have a license or privilege to enter or remain in the precinct"); *and* Objections at 10-12 (similar);

- R&R at 7 n. 8 (stating probable cause to arrest for obstructing governmental administration would exist for merely preventing "one of the two doors from fully opening" without any more); *with Reyes II* at *5 (no probable cause because "the information fails to provide factual allegations indicating how the defendant prevented the officer from performing an official function or what official function was being obstructed, both, essential elements of the crime" and fail to say whether blocking the door was accomplished "by means of intimidation, physical force or interference, and what government function was being obstructed"); and Objections at 20-24 (similar).

In sum, exactly those facts the R&R found gave rise to "sufficient probable cause to arrest" (R&R at 7) were found "facially insufficient" by a state court applying state law. *Reyes II* at *4 and *5. And since the R&R failed to cite or discuss *Leonard* — the key Court of Appeals case that explains the relevant standards, it appears the state court has it right. Put otherwise, *Reyes II* demonstrates the exact error Plaintiff asked the Court to correct in her Objections.

Thus, *Reyes II* explains why the Court should reject the R&R's recommendation as to Plaintiff's false arrest claims (Claim One) — and with it, reject the R&R's recommendation on Plaintiff's *Monell* claims (Claim Six)

Respectfully Submitted,

DATED:     January 30, 2024
           Queens, NY

/s/
_____
J. Remy Green
**COHEN&GREEN P.L.L.C.**
1639 Centre Street, Suite 216
Ridgewood, New York 11385
(929) 888.9480 (telephone)
(929) 888.9457 (facsimile)
remy@femmelaw.com
*Attorneys for Plaintiff*

CRIMINAL COURT OF THE CITY OF NEW YORK
KINGS COUNTY: PART AP3

-------------------------------------------------------------------x

THE PEOPLE OF THE STATE OF NEW YORK

        - against -         DOCKET NUMBER:
                    CR-019322-23KN

SEANPAUL REYES,          DECISION AND ORDER

          Defendant.

-------------------------------------------------------------------x

**Germaine A. Auguste, J.:**

    Defendant was charged with one count of Obstructing Governmental Administration in the Second Degree (PL § 195.05), one count of Criminal Trespass in the Third Degree (PL § 140.10[A]), and one count of Trespass (PL § 140.05). Defendant now moves to dismiss the instant accusatory instrument for facial insufficiency pursuant to CPL § 170.30[1][a] [e], [f], and [g]) and for the expiration of the People's speedy trial time in accordance with CPL § 30.30. The People oppose the defendant's motion in its entirety.

PROCEDURAL HISTORY

    The defendant was arraigned on this matter on June 1, 2023. The case was adjourned to July 24, 2023, for the People to file their Certificate of Compliance (COC) and their Statement of Readiness (SOR). On July 24, 2023, the People were not ready, and the case was adjourned to September 20, 2023. The period of time between June 1, 2023, and July 24, 2023, a total of **53 days**, is chargeable to the People.

    On August 10, 2023, the People completed discovery and filed a COC and SOR. The period between through July 24, 2023, and August 10, 2023, a total of **17 days**, is chargeable to

the People.   On September 19, 2024, the defense served and filed a motion to dismiss thereby
stopping the speedy trial clock.

The instrument alleges that on June 1, 2023, at approximately 11:15 a.m. at 1000 Sutter
Avenue, County of Kings, that:

> The Deponent states that, deponent was performing deponent's
> official duties in that deponent was working inside of the 075
> command and the deponent observed the defendant video recording
> within the police station and the deponent asked the defendant to
> stop video recording with the defendant's cellphone, tripod,
> microphone, and a smartwatch and defendant continued to video
> record and refused to comply and the deponent asked the defendant
> to leave the police station whereupon defendant stated in sum and
> substance, I have a right to be inside and you can't keep me out and
> then the deponent escorted the defendant out of the police station
> while the defendant prevented the doors from closing and upon the
> defendant exiting the police station the deponent told the defendant
> if the defendant reenters the police station the defendant would be
> arrested for trespassing and subsequently the defendant rendered the
> police station and started to video record and the deponent arrested
> the defendant.
>
> Deponent further states that the deponent is the custodian of the
> above-described dwelling and defendant did not have permission or
> authority to enter or remain therein.

## FACIAL SUFFICIENCY

For a misdemeanor information, or any count thereof, to be facially sufficient, the factual
portion of the accusatory instrument and any supporting depositions, must contain non-hearsay
allegations of an evidentiary nature that provide reasonable cause to believe that the defendant
committed the offense or offenses charged.   The non-hearsay allegations must establish, if true,
every element of the offense. (CPL 100.15 [3]; CPL 100.20; CPL 100.40 [1]; (*People v Alejandro*,
70 NY2d 133, 137 [1987]).

The prima facie case requirement for the facial sufficiency of an information "'is not the
same as the burden of proof beyond a reasonable doubt required at trial,' nor does it rise to the

level of legally sufficient evidence that is necessary to survive a motion to dismiss based on the proof presented at trial" (*People v Smalls*, 26 NY3d 1064, 1066 [2015] [internal citations omitted]). "So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading" (*People v Casey*, 95 NY2d 354, 360 [2000] [internal citations omitted]).

**Criminal Trespass in the Third Degree**

A person is guilty of Penal Law § 140.10 (A) when, "he knowingly enters or remains unlawfully in a building or upon real property (a) which is fenced or otherwise enclosed in a manner designed to exclude intruders."

Penal Law § 140.00 provides that "a person 'enters or remains unlawfully' in or upon premises when he is not licensed or privileged to do so. A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain..."

In *People v. Leonard,* 62 NY2d 404, 410 (2001), the Court of Appeals made it clear that the "public enjoys broad license to utilize certain property opened to the public." In this case, the Court of Appeals reversed and vacated defendant's conviction for Criminal Trespass in the Third Degree and dismissed the information because the People failed to establish that a "persona non grata" letter, issued by the state university president that banished defendant from that part of a university campus normally open to the public, was a lawful order with a "legitimate purpose." (*id.* at 411). Furthermore, the People did not demonstrate that the enforcement of such order did not, in fact, violate any independent rights of the defendant. (*id.* at 412). In its holding, the Court stated that "a decision to exclude that is predicated on or impermissibly inhibits a constitutionally

3

or a statutorily protected activity will not be lawful [internal citations omitted]." (*id.* at 411). Moreover, the Court was emphatic that" [s]tate trespass laws may not be enforced solely to exclude persons from exercising First Amendment or other protected conduct in a manner consistent with the use of property [citations omitted]." (*id.* at 410).

Similarly, in the instant case, the accusatory instrument is bereft of any factual allegations indicating that the 75 Precinct was closed to the public or that defendant entered an area of the precinct that is closed off from the public.  Moreover, there are no allegations within the four corners of the instrument supporting the inference that the NYPD officer's orders for defendant to cease filming or to leave the premises were lawful orders as contemplated by the Court in *People v. Leonard*, *supra*, or that defendant was not exercising his First Amendment rights.  The factual allegations are not sufficient to demonstrate that the defendant did not have a license or privilege to enter or remain in the precinct. (*See, People v. Ennis*, 37 AD2d 513 [2nd Dept 1971]).   Hence, the court finds that this charge is facially insufficient and must be dismissed.

**Trespass**

A person is guilty of Penal Law § 140.05 when, "he knowingly enters or remains unlawfully in or upon premises." The aforementioned analysis regarding Criminal Trespass in the Third Degree is equally applicable to the Trespass charge. The court finds that the People failed to allege sufficient facts whereby the court could find that the defendant entered or remained "unlawfully" in a precinct opened to the public, an essential element of the crime.  Hence, the court finds that this charge is facially insufficient and must be dismissed.

**Obstructing Governmental Administration**

4

A person is guilty of Penal Law § 195.05, when "he intentionally obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from performing an official function by means of intimidation, physical force or interference. . . "

It is well established that an information is jurisdictionally defective if it fails to allege facts showing that the police were engaged in authorized conduct. *People v. Lupinacci*, 191 AD2d 589, 590 (2d Dept 1993); People v. Sumter, 151 AD3d 556 (1st Dept. 2017).   In the instant case, the information fails to provide factual allegations indicating how the defendant prevented the officer from performing an official function or what official function was being obstructed, both, essential elements of the crime.  The conclusory allegations that the defendant prevented the door from closing is at best vague.  The allegations do not demonstrate how defendant prevented the door from closing, i.e., whether it was by means of intimidation, physical force or interference, and what government function was being obstructed.  Hence, the court finds that this charge is facially insufficient and must be dismissed.

## SPEEDY TRIAL

Criminal Trespass in the Third Degree a class A misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony.  The People, therefore, must announce their readiness for trial within 90 days of the commencement of the criminal action, not including any excludable periods of time (CPL 30.30 [1] [b]).

In calculating time, the court must first calculate the time between the filing of the accusatory instrument and the People's statement of readiness, subtract any time which is excludable and add any post-readiness delays that are attributable to the People and not eligible for an exclusion (CPL 30.30; *People v Cortes*, 80 NY2d 201, 208 [1992]).

5

On June 1, 2023, the defendant was arraigned on the accusatory instrument and the case was adjourned to July 24, 2023. On August 10, 2023, the People served and filed their COC and SOR off-calendar. However, as set forth above, the court finds all the charges in the accusatory instrument are facially insufficient and therefore jurisdictionally defective.

CPL 30.30 (5-a) requires that "[u]pon a local criminal court accusatory instrument, a statement of readiness shall not be valid unless the prosecuting attorney certifies that all counts charged in the accusatory instrument meet the requirements of sections 100.15 and 100.40 of this chapter and those counts not meeting the requirements of sections 100.15 and 100.40 of this chapter have been dismissed." As the accusatory instrument did not comply with the requirements of CPL 100.40 at the time the People's SOR was filed, the People could not have validly certified that they were in compliance with CPL 30.30 (5-a).

Accordingly, the court finds that the People's SOR and COC are illusory. The People are charged with the entire period between June 1, 2023, and September 19, 2023, 110 days, which is in excess of their 90-day time frame set forth in Criminal Procedure Law section 30.30. The defendant's motion to dismiss is granted. The court need not address the remaining arguments in defendant's motion as they have been rendered moot by the dismissal of this case pursuant to speedy trial.

This constitutes the decision and order of the court.

Dated:     January 30, 2023
           Brooklyn, New York

ENTER:

GERMAINE A. AUGUSTE, J.C.C.

HON. GERMAINE A. AUGUSTE

6