

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>Phone: (212) 356-3539<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |

February 6, 2024

**VIA ECF**
Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Patricia Rodney v. City of New York, et al.</u>, 22-cv-1445 (LAK)

Your Honor:

      I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for defendants. Defendants write in response to Plaintiff's Motion to Compel production of discovery responses and documents related to CCRB complaints.[1] See ECF No. 173. Plaintiff's motion to compel should be denied as moot and her request for attorneys' fees should be denied.

      By way of background, Plaintiff's First Request for production of documents requested Defendants "[p]roduce each Individual Defendant's — including the Doe Defendants' — current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation." Defendants objected and stated they were limiting the response to prior substantiated incidents of discipline of a similar nature or false statements from five years prior to the alleged incident. Defendants, in fact, produced CCRB indices of complaints for the individually named officers from older than five years prior to the alleged incident. As part of its production, Defendants redacted six incidents, which involved unsubstantiated incidents which were neither similar in nature to Plaintiff's claims here nor involving dishonesty.

---

[1] Defendants are in receipt of the Court's Order dated January 30, 2024 noting that the Court will address this issue if the parties are not able to resolve the dispute before then. ECF No. 177. While Defendants believe plaintiff's motion to compel should be denied as moot, Defendants provide the instant response to the extent Plaintiff has moved for attorneys' fees on this issue.

In preparing this response, defendants realized that that the six redacted incidents were publicly available, as CCRB has produced them on their website. Realizing that these publicly available entries may be ripe for production, Defendants have reproduced these pages without redaction to Plaintiff on February 5, 2024. Defendants further note that plaintiff did not raise this particular objection during the meet and confer, nor did Plaintiff raise it with the Court in her moving papers. As such, Plaintiff's motion should be denied for the reasons set forward above as this issue is moot.

Notwithstanding Defendants' objection to producing documents with a limitation of five years prior to the incident, as noted above, Defendants did, in fact, produce documents which were older than five years. As such, the Court does not have to consider Plaintiff's arguments on a five year limitation as Defendants objections and redactions as to these six prior incidents only stood as to these incidents being both unsubstantiated incidents and neither similar in nature to Plaintiff's claims here nor involving dishonesty.[2] To this end defendants objections, as discussed with plaintiff, are objectively reasonable and plaintiff is not entitled to fees. A Court may not award reasonable expenses if the nondisclosure was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). This is measure by an objective standard of reasonableness. See Underdog Trucking, LLC v. Verizon Servs. Corp., 273 F.R.D. 372, 377 (S.D.N.Y. 2011)(citations omitted).

Indeed, here, Defendants nondisclosure was objectively reasonable and at the very least was subject to a "genuine dispute" between the parties, where "reasonable people could differ" as to the appropriateness of the nondisclosure. See id. Courts have held that while the scope of discovery is generally broad, where disciplinary records "contain allegations wholly unrelated to those alleged in the complaint, their relevance has been found too tenuous to allow discovery." Estate of Richards v. City of New York, 2020 U.S. Dist. LEXIS 195458 (S.D.N.Y. Oct. 21, 2020) (quoting Barrett v. City of New York, et al., 2006 U.S. Dist. LEXIS 46989 (E.D.N.Y. Jul. 12, 2006)). Discovery in Section 1983 cases regarding disciplinary history is thus "generally limited to complaints *similar* to the conduct alleged in the complaint. Id. (internal citations omitted) (emphasis in original). As such, Defendants objections and limitations are reasonable and Plaintiff's motion should be denied.

Thank you for your consideration herein.

Respectfully submitted,<br>
/s/<br>
John Schemitsch<br>
*Senior Counsel*

cc:     **VIA ECF**
        Remy Green, Esq.
        *Attorney for Plaintiff*

---

[2] Indeed, Plaintiff has conceded that she has no objection to the limitation of the response to be incidents similar to the instant claims or those involving dishonest.