

February 13, 2024

Hon. Lewis A. Kaplan
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

<u>By Electronic Filing.</u>

   Re: Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Kaplan:

   My firm represents the Plaintiff in the case named above. I write in brief response to Defendants' letter at ECF No. 182.[1]

   As Defendants say, we reached out about their citation — but they leave out that we reached out about the substance of what they cited as well. Even as corrected, the citation to *Fletcher*[2] leaves out the substance of what *Fletcher* said. Here's the full quotation, with what Defendants omit in bold:

> "**The district court will also review the report and recommendation for clear error where a party's objections are 'merely perfunctory responses' argued in** an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'"[3]

*Id.*[4] That is, as the full quotation makes clear — and contrary to Defendants' attempt to say that repeating an argument is somehow something that triggers clear error — what triggers clear error review is not just stressing certain portions of arguments made in the original motion. Indeed, one of the best established principles in Rule 72 review is that a party may not make *new* arguments on an

---

[1] I also will take this opportunity to note that I understand the Court's rules not to permit a reply on objections. We would be happy to submit one, if the Court believes it would be helpful — for example, to respond to the made-for-the-first time arguments (despite four briefs below without raising them, and now made after the time to object passed, outside an objection) that the R&R's analysis of the Right to Record Act claims was wrong. *See, e.g.,* ECF No. 181 at 10-13 (beginning, despite the R&R's finding otherwise and Defendants' failure to file any objection, "Defendants maintain that the no recording policy was not unlawful, however…").

[2] *Fletcher v. Comm'r of Soc. Sec.,* 2023 U.S. Dist. LEXIS 186550 at *2-3, 22-cv-2873 (S.D.N.Y. Oct. 15, 2023) (*quoting Ortiz v. Barkley*, 558 F.Supp.2d 444, 451 (S.D.N.Y. 2008)).

[3] *Id.*

[4] *Fletcher* cites a case (*Ortiz*) about a fact-finding hearing on a mandamus petition (hence the word "petition" at the end of the quote). And *Fletcher* itself is a case where "no objections were filed." *Id.* So, it hardly stands for the idea that a detailed objection that points to specific binding cases under state law that an R&R did not engage with, and so on, somehow gets clear error review.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



objection at all.[5] Rather, clear error is triggered in this context where those issues taken with the R&R are "merely perfunctory." We raised exactly this distinction with Defendants, and their correction still did not correct the omitted text from the (now-cited-as-)*Fletcher* quotation.

If I may, with a certain amount of self-deprecation: I've seen more than a few things said about my briefing and writing. But the (implicit) accusation that an argument I've written is perfunctory is new and surprising, to say the least (and I assume, will not be how the City describes it when it comes to litigate fees).

In any event, I hope, on review, the objections read as a genuine (and if anything, *over*-engaged) attempt to discuss the R&R. And thus, as the case Defendants originally cited explains, for those claims where there are "specific, written objection[s]"[6], review is *de novo*; for the other claims (e.g., the fair trial rights claim the R&R recommended dismissed, and the Right to Record Act claim for which the R&R recommended denying the motion), review is clear error.

As always, I thank the Court for its time and attention.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All counsel of record by electronic filing.

---

[5] That is, "an unsuccessful party is not entitled as of right to *de novo* review by the judge of an argument never seasonably raised before the magistrate." *Marache v Akzo Nobel Coatings, Inc.*, 2010 US Dist LEXIS 92665, at *7 (SDNY Sep. 7, 2010) (*quoting PatersonLeitch Co. v. Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)).

[6] *Greene v WCI Holdings Corp.*, 956 F Supp 509, 514 (SDNY 1997). That is, the case Defendants cited originally essentially said the exact opposite of what they quoted it for.



Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com