

February 23, 2024

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

>    Re:    Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Wang:

As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. As directed by the Court, because today is the last Friday of the month, below is Plaintiff's monthly status report.

With a few updates, the parties remain largely in the same place they were at the conference last month. The easiest updates are that (1) Defendants served a chart on Plaintiff just before noon today, and she was able to turn around her notes on it the same day in order to meet today's deadline and (2) Defendants served a production on Plaintiff of academy transcripts and training resumes for individual officer-defendants at the end of the day yesterday. On ESI search terms, Plaintiff is still waiting for Defendants' response to her questions and proposal sent on Monday, February 5, 2024, and Defendants have not provided any further information.

Finally, two issues remain outstanding beyond the chart filing today (mentioned therein). As the Court may recall, we ran out of time on the record while moving backwards through the specific discovery responses, so these issues — (1) Doc. Req. 25, discussed at ECF No. 178 at 2-3 and (2) the mandatory aspects of Rule 37 given Plaintiff's CCRB motion and Defendants' production after the motion was filed (ECF Nos. 173 and 179) — were not addressed.

1. **<u>Defendants' Signed Document Responses Incorrectly Saying There Was No IAB Investigation (Doc. Req. 25).</u>**

Defendants' production of the IAB investigative file revealed that an investigation by the IAB into this began on July 18, 2022. DEF_001242 (a memorandum to "Chief of Internal Affairs" sent "by the direction of the Police Commissioner") (cleaned up). That investigation was apparently fully closed by May 17, 2023. DEF_001207. Yet, Defendants served the following:

- A document response signed by Mr. Schemitsch[1] on January 6, 2023 stating "upon

_____

[1] I include this because this issue was not, like some others, about Defendants' former counsel — it appears to be an issue with the NYPD.



information and belief, there is no IAB investigation into this incident" (Jan. 6, 2023 Response to Plaintiff's Document Demands);

- A document response signed by Mr. Schemitsch on July 13, 2023 stating "upon information and belief, there is no IAB investigation into this incident" (Jul. 13, 2023 Response to Plaintiff's Document Demands);

- A document response signed by Mr. Musso on October 27, 2023 again stating "upon information and belief, there is no IAB investigation into this incident" (Oct. 27, 2023 Amended Response to Plaintiff's Document Demands);

When Mr. Schemitsch signed the first response, the IAB investigation had been open for about six months. Further, when Mr. Schemitsch signed the second response — and when Mr. Musso signed the third — response, not only was an investigation *open*, but it had already been brought to completion. Yet the responses stated no investigation existed.

All of this only came to light because Plaintiff insisted repeatedly that "since these requests seek documents related to City investigations, it is troubling that personal knowledge was apparently unavailable," and demanding an explanation. And once Defendants produced the IAB files, the fact that Defendants had misled Plaintiff about the IAB file was immediately clear.

Defendants' only explanation to date has been to "note that based on the information we initially received, we were told there was no IAB investigation when responding to Plaintiff's initial discovery demands." ECF No. 178 at 3. But that exactly fact pattern[2] is what led a Court to offer stern words and to enter sanctions in *Jenkins v Woody*, 2017 US Dist LEXIS 9581, at *48-49 (ED Va Jan. 21, 2017) ("*Jenkins*").[3] There, just as here, the actual party incorrectly told their attorneys a category of documents did not exist. There, just as here, the attorney discovered they had been misled later. And there, just as here, that party emphasized that its *attorneys* did not mislead anyone. Thus, the Court explained that was **exactly** the problem:

> "Sheriff Woody presents no evidence that his failure to timely disclose the IAD audio files was substantially justified. To the contrary, counsel's representation that 'the audio recordings of the investigative interviews were produced within a week of counsels' learning of their existence,' strongly suggests that Sheriff Woody failed to disclose the existence of these audio files even to his own attorneys. … Sheriff Woody produced the audio files within seven days of 'counsels' learning of their existence,' implying that the files were readily accessible.
>
> Sanctions are designed to curb precisely such obfuscating discovery practice. Because the evidence before the Court indicates that Sheriff Woody's sanctionable behavior wasted Plaintiff's time and money, but did not prejudice, ultimately, her ability to gather evidence in support of her case, the Court will impose only monetary sanctions against Sheriff Woody."

---

[2] Taking counsel's representation that they had been incorrectly told
[3] *Jenkins* addresses two issues — a spoliation issue and a late production issue.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



*Jenkins* at *48-49 (cleaned up, citations omitted).  So too here:  "[C]ounsel's representation that 'the [IAB files] were produced within a [short time] of counsels' learning of their existence,' strongly suggests that [City officials] failed to disclose the existence of these [] files even to his own attorneys." *Id.*  So, there as here, "[s]anctions are designed to curb precisely such obfuscating discovery practice." *Id.*  And again, just like *Jenkins,* Defendants' explanation that "we were told there was no IAB investigation" (ECF No. 178 at 3) only emphasizes that the *party* that misled their counsel has engaged in sanctionable, "obfuscating discovery practice."  *Jenkins* at *48-49

Given the Court's guidance at the conference on motion practice, Plaintiff raises this issue here to indicate she intends to make motion in the absence of some other resolution.

## 2. Rule 37 Fees for Defendants' Production of CCRB Documents After a Motion (Doc. Req. 32).

As set out in ECF No. 173, Defendants stated at meet and confers and in their responses that they were withholding CCRB disciplinary documents older than five years and more recent than the date of incident and withholding unsubstantiated records.  Defendants confirmed they would not withdraw this limitation in the meet and confer, and Plaintiff moved.  ECF No. 173.

Shortly after Plaintiff moved, apparently, "defendants realized that that the six redacted incidents were publicly available, as CCRB has produced them on their website," and they produced them.  ECF No. 179 at 2.  That is, not only was there not a legal basis to withhold the documents as set out in ECF No. 173, Defendants' objections were beside the point because the documents were public anyway.

Defendants' objections, as written and doubled down on in the meet and confer, have no basis in law.  Courts "emphatically reject defendants' contention that 'unsubstantiated' complaints should, by virtue of that status, not be ordered produced. There is no question that civilian complaints, whether or not deemed substantiated, may be significant in an assessment of an officer's qualifications and performance, particularly if the complaints reflect a pattern." *Bradley v City of NY*, 2005 US Dist LEXIS 22419, at *3 (SDNY Oct. 3, 2005).  And likewise, courts "reject defendants' argument that any complaint that was filed more than" five — and indeed, even "ten years" and more — "should be ignored." *Bradley*, 2005 US Dist LEXIS 22419, at *5 (calling records for a 20 year period "highly relevant").

Defendants do not deny they doubled down saying they would not produce documents older than five years or unsubstantiated.  And that extremely aggressive line — that they forced Plaintiff to make a motion about —is not justified at all, let alone substantially justified.  Thus, the Court "***must***" award fees. *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37, emphasis added in *Underdog*).[4]

---

[4] In the chart due today, Defendants have now made clear that they have been secretly withholding the "underlying CCRB documents" requested in Doc. Req. No. 32, despite serving multiple responses that said outside of the five year and unsubstantiated limitation, Defendants "are not withholding documents on the

 COHEN&GREEN

Page 3 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____

J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

basis of" their objections." *See, e.g.,* ECF No. 117-2 at 47. Plaintiff had thought those documents might be missing because of the scope limitation, given the statement no other documents were being withheld — but apparently there are withholdings in Defendants' production that are simply not noted. *But see* ECF No. 84.

COHEN&GREEN

Page 4 of 4

Cohen&Green P.L.L.C.  · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com