

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOHN SCHEMITSCH**
*Senior Counsel*
Phone: (212) 356-3539
Fax: (212) 356-3509
jschemit@law.nyc.gov

March 14, 2024

**VIA ECF**
Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Patricia Rodney v. City of New York, et al.</u>, 22-cv-1445 (LAK)

Your Honor:

    I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for defendants.  The parties write jointly regarding the status of the discovery of electronically stored information ("ESI"), namely text messages and e-mails.

<u>Defendants' position</u>:

    Defendants have agreed to conduct ESI searches of the individually named defendants: Sgt. Ernest Hernandez, Sgt. Heriberto Hernandez, Officer Tamara Clement, Officer John Ramos, Officer Pelly Casimir, Officer Michael Oggeri, Officer Angeliesse Acevedo, Officer Robert Mui, Officer Johnandrew Cusomano, and Officer Steven Vitelli for the period from December 2, 2020 to December 7, 2020.  Defendants have agreed to plaintiff's proposed search terms, with the exception of specific terms, which defendants believe are policy related search terms and not ripe for discovery given the Court's order regarding policy related discovery at the February 8, 2024 conference. (ECF No. 188 at p. 10).  Defendants are in the process of conducting these ESI searches.

<u>Plaintiff's position</u>:

    Defendants served a response to Plaintiff's February 5 proposal and questions, for the first time, at 4:14 p.m. on March 12.  Defendants served their draft of this letter at 2:11 p.m. today (e.g., the date of the deadline).  Even then, Defendants have represented only that they are still "working to confirm with all defendants whether they sent any text messages outside that range," without any further explanation of where that process stands, or whether any Defendants remember communications outside of the time range proposed.

- 2 -

Nonetheless, understanding that this initial collection is only intended to be a first cut at the larger project, as the Court discussed at the conference, Plaintiff is eager to receive documents. She only asks that Defendants produce hit reports — which will impose no burden at all if done at the same time as collection — for the terms Defendants still object to, so that the parties can see if there are even any documents in dispute (and what the relative burden the parties are fighting over would be).

Likewise, Plaintiff wants to make clear Defendants still have not provided basic custodian investigation, or for that matter, even produced the materials accompanying and response to the Public Advocate's letter, and she intends to move on those issues after reviewing this initial phase of production.

Thank you for your consideration herein.

                                                      Respectfully submitted,
                                                      /s/
                                                      John Schemitsch
                                                      *Senior Counsel*

cc:    **VIA ECF**
        Gideon Oliver, Esq.
        Remy Green, Esq.
        *Attorneys for Plaintiff*