

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JOHN SCHEMITSCH**
*Senior Counsel*
Phone: (212) 356-3539
Fax: (212) 356-3509
jschemit@law.nyc.gov

March 29, 2024

**VIA ECF**
Honorable Ona T. Wang
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:   <u>Patricia Rodney v. City of New York, et al.</u>, 22-cv-1445 (LAK)

Your Honor:

    I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, for defendants. Defendants write pursuant to the Court's orders to provide a status update on the progress of discovery.

    On February 23, 2024, the parties provided a joint status letter to the Court with a chart summarizing outstanding discovery to date. Dkt. No.184. Defendants respectfully refer the Court to that chart and note that defendants have produced responsive documents and information for Plaintiff's Document Requests Nos. 25,[1] 26, 28, 32, 34, 37, 39, and 40.

---

[1] Plaintiff accuses defendants of making false statements about the existence of an Internal Affairs Bureau ("IAB") Investigation into this incident and accuses the undersigned of lying to plaintiff and silently withholding discovery. This is untrue, unnecessary in an already over litigated case, and particularly offensive as counsel has explained the events surrounding the file. To provide final clarity to the Court, the undersigned notes that when this information was initially requested from the NYPD, the undersigned was informed that there was no IAB investigation. In reliance on that representation, and, based on the undersigned's experience that it is entirely unexpected for IAB investigations to suddenly open years after an incident, this information was relayed to plaintiff's counsel in supplemental and amended discovery responses. The undersigned was reassigned again to this case in January 2024, and in accordance with ongoing discovery obligations, and in an effort to ensure that information provided to plaintiff in discovery is accurate, I inquired into whether there was an IAB investigation, and only then learned that an investigation had been started since my last inquiry. The undersigned then promptly provided that information to plaintiff. Indeed, the investigation appears to have been

   Defendants note that the outstanding discovery requests remain Plaintiff's Document Request No. 32[2] and outstanding discovery regarding electronically stored information "ESI."

   As to Document Request No. 32, Defendants have produced undreacted CCRB resumes for the individually named defendants and have proposed producing the closing reports limited to similar incidents or incidents involving dishonesty. Defendants have received the closing reports and will produce them by no later than April 5, 2024. Plaintiff has raised a request for attorneys' fees pursuant to their prior motion to compel on this issue. Dkt. No. 173 and 185. Defendants respectfully refer the Court to their response, provided on February 6, 2024. Dkt. No. 179. Defendants prior objections on these responses, as discussed in the February 6, 2024 response, are objectively reasonable and plaintiff is not entitled to fees. A Court may not award reasonable expenses if the nondisclosure was "substantially justified." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). This is measure by an objective standard of reasonableness. See Underdog Trucking, LLC v. Verizon Servs. Corp., 273 F.R.D. 372, 377 (S.D.N.Y. 2011)(citations omitted).

   As to outstanding discovery regarding ESI, the parties provided a joint status letter to the Court on this issue on March 14, 2024. Dkt. No. 190. Defendants have begun collection of responsive documents and anticipate providing a response to plaintiff with regard to e-mail collection and an update as to the collection of text messages for the agreed upon terms by April 12, 2024.

   Thank you for your consideration herein.

                   Respectfully submitted,
                    /s/
                   John Schemitsch
                   *Senior Counsel*

cc:  **VIA ECF**
   Gideon Oliver, Esq.
   Remy Green, Esq.
   *Attorneys for Plaintiff*

---

opened based on an unrelated third party viewing plaintiff's allegations in media. Plaintiff has suffered no prejudice.

[2] Document Request No. 32 states, "[p]roduce each Individual Defendant's — including the Doe Defendants' — current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation."