

March 29, 2024

Hon. Ona T. Wang
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

    Re:    Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Wang:

    As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. I write briefly to correct something important in Defendants' status letter at ECF No. 193 that remains uncorrected in the corrected version at ECF No. 194.

    Defendants' initial status letter said, among other things, "when this information was initially requested from the NYPD, there was no IAB investigation." That was untrue: As noted in ECF Nos. 185 and 192, the IAB file itself revealed that IAB an investigation by the IAB into this began on July 18, 2022. *See* DEF_001242 (a memorandum to "Chief of Internal Affairs" sent "by the direction of the Police Commissioner") (cleaned up). That is, **six months before the "information was initially requested" (ECF No. 193), the IAB investigation was opened. No one disputes that Defendants' initial response, in January of 2023, contained a then-long-false statement that "upon information and belief, there is no IAB investigation into this incident."[1]**

    On Friday, Plaintiff asked Defendants to correct this. However, even in the corrected version, Defendants still say counsel "learned that an investigation had been started *since [his] last inquiry*." ECF No. 194 at 1 n. 1. Again, that is exactly what is untrue: The investigation was started *before* the inquiry — and that's exactly why this issue is serious. Plaintiff asked Defendants to fully correct the letter, but have not heard back, so this letter follows.

    Finally — and to address Defendants' "offens[e]" at being called to task for the undisputedly untrue statements in their three rounds of discovery responses (*id.*) — nothing in this suggests *counsel* did anything wrong (at least initially). Counsel says he acted in "reliance on [a] representation" from, "NYPD" that was untrue (*Id.* at 1) and there is no reason to question that statement. Unfortunately, NYPD simply didn't tell the truth to their counsel, and DEF_001242 places that fact in black and white. That pattern is exactly — to the tee — what warranted sanctions in *Jenkins v Woody*, 2017 US Dist LEXIS 9581, at *48-49 (ED Va Jan. 21, 2017): That the NYPD falsely "failed to disclose the

---

[1] The use of "upon information and belief," in a discovery response, seems to even acknowledge there was some question in the drafter's mind of how accurate the response was, since the drafter felt the need to specify the claim there was "no IAB investigation" was not based on personal knowledge.



existence of these [] files even to his own attorneys," and "counsel's representation that 'the [IAB files] were produced within a [short time] of counsels' learning of their existence" does not excuse the false statements *by the party*.  *Id*.  While sanctions need not be dramatic here, "[s]anctions are designed to curb precisely such obfuscating discovery practice" — by parties just as much as attorneys.

      As always, we thank the Court for its time and consideration.

                                      Respectfully submitted,

                                       /s/
                                    _____
                                    J. Remy Green
                                        *Honorific/Pronouns: Mx., they/their/them*
                                    **COHEN&GREEN P.L.L.C.**
                                    *Attorneys for Plaintiff*
                                    1639 Centre St., Suite 216
                                    Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t: (929) 888.9480  ·  f: (929) 888.9457  ·  FemmeLaw.com