

July 26, 2024

Hon. Ona T. Wang, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

      Re:    Case No. 22-cv-01445, <u>Rodney v City of New York, et al</u>.

Dear Judge Wang:

      As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. As directed by the Court, because today is the last Friday of the month, below is Plaintiff's monthly status report.

      We have not heard anything from Defendants since the last status report, so the parties remain in the same place they were in the last status letter. That also means that various smaller questions Plaintiff has asked about Defendants' production remain unanswered.[1] Likewise, we have not received any updates on the outstanding first round of rolling email production and ESI collection since the most recent conference. *See, e.g.,* 2024-04-11 Tr. at 31; at 35-36.

      Finally, after reviewing the last few transcripts, I should note that I think there is not currently an end date for non-expert, non-*Monell*/Right to Record Act discovery, so it may make sense to formally extend the incident-related discovery end date to some time in the fall or winter, given the number of outstanding issues before depositions.

      As always, we thank the Court for its time and consideration.

                                 Respectfully submitted,

---

[1] As noted in the last status letter, that running list includes:
1. What the file attached to a number of emails called "Report.arrestfolder.upload" was — instead of a native file, Defendants produced a placeholder stating there was a "technical" issue — and if it is an "applet or link that opens a shared folder or database of some kind," what the contents of the shared folder or database were (since such a database or folder has not been produced independently) (*see* Dkt. No. 203 at 1 n. 1);
2. Whether any Defendant specifically remembered emails from outside the handful of days after the incident, thus requiring additional collections not covered by the current search (*see* Dkt. No. 192 at 1, Dkt. No. 190 at 1; 2024-04-11 Tr. at 30:19-23);
3. Whether Defendants are willing to "run the remaining, disputed search terms solely for the purpose of generating a hit report so the parties can see if there is even anything to fight over" (Dkt. No. 192 at 1; Dkt. No. 190 at 2; 2024-04-11 Tr. at 30:23-25);

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



/s/
―――――――――――――――
J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com