

**T**HE **C**ITY OF **N**EW **Y**ORK

**L**AW **D**EPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

August 23, 2024

**VIA ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Patricia Rodney v. The City of New York, et. al.</u>, 22 Civ. 1445 (LAK)(OTW)

Your Honor:

I am a Senior Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, representing defendants in the above referenced matter. We hereby respectfully submit our monthly status report. With plaintiff's knowledge, we write a week early as I am on vacation beginning August 26th, returning to the office on September 9th.

First, we believe that settlement should be explored in this matter with the Court's assistance at this juncture. We do not believe that having settlement discussions would be futile at this time. While, ultimately, it is plaintiff's decision as to whether to participate in settlement discussions, it is not helpful to require either that a Comptroller's representative be present in person at a settlement conference, or that the City be required to counter-offer at a certain level just to have a settlement conference. I personally have had four cases be referred to Your Honor for settlement in the past and all four cases settled as a result of the settlement conferences with the Court's assistance. More recently, I attended a settlement conference before Magistrate Judge Cave involving plaintiff's firm as co-counsel, and the case settled as a result of that settlement conference as well. A representative from the Comptroller's Office did not attend any of those conferences, but was available by phone, yet all of these cases settled. Nor was the City required to counter-offer at any specified level just to have a settlement conference in those cases. The Comptroller's Office does not have the resources to send a representative in each case. We thus believe that settlement should be explored with the assistance of the Court at this juncture.

Second, since our last status letter, I reinterviewed all of the individual defendants (with the exception of the defendant Acevedo, who is no longer employed by NYPD and Comm.

O'Neill), as plaintiff requested, and none of them believe that there are additional emails that haven't been produced thus far in this litigation or text messages. Thus, the ESI discovery discussed with Your Honor at various conferences is complete as far as we're concerned[1].

Third, since our last status letter, I reproduced the personnel files of all ten individual defendants with a list of withheld documents. This is in accordance with the discussion with Your Honor at the last court conference.

Fourth, yesterday, plaintiff raised an issue which I believe Your Honor deferred at the court conference of February 28, 2024, namely discovery on the alleged NYPD policy relating to ability of persons to record in NYPD precinct lobbies[2]. Plaintiff again called for "coordination" with discovery being conducted in <u>Reyes v. City of New York</u>, 23 Civ. 6369 (JGLC). Virtually all discovery is stayed in <u>Reyes</u> pending the outcome of the City's motion to dismiss in that case. There was oral argument on that motion on August 13, 2024 before Judge Clarke, and Judge Clarke stated thereafter that she would rule "soon." Further, there is a fully briefed appeal of Judge Clarke's preliminary injunction order pending before the Second Circuit, and the parties are awaiting a ruling. Finally, I believe in Your Honor's Report and Recommendation in this case, a motion for reconsideration of Your Honor's recommendation to deny the motion to dismiss on the Right to Record Acts would be allowed following the Court of Appeals' decision. It is not even clear to me what discovery plaintiff seeks, but I take it that this will be an issue for further discussion when I return from vacation[3].

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc:   All counsel (via ECF)

---

[1] I also answered various questions posed by plaintiff in such filings as the letter at Docket 209. Plaintiff has follow up questions on a couple of the most minor of issues, which I will try to get answers on when I return from vacation.

[2] Your Honor recommended that plaintiff's <u>Monell</u> claim be dismissed, so this "discovery" is aimed only at plaintiff's Right to Record Act claims.

[3] Plaintiff also yesterday raised potential discovery on a purported response of the City to a Public Advocate inquiry regarding this case. As I am newly assigned to this case, that is a new issue to me, and it can be a point of discussion when I return from vacation as well.