

July 26, 2024

Hon. Ona T. Wang, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

Re:    Case No. 22-cv-01445, Rodney v City of New York, et al.

Dear Judge Wang:

As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. As directed by the Court, because today is the last Friday of the month, below is Plaintiff's monthly status report.

*Settlement.*

Since Defendants raise it first, I will address settlement first. *See* ECF No. 216 at 1. Plaintiff, of course, would rather settle than continue litigating if the numbers are in the right place — as we have repeatedly discussed with the Court. But with the exact same state of play, the Court already said, about discussing settlement, "I don't think you are there." 2024-02-08 Tr. at 41. Unfortunately, Plaintiff agrees. Defendants' current position is not in the right universe to move towards settlement.[1]

I should also note that Defendants have made *one* offer in the last several years. We made a demand in November 2022. Defendants failed to respond until the Court told them to when Defendants asked for a settlement conference. That offer came in January 2024 — and while Plaintiff responded immediately, Defendants still have not made another move.

So Plaintiff's position — that "either Defendants need to show significantly more movement, or a representative from the Comptroller's Office needs to personally attend" before any conference would be productive (ECF No. 174, see also, ECF No. 178 (same)) — is based on the fact that between three different ACCs, the City has yet to make an offer that indicates it is remotely serious about settling the case. And with the claim that the Comptroller "does not have the resources to send a representative" in this case (ECF No. 216), it is hard to imagine it is valuing the case at a level where settlement is realistic. Again, Defendants could easily address this — at least, if they have authority that would get this case in a settlement-ready posture — by making a serious offer. That they refuse

---

[1] Whether other cases have settled seems irrelevant. My office has settled plenty of cases — but has also had plenty of recent conferences where, after the City asked for a conference, it came without the authority obviously necessary to get the case done. Based on the starting positions in other cases, this case falls into that category, not the category where settlement is likely.



to do so is discouraging.[2]

### Texts and Emails.

Defendants indicate they have asked the individual Defendants besides Acevedo whether they recall communications about this case outside of the days immediately after the incident. But Corporation Counsel offers no explanation at all for why it cannot ask a basic question *of its own client*. Defendant Acevedo is represented by Corporation Counsel. Acevedo is a party, with discovery obligations.

It is very strange that counsel is suggesting it is somehow impossible for him to communicate with his own client.

### Hit Reports.

Defendants have refused to do the less-than-30-seconds of work it would take to produce hit reports for the disputed search terms. Plaintiff's position remains that producing that report would be the most productive way to evaluate what burden those terms would pose relative to their potential relevance. That is particularly true given that the burden of reviewing emails and texts to date has apparently been minimal, with only a very small handful of documents — largely without meaningful content — being produced from the universe narrowed by well-targeted collection search terms.

### Next Rounds of Collection.

Defendants also state, without a basis, that "the ESI discovery discussed with Your Honor at various conferences is complete as far as we're concerned." ECF No. 216. But the Court repeatedly talked about iterative ESI collection, moving on to the "next concentric circle" after an initial review. 2024-02-08 Tr. at 16-25. That is, Defendants are doing exactly what Plaintiff said they would, and calling discovery complete after one collection — and moving to objecting that a single collection is all that should happen. *Id.* at 20:17-22. But the Court made clear ESI collection and production was going to be done "on a rolling basis," starting with something narrow, and "from what you see there, maybe there is more that you go move to the next outer circle and the next outer circle." *Id.* at 16-21.

Since the burden of the inner circle was negligible — Defendants produced a small handful of documents, largely without content — it is time to "move to the next outer circle." *Id.*

Plaintiff believes that the next task should be looking at the emails around the PA Letter: Plaintiff has live RTRA claims, the letter was specifically about Ms. Rodney's treatment, and the response (which Defendants still have not produced), as we understand it, addressed the City's view of what happened to Ms. Rodney. A discussion about which recipients of the letter discussed Ms. Rodney's arrest substantively in responding to it, as well as collecting the response itself, seems like a

---

[2] It may make sense to hold the depositions of a few officers and see if the City makes a realistic starting offer after that.

COHEN&GREEN                                                                                      Page 2 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



low-burden way to "move to the next outer circle."

### Personnel File Log.

Plaintiff agrees with Defendants that none of the withheld documents are relevant, so that issue is finally addressed.

### Reyes and Coordination.

Defendants say, as if the Court had not addressed this issue, "Plaintiff again called for 'coordination' with discovery being conducted in *Reyes v. City of New York*, 23 Civ. 6369 (JGLC)." ECF No. 216 at 2. But the Court itself has previously said, "I would prefer, as you both put it, for it to be coordinated with the discovery in Reyes." 2024-02-08 Tr. at 10-11. *See also, e.g,* 2024-04-11 Tr. at 33-34. As it stands, as Defendants say, much discovery in *Reyes* is stayed. But Plaintiff merely asked to start a conversation — to "set up a call with counsel in *Reyes*" to all get on the same page. It seems like that's a good idea; though it may be best to do so after Judge Clarke rules "soon" on various motions.

### Other Open Issues.

On June 27, 2024, Plaintiff sent a list of request where, similar to the IAB request where Defendants had withheld documents without saying so, Defendants' discovery responses are suspect. Plaintiff has not heard back.

On an issue raised in multiple previous letters — about a file withheld for a "technical" issue called "Report.arrestfolder.upload" (*see, e.g.,* ECF No. 213 at 1 n. 1(1)) — Defendants have given a non-answer, saying only "documents contain only a seemingly random string of characters are of a 'size' that does not correspond to the file size of either the Activity Log Report or the email itself, and a random date." From this, without explanation, counsel concludes "[t]hese documents are not an 'applet or link that opens a shared folder or database of some kind.'" But that description — "a seemingly random string of characters" — is **exactly** how an applet would appear when extracted on a computer without the right program to read the file. Hence, the supposition. We have asked counsel to discuss the issue with "the recipient, the sender, or anyone familiar with how PD communicates with the DA." We have not heard back.

Counsel has said some of this may be resolved on his return from vacation, so we look forward to hearing more.

As always, we thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*

Page 3 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com