

**THE CITY OF NEW YORK**

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

September 27, 2024

**VIA ECF**
The Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>Patricia Rodney v. The City of New York, et. al.</u>, 22 Civ. 1445 (LAK)(OTW)

Your Honor:

I am a Senior Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, representing defendants in the above referenced matter. We hereby respectfully submit our monthly status report.

In her last status report, plaintiff took the position that she did not want a settlement conference at this juncture because the City hadn't made a "serious" offer in her estimation. On September 25, 2024, the City made a new offer which plaintiff thereafter agreed was a serious signal to her that the City wanted to settle the case, and plaintiff a few minutes after the offer was made immediately agreed to attend a settlement conference before Your Honor. However, since that time, things have begun to unravel quickly. Plaintiff now takes the position that she needs the deposition of defendant Sgt. Heriberto Hernandez to establish "punitive damages" before she attends a settlement conference. We then took the position that if plaintiff was going to proceed to take a deposition of Sgt. Hernandez before a settlement conference, then we would want to take the plaintiff's deposition as well. Quite frankly, the City does not believe that any of these depositions are necessary to have the settlement conference that both sides have stated that they now want, as there is extensive video of the underlying incident. Depositions would only exponentially increase fees and costs. The City respectfully requests that the Court hold a conference with counsel to discuss with the parties what discovery, if any, is necessary for the settlement conference to be held that both sides now want to be conducted, and a settlement conference to be scheduled.

In her last status report, plaintiff stated that "[i]t was very strange that counsel is suggesting it is somehow impossible for him to communicate with his own client (the defendant

Acevedo) to determine if she sent any texts or emails. I never said that it was "impossible" for me to do, but, rather, that it was something that had not been completed by the last status report, as she now lives in Florida. I have now taken the step that plaintiff has requested and the defendant Acevedo does not believe that she sent any texts or emails regarding this matter.

In her last status report, plaintiff also complains that we "have refused to do the less than 30 seconds of work it would take to produce hit reports for the disputed search terms." As we have told plaintiff, this is not true and plaintiff's request is disproportionate. We told plaintiff, in response to her request for more of an explanation on the proportionality issue related to the requested "hit report," that "[d]iscovery is limited by the concept of proportionality and, among other factors, whether the burden of expense of the proposed discovery outweighs its likely benefit. First, running an accurate hit report is not just a "click of a button." In order to run an accurate hit report, we would need to collect this data from NYPD by working with their technical staff to run the searches, export and transfer the data, and then load it into an E-Discovery review platform where we can run the hit reports. Second, that burden, however small or large, is not assessed in a vacuum, but is weighed against its likely benefit. As previously stated, based on our interviews with the officers and the results of the first email collection and review, we do not believe that this discovery is likely to yield any benefit, or the benefit would be so small that the burden still outweighs it. This is further evidenced by the fact that the burden of discovery to date has not been "essentially nothing" (a characterization we dispute), yet the yielded results are minimal at best." We have not heard back from plaintiff since we provided this information.

In her last status report, plaintiff contends that there should be a "next round" of email collection regarding the NYPD response to a letter by the Public Advocate, because "it [supposedly] addressed the City's view of what happened to Ms. Rodney." The letter which plaintiff complains had not be produced has now been located and produced to plaintiff (Exhibit A hereto). It does not address the facts particular to Ms. Rodney, but rather NYPD policy regarding recording in police precinct lobbies which plaintiff is well aware of from the subject Administrative Guide. There is no basis for a new round of burdensome and disproportionate email searches regarding the NYPD's response to the Public Advocate's letter and we do not believe that the Court has ordered the requested discovery to date.

In her last status report, plaintiff also references discovery from the <u>Reyes v. City of New York</u>, 23 Civ. 6369 (JGLC) litigation. Plaintiff's quote from the colloquy is out of context from the full discussion on this issue with Your Honor and the Court has not yet made rulings with respect to this request for discovery by plaintiff in the City's estimation. In any event, discovery in <u>Reyes</u> is stayed pending the outcome of the City's motion to dismiss in that case, and this issue, as plaintiff suggests, can be revisited after Judge Clarke's decision on the City's motion to dismiss that she stated at the August 13, 2024 oral argument would be "soon."

In her last status report, plaintiff states that she "sent a list of request where, similar to the IAB request where Defendants had withheld documents without saying so, Defendants' discovery responses are suspect." Although plaintiff has not sent such request to me since I have been involved in this case, this appears to be the exact "discovery on discovery" that the Court ruled at the last status conference would not be allowed. (Docket 205, p. 36)

2

In her last status report, plaintiff again complains about a "file withheld for a 'technical' issue." Since the last status report, NYPD has clarified that the withheld documents are merely information/metadata when officers' activity reports are scanned into copy machines in order to make pdfs. Again, there is no relevant information on these documents and plaintiff has not gotten back to us since we sent the updated information to her further explaining the issue.

Finally, we wish to bring to the Court's attention a related matter. As Your Honor will recall, the Court denied plaintiff full CCRB files relating to other allegations against the individual defendants in this case. Plaintiff's lawyers have now served a FOIL request on CCRB to obtain the very same files that Your Honor denied them (approximately 28 full files). When CCRB did not produce them fast enough to plaintiff's attorneys, plaintiff's attorneys have now sued CCRB in state court over production of these files.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc: All counsel (via ECF)

3