

September 27, 2024

Hon. Ona T. Wang, U.S.M.J.
United States District Court, Southern District of New York
Daniel Patrick Moynihan Courthouse, 500 Pearl Street
New York, New York 10007

By Electronic Filing.

      Re:    Case No. 22-cv-01445, Rodney v City of New York, et al.

Dear Judge Wang:

As the Court likely recalls, my firm, with co-counsel, represents Plaintiff in the case above. As directed by the Court, because today is the last Friday of the month, below is Plaintiff's monthly status report.

*Settlement.*

Defendants have now made a more serious settlement offer (to which Plaintiff has responded, and Defendants have indicated they will not make any more moves before a conference), and the parties are now close enough that Plaintiff, at least, thinks a settlement conference makes sense.

Discovery is, of course, ongoing (as it has been for multiple years), and there is a discovery end date this year. But given the recent movement, and anticipating the City would ask for a stay in advance of a conference, Plaintiff indicated that she was willing to jointly ask to pause all discovery to see if settlement was possible, with the exception that she wanted to depose one officer-Defendant first, given the punitive damages claims and the fact that she doesn't have any individual defendants on the record yet. By contrast, the City took Plaintiff's 50-h, and has had the opportunity to cross examine her at length.

Nonetheless, Defendants have indicated they oppose that deposition, and retaliatorily demanded to depose Plaintiff.[1] Plaintiff, in turn, made clear she was open to a stay with a single deposition, but otherwise, wanted to keep moving on other outstanding discovery.

A single deposition, of a single officer — which would have been scheduled much sooner, but

---

[1] Over the course of a more than a year, Plaintiff has been waiting for Defendants to "ask to schedule" her deposition, saying she would "schedule it whenever they want." 2024-04-11 Tr. at 33:11-22. And despite the Court directing Defendants to reach out to "meet and confer and propose a date to take her deposition," that has not happened in more than a year. *Id., see also,* 2023-05-18 Tr. at 15:24-25 (about a year earlier, THE COURT: "so certainly plaintiff's depositions can go forward"). Defendants' sudden demand to schedule the deposition now has nothing to do with what they want in discovery or what they need for a settlement conference.



for Defendants' need for over a year to produce a small handful of emails and texts — is hardly a meaningful burden.

A brief phone conference may make sense to try to hammer out what's going on. But, in Plaintiff's view, it makes the most sense to conduct the one deposition either party *actually* wants to take, then see if the case can get settled. And then, none of the other issues below need to be dealt with.

### Hit Reports for Disputed Collection Terms.

As set out in the last status letter, Defendants are refusing to indicate how many hits there were for the disputed collection terms. Any additional burden — as Defendants seem to claim there would be some such burden (although this claim is technologically suspect) — is self-inflicted by Defendants' apparently failure to collect this basic information when initially collecting emails and texts for the agreed terms (as any reasonable party would have done). Moreover, given the history, Defendants were on full notice that this would be disputed, and cannot shield themselves from ordinary conferring over ESI collection with a self-inflicted burden. *Accord, e.g.,*

Obviously, a hit report — whatever form it takes (that is, it could simply be an email saying "XYZ term produced 12 unique hits; ABC term produced 13") — would be critical in evaluating a motion to compel the City to actually review what the disputed collection terms produced. If it's only a handful of unique documents, then the burden would be minimal; if it's hundreds or thousands of unique documents, Plaintiff might not even make the motion.

### PA Letter and Related Communications.

Defendants have now serve a copy of the NYPD's response to the PA letter. It is a letter, signed *personally* by the then-Police Commissioner, sent about a month after the PA's letter. The PA's letter included specific details of the assault on Ms. Rodney, and the Commissioner apparently decided not to address that — but did insist, contrary to this Court's and the Reyes's courts analysis, that the RTRAs do not prohibit the conduct at issue here. It also indicates that the City trains its officers on that incorrect interpretation of the RTRAs.[2]

But the letter itself is not the sole communication Defendants have failed to produce. Presumably, the Police Commissioner did not just jot off a response to a major City official a month after he writes; instead (again, presumably) she had discussions about the case, and about whether to speak specifically to what happened to Ms. Rodney, and so on. And the City has not claimed privilege or even stated — as would be required if it was withholding under the 2015 Amendments — that it is withholding any of these communications. So, those communications should be produced. And since the City has indicated it is opposed to even a discussion on this point (but has not articulated any burden), Plaintiff would ordinarily make a motion — and would ask the Court to schedule a

---

[2] This suggests *Monell* liability — and that point is currently the subject of the pending *Reyes* motion and the objections to the Court's R&R.

Page 2 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com



conference on this issue.

### Suspect Responses.

In Defendants' latest letter, they accuse Plaintiff of seeking "discovery on discovery" with regard to suspect discovery responses. ECF No. 218 at 2. This is not so. For example, like the three separate false statements Defendants made that there was no IAB investigation, Defendants also say only "upon information and belief" there are no other investigations or related documents. Why that is on "information and belief" when the City is the party here is unclear — and in the case of the IAB investigation, that lack of personal knowledge was hiding the fact that the statement was false. All Defendants need to do is look into whether similarly odd discovery responses actually reflect real searches — or whether, like the IAB issue, the language is being used specifically because no real search was conducted.

By way of illustration: In a recent massive report, the *Floyd* federal monitor discussed City police disciplinary and investigative procedures at length, including what documents they create. *See,* Report, ECF No. 936, *Floyd v. City of New York*, 08-cv-1034 (AT). In it, the monitor discussed "CARs" — or "Case Assessment Reports" — which are produced as part of the disciplinary process that follows from a CCRB recommendation of discipline. *See, e.g., id.* at 5-6 (as paginated) ("That CAR report is … essential to an understanding of the final result" in the disciplinary process, and "[w]ithout the CAR report, the Police Commissioner's decision to vary from CCRB may appear inexplicable."). Here, the CCRB recommended discipline as well as charges and specifications. So a CAR, in theory, should have been created (or will be created[3]). But it has not been produced, nor has it been included on any privilege log or identified as withheld in any document response. So, Defendants' use of "upon information and belief" in their response to Request 26 appears to be obscuring whether CARs responsive to the request exist — which is the part of the response Plaintiff believes is "suspect." And, as noted above, Plaintiff previously found that the City was falsely stating there was no IAB investigation specifically by identifying a similarly "suspect" response, using the same language — and her repeated insistence that the City amend that "upon information and belief" language lead directly to the City finding the IAB documents.

As always,[4] we thank the Court for its time and consideration.

---

[3] No final disciplinary document — whether a judgment from an administrative trial, an agreement/command discipline, or a departure letter from the Police Commissioner — has been produced. It is not clear what the status of discipline is, but given the time that has passed since the CCRB recommended charges and specifications(*see, e.g.,* DEF000312) and that the Law Department is still representing the individual defendants (which typically does not happen if charges are being pursued), it seems likely that the Commissioner departed from the CCRB's recommendation, but that letter simply has not been produced yet.

[4] Defendants also say they want to "bring to the Court's attention" that Plaintiff FOILed public records the City was refusing to produce and the Court declined to order produced. ECF No. 218 at 3. It is not clear to what end: Obviously, with public records, if the City does not produce them in litigation, a party may simply

   Page 3 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



          Respectfully submitted,

          /s/
          _____

          J. Remy Green
            *Honorific/Pronouns: Mx., they/their/them*
          **COHEN&GREEN P.L.L.C.**
          *Attorneys for Plaintiff*
          1639 Centre St., Suite 216
          Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

---

go obtain them through FOIL.  And an Article 78 was required because the City's response indicated production would take likely over two years, which is not "fast enough" (*id*) under FOIL.

    While, of course, the records sought in the FOIL are related to this case, how a state court Article 78 FOIL proceeding is relevant to the status of this case is not explained in Defendants' letter.  And the fact that the records Plaintiff sought here were public records unambiguously available through FOIL simply goes to whether it made sense for Defendants to refuse to produce them.

COHEN&GREEN           Page 4 of 4

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com