

**MURIEL GOODE-TRUFANT**
*Acting Corporation Counsel*

T̲HE̲ C̲ITY OF̲ N̲EW̲ Y̲ORK

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MARK D. ZUCKERMAN**
Senior Counsel
E-mail: mzuckerm@law.nyc.gov
Phone: (212) 356-3519
Fax: (212) 788-9776

October 11, 2024

**VIA ECF**
The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  <u>Patricia Rodney v. The City of New York, et. al.</u>, 22 Civ. 1445 (LAK)(OTW)

Your Honor:

      I am a Senior Counsel in the office of Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, representing defendants in the above referenced matter. We write, with the Court's permission, in response to plaintiff's Notice of Supplemental Authority at Docket 220 herein.

      First, plaintiff references three decisions "related to the parallel <u>Reyes</u> case(s)." Docket 220, p. 1. However, two of those decisions are on appeal. With respect to Judge Clarke's preliminary injunction order, <u>see</u> <u>Reyes v. City of New York</u>, 23 Civ. 6369 (JGLC), 2023 U.S. LEXIS 196602 (S.D.N.Y. Nov. 2, 2023), the Second Circuit Court of Appeals has set oral argument on the City's appeal for November 13, 2024 in <u>Reyes v. City of New York</u>, 23-7640. With respect to "the state court Reyes II decision" that plaintiff references, upon information and belief, the Kings County DA's Office is appealing that decision which was rendered in <u>People v. SeanPaul Reyes</u>-CR-019322-23KN. So, the referenced decisions in plaintiff's Notice of Supplemental Authority will likely not be the last word on the issues that plaintiff raises.

      Substantively, plaintiff addresses three points from Judge Clarke's decision on the City's motion to dismiss in <u>Reyes v. City of New York</u>, 23 Civ. 6369 (JGLC), 2024 U.S. Dist. LEXIS 179371 (S.D.N.Y. Sept. 30, 2024). First, plaintiff cites to Judge Clarke's First Amendment analysis, noting that "despite this Court's analysis in the PI order, the Court is now convinced that the forum analysis is not the best fit here." <u>Id.</u>, at *17. Defendants respectfully request that this Court not adopt the "intermediate scrutiny" test found appropriate by Judge Clarke based on the cases cited by the City in <u>Reyes</u> that Judge Clarke discusses in her decision. Judge Clarke's decision also states that "[t]here is no clear test from the Supreme Court or

Second Circuit as to whether a forum analysis applies when analyzing whether someone attempting to record themselves on government property for information gathering and speech purposes is protected by the First Amendment." Id., at *14-15. Judge Clarke's decision also concedes that there are numerous out of Circuit decisions cited by the City in Reyes that support conducting a traditional forum analysis to this First Amendment issue. See id., at *12 (collecting cases). Defendants respectfully submit that Judge Clarke's original decision on the First Amendment issue in the preliminary injunction context was the correct way to analyze the issue: that the traditional forum analysis applies (which was also adopted by Magistrate Judge Wang herein in her Report and Recommendation), and under a reasonableness test to be applied to limited and non-public fora, that the NYPD's restriction on recording in its precinct lobbies passes Constitutional muster. See Reyes, supra, 2023 U.S. LEXIS 196602, at *24-30.

   Second, plaintiff cites to Judge Clarke's analysis on Fourth Amendment/false arrest issues in Reyes, supra, 2024 U.S. Dist. LEXIS 179371, at *31[1]. More specifically, plaintiff recites Judge Clarke's citation to People v. Leonard, 62 N.Y.2d 404 (1984), namely for the proposition that "a decision to exclude that is predicated on or impermissibly inhibits a constitutionally or a statutorily protected activity will not be lawful." Reyes, supra, 2024 U.S. Dist. LEXIS 179371, at *31. But, defendants' probable cause arguments for trespass and obstruction of governmental administration charges herein go well beyond a right to record issue under the Right to Record Acts. Defendants have argued throughout that plaintiff was disruptive and interfered with official functions as found by Magistrate Judge Wang.

   In any event, as seen, under a correct application of the forum analysis, plaintiff cannot plausibly allege a First Amendment violation, as correctly found by Magistrate Judge Wang herein. Further, as to whether the State and City Right to Record Acts supersede the common law of trespass, they do not, and therefore there is no Fourth Amendment violation either. While the Acts may declare the existence of rights at a stratospheric level, they certainly do not define all of their contours, such as the locations where they apply or whether they coexist with the rights of property owners to control whether licensees may record on their property. Other accepted tools of statutory interpretation should therefore be used. See People v. Wallace, 31 N.Y.3d 503, 507-510 (2018) (invoking canons of statutory interpretation and legislative history to support limiting construction not ordained by statutory text). Plaintiff's interpretation and Judge Clarke's ruling that the State and City Right to Record Acts include a right to record beyond traditional public fora could lead to absurd and unintended results, i.e. recording in courthouses or private areas. Judge Clarke recognized that absurd results resulting from the interpretation of a statute are certainly to be avoided. See Reyes, 2024 U.S. Dist. LEXIS 179371, at *25. Further, the legislative history of the Acts cited to by Judge Clarke in no way supports the conclusion that there was a legislative intent to create a new right to record beyond traditional public fora, despite Judge Clarke's ruling. See id., at *27-28. Rather, the police, as the "custodian" of such premises, were in the best position to know whether the defendants herein

---

[1] Unlike here, there is no claim for monetary damages by plaintiff in Reyes. He seeks injunctive relief only.

had acted in a way that required [her] to be asked to leave." People v. Reape, 22 Misc.3d 615, 619 (N.Y. Crim. Ct., Kings Cty. 2008). There was probable cause for plaintiff's arrest.

Third, plaintiff cites to certain of Judge Clarke's analysis on Reyes's Fourth Amendment Monell claim. See id., at *22-23. As it relates to plaintiff's Monell claims in this case, there are a number of pertinent points. Plaintiff purports to bring a Monell claim based on alleged First and Fourth Amendment violations by the City. As to the First Amendment, as seen above, the forum analysis defeats plaintiff's First Amendment claims, and therefore any Monell claim based on it. As to the Fourth Amendment, as seen above, the Right to Record Acts do not supersede the common law rights of the NYPD as proprietor and its right to enforce the trespass laws, therefore, plaintiff's Fourth Amendment Monell claim fails for this reason alone[2]. Further, even if this Court adopts Judge Clarke's analysis that the State and City Right to Record Acts supersede the common law of trespass as to recording in the lobbies of NYPD precincts, plaintiff's Fourth Amendment Monell claim still fails. Judge Clarke's analysis does not recognize that the State and City Right to Record Acts are not part of the criminal trespass statutes, but rather are being used by plaintiff to supersede the trespass laws in this instance. Thus, this is a state or local law claim, not a constitutional claim. See Connick v. Thompson, 563 U.S. 51, 61 (2011) (With respect to claims alleging failure to train, it is "ordinarily necessary" to establish a "pattern of similar **constitutional** violations by untrained employees.")

Thank you for your consideration herein.

Respectfully submitted,

/s/ Mark D. Zuckerman
Mark D. Zuckerman

cc:   All counsel (via ECF)

---

[2] As also seen above, defendants have presented meritorious arguments as to probable cause irrespective of such analysis of the Right to Record Acts.