UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
PATRICIA RODNEY,   *[PROPOSED]*
*JUDGMENT*

                                    Plaintiff,

     -against-   22-cv-01445 (LAK)(OTW)

CITY OF NEW YORK, OFFICER ANGELIESSE ACEVEDO, OFFICER PELLY CASIMIR, OFFICER TAMARA CLEMENTE, OFFICER JOHN ANDREW CUSOMANO, SERGEANT ERNEST HEMANDEZ, SERGEANT HERIBERTO HEMANDEZ, OFFICER ROBERT MUI, JAMES P. O'NEILL, OFFICER MICHAEL OGGERI, OFFICER JOHN RAMOS AND OFFICER STEVEN VITELLI,

                                  Defendants.
------------------------------------------------------------------------X

        **WHEREAS,** Plaintiff commenced this action by filing a complaint on February 22, 2022 alleging that Defendants violated Plaintiff's rights under the federal constitution and state law; and

        **WHEREAS,** on January 3, 2025, pursuant to Rule 68 of the Federal Rules of Civil Procedure, City of New York, Officer Angeliesse Acevdeo, Officer Pelly Casimir, Officer Tamara Clemente, Officer John Andrew Cusomano, Sergeant Ernest Hemandez, Sergeant Heriberto Hemandez, Officer Robert Mui, James P. O'Neill, Officer Michael Oggeri, Officer John Ramos and Officer Steven Vitelli, and any defendant who is currently or subsequently named and hereafter represented by the Office of the Corporation Counsel in this action ("Defendants") offered to allow Plaintiff to take judgment against Defendant City of New York in this action for the total sum of One Hundred Fifty Thousand and One ($150,001.00) Dollars, plus reasonable attorneys' fees, expenses, and costs to the date of the offer – January 3, 2025- for Plaintiff's federal claims; and

**WHEREAS,** on January 15, 2025, Plaintiff provided Defendants with written notice that Plaintiff had accepted Defendants' Rule 68 Offer of Judgment;

**NOW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Plaintiff Patricia Rodney hereby takes a judgment of liability against Defendant City of New York in this action for the total sum of One Hundred Fifty Thousand and One ($150,001.00), plus reasonable attorneys' fees, expenses, and costs to the date of the offer – that is, January 3, 2025– for Plaintiff's federal claims.

2. This judgment is in full satisfaction of all federal and state law claims or rights that Plaintiff may have to damages, or any other form of relief, arising out of the alleged acts or omissions of Defendant City or any official, employee, or agent, either past or present, of the City of New York, or any agency thereof, in connection with the facts and circumstances that are the subject of this action.

3. Defendants' Offer of Judgment was made for the purposes specified in Rule 68 of the Federal Rules of Civil Procedure and is not to be construed as an admission of liability by Defendants or any official, employee, or agent of the City of New York, or any agency thereof; nor is it an admission that Plaintiff has suffered any damages.

4. By accepting the Defendants' Offer of Judgment, Plaintiff releases and discharges Defendants City of New York, Officer Angeliesse Acevdeo, Officer Pelly Casimir, Officer Tamara Clemente, Officer John Andrew Cusomano, Sergeant Ernest Hemandez, Sergeant Heriberto Hemandez, Officer Robert Mui, James P. O'Neill, Officer Michael Oggeri, Officer John Ramos and Officer Steven Vitelli; their successors or assigns; and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof,

from any and all claims that were or could have been alleged by Plaintiff arising out of the facts and circumstances that are the subject of this action.

5. By accepting Defendants' Offer of Judgment, Plaintiff waives Plaintiff's right to any claim for interest on the amount of the judgment.

6. By accepting Defendants' Offer of Judgment, Plaintiff agrees that the aforesaid payment of One Hundred Fifty Thousand and One ($150,001.00) Dollars to Patricia Rodney within ninety (90) days of the date of acceptance of the offer – that is, January 15, 2025 - shall be a reasonable time for such payment, unless Plaintiff received medical treatment in connection with the underlying claims in this case for which Medicare has provided, or will provide, payment in full or in part. If Plaintiff is a Medicare recipient who received medical treatment in connection with the claims in this case, the ninety (90) day period for payment shall start to run from the date the Plaintiff submits to Counsel for Defendants a final demand letter from Medicare.

7. By acceptance Defendants' Offer of Judgment, Plaintiff agrees to resolve any claim that Medicare may have for reimbursement of conditional payments it has made as secondary payer, and a Medicare Set-Aside Trust shall be created, if required by 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26. Plaintiff further agrees to hold harmless Defendant City and all past and present officials, employees, representatives, and agents of the City of New York, or any agency thereof, regarding any past and/or future Medicare payments, presently known or unknown, made in connection with this matter.

Dated: New York, New York
_____ \_\_\_, 2025

_____
HON. _____, U.S.D.J.